# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

February 14, 2019

**By ECF**
The Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u><i><b>Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.</b></i></u><br>Case No. 1:19-cv-00007

Dear Judge Amon:

  We represent proposed intervenor Mr. Achraf Safieddine, a United States citizen, an attorney, and an interested non-party in the above-captioned action. We submit this letter seeking leave to intervene pursuant Fed. R. Civ. P. 24 for the limited purpose of moving to strike the false, impertinent and scandalous allegations made against him in the complaint filed herein. The objectionable provisions of the complaint—which accuse Mr. Safieddine, an accomplished lawyer with a stellar reputation, of engaging in "money laundering," "fraud" and "corruption"—are not only demonstrably false, but have no relevance to the present action, which concerns several large banks alleged to have aided and abetted the activities of Hezbollah.

  **A. Attorney Safieddine satisfies requirements for limited intervention to protect injury to his reputation**

  Plaintiffs' action involves claims arising under the 18 U.S.C. §§ 2333(a) and 2333(d) of the Anti-Terrorism Act ("ATA") and concerns purported conduct by financial institutions,— located in, *inter alia*, Lebanon—alleged to have aided and abetted activities of Hezbollah (the "Complaint"). *See* Doc. 1, Complaint at ¶¶ 1-7. Plaintiffs' 610-page Complaint purports to name hundreds of individuals in an effort to accuse them of participating in this scheme with Hezbollah operatives—for no apparent purpose that would support their claims against

LEWIS & LIN LLC

Defendants. It is for the important and necessary task to defend and protect Mr. Safieddine's reputation that he seeks to intervene in this action.

Intervention as of right is appropriate, pursuant to Fed. R. Civ. P. 24(a)(2), where the party seeking to intervene claims an interest related to the property or transaction that is the subject of the action, where the disposition of the action may impair or impede the movant's ability to protect that interest, and where the movant's rights are not adequately protected by the existing parties. *See, e.g.*, *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996) (injury to reputation satisfies Rule 24(a)(2) criteria) (citing *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 373 (2d Cir. 1981) (permitting non-party attorney to intervene pursuant to Rule 24 to protect his "professional reputation").

For similar reasons, permissive intervention under the Court's "broad discretion" under Rule 24(b) is also appropriate to protect Mr. Safieddine's limited appearance to defend reputational interests. *See Sackman*, 167 F.R.D. at 20-23 ( "[T]he Court would be inclined to grant CTR's request for limited intervention under either Fed.R.Civ.P. 24(a)(2), or Rule 24(b), based on this alleged *reputation injury*.")(emphasis added). Finally, there is no cognizable prejudice to the Plaintiffs or Defendants for Mr. Safieddine's limited-purpose intervention in this early-stage litigation—which was only recently filed, and no defendant has yet answered.

**B. The Complaint asserts false, scandalous, impertinent and highly damaging allegations against attorney Safieddine that should be stricken**

Under Fed. R. Civ. Proc. 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Mr. Safieddine is a U.S. citizen and a lawyer practicing in Lebanon since 1994. As a part of his practice, Mr. Safieddine assists companies and individuals with corporate formation and business advice in Lebanon and abroad. Accordingly, plaintiffs' gratuitous charge that Mr. Safieddine engaged in "money laundering" is scandalous and causes him serious reputational and financial injury. *See* Complaint at ¶ 348.

The Complaint alleges various conduct by purported associates and affiliates of the Lebanese brothers Kamel Amhaz and Issam Amhaz. *See* Complaint at ¶¶ 348 and 352. The Plaintiffs' Complaint also makes various allegations against Mr. Safieddine, who has had no affiliation with the Amhaz brothers since July 2014—the date plaintiffs allege the brothers were designated "Specially Designated Global Terrorists" by the Department of Treasury. *See* Complaint at ¶ 332; *see also* Complaint at ¶¶ 348 and 352 (references to Mr. Safieddine). Specifically, the gravamen of the false allegations against Mr. Safieddine include: (i) that he is "the attorney most associated with the Amhaz Network of companies;" and (ii) that he was involved with a scheme of "fraud," "corruption" and "money laundering." *See* Complaint at ¶ 348. Plaintiffs then repeat Mr. Safieddine's name to give the imprimatur of the wrongdoing alleged in paragraph 348. *See* Complaint at ¶ 352. Accordingly, Mr. Safieddine seeks to strike both of these paragraphs from the Complaint.

---

[1] We note that under Rule 12(f), the Court may act either by motion made by a party or on its own. Accordingly, should the Court deny Mr. Safieddine's request to intervene, we respectfully request that the Court strike the objectionable provisions *sua sponte*.

LEWIS & LIN LLC

   The allegations concerning Mr. Safieddine accusing him of serious crimes of money laundering and aiding terrorist organizations, albeit categorically false, have nothing to do with whether Defendants violated the ATA as it relates to Plaintiffs, and if so, what remedies might exist. As these are the issues to be adjudicated by the Court in the underlying lawsuit, it is clear that the attacks against Mr. Safieddine were included for reasons totally unrelated to the merits of the case.  Mr. Safieddine requests an opportunity to defend his right to remain free from Plaintiffs' defamatory claims through intervention in this action.

   Of the many scandalous allegations in the Complaint regarding our client, the alleged connections between Mr. Safieddine and the Amhaz brothers (or any other alleged terrorist) are nonexistent. As can be explained in a memorandum of law and corroborated by documents, Mr. Safieddine formally (and informally) dissociated himself with the Amhaz brothers dating back to July 2014—as soon as he was informed of the U.S. Department of Treasury's sanctions against the Amhaz brothers. *See* Complaint at ¶ 332.  Of the Lebanese entities that the Complaint identified as related to Mr. Safieddine and the Amhaz brothers, Mr. Safieddine only acted as a legal representative for routine, business formation purposes only.  Mr. Safieddine had no managerial, financial or shareholder role in any of them.  In fact, Lebanese law requires counsel to form an entity.  Thus, Mr. Safieddine's role in filing and assisting with business formation in Lebanon was ministerial in nature and no different than LegalZoom's role in filing and assisting with business formation in the U.S.

   The outrageous, scandalous and false allegations of "money laundering" and knowingly assisting terrorist organizations are extremely damaging to Mr. Safieddine's personal and professional reputations, as a U.S. citizen, family man and attorney.  Mr. Safieddine has spent over a quarter century developing and nurturing his legal experience and building his practice.  While Mr. Safieddine empathizes with the pain that Plaintiffs have endured, his 25-year reputation as an attorney providing innocent, ministerial legal services should not be sullied in this action that has nothing to do with him.

   Thus, as set forth above, the allegations in paragraphs 348 and 352 of the Complaint that Mr. Safieddine operates, is involved in, or has any connection to an Amhaz-linked "network" linked to "money laundering" in Lebanon is scandalous and impertinent to the claims asserted in the Complaint and should be stricken, by the Court's own initiative or by way of motion.

   Your Honor's assistance and attention is greatly appreciated.

                 Respectfully submitted,

                 */s/ David D. Lin*
                 David D. Lin

cc: ALL COUNSEL OF RECORD (via ECF)