David D. Lin (DL-3666)
Lewis & Lin, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Email: David@iLawco.com

*Counsel for Proposed Intervenor*
*Achraf Safieddine*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bartlett, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> Société Générale de Banque au Liban S.A.L., et al., <br><br> *Defendants*. | Case No. 1:19-cv-00007 |

**Proposed Intervenor Achraf Safieddine's Reply Memorandum of Law in Further Support of his Motion for Limited Invention and to Strike**

Proposed Intervenor Mr. Achraf Safieddine ("Attorney Safieddine" or "Mr. Safieddine"), hereby submits this reply memorandum in further support of his motion for limited intervention to strike impertinent allegations in Plaintiff's Complaint.

**ARGUMENT**

**Plaintiffs' Opposition fails to dispute the impertinence of the Complaint's allegations against Mr. Safieddine, which impertinence alone warrants the Court to strike them**

Plaintiffs' Memorandum of Law in Opposition ("Opposition") first attempts to divert the Court's focus by opposing Mr. Safieddine's motion on the ground that Rule 24's standard to intervene is "high threshold," when the Court need not determine Mr. Safieddine's status as an intervenor to decide the motion to strike under Rule 12(f). See Opposition at 6-7. The Court may

1

strike immaterial and unrelated allegations in a complaint on its own accord under Rule 12(f)—with or without consideration of whether Mr. Safieddine may also seek such relief by moving to intervene under Rule 24. *See Huang v. GW of Flushing I, Inc.*, No. 17-CV-3181 (PKC) (JO), 2019 WL 145528, at *8 (E.D.N.Y. Jan. 9, 2019) (striking allegations against non-parties which served "no legitimate purpose"); *See also Jane Doe 1 v. U.S.*, No. 08-CV-80736-KAM, 2015 WL 11254692, at *3 (S.D. Fla. Apr. 7, 2015) (striking allegations pursuant to Rule 12(f) after issue first raised in non-party's Rule 24 motion). While Plaintiffs' Opposition attempts to point out what courts faced with motions similar to Mr. Safieddine's have not done (*see* Opposition at 7), they ignore that gravamen of those same cases (as well as other cases cited by Mr. Safieddine, like *Estate of Ungar v. Palestinian Auth.*, 2003 WL 22012475) was to thwart the promulgation of unrelated and impertinent allegations against non-parties—which may have never been raised to those courts' attention absent a motion to intervene. *See, e.g.*, *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996); *see Jane Doe 1 v. U.S.*, 2015 WL 11254692, at *3; *Estate of Ungar v. Palestinian Auth.*, No. 00 CV-105L, 2003 WL 22012475, at *1 (D.R.I. Aug. 4, 2003) (granting motion to strike pursuant to Rule 12(f) in ATA case); *see also Estate of Ungar v. Palestinian Auth.*, No. 00-105 L, 2003 WL 21076981, at *1 (D.R.I. Apr. 18, 2003), *aff'd*, No. 00 CV-105L, 2003 WL 22012475 (D.R.I. Aug. 4, 2003) (same).

Indeed, the purpose of striking impertinent allegations is to avoid the very satellite litigation that Plaintiffs propose in their Opposition, especially over issues that have no bearing on the facts or dispute at hand. Plaintiffs' Opposition instead focuses on the purported "relevancy" of their allegations against Mr. Safieddine based on purported "evidence" that falls way short of "public record", while admitting that they have not alleged any connection between Mr. Safieddine and Defendants pertinent to the claims alleged in the Complaint herein—nor do

2

they need to. *See* Opposition at 2-5. Even when given the opportunity to elaborate on the relationship between Plaintiffs' allegations regarding Mr. Safieddine and the merits of their action, Plaintiffs could not and did not do so. *See* Opposition at 2-3. Indeed, while Plaintiffs go to great lengths to describe the conduct of others in support of their claims against Defendants, they only mention Mr. Safieddine twice (once in passing) and never bring him up again. *See id*. Plaintiffs' Opposition acknowledges that the disposition of their claims against the Defendant banks would not require a determination of *truth or falsity* of their allegations against Mr. Safieddine—especially considering the absence of any allegation that such banks even knew of Mr. Safieddine. *Id.*

Further, while Plaintiffs criticize Mr. Safieddine for providing evidence to debunk the C4ADS Report (Opposition at 5)—that their counsel relies heavily (and exclusively) upon to support their scurrilous allegations in the Complaint—Plaintiffs do not deny that the purported entities that they associate Mr. Safieddine with in Paragraph 348 are not part of the Hezbollah "network" that their entire claim against the Defendant banks is based upon.

Plaintiffs cannot credibly argue that the allegations regarding Mr. Safieddine have any bearing on the issues in this case. Plaintiffs' conusel's attacks against an attorney, who has no other opportunity to defend himself but through this motion, should be stricken. *See GWG MCA Capital, Inc. v. Nulook Capital, LLC*, No. 17-CV-1724 (GRB), 2019 WL 1084777, at *12 (E.D.N.Y. Mar. 7, 2019) (Striking paragraphs against non-party attorney pursuant to Rule 12(f) while noting: "[b]eing accused of illegal collusion in federal court pleadings is a serious matter, particularly for an officer of the court. There is an issue of fundamental fairness that arises when an attorney, who is not a party to the proceeding, and is therefore not afforded the opportunity to defend himself, has been accused of such activity, particularly when the allegations fail to

suggest whether such supposed participation was knowing or willful."). As such, attorney Achraf Safieddine respectfully requests that the Court strike the scandalous and impertinent allegations made against him in Paragraphs 348 and 352.

## **CONCLUSION**

For the reasons set forth above and in Mr. Safieddine's opening memorandum, Mr. Safieddine respectfully requests that the Court grant the instant motion or in the alternative, strike the objectionable provisions *sua sponte*.

Dated: April 15, 2019
      Brooklyn, New York

*/s/ David D. Lin*
David D. Lin (DL-3666)
Lewis & Lin, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Email: David@iLawco.com

*Counsel for Proposed Intervenor*
*Achraf Safieddine*