FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY - 9 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BARTLETT, et al.,

          Plaintiffs,

-against-

SOCIÉTÉ GÉNÉRALE DE BANQUE AU
LIBAN S.A.L., et al.,
          Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
No. 19-CV-00007 (CBA) (VMS)

**AMON, United States District Judge:**

Plaintiffs in this action are American nationals who were injured or whose family members were injured or killed by acts of international terrorism allegedly perpetrated by Hezbollah in Iraq between 2004 and 2011. (D.E. # 1 ("Compl.") ¶ 1.) They bring this action pursuant to the Anti-Terrorism Act against a number of Lebanese banks who allegedly provided material support to Hezbollah in the form of financial banking services. (Id. ¶ 2.) Before this Court is the motion of Achraf Safieddine asking to strike two allegations regarding his alleged connection to Hezbollah from Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(f). (See Compl. ¶¶ 348, 352; D.E. # 80-7.) For the reasons stated below, Safieddine's motion is granted.

Rule 12(f) provides that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "To prevail in such a motion, [an individual] must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." Roe v. City of New York, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001).

Safieddine's primary contention is that "even if [he] acted as the Lebanese attorney for a handful of entities whose owners Plaintiffs' allege were involved with Hezbollah, the banks could

1

not and would not have any knowledge of [him] (nor any role he played) when preparing bank accounts and processing financial transactions for those <u>owner's</u> accounts." (D.E. # 80-7 at 14 (emphasis in original).) Plaintiffs concede as much, noting that "[h]e is . . . correct . . . [that] Plaintiffs have not yet made any allegation that any company he is associated with maintained accounts with one of the Defendants." (D.E. # 82 at 4.) Indeed, the Complaint does not contain any information suggesting that the Defendants knew of or maintained any relationship with either Safieddine or any of the companies allegedly associated with him. (See Compl. ¶¶ 869–1119.)

Plaintiffs' failure to allege any connection between the Defendant banks and Safieddine is fatal to their argument that the allegations in the Complaint regarding Safieddine provide circumstantial evidence of the banks' "knowledge that particular entities were controlled by [Hezbollah's Business Affairs Component]." (D.E. # 82 at 3.) Even if Safieddine was affiliated with Hezbollah, that fact alone would not be relevant to the Defendant banks' knowledge unless (1) the banks knew Safieddine was associated with Hezbollah and (2) the banks engaged in transactions with entities associated with Safieddine. Because the Complaint does not contain these allegations, the Court concludes that the allegations concerning Safieddine "have no bearing on the issues in this case," Roe, 151 F. Supp. 2d at 510, and would accordingly not be supportable by admissible evidence. See Fed. R. of Evid. 402 ("Irrelevant evidence is not admissible."). In addition, Safieddine satisfies the requirement that "permit[ting] the allegations to stand would result in prejudice to the movant," because the allegations concerning him "have criminal overtones." See Prout v. Vladeck, 326 F.R.D. 407, 409 (S.D.N.Y. 2018) (quoting G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002)).

As such, the Court strikes the allegations in Paragraphs 348 and 352 of the Complaint without prejudice to Plaintiffs' amending the Complaint to allege additional facts that would establish the relevance of the Safieddine allegations to the issues in this case.

SO ORDERED.

Dated: May 9, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge