May 31, 2019

VIA ECF

Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*, 19-cv-007 (E.D.N.Y.)

Dear Judge Amon:

    This letter is submitted on behalf of all Defendants[1] pursuant to Section 3(A) of Your Honor's Individual Motion Practices and Rules and the Court's February 27, 2019 Order to request a pre-motion conference in advance of Defendants' contemplated motions to dismiss.

    Defendants are eleven financial institutions in Lebanon, together accounting for approximately 80% of the total assets in the Lebanese banking sector. The Complaint broadly alleges that these Defendants somehow bear responsibility for injuries to certain U.S. military personnel serving in Iraq during the Iraq War. Plaintiffs' effort to seek money damages from Defendants rests on allegations that these banks provided routine banking services to entities that Plaintiffs assert were somehow associated with or controlled by Hezbollah, which in turn purportedly facilitated or supported the violence that gave rise to Plaintiffs' injuries. Plaintiffs, the U.S. military personnel and their families, assert primary and secondary liability claims under the Anti-Terrorism Act (18 U.S.C. § 2331, et seq.) ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"). This case is one of many brought by Plaintiffs based upon the same incidents and injuries. In multiple other actions pending in this District and elsewhere, Plaintiffs have sued a number of U.S. and European banks, Iranian banks, pharmaceutical companies and the government of Iran.[2]

    Defendants abhor terrorism and violence perpetrated against anyone, particularly U.S. military personnel, but Defendants had nothing to do with Plaintiffs' injuries. This lawsuit

---

[1] "Defendants" refers to Société Générale de Banque au Liban S.A.L., Fransabank S.A.L., Bank of Beirut and the Arab Countries S.A.L., Bank of Beirut S.A.L., MEAB s.a.l. (sued as Middle East and Africa Bank), Lebanon & Gulf Bank S.A.L., Byblos Bank S.A.L., Bank Audi S.A.L., Banque Libano Française S.A.L., Jammal Trust Bank S.A.L. and BLOM Bank S.A.L.  Defendants will write separately to the extent they wish to address issues unique to them.

[2]  *Freeman v. HSBC Holdings plc*, No. 14-cv-6601 (E.D.N.Y. filed Nov. 10, 2014); *Fritz v. Islamic Rep. of Iran*, No. 15-cv-456 (D.D.C. filed Mar. 30, 2015); *Karcher v. Islamic Rep. of Iran*, No. 16-cv-232 (D.D.C. filed Feb. 12, 2016); *Burks v. Islamic Rep. of Iran*, No. 16-cv-1102 (D.D.C. filed June 13, 2016); *Martinez v. Deutsche Bank*, No. 17-cv-2474 (E.D.N.Y. filed Nov. 2, 2016); *Hake v. Bank Markazi Jomhouri Islami Iran*, No. 17-cv-114 (D.D.C. filed Jan. 17, 2017); *Brooks v. Bank Markazi Jomhouri Islami Iran*, No. 17-cv-737 (D.D.C. filed Apr. 20, 2017); *Field v. Bank Markazi Jomhouri Islami Iran*, No. 17-cv-2126 (D.D.C. filed Oct. 13, 2017); *Atchley v. AstraZeneca UK Ltd.*, No. 17-cv-2136 (D.D.C. filed Oct. 17, 2017); *Stearns v. Islamic Rep. of Iran*, No. 17-cv-131 (D.D.C. Jan. 19, 2017); *Freeman v. HSBC Holdings plc*, No. 18-cv-7359 (E.D.N.Y. filed Dec. 26, 2018); *Stephens v. HSBC Holdings plc*, No. 18-cv-7439 (E.D.N.Y. filed Dec. 28, 2018).

Honorable Carol Bagley Amon
May 31, 2019
Page 2

should be dismissed because Defendants are not subject to U.S. jurisdiction and the Complaint fails to state a claim under the ATA. Defendants' proposed motion to dismiss is described below.

**(1) The Complaint fails to make a *prima facie* showing that Defendants are subject to personal jurisdiction**. The Complaint does not allege facts supporting *general* personal jurisdiction over any Defendant. To exercise *specific* personal jurisdiction consistent with due process, Plaintiffs must allege that Defendants' "suit-related conduct"—here, conduct "proscribed by the ATA"—either (1) took place in the United States and "gave rise" to the Plaintiffs' injuries (the "purposeful availment" test) (*Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331, 335, 342 (2d Cir. 2016)), *or* (2) was "expressly aimed" at the United States and "cause[d] injury in" the United States (the "effects" test) (*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 674, 679 (2d Cir. 2013)). The Complaint fails both tests. It does not allege a single specific transaction through Defendants' U.S. correspondent accounts, much less a transaction connected to Plaintiffs' injuries. Nor does it allege facts showing that Defendants, by providing routine banking services in Lebanon, facilitated Hezbollah money laundering intending to enable third-party attacks in Iraq to, in turn, cause injury in the United States. *See In re Terrorist Attacks*, 714 F.3d at 676. The Complaint thus fails to satisfy the jurisdictional requirement that Defendants used the U.S. banking system "*as an instrument for accomplishing the alleged wrongs*." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 171 (2d Cir. 2013).

