```
                                                                      1

 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2
     ------------------------------x
 3                                                19-CV-007(CBA)
     TERREL CHARLES BARTLETT, ET AL.,
 4                                                United States Courthouse
                 Plaintiffs,                      Brooklyn, New York
 5
                 - versus -                       May 9, 2019
 6                                                10:00 a.m.
     SOCIETE GENERALE DE BANQUE AU
 7   LIBAN SAL, ET AL.,

 8               Defendants.

 9   ------------------------------x

10             TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
                   BEFORE THE HONORABLE CAROL B. AMON
11                    UNITED STATES DISTRICT JUDGE

12
     APPEARANCES
13
     Attorney for Plaintiff:    OSEN LLC
14                              2 University Plaza
                                Suite 402
15                              Hackensack, New Jersey 07601
                                BY:  GARY OSEN, ESQ.
16                                   ARI UNGAR, ESQ.

17

18   Attorney for the           LEWIS & LIN, LLC
     Proposed Intervenor:       81 Prospect Street
19                              Suite 8001
                                Brooklyn, New York 11201
20                              BY:  DAVID D. LIN, ESQ.

21

22   Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, CCR
                                Phone:  718-613-2330
23                              Fax:  718-804-2712
                                Email:  LindaDan226@gmail.com
24

25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
```

1           (In open court.)
2           THE LAW CLERK: Bartlett, et al. versus Societe
3   Generale De Banque Au Liban Sal, et al. on for oral argument.
4           THE COURT: Would the parties please state their
5   appearances. First for plaintiff.
6           MR. OSEN: Good morning, Your Honor. Gary Osen,
7   Osen, LLC, with my colleague, Ari Ungar, for the plaintiffs.
8           THE COURT: Good morning.
9           And for the proposed intervenor.
10          MR. LIN: Good morning, Your Honor. David Lin from
11  Lewis & Lin on behalf of the proposed intervenor, Ashraf
12  Safieddine.
13          THE COURT: All right, gentlemen, you can be seated.
14          Who is going to argue for the plaintiff?
15          MR. OSEN: For the plaintiffs, Your Honor, Gary
16  Osen.
17          THE COURT: Okay. Mr. Osen, I just have one basic
18  question. I mean, I can't say that I've read every single
19  page of the 600-page complaint, but what allegations are there
20  that the companies represented by the proposed intervenor had
21  anything to do with the banks, the defendant banks?
22          MR. OSEN: Sure, Your Honor. Would you prefer if I
23  stand or sit?
24          THE COURT: You know, you can sit because it's
25  easier to talk into the microphone.

1   MR. OSEN:  Okay, I hope this --
2   THE COURT:  Yes.
3   MR. OSEN:  -- works.  Thank you, Your Honor.
4   The threshold point, Your Honor, is that Mr. Amhaz,
5   whose companies are most pertinent to today's motion are part
6   of a network of companies belonging to the business affairs
7   component of Hezbollah.
8   We'd contend that the banks, the banking defendants
9   service the entire network.  We don't know at the pleading
10   stage in the complaint --
11   THE COURT:  Where do you make that contention that
12   they service -- you mean, you make an allegation in this
13   complaint that the banks service companies of the Amhaz
14   Network:  Teleserve, West Oil, Creative Investment?  Do you
15   make that allegation?
16   MR. OSEN:  No, Your Honor.  But let me parse that a
17   little bit further.
18   Separating out Teleserve, which is part of the Amhaz
19   Network and has been designated as such, that company, and the
20   Amhaz Network is part of a larger network, all of which we
21   contend are interconnected.
22   Mr. Amhaz, for example, is a smuggler and weapons
23   procurer for Hezbollah, according to the U.S. Treasury
24   Department.
25   Mr. Amhaz has connections -- direct connections to

1   other members of the network who do have accounts and who we
2   have specifically pled accounts for.
3           THE COURT: But you haven't alleged, as I understand
4   it, that the banks are -- that these companies of the Amhaz
5   Network have accounts with the bank such that the bank is
6   helping them in the some way.
7           MR. OSEN: That's correct, Your Honor. Keeping in
8   mind, first of all, this is the opening complaint, and it is
9   the complaint.
10          THE COURT: You've got more that say than the 600
11  pages here?
12          MR. OSEN: Believe it or not, Your Honor, every day
13  we learn more; more accounts, more connections to the network.
14          I will say, although I don't think it's fair to
15  Mr. Lin or his client to say it here, but, you know, even with
16  respect to Mr. Safieddine, there's a great deal more that
17  could be said that hasn't been said in the complaint.
18          We're here today only on the paragraphs of the
19  complaint as alleged, but suffice it to say, Mr. Safieddine is
20  connected in many ways even beyond those set forth in the
21  complaint.
22          THE COURT: Well, you know, connected with what?
23  Connected with the banks?
24          MR. OSEN: Yes, Your Honor.
25          THE COURT: You don't make those allegations in this

1  complaint.  And it seems like to me on the face of the
2  complaint where you don't link him or his companies to the
3  bank, that he has a pretty good argument that he shouldn't be
4  named in this complaint.
5           MR. OSEN:  Your Honor, as part of an entire network
6  of interconnected parties and companies, we're at the very
7  initial stages of a very complex case involving literally
8  dozens, if not hundreds, of companies and entities that are
9  part of Hezbollah's network.
10          If at the pleading stage we were required to make a
11 proffer for each and every connection, obviously we would be
12 much closer to summary judgment than we are to --
13          THE COURT:  At the pleading stage you just can't
14 name someone and call them a terrorist and say they represent
15 companies and then not link them, not make a single allegation
16 that links them to the banks.
17          I mean, the banks are the defendants here, right?
18          MR. OSEN:  Yes, Your Honor.
19          THE COURT:  And a theory of the entire complaint is
20 that the banks are funding Hezbollah.  They know what these
21 companies are doing.  They're providing material support to
22 them.
23          But then you mention this attorney, you talk about
24 his company, but there's no allegation that these companies
25 are linked to the banks.  And I think in the absence of an

1   allegation like that, counsel has a good point that he
2   shouldn't be called a terrorist.
3            I mean this is certainly -- you know, the
4   allegations are certainly -- would be of great concern to an
5   attorney.
6            MR. OSEN:  Well, Your Honor, I don't dispute that,
7   but the point here is the allegations are accurate and true.
8            THE COURT:  Well, but the allegations may be
9   accurate and true, but they're not relevant, as it stands now,
10  in the complaint, because you don't allege that the banks
11  funded these companies; you don't allege that the banks were
12  involved with this lawyer.
13           So as you have it standing now, you just name a
14  lawyer saying his companies are part of this network, and I
15  think that is of genuine concern.
16           MR. OSEN:  I understand the concern, Your Honor,
17  but, again, the statement with respect to Mr. Amhaz and his
18  connection to Mr. Safieddine is not disputed.
19           THE COURT:  But --
20           MR. OSEN:  So I understand your concern about the
21  ultimate tie-in and relevance to the allegations against the
22  defendants, and I would submit, Your Honor, that in due course
23  that will be considerably clarified going forward.
24           But, again, because Mr. Safieddine chose to, and
25  did, in fact, conduct business with an SDGT, a designated

1  terrorist, the concern that you're expressing is lessened by
2  the fact that it's accurate and, in fact --
3          THE COURT: Well, you say it's accurate that he
4  disputes it. And obviously I think you make a good point. We
5  don't want satellite litigation and, you know, a hearing on
6  whether these are true.
7          You say it's true; he disputes it.
8          MR. OSEN: He does not, Your Honor.
9          THE COURT: He does not dispute what?
10          MR. OSEN: Let me be clear.
11          There is no dispute that Mr. Safieddine was the
12  lawyer for Teleserve and that that company was designated and
13  that it's connected to Mr. Amhaz.
14          Mr. Lin contends, on behalf of his client, that once
15  he learned in 2014 of the designation and of Mr. Amhaz's
16  connections to Hezbollah, he ceased his contact or connections
17  with that individual.
18          That may or may not be true. I'm not in the
19  position to opine on that. But the only question is what does
20  the complaint itself say, and it says that Mr. Safieddine was
21  the lawyer for Teleserve, a designated entity. That is not in
22  dispute.
23          THE COURT: Do you want to be heard?
24          MR. LIN: Yes, Your Honor.
25          Well, I would dispute the characterizations in the

1  complaint of Mr. Safieddine's role.  Their complaint
2  characterizes him as the attorney most associated with these
3  companies, and his acts were associated with elicit activity,
4  fraud, and corruption, et cetera.
5          More importantly, however, Your Honor, whether or
6  not the allegations are true, the standard in a motion to
7  strike is that they are immaterial or scandalous.  And as Your
8  Honor points out, these allegations are not material.  They do
9  not pertain to any liability of the defendants.
10         There's no allegation that the banks, you know,
11 funded these companies.  There's no allegation that the banks
12 knew of Mr. Safieddine's existence or did any work in
13 collaboration with Mr. Safieddine.
14         In fact, two of these entities that are alleged to
15 have engaged in elicit activity of fraud and corruption,
16 they're not even in Lebanon, they have nothing to do with the
17 allegations in the complaint.
18         And, finally, there's no allegation that
19 Mr. Safieddine's acts are remarkable in any way.  As stated in
20 our papers, Mr. Safieddine is comparable to, you know,
21 LegalZoom or, you know, the Corporation Trust Company, who's a
22 registered agent for basically every company that exists.
23         So Mr. Safieddine's alleged acts in the complaint
24 are irrelevant and not material to the liability of the
25 defendants.

1    THE COURT:  As it currently stands with the
2    allegations in the complaint, I'm going to grant the
3    application under 12(f) to strike them.
4    I don't think that it's been established that they
5    have any bearing on the issues in the case.  That's without
6    prejudice to re-alleging it if you can make a tie to -- in
7    some additional complaint to make the connection, which is not
8    made now.
9    MR. OSEN:  Your Honor, we're happy to do so by
10   amendment.  My concern, Your Honor, is that without the
11   opportunity through the course of the proceedings to fully set
12   forth all of the networks that are in the complaint, this will
13   simply be an invitation to each and every member of the wider
14   Hezbollah BAC to move in similar fashion.
15   And I say this not simply in the abstract but
16   there's a ongoing pattern of late of designated members of the
17   BAC clogging the dockets of the U.S. District Court in the
18   District of Colombia challenging their -- I would say,
19   unsuccessfully challenging their OFAC designations.
20   So we would ask the Court to at least consider
21   holding this in abeyance until such time as an amended
22   complaint is, in fact, filed in the case, and then the Court
23   can decide that on, you know, in the relatively near term.
24   Because otherwise just the notice of this on the docket is
25   likely to result in -- or at least presents the distinct

1  possibility that Your Honor will be faced with multiple
2  additional motions.
3          THE COURT:  Are there multiple additional people in
4  your view who fit in the same pattern?
5          MR. OSEN:  That's obviously in the eye of the
6  beholder, but we do list quite a number of attorneys we
7  believe are affiliated with the BAC network.  We list
8  accountants as well who we believe are tied.  And not each and
9  every one of them are tied to a bank account or a particular
10 defendant.
11         THE COURT:  Well, I'll worry about that when we come
12 to it.
13         And if you want to -- as I said, this is with leave
14 to file an amended complaint.
15         Thank you.
16         MR. OSEN:  Thank you, Your Honor.
17         MR. LIN:  Thank you.
18
19         (Whereupon, the matter was concluded.)
20
21                  *    *    *    *    *
22 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
23
24 s/ Linda D. Danelczyk                May 13, 2019
25
     LINDA D. DANELCZYK                      DATE

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*