IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Bartlett, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>Société Générale de Banque au Liban SAL, *et al.*,<br><br>    *Defendants*. | Case No. No. 19-cv-0007 (CBA) (VMS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMMAL TRUST BANK SAL'S MOTION TO DISMISS THE AMENDED COMPLAINT

**WHITE & CASE**

Christopher M. Curran
Nicole Erb
Reuben J. Sequeira
701 Thirteenth Street, NW
Washington, DC  20005
+1 202 626 3600

*Counsel for Defendant*
*Jammal Trust Bank SAL (in liquidation)*

November 1, 2019

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ......................................................................................................................................... 1

    I.       The Amended Complaint Fails To Allege That JTB Is Subject To Personal Jurisdiction ................................................................................................................. 4

    II.      The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted ................................................................................................................. 5

CONCLUSION ................................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................3

*Calder v. Jones*,
   465 U.S. 783 (1984) ................................................................................................................4

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018) ......................................................................................................5

*Chirag v. MT Marida Marguerite Schiffahrts*,
   604 F. App'x 16 (2d Cir. 2015) ...............................................................................................2

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................4

*Edwards & Hanly v. Wells Fargo Sec. Clearance Corp.*,
   602 F.2d 478 (2d Cir. 1979) ....................................................................................................8

*Halberstam v. Welch*,
   705 F.2d 472 (D.C. Cir. 1983) ................................................................................................8

*Kaplan v. Lebanese Canadian Bank*,
   No. 08-cv-7253 (GBD), 2019 U.S. Dist. LEXIS 162505
   (S.D.N.Y. Sep. 20, 2019) ........................................................................................................6

*Licci v. Lebanese Canadian Bank, SAL*,
   732 F.3d 161 (2d Cir. 2013) ....................................................................................................4

*Linde v. Arab Bank PLC*,
   882 F.3d 314 (2d. Cir. 2018) ............................................................................................. 7-8

*O'Sullivan v. Deutsche Bank AG*,
   No. 17-cv-8709 (LTS), 2019 U.S. Dist. LEXIS 53134
   (S.D.N.Y. Mar. 28, 2019) ........................................................................................................9

*Rothstein v. UBS AG*,
   708 F.3d 82 (2d Cir. 2014) ..................................................................................................2, 6

*Siegel v. HSBC N. Am. Holdings, Inc.*,
   933 F.3d 217 (2d Cir. 2019) ................................................................................................8, 9

*Songbyrd, Inc. v. Estate of Grossman*,
   206 F.3d 172 (2d Cir. 2000) ....................................................................................................5

*SPV OSUS, Ltd. v. UBS AG*,
  882 F.3d 333 (2d Cir. 2018)..................................................................................5, 8

*In re Terrorist Attacks on Sept. 11, 2001*,
  714 F.3d 118 (2d Cir. 2013)..........................................................................................6

*In re Terrorist Attacks on Sept. 11, 2001*,
  714 F.3d 659 (2d Cir. 2013)..........................................................................................5

*Walden v. Fiore*,
  571 U.S. 277 (2014)......................................................................................................4

*Waldman v. Palestine Liberation Org.*,
  835 F.3d 317 (2d Cir. 2016).........................................................................................4

*Weiss v. Nat'l Westminster Bank PLC*,
  768 F.3d 202 (2d Cir. 2014)..................................................................................... 6-7

## STATUTES

18 U.S.C. 2331..................................................................................................................1

18 U.S.C. 2333..................................................................................................................5

18 U.S.C. 2333(a) .....................................................................................................1, 5, 6

18 U.S.C. 2333(d) .....................................................................................................1, 8, 9

18 U.S.C. 2339B.......................................................................................................3, 6, 7

## RULES

Fed. R. Civ. P. 12(b)(2).....................................................................................................4

Fed. R. Civ. P. 12(b)(6).....................................................................................................4

Defendant Jammal Trust Bank SAL ("JTB" or "the Bank"), pursuant to this Court's September 9, 2019 Order, hereby submits this memorandum of law in support of JTB's motion to dismiss. To promote judicial efficiency, JTB incorporates by reference, and does not repeat in full, the statements and arguments made by the other moving Defendants in this action in their Joint Memorandum of Law in Support of Motion to Dismiss ("Joint Brief").

In particular, JTB incorporates the arguments that this Court lacks personal jurisdiction and that the Amended Complaint fails to state a claim upon which relief may be granted (Joint Brief §§ I, II). JTB unequivocally condemns all acts of terrorism. But the Amended Complaint's sweeping and conclusory allegations and tenuous legal theories fail to make a prima facie case of personal jurisdiction over JTB and do not plausibly show that JTB's alleged routine banking services caused the attacks committed in Iraq or substantially assisted the perpetrators, let alone that JTB knowingly supported the attacks.

**ARGUMENT**

The Amended Complaint asserts three claims against JTB under the civil liability provisions of the Anti-Terrorist Act ("ATA," 18 U.S.C. §§ 2331, et seq.). Specifically, Plaintiffs allege that JTB is liable (i) under 18 U.S.C. § 2333(a) for knowingly providing material support to Hezbollah, a foreign terrorist organization, in violation of 18 U.S.C. § 2339B (First Claim for Relief); (ii) under 18 U.S.C. § 2333(d) for aiding and abetting Hezbollah (Second Claim for Relief); and (iii) under § 2333(d) for participating in a conspiracy with Hezbollah to commit terrorist acts (Third Claim for Relief). *Bartlett*, First Am. Compl. ("Am. Compl.") ¶¶ 5647-5681, No. 19-cv-0007, ECF No. 105.

JTB incorporates by reference the background to this litigation set forth in the Joint Brief. Joint Br. 1-11. At all relevant times, and as alleged, JTB has been a Lebanese joint stock company, registered in the Commercial Registry of Beirut and with its head office in Beirut.

Am. Compl. ¶¶ 276-277.  The Amended Complaint's twenty-five substantially duplicative paragraphs regarding JTB allege a single course conduct:  the provision of banking services to various entities ostensibly linked to Hezbollah.  Am. Compl. ¶¶ 275-289, 420, 521, 535, 668, 669, 753, 755, 868, 990, 1261, 1286, 1793-1801.  The Amended Complaint does not allege, however, that JTB provided any specific banking services to purported Hezbollah affiliates at any relevant time.  Indeed, the only alleged transactions purportedly involving JTB comprise (i) two transfers of funds totaling $35,000 received at some unspecified time into an account purportedly held by a customer of JTB, and (ii) a property mortgage purportedly owned by JTB at some unspecified time.  Am. Compl. ¶¶ 868, 990.

From these scant and highly attenuated allegations, the Amended Complaint makes the speculative leap that JTB "purposefully and deliberately used its New York correspondent banks to 'clear' U.S. dollar-denominated transactions on Hezbollah's behalf on an ongoing and recurring basis, . . . knowingly aided and abetted Hezbollah and its Islamic Jihad Organization, provided them with substantial assistance and agreed to participate in The System and to help facilitate the transit of illicit proceeds through the United States for the benefit of Hezbollah and its IJO."  *Id*. ¶ 289.  These conclusory allegations must be disregarded when determining both whether the Court has personal jurisdiction over JTB, and whether a claim has been stated against JTB upon which relief can be granted.  *See, e.g.*, *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) ("A prima facie case [of personal jurisdiction] requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place."); *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2014) ("In addressing the sufficiency of a complaint . . . we are not required to credit

conclusory allegations or legal conclusions couched as factual allegations" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

The Amended Complaint in fact does not allege that Hezbollah carried out any of the attacks at issue. *See* Joint Br. 35 & n.27. The perpetrators allegedly are, for example, amorphous "Special Groups" (*e.g.*, Am. Compl. ¶ 2049) or "JAM" (or "the Mahdi Army") (*e.g.*, *id.* ¶¶ 1862, 2064) or "AAH" (*e.g.*, *id.* ¶ 3345) or "KH" (*e.g.*, *id.* ¶ 4539) or vaguely described (in conclusory and ambiguous terms) "agents of Hezbollah and the IRGC-QF" (*e.g.*, *id.* ¶ 2050). The Amended Complaint does not allege that JTB had any connection with, let alone provided any support to, any of the various purported Hezbollah "proxies" (Am. Compl. ¶ 5663) that, according to the allegations, planned and committed the attacks on U.S. service members in Iraq.

The Amended Complaint's meager and tenuous factual allegations, even accepted as true at this stage, fail to make a prima facie case of personal jurisdiction over JTB for the Iraq attacks. Moreover, the allegations do not plausibly show, for purposes of primary liability under § 2339B, (i) that the few alleged transactions through the Bank in Lebanon proximately caused Plaintiffs' injuries at the hands of paramilitary groups in Iraq, (ii) that JTB's routine banking services were acts of international terrorism, or (iii) that JTB knowingly provided support to Hezbollah. Regarding secondary liability, the allegations also do not plausibly show, under an aiding-and-abetting theory, (i) that JTB knowingly assumed a role in terrorist activities by Hezbollah or the paramilitary perpetrators, or (ii) that the few alleged transactions involving JTB substantially assisted the perpetrators in committing the attacks at issue. Finally, the allegations do not plausibly show, under a conspiracy theory, that JTB entered any agreement with the perpetrators of the attacks (or Hezbollah) or that JTB provided any services intending to further the perpetrators' acts of terrorism.

Accordingly, this Court should dismiss the Amended Complaint against JTB under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and, in the alternative, under Rule 12(b)(6) for failure to state a facially plausible claim for relief.

### I. The Amended Complaint Fails To Allege That JTB Is Subject To Personal Jurisdiction

JTB is not subject to personal jurisdiction in this District or elsewhere in the United States, because the Amended Complaint fails to plead a prima facie case of either general or specific personal jurisdiction. *See* Joint Br. 11-12. First, the Bank is not subject to general personal jurisdiction because the Amended Complaint fails to plead facts sufficient to establish that the Bank, which is incorporated and headquartered in Lebanon (Am. Compl. ¶¶ 275-277), should be deemed "at home" in the United States. Joint Br. 12; *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014).

Second, JTB is not subject to specific personal jurisdiction. *See* Joint Br. 12-18. The Amended Complaint does not allege that JTB committed any acts in the United States that are "proscribed by the ATA" and that plausibly "gave rise" to Plaintiffs' injuries. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331, 335, 342 (2d Cir. 2016). And the thin allegations against JTB in the Amended Complaint do not plausibly demonstrate "the selection and repeated use of New York's banking system, as an instrument for accomplishing" the attacks that harmed Plaintiffs. *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 171 (2d Cir. 2013).

The Amended Complaint also fails to allege facts plausibly showing that JTB engaged in "intentional" conduct, "calculated to cause injury," and that any such conduct was "expressly aimed at [the United States]." *Calder v. Jones*, 465 U.S. 783, 789, 791 (1984). "[M]ere injury to a forum resident" is an insufficient basis to assert personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 278 (2014). Even if the factual allegations in the Amended Complaint supported a

plausible inference (they do not) that JTB "knowingly maintained bank accounts for individuals associated with" Hezbollah or the perpetrators of the attacks, this is "not enough for personal jurisdiction purposes." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676 (2d Cir. 2013).

Any conspiracy-based theory of personal jurisdiction based on the conduct of Hezbollah or the paramilitaries in Iraq also fails. *See* Joint Br. 18 n.20. The Amended Complaint fails to allege facts plausibly showing either (i) that JTB entered any agreement (as discussed below) with Hezbollah or the perpetrators of the Iraq attacks, or (ii) that attacks on residents in the United States was "part of the alleged conspiracy." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018).

Furthermore, no allegations in the Amended Complaint tie JTB's alleged conduct in Lebanon to any of the attacks by paramilitary groups in Iraq. *See* Joint Br. 17-18; *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018) (requiring, for specific jurisdiction, allegations that "the plaintiff's injury was proximately caused by" defendant's forum contacts where such contacts are "limited"); *see also Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 181 (2d Cir. 2000) (holding that although the defendant's forum contact was a "but for" cause of conduct underlying the claim, where "there was no necessary or even likely connection between these events, . . . the connection is too tenuous to satisfy the 'specific jurisdiction' component of due process analysis").

## II. The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted

The Amended Complaint fails to state a claim against JTB upon which relief may be granted under 18 U.S.C. § 2333, because the complaint lacks factual, non-conclusory allegations

sufficient to plausibly support either primary liability or secondary liability against the Bank. *See* Joint Br. 19.

**Primary liability.** The Amended Complaint does not state a claim for primary liability under the ATA, for at least three reasons. First, as mentioned above, the Amended Complaint has not alleged facts plausibly showing that the Bank's actions or omissions were the proximate cause of Plaintiffs' injuries. *See* Joint Br. 20-28; *Rothstein*, 708 F.3d at 91-92, 95 (holding that § 2333(a) requires not only "but for" causation, but "proximate cause," i.e., that the defendant's conduct was "a substantial factor in the sequence of responsible causation" and "the alleged violation led directly" to plaintiffs' injury, which was "reasonably foreseeable or anticipated as a natural consequence") (citations omitted)). In this Circuit, "providing routine banking services to organizations and individuals said to be affiliated with" a foreign terrorist organization does not proximately cause attacks by that organization, let alone attacks by third parties. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118, 123-24 (2d Cir. 2013).

Second, the Amended Complaint has not alleged facts plausibly showing that the Bank's conduct was an act of international terrorism. *See* Joint Br. 29-32. Even if the Amended Complaint had alleged facts showing that the Bank knowingly provided financial services to Hezbollah affiliates, this "does not, in itself, equate to terrorism." *Kaplan v. Lebanese Canadian Bank*, No. 08-cv-07253 (GBD), 2019 U.S. Dist. LEXIS 162505, at *14 (S.D.N.Y. Sep. 20, 2019).

Finally, the Amended Complaint has not alleged facts plausibly showing that the Bank violated § 2339B's prohibition on material support of terrorism. *See* Joint Br. 25-36. The Amended Complaint does not allege that JTB in fact held any account for a customer that was designated as a "foreign terrorist organization." *See* Am. Compl. ¶¶ 1793-1801; *see also* Joint Br. 9-10. Nor does the Amended Complaint allege that JTB, in holding accounts for certain entities and individuals, knew *at that time* "that it was providing material support to [Hezbollah-affiliated customers] and

–6–

knew that [its customers] engaged in terrorist activity." *Weiss v. Nat'l Westminster Bank PLC*, 768 F.3d 202, 208 (2d Cir. 2014) (discussing what plaintiffs "must show" to "fulfill § 2339B(a)(1)'s scienter requirement"); *see* Am. Compl. ¶¶ 1793-1801 (making no allegations as to when JTB held accounts for purported Hezbollah affiliates).

**Secondary liability.** The Amended Complaint also fails to state a claim for secondary liability under the ATA either on the theory that JTB aided and abetted Hezbollah or on the theory that JTB conspired with Hezbollah to commit acts of terrorism.

Plaintiffs' aiding-and-abetting theory fails because the Amended Complaint does not allege facts plausibly showing that JTB knowingly "play[ed] a role" (*Linde v. Arab Bank PLC*, 882 F.3d 314, 330 (2d. Cir. 2018)) in Hezbollah's terrorism activities, let alone the paramilitaries' violence in Iraq that allegedly harmed Plaintiffs. *See* Joint Br. 34-37.

In *Linde*, the defendant bank was found to have processed, at relevant times, "282 fund transfers, totaling $2,563,275," for top Hamas officials admittedly known to the bank. 882 F.3d at 321. The defendant bank also was found to have transferred approximately $32 *million* to alleged Hamas fronts, including transfers "explicitly identified as payments for suicide bombings." *Id*. at 321-22. The Second Circuit held that even such evidence could not "compel[] a finding that the bank was aware that by processing future transfers it was playing a role in violent or life endangering acts whose apparent intent was to intimidate or coerce civilians or to affect a government." *Id.* at 330. Thus, even if the Court could plausibly infer (which it cannot) from the Amended Complaint's sparse and attenuated allegations that JTB provided financial services to Hezbollah on the scale at issue in *Linde*, such allegations still would not plausibly satisfy the scienter requirement for aiding and abetting. Indeed, even allegations that a bank held accounts or processed transfers for customers designated at the time as terrorists by the U.S. Department of the Treasury are insufficient for aiding-and-abetting liability. *See Linde*, 882 F.3d

–7–

at 329 ("[A]iding and abetting an *act* of international terrorism requires more than the provision of material support to a designated terrorist *organization*.") (emphasis in original).

In any event, § 2333 plainly limits the basis for an aiding-and-abetting claim to the provision of "substantial assistance" to "the person who committed" an act of international terrorism. 18 U.S.C. § 2333(d)(2); *see Linde*, 882 F.3d at 320. The Amended Complaint does not contain a single allegation that JTB had any knowledge about the paramilitary groups that allegedly committed the attacks, much less that JTB knowingly assumed a role in their violence.

Additionally, the Amended Complaint does not allege any facts plausibly showing that the Bank's purported conduct substantially assisted Hezbollah's conduct, let alone the attacks by paramilitary groups in Iraq. *See* Joint Br. 37-43; *Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 225 (2d Cir. 2019) (assessing factors under *Halberstam v. Welch*, 705 F.2d 472, 483-84 (D.C. Cir. 1983), and holding that allegations that the defendant bank purportedly "helped [its customer] violate banking regulations, despite knowing that the [customer] supported terrorist organizations," were insufficient to show that the bank substantially assisted the terrorist attacks at issue). Indeed, the Second Circuit has held: "Substantial assistance requires the plaintiff to allege that the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." *SPV OSUS, Ltd.*, 882 F.3d at 345; *see Edwards & Hanly v. Wells Fargo Sec. Clearance Corp.*, 602 F.2d 478, 484-85 (2d Cir. 1979) (holding proximate cause required for aiding and abetting). The Amended Complaint fails to allege that JTB's routine banking services to commercial and charitable entities and individuals in Lebanon satisfy the *Halberstam* factors or proximately caused the paramilitary groups' attacks in Iraq. *See Linde*, 882 F.3d at 331 ("[A]iding and abetting focuses on the relationship between the act of international terrorism and the secondary actor's alleged supportive conduct"); *Siegel*, 933 F.3d at 224 (requiring for

–8–

aiding and abetting that the defendant "knowingly and substantially assist[ed] the principal violation").

Finally, Plaintiffs' conspiracy theory fails because the Amended Complaint does not allege that JTB (i) entered into an agreement (ii) with the perpetrators of the Iraq attacks (iii) to commit an "act of international terrorism." 18 U.S.C. § 2333(d); *see* Joint Br. 44-49.  The Amended Complaint does not purport to allege that JTB entered into any explicit agreement with Hezbollah, let alone with the perpetrators of the attacks, to commit acts of terrorism.  And the Amended Complaint's allegations that JTB provided routine banking services to purported Hezbollah affiliates in Lebanon are so attenuated from the attacks in Iraq that the allegations cannot support any plausible inference that the Bank agreed, even implicitly, with either Hezbollah or the perpetrators in Iraq to support attacks on U.S. service members or to commit *any* act of international terrorism.  *See O'Sullivan v. Deutsche Bank AG*, No. 17 CV 8709-LTS-GWG, 2019 U.S. Dist. LEXIS 53134, at *37 (S.D.N.Y. Mar. 28, 2019) (dismissing conspiracy claim, holding that the "alleged provision [by defendant bank] of material support to Iranian entities is so far removed from the acts of terrorism that injured Plaintiffs that the Court cannot infer that Defendants shared the common goal of committing an act of international terrorism").

## CONCLUSION

For the foregoing reasons, and those contained in the Joint Brief and incorporated by reference herein, this Court should grant JTB's motion and should dismiss with prejudice the claims against the Bank in the Amended Complaint.

Dated: November 1, 2019
       Washington, DC

Respectfully submitted,

**WHITE & CASE**

 /s/  Nicole Erb
Christopher M. Curran
Nicole Erb
Reuben J. Sequeira
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:    + 1 202 626 3600
Facsimile:    + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
rsequeira@whitecase.com

*Counsel for Defendant*
*Jammal Trust Bank SAL (in liquidation)*