OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T.212.354.0111

March 5, 2020

**VIA ECF**

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*
       Case No. 1:19-cv-00007

       **U.S. Government Designation of Atlas Holding as an SDGT and Defendants' Notice of New Authority.**

Dear Judge Amon:

Plaintiffs respectfully write in response to Defendants' March 3, 2020 letter ("Defendants' Letter") and its notice of new authority—*O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709-LTS-GWG, 2020 WL 906153 (S.D.N.Y. Feb. 25, 2020)—in support of their motions to dismiss. *See* ECF No. 148.

As Plaintiffs previously noted, on February 26, 2020 the U.S. Treasury Department designated Atlas Holding, identifying it as "owned or controlled by the Martyrs Foundation" and "among several entities identified as being subordinate to Hizballah's Executive Council, which takes advantage of its entities' legitimate and civilian appearance to conceal money transfers for Hizballah's military use." *See* Feb. 27, 2020 letter from Gary M. Osen to Hon. Carol Bagley Amon, ECF No. 146.

Defendants attempt to discount the U.S. government's findings by arguing that "the designation of entities *after* Plaintiffs' injuries does not support a plausible inference that the Moving Defendants were aware of a connection between these entities and Hezbollah *before* the injuries occurred." Defendants' Letter at *1.

This is incorrect.

**Letter to Hon. Carol Bagley Amon**
**March 5, 2020**
**Page 2 of 3**

The Martyrs Foundation has been publicly associated with Hezbollah *since the Martyrs Foundation's inception*. The U.S. Treasury Department has described it as "**openly** affiliated with Hizballah,"[1] and it was itself designated a Specially Designated Global Terrorist in **July 2007** (at the time Plaintiffs' "injuries occurred").

Likewise, when the U.S. Treasury Department described Atlas Holding as a company "owned or controlled by the Martyrs Foundation," it also confirmed Atlas Holdings subsidiaries' "**open affiliation with previously designated Hizballah entities**."

These findings are entirely consistent with the Amended Complaint's allegation that "Atlas Holding SAL makes no effort to conceal the fact that it is owned by the Martyrs Foundation–Lebanon and the latter publicly advertises the affiliation." AC ¶ 515.

Although not required by the standards governing Fed. R. Civ. P. 12(b)(6), attached is a screen capture from an infomercial produced by Hezbollah's Martyrs Foundation–Lebanon (available on its website) that confirms the Amended Complaint's allegations that Atlas Holding and its subsidiaries – that hold accounts at **six** of the Defendant banks – are openly affiliated with the Martyrs Foundation–Lebanon. AC ¶ 521. *See* Exhibit A, attached.

Yet, Defendants ask the Court to conclude that it is more plausible to believe that Plaintiffs and their counsel in the United States were able to gather public information sufficient to allege that (1) Atlas Holding and its subsidiaries belonged to Hezbollah, (2) Nazim Ahmad and Salah Assi were Hezbollah money-launderers,[2] and (3) Jammal Trust Bank was engaged in "deep coordination" with Hezbollah,[3] *before* the Treasury Department issued its findings, than to credit allegations that Defendants—which maintained these accounts *in Lebanon* (sometimes for decades)—knew its customers were affiliated with Hezbollah.

The more plausible inference to be drawn from the February 26, 2020 U.S. Treasury Department designation of Atlas Holding and other recent U.S. designations is that they vindicate specific allegations in the Amended Complaint and confirm that Defendants have (for decades) been actively doing business with associations, companies and individuals openly controlled by, and affiliated with, Hezbollah.

Finally, whatever the merits of the legal analysis of Judge Swain's decision in *O'Sullivan*, Defendants' description of the *claims* in that case as "similar to those asserted here," Defendants' Letter at *2, is unsupportable. On the contrary, *O'Sullivan* expressly distinguished claims

---

[1]    Press Release, Dep't of the Treasury, "Treasury Labels Bank Providing Financial Services to Hizballah as Specially Designated Global Terrorist" (Aug. 29, 2019), *available at* https://home.treasury.gov/news/press-releases/sm760 (emphasis added).

[2]    Compare U.S. Treasury designations of Nazim Ahmad and Saleh Assi, https://home.treasury.gov/news/press-releases/sm856 (describing them as "Hizballah financiers"), to AC ¶ 862 (describing Ahmad as a "key Hezbollah BAC Facilitator") and AC ¶ 1302 (describing Assi as a "Hezbollah facilitator").

[3]    *See* Press Release, *supra* at n.1.

involving alleged support for designated Foreign Terrorist Organizations (like Hezbollah) from claims predicated on support to State Sponsors of Terrorism:

> As the *Owens* court recognized, Congress found, in enacting other provisions of the ATA, that a total prohibition on financial support to terrorist organizations was justified because "money earmarked for peaceful activities donated directly to a terrorist organization nevertheless furthers the organization's violent ends." Congress, however, made no similar findings with respect to state sponsors of terrorism, even permitting certain financial transactions with the appropriate licenses.

*O'Sullivan*, 2019 WL 1409446, at *6 (quoting *Owens v. BNP Paribas*, 897 F.3d 266, 276 (D.C. Cir. 2018)).

Here, Defendants' voluminously documented assistance (over decades) provided directly to Hezbollah "further[ed] the organization's violent ends" — a principle recognized by Congress, the D.C. Court of Appeals in *Owens*, and Judge Swain in *O'Sullivan*.

Respectfully submitted,

/s/ Gary M. Osen

Encl.

cc:     All counsel (via ECF)