# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

August 21, 2020

**By ECF**
The Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*__Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.__*
Case No. 1:19-cv-00007-CBA-VMS

Dear Judge Amon:

      We represent proposed intervenor/movant, Mr. Achraf Safieddine, a United States citizen, an attorney, and an interested non-party in the above-captioned action. We submit this letter, pursuant to your Individual Practices, seeking a pre-motion conference to (a) request that the Court strike the objectionable provisions of the amended complaint *sua sponte*, or for (b) leave to file a motion to intervene pursuant Fed. R. Civ. P. 24, for the limited purpose of making a motion to strike, pursuant to Fed. R. Civ. P. 12(f), the false, impertinent and scandalous allegations made against him herein.

      We understand that Your Honor is now considering a motion to dismiss Plaintiffs' amended complaint in its entirety. Oral argument on the Defendants' motions is now scheduled for August 31st. However, should the Defendants' motions be denied on any basis, given the continuing (and, as explained below, recently amplified) damage to Mr. Safieddine's reputation by being accused of serious crimes, we seek a pre-motion conference to bring to the Court's attention why the allegations specific to our client should be stricken.

      In May 2019, Your Honor granted Mr. Safieddine's request to strike allegations in the Plaintiffs' original complaint accusing him of serious crimes of money laundering and aiding terrorist organizations which had and have nothing to do with whether named Defendants violated the ATA as it relates to Plaintiffs. [ECF No. 88]. It has recently come to Mr.

## LEWIS & LIN LLC

Safieddine's attention that Plaintiffs' counsel has doubled-down on counsel's campaign to besmirch Mr. Safieddine by **(a)** filing another complaint which contains similar, yet again false, allegations; **(b)** continuing to publish a copy of the original complaint in this action with the long-since-stricken allegations (*see* https://www.osenlaw.com/sites/default/files/Bartlett_v._SocGen_Complaint_ECF.pdf); and **(c)** further publicizing this case on Plaintiffs' counsel's blog and including copies of the offending pleadings (*see* www.osenlaw.com/case/société-générale-sgbl-case).

   The objectionable provisions of the amended complaint (paragraphs 781, 1253-57)—which accuse Mr. Safieddine, an accomplished lawyer with a stellar reputation, of "found[ing]" a company that "laundered substantial sums of U.S.-denominated currency for the [Hezbollah's Business Affairs Component]" and otherwise being involved with a scheme of "fraud," "corruption" and "money laundering"—are not only demonstrably false, but have no relevance to the present action, which concerns several large banks alleged to have aided and abetted the activities of Hezbollah. *See* ECF 105, Amended Complaint, ¶¶ 781, 1253-57. As Your Honor stated previously: "Even if Safieddine was affiliated with Hezbollah [which, to be clear, he alleges he is not], that fact alone would not be relevant to the Defendant banks' knowledge unless (1) *the banks knew Safieddine was associated with Hezbollah* and (2) the banks engaged *in transactions* with entities associated with Safieddine." ECF No. 88 at 2 (emphasis added). Despite that clear direction and the fact that they still advertise those impertinent allegations from the original complaint on their website, Plaintiffs' counsel's allegations in the amended complaint does not contain the sort of allegations that Your Honor stated were necessary if Plaintiffs' counsel intended to continue to reference Mr. Safieddine herein.

   The gravamen of Mr. Safieddine's original motion to strike was that such false and impertinent allegations appearing in a public pleading would cause him reputational harm. Now, that harm as come to fruition, not just by new, objectionable provisions in the amended complaint, but also because of the widespread, and attention-grabbing nature of this case, others have plucked straight from Plaintiffs' counsel's complaint those false allegations regarding Mr. Safieddine.

   In fact, Mr. Safieddine was recently alerted to a website article dated July 29, 2020, on "GFATF | Global Fight Against Terrorism Funding" (accessible on the Internet at https://www.gfatf.org/archives/ashraf-assem-safieddine/), which contained *the very same* objectionable provisions that appear in Paragraphs 1253-1257 of the amended complaint. Thus, even though Plaintiffs' counsel may have filed their amended complaint some time ago, the damage to Mr. Safieddine's reputation is and has been ongoing, and now amplified by a more easily-accessible, public website, <gftatf.org>, that identifies Mr. Safieddine as one of several "Lebanese certified terrorists," inclusive of a picture of him.

   While we have little objection to Plaintiffs' counsel writing about this case on their website, the fact that this matter has grabbed significant public and international attention (such as the website above) only exacerbates the fact that *impertinent* and false, allegations—which have the tendency to injure unsuspecting third parties' reputations—have no place in the pleadings or filings here. By striking the subject allegations from the amended complaint now, the Court can head off and mitigate the damage to Mr. Safieddine's reputation.

LEWIS & LIN LLC

The outrageous, scandalous and false allegations of "money laundering" and knowingly assisting terrorist organizations are extremely damaging to Mr. Safieddine's personal and professional reputations, as a U.S. citizen, family man and attorney.  Thus, as set forth above, the allegations in paragraphs 781, 1253-57 of the Amended Complaint are scandalous and impertinent to the claims asserted in the Amended Complaint and should be stricken, by the Court's own initiative or by way of motion.

   Your Honor's assistance, again, and attention is greatly appreciated.

                 Respectfully submitted,


                  */s/ David D. Lin*
                  David D. Lin

cc: ALL COUNSEL OF RECORD (via ECF)