# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

September 1, 2020

David B. Rivkin, Jr.
direct dial: 202.861.1731
drivkin@bakerlaw.com

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Robert Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007

Dear Judge Amon:

Pursuant to your Honor's Individual Rule 3A, I am writing on behalf of Jammal Trust Bank ("JTB"), a defendant in the above-referenced action, as well as Dr. Muhammad Baasiri, in his official capacity as Liquidator of JTB, appointed by the Central Bank of Lebanon, to request a pre-motion conference, or an order dispensing with the need for a pre-motion conference, discussing the anticipated motions (and bases therefor) outlined below.

Following yesterday's oral argument on defendants' motions to dismiss for failure to state a claim and want of personal jurisdiction, your Honor reserved judgment on those motions. Given where thing stand at this time, JTB believes that it needs to file the motions outlined herein.

Specifically, as mentioned by JTB's counsel (Mark DeLaquil) during yesterday's oral argument, JTB sought liquidation and was placed in receivership on September 24, 2019, pursuant to Article 17 of Law 110 of Lebanese law. Pursuant to Article 17, JTB has ceased all banking operations and the disposition of its assets is now controlled by the Central Bank of Lebanon. The Central Bank has approved a liquidator, Dr. Muhammad Baasiri, who is statutorily charged with overseeing JTB's liquidation, which is "done under the supervision and control of the Central Bank of Lebanon." Law 110, art. 17 ¶ 2.

Dr. Baasiri, in his official capacity as JTB's Liquidator on behalf of the Central Bank of Lebanon, thus anticipates filing a motion for substitution of party under Federal Rule of Civil Procedure 25(c), as well as an alternative motion to intervene as a defendant, either as of right or permissively, under Federal Rule of Civil Procedure 24.

Honorable Carol Bagley Amon
September 1, 2020
Page 2

Depending on how the Court rules on the anticipated motions under Rules 24 (intervention) and 25 (substitution), JTB and/or Dr. Bassiri anticipate filing a motion to dismiss based on two alternative, independent grounds:

(1) a 12(b)(1) motion to dismiss for want of subject matter jurisdiction, based upon:

A. the redressability requirement of Article III, § 2 of the U.S. Constitution;

B. the prohibition on advisory opinions provided by the "case" or "controversy" requirement of Article III, § 2 of the U.S. Constitution;

C. sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603; and

D. sovereign immunity under the Anti-Terrorism Act, 18 U.S.C. § 2337(2); and

(2) a motion to dismiss based on the common law doctrine of international comity. *See, e.g., Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240 (2d Cir. 1999).

If Dr. Baasiri's Rule 25(c) motion to substitute is granted, JTB would no longer be a named party and consequently would not need to file the above-referenced motions to dismiss for want of subject matter jurisdiction and/or comity; those motions would instead be filed by Dr. Baasiri alone, in his official capacity as Liquidator, on behalf of the Central Bank of Lebanon.

If Dr. Baasiri's Rule 25(c) motion to substitute is denied but his Rule 24 motion to intervene is granted, then JTB will remain in the case and both Dr. Baasiri and JTB will file the above-referenced motions to dismiss for want of subject matter jurisdiction and/or comity. If the Court denies both Dr. Baasiri's Rule 25 motion to substitute and his Rule 24 motion to intervene, then JTB alone will file the above-referenced motions to dismiss for want of subject matter jurisdiction and/or comity.

For the foregoing reasons, JTB and Dr. Baasiri respectfully request a pre-motion conference, or an order dispensing with the need for a pre-motion conference, and the setting of a briefing schedule for the above-referenced motions.

Respectfully submitted,


*/s/ David B. Rivkin, Jr.*
David B. Rivkin, Jr.

cc:     All Counsel of Record (via ECF)