OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601    1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                         T.212.354.0111

September 8, 2020

**VIA ECF**

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*,
             No. 19-cv-0007

             **Jammal Trust Bank Pre-Motion Conference Letter**

Dear Judge Amon:

      We write on Plaintiffs' behalf in response to Defendant Jammal Trust Bank's ("JTB") September 1, 2020 letter ("Ltr.") requesting a pre-motion conference (or waiver thereof) to file a motion for substitution of a party under Fed. R. Civ. P. 25(c) and an alternative motion to intervene as a defendant, either as of right or permissively, under Fed. R. Civ. P. 24. Ltr. at 1.[1] Depending on the Court's resolution of those motions, JTB and/or its liquidator anticipate filing motions to dismiss based on lack of subject matter jurisdiction and the doctrine of international comity. Ltr. at 2.

      The stated impetus for these various alternative motions is the fact that JTB "was placed in receivership on September 24, 2019," Ltr. at 1. Because JTB's motion to dismiss the amended complaint was served on November 1, 2019, JTB's decision to first raise this issue one day after oral argument on its motion to dismiss might be interpreted as gamesmanship.

      Although JTB's letter is somewhat opaque, Plaintiffs infer that JTB hopes to file the aforementioned Fed. R. Civ. P. 12(b)(1) motion to dismiss predicated on substitution (in one form or another) of the JTB receivership as the "proper" party and argue that since that substituted party

---

[1]     It is not clear from JTB's letter whether or on what legal basis the JTB liquidator, Dr. Muhammad Baasiri, has standing to intervene. For example, the letter does not state whether the liquidator has already petitioned a bankruptcy court and obtained recognition of a foreign proceeding pursuant to Chapter 15 of the Bankruptcy Code before applying to this Court for relief. Nor does the letter explicate the circumstances under which this or any other U.S. court may afford "comity or cooperation" to a foreign proceeding which seeks to discharge the obligations of a Specially Designated Global Terrorist or its successor-in-interest.

"is now controlled by the Central Bank of Lebanon," it must be dismissed for lack of subject matter jurisdiction.

      Notwithstanding JTB's apparent desire to raise Fed. R. Civ. P. 12 grounds for dismissal piecemeal, there is no reason why the Court need address the issues raised by JTB's letter prior to ruling on the pending motions to dismiss. This is particularly true in this case because issues concerning receivership are generally focused on creditors' attempts to collect debts in bankruptcy. Whatever issues Plaintiffs may later face as potential judgment holders against JTB are not currently before the Court. Even then, JTB is a Specially Designated Global Terrorist ("SDGT"), and all of its assets in the United States are frozen by operation of U.S. law — irrespective of any proceedings in Lebanon. It is highly improbable that U.S. law would afford any weight to Lebanese proceedings with respect to seized assets of an SDGT *in the United States*.[2] Moreover, Plaintiffs' claims against such frozen assets are, and would remain, against JTB (the designated entity); they would *not* be limited to enforcement actions against any receivership organized in Lebanon to address the claims of JTB's Lebanese customers and creditors. The receivership's potential effect on Plaintiffs' future prospects for executing on JTB's liquidated assets *in Lebanon* — a jurisdiction that is (a) de facto controlled by Hezbollah and (b) where financing Hezbollah is lawful — do not constitute grounds to divest this Court of jurisdiction over Plaintiffs' claims against JTB.

      In sum, separate and apart from the merits (or lack thereof) of JTB's proposed motions, Plaintiffs see no reason why the Court need schedule a conference or establish a briefing schedule on the issues presented in JTB's letter until after the pending motions to dismiss are decided.

      Respectfully submitted,

      /s/ Gary M. Osen

cc:    All counsel by ECF

---

[2] Actions to enforce judgments against blocked assets of SDGTs must satisfy the requirements of § 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322. Section 201(a) provides that the "blocked assets" of a terrorist party or "any agency or instrumentality" of a terrorist party are "subject to execution or attachment in aid of execution" to satisfy a judgment against that terrorist party.