OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601  1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                              T.212.354.0111

September 17, 2020

**VIA ECF and FEDEX**

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*
            **Case No. 1:19-cv-00007 (CBA)(VMS)**

Dear Judge Amon:

      Plaintiffs respectfully write to alert the Court to new authority in support of their opposition to Defendants' motions to dismiss. ECF No. 142 ("Pls. Opp."). Today, for the fourth time since the amended complaint was filed in August 2019, the U.S. Treasury Department announced the designations of Hezbollah Specially Designated Global Terrorists ("SDGTs") who were previously identified and discussed in that complaint. *See* Press Release, U.S. Dep't of the Treasury, *Treasury Targets Hizballah Executive Council Companies and Official* (Sept. 17, 2020), *available at* https://home.treasury.gov/news/press-releases/sm1126 (also attached hereto as Exhibit A). *See also* Press Release, U.S. Dep't of State, *The United States Designates Hizballah Companies and Official* (Sept. 17, 2020), *available at* https://www.state.gov/the-united-states-designates-hizballah-companies-and-official/.[1]

      The Treasury Department has found that two corporations now designated as SDGTs — Arch Consulting and Meamar Construction — are "owned, controlled, or directed by Hizballah" and that Hezbollah's Executive Council "receives the corrupt profits from these companies." Exhibit A at 2, 3. Arch Consulting is described in *detail* in the Amended Complaint ("AC") at paragraphs 447-61, 646, 976, 980, 1263, 1522, 1527; Meamar Construction in paragraphs 441-44, 453, 646, 654, 977-78, 980, 1263; and Hezbollah's Executive Council in paragraphs 360-62, 424, 605-06, 1501.

      The third SDGT designated today is an individual, Sultan Khalifah As'ad, whom Treasury described as "a senior Hizballah Executive Council official who serves as the deputy to Executive Council Chairman Hashim Safi al-Din." Exhibit A at 4. According to the State Department press release referenced above, "As'ad coordinates directly with Hashim Safi al-Din, head of Hizballah's Executive Council, to guide the activities of Arch, Meamar, and other Hizballah

---

[1]     "The Court may take judicial notice of the press releases of government agencies." *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (citing *In re Zyprexa Products Liability Litigation*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008)).

companies." The amended complaint discusses Mr. As'ad in paragraphs 424, 443, 591, 653-63, 1501, 1756.[2]

The amended complaint also alleges that Arch Consulting maintained an account at Defendant BLOM Bank, a bank which purports to perform "risk assessment[s] of its customers" and to "monitor customers' transactions." AC ¶¶ 189-90, 448, 1522, 1527. As Treasury explained, the SDGTs designated today were openly associated with Hezbollah during the relevant period, and publicly-available information made that clear:

> Since their inception, Arch and Meamar have been associated with Hizballah. According to publicly available information, several senior officials have ties to Hizballah; Sultan Khalifah As'ad is publicly listed as a founder of Meamar, and several individuals included in the company's registration documents also have public ties to Hizballah. Arch is registered under the name of a Hizballah-supported candidate in the 2004 municipal elections. Moreover, Arch was previously part of the U.S.-designated Jihad al-Bina company, Hizballah's main construction company. Despite becoming independent in 2005, it remains an important source of funding for Jihad al-Bina. OFAC designated Jihad al-Bina pursuant to E.O. 13224 in February 2007.

Exhibit A at 3-4.

Today's designations are particularly relevant because Defendants have repeatedly challenged the sufficiency of Plaintiffs' allegations, most recently describing entities and individuals like those subject to today's Treasury Department findings as "certain entities with vague links to Hezbollah" and asserting that "there are no specific allegations that get into the details of these individuals allegedly with ties to Hezbollah." Aug. 31, 2020 Oral Argument Transcript at 7:7-9 and 6:15-17. However, like the hundreds of other U.S. government-backed allegations in the amended complaint, today's Treasury Department designations underscore the plausibility of Plaintiffs' allegations that Hezbollah operates through a wide array of commercial enterprises in Lebanon. And contrary to Defendants' suggestion that the amended complaint extends the ATA beyond its bounds because, "[i]f you follow [it] to its logical conclusion, [Plaintiffs are] essentially accusing the entire Lebanese economy of participating in various ways with Hezbollah," *id.* at 33:12-18, the Treasury Department specifically noted today that "Hizballah's activities permeate *all aspects* of the Lebanese economy, including the construction and infrastructure sectors." Exhibit A at 2 (emphasis added).

Finally, today's findings, as in the case of the Treasury Department's designation of Atlas Holdings, *see* Feb. 27, 2020 Ltr. from G. Osen to Hon. Amon, ECF 146, at 1 n.1., reaffirm and further substantiate Plaintiffs' argument that Hezbollah entities can be identified as "constituent parts of a series of interlocking criminal networks with companies often established by the same small group of Lebanese lawyers and audited by a similarly select group of accountants." Pls. Opp.

---

[2] The amended complaint also identifies Compu House SARL, a company founded and majority-owned by Mr. As'ad, which held accounts at Defendants Fransabank, Bank of Beirut and Société Générale de Banque au Liban's predecessor, Lebanese Canadian Bank. AC ¶¶ 660-61, 1501, 1756.

at 14. As set forth above, the Treasury Department supported its designations with publicly available evidence of business relationships (including evidence found in companies' "registration documents") between these three designees and other publicly known Hezbollah entities.

                                      Respectfully submitted,

                                      /s/ Gary M. Osen

Encl.

cc:      All counsel (via ECF)