**(2) The Complaint fails to allege facts plausibly showing proximate causation**. To state a claim for primary liability under the ATA, Plaintiffs must allege (1) a *direct* relation between the injury and the conduct alleged, (2) that the conduct was a substantial factor in the causal sequence, and (3) that the underlying harm was foreseeable. *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013). They fail to do so. Plaintiffs allege no specific facts linking Defendants' alleged conduct to the attacks in Iraq that injured them. Nor do Plaintiffs allege that Defendants offered banking services directly to Hezbollah or that Defendants' conduct was a substantial factor in the causal sequence. Plaintiffs, moreover, do not allege facts plausibly showing that Hezbollah had direct involvement in the attacks.

**(3) The Complaint fails to allege facts plausibly showing that Defendants committed "acts of international terrorism."** To state a claim for primary liability under the ATA, Plaintiffs must plead that each Defendant itself committed an act of international terrorism. *Linde v. Arab Bank, PLC*, 882 F.3d 314, 326 (2d Cir. 2018). Acts of international terrorism are those that "(A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States...; (B) appear to be intended—(i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States...." 18 U.S.C. § 2331(1). Here, Plaintiffs allege only that Defendants provided routine, arms-length banking services to commercial entities or businesspersons. Plaintiffs do not allege that such banking activity involves violent acts or acts dangerous to human life or objectively reflects terroristic intent.

Honorable Carol Bagley Amon
May 31, 2019
Page 3

**(4) The Complaint fails to allege facts plausibly showing critical elements of the underlying "material support" provision**. Plaintiffs assert, as a predicate to civil liability, that Defendants violated the criminal material support statute, 18 U.S.C. § 2339B. This provision makes it unlawful to "knowingly provide[] material support or resources to a foreign terrorist organization [FTO], or attempt[] or conspire[] to do so…." However, none of the "intermediary" entities to which Defendants allegedly provided banking services was an FTO. And Plaintiffs do not (and cannot) allege facts plausibly showing that Defendants *knew* that, by providing routine banking services to such entities, Defendants were materially supporting an FTO or terrorism.

**(5) The Complaint fails to satisfy threshold requirements for the application of secondary liability under JASTA**. JASTA—the sole vehicle for secondary liability under the ATA (*see Linde*, 882 F.3d at 319-320)—applies only where (1) the injury arises from an act of international terrorism that is "committed, planned, or authorized" by an FTO and (2) the defendant "knowingly provid[es] substantial assistance" to, "or conspires with," the person that committed the attack. 18 U.S.C. § 2333(d)(2). Plaintiffs fall short on both prongs. First, Plaintiffs offer only conclusory allegations that Hezbollah committed, planned, or authorized the attacks at issue. Second, Plaintiffs fail to allege facts showing that Defendants provided any assistance "to" the individuals or groups that committed the attacks, as required by JASTA. Rather, Plaintiffs allege only that Defendants provided banking services "to" commercial entities that Plaintiffs claim were somehow affiliated with Hezbollah.

**(6) The Complaint fails to allege facts plausibly showing that Defendants provided "knowing, substantial assistance" to the principal actors**. Plaintiffs' aiding and abetting claim requires a showing that each Defendant was "aware that, by assisting the principal, it [was] itself assuming a role in terrorist activities." *Linde*, 882 F.3d at 329. But the Complaint does not allege facts plausibly showing that Defendants actually assumed any such role, let alone that they were aware of doing so. Nor can Plaintiffs allege plausibly that Defendants' arms-length commercial banking constituted "substantial assistance" to the perpetrators of the attacks. *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983). Routine banking services for commercial entities purported to be intermediaries for Hezbollah are insufficient.[3]

Per Your Honor's individual rules, the parties have met and conferred, and, subject to the Court's guidance, propose the following briefing schedule for Defendants' proposed motion to dismiss: Defendants' motion: July 15; Plaintiffs' opposition: August 19 and Defendants' reply: September 20. Defendants anticipate submitting a single joint brief addressing issues common to all Defendants and Defendant-specific supplemental briefs, to the extent required, addressing additional claims against, or allegations unique to, certain Defendants. Defendants named in Counts 3 and 4 of the Complaint will today submit supplemental pre-motion conference letters.

---

[3] In addition, because the U.S. was engaged in military combat operations against paramilitary forces operating in Iraq throughout the relevant time period, the claims in this case are statutorily barred under the "act of war" exclusion in 18 U.S.C. § 2336(a), as argued in Plaintiffs' similar action against major pharmaceutical companies. *See Atchley v. AstraZeneca UK Ltd.*, No. 17-cv-2136 (D.D.C.) (ECF 111-1).

Honorable Carol Bagley Amon
May 31, 2019
Page 4

                      Respectfully submitted,

Dated: May 31, 2019                  MAYER BROWN LLP

By: /s/ *Mark G. Hanchet*
     Mark G. Hanchet
     Robert W. Hamburg
     Mayer Brown LLP
     1221 Avenue of the Americas
     New York, NY 10020
     212-506-2500
     Email: mhanchet@mayerbrown.com
     Email: rhamburg@mayerbrown.com

     *Attorneys for Defendant Banque Libano Française SAL*

MAYER BROWN LLP

By: /s/ *Andrew J. Pincus*
     Andrew J. Pincus
     Mayer Brown LLP
     1999 K Street, NW
     Washington, DC 20006
     202-263-3220
     Email: apincus@mayerbrown.com

     Christopher J. Houpt
     Mayer Brown LLP
     1221 Avenue of the Americas
     New York, NY 10020
     212-506-2500
     Email: choupt@mayerbrown.com

     *Attorneys for Defendant Bank Audi SAL*

Honorable Carol Bagley Amon
May 31, 2019
Page 5

        DLA PIPER LLP (US)

By:   /s/ *Jonathan D. Siegfried*
      Jonathan D. Siegfried
      Douglas W. Mateyaschuk II
      DLA Piper LLP (US)
      1251 Avenue of The Americas
      New York, NY 10020
      212-335-4925
      Email: jonathan.siegfried@dlapiper.com
      Email: douglas.mateyaschuk@dlapiper.com

      *Attorneys for Defendants Byblos Bank SAL,*
      *Bank of Beirut and the Arab Countries SAL,*
      *and Lebanon and Gulf Bank SAL*

      ASHCROFT LAW FIRM, LLC

By:   /s/ *Michael J. Sullivan*
      Michael J. Sullivan
      Brian J. Leske
      Ashcroft Law Firm, LLC
      200 State Street, 7th Floor
      Boston, MA 02109
      617-573-9400
      Email: msullivan@ashcroftlawfirm.com
      Email: bleske@ashcroftlawfirm.com

      *Attorneys for Defendant Société Générale de*
      *Banque au Liban S.A.L.*

                                            DECHERT LLP

By:   /s/ *Linda C. Goldstein*
      Linda C. Goldstein
      Dechert LLP
      1095 Avenue Of The Americas
      Three Bryant Park
      New York, NY 10036
      212-698-3500
      Email: linda.goldstein@dechert.com

      Michael H. McGinley (*pro hac vice*)
      Dechert LLP
      Cira Centre
      2929 Arch Street
      Philadelphia, PA 19104
      215-994-4000
      Email: michael.mcginley@dechert.com

      *Attorneys for Defendants BLOM Bank SAL and Fransabank SAL*

                                            SQUIRE PATTON BOGGS (US) LLP

By:   /s/ *Gassan Adnan Baloul*
      Gassan Adnan Baloul
      Mitchell R. Berger
      Squire Patton Boggs (US) LLP
      2550 M Street, NW
      Washington, DC 20037
      202-457-6155
      Email: gassan.baloul@squirepb.com
      Email: mitchell.berger@squirepb.com

      *Attorneys for Defendant MEAB s.a.l. (sued as Middle East Africa Bank SAL)*

Honorable Carol Bagley Amon
May 31, 2019
Page 7

          SHEARMAN & STERLING LLP

By: /s/ *Brian H. Polovoy*
    Brian H. Polovoy
    Henry Weisburg
    Shearman & Sterling LLP
    599 Lexington Avenue
    New York, NY 10022
    212-848-4000
    Email: bpolovoy@shearman.com
    Email: hweisburg@shearman.com

    *Attorneys for Defendant Bank of Beirut SAL*

          WHITE & CASE LLP

By: */s/ Christopher M. Curran*
    Christopher M. Curran
    Nicole Erb
    White & Case LLP
    701 Thirteenth Street NW
    Washington, DC 20005
    202-626-3600
    Email: ccurran@whitecase.com
    Email: nerb@whitecase.com

    *Attorneys for Defendant Jammal Trust Bank SAL*