November 16, 2020

**VIA ECF**

Honorable Carol Bagley Amon
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Bartlett v. Societe Generale de Banque au Liban SAL*, No. 19-cv-0007 (CBA)(VMS) (E.D.N.Y.): Response to Plaintiffs' Notice of Supplemental Authority

Dear Judge Amon:

We write on behalf of Moving Defendants[1] to respond to Plaintiffs' October 20, 2020, letter submitting as supplemental authority *Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 19-cv-5394 (BMC), 2020 WL 6143654 (E.D.N.Y. Oct. 20, 2020), in which Judge Cogan denied a motion to dismiss a claim under the Justice Against Sponsors of Terrorism Act ("JASTA"). ECF No. 161. The *Henkin* decision represents a departure from Second Circuit precedent and should have no bearing on the currently pending motion to dismiss the *Bartlett* complaint. Indeed, Judge Cogan has just granted the defendant's motion to certify the decision for an interlocutory appeal. *See Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 19-cv-5394 (BMC), ECF No. 36 (E.D.N.Y. Nov. 13, 2020) (attached as Exhibit A).

In *Linde v. Arab Bank*, the Second Circuit held that a bank cannot be held liable for aiding and abetting under JASTA unless it "was 'generally aware' that [by providing financial services] it was thereby playing a 'role' in [the terrorist organization's] violent or life-endangering activities." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018). Although *Henkin* acknowledges this requirement, 2020 WL 6143654 at *6, the decision ignores its crucial foundation: that to meet JASTA's *mens rea* requirement for aiding and abetting an *act* of international terrorism, a plaintiff must show "more than the provision of material support to a designated terrorist *organization*." *Linde*, 882 F.3d at 329 (emphasis in original). The *Henkin* court erred by holding that a JASTA claim is sufficiently pled if its allegations permit the inference that "funds from [a customer's] accounts would make their way to" an FTO. *See Henkin*, 2020 WL 6143654 at *7. At best, such allegations suggest only that a bank's customers provided material support to an FTO, which the Second Circuit plainly held to be an insufficient basis for JASTA liability in *Linde*.

*Henkin* also departs from the Second Circuit's instructions on how the legal framework of *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) should be applied to claims arising under JASTA. In *Linde,* the Second Circuit took *Halberstam*'s aiding and abetting standard

---

[1] The Moving Defendants are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) Lebanon & Gulf Bank S.A.L., (9) Banque Libano Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank s.a.l.

applicable to *all* common law torts and applied it to the explicit requirements of JASTA, which applies *only* to aiding and abetting an "act of international terrorism," which by definition "involve[s] violent acts or acts dangerous to human life." 18 U.S.C. §§ 2331, 2332(d)(2). Thus, the Court concluded that to prove a JASTA claim against a bank, the plaintiff must show that the bank was "generally aware" of its role in an FTO's "violent or life-endangering activities." *Linde*, 882 F.3d at 329. Just last year, the Second Circuit adhered to the requirement that a defendant be "generally aware" of its role in violent or life-threatening terrorist activities. *See Siegel v. HSBC, N. Am. Holdings Inc.*, 933 F.3d 217, 224 (2d Cir. 2019). Judge Cogan's "application of *Halberstam*" disregards the need for a JASTA plaintiff to show more than that an alleged aider and abettor provided some assistance to an FTO. *Henkin*, 2020 WL 6143654 at *7. And in "[a]nalogizing [the] case" to *Halberstam*, Judge Cogan paid no heed to the fact that the aider and abettor in *Halberstam* had a direct relationship with the principal and knowingly played a role in his illicit property crimes. *Id.* The *Henkin* decision relies upon an erroneous reading of the D.C. Circuit's decision in *Halberstam* to rewrite the statement of the *mens rea* needed for a JASTA claim that the Second Circuit established in *Linde* and *Siegel*.

Respectfully submitted,

DECHERT LLP

By: /s/ *Linda C. Goldstein*
Linda C. Goldstein
Dechert LLP
1095 Avenue Of The Americas
Three Bryant Park
New York, NY 10036
212-698-3500
Email: linda.goldstein@dechert.com

Michael H. McGinley (*pro hac vice*)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-4000
Email: michael.mcginley@dechert.com

*Attorneys for Defendants BLOM Bank SAL and Fransabank SAL*

Honorable Carol Bagley Amon<br>
November 16, 2020<br>
Page 3

                                 MAYER BROWN LLP

By:  /s/ *Mark G. Hanchet*
      Mark G. Hanchet
      Robert W. Hamburg
      Mayer Brown LLP
      1221 Avenue of the Americas
      New York, NY 10020
      212-506-2500
      Email: mhanchet@mayerbrown.com
      Email: rhamburg@mayerbrown.com

      *Attorneys for Defendant Banque Libano Française SAL*

                                 MAYER BROWN LLP

By:  /s/ *Andrew J. Pincus*
      Andrew J. Pincus
      Mayer Brown LLP
      1999 K Street, NW
      Washington, DC 20006
      202-263-3220
      Email: apincus@mayerbrown.com

By:  /s/ *Christopher J. Houpt*
      Mayer Brown LLP
      1221 Avenue of the Americas
      New York, NY 10020
      212-506-2500
      Email: choupt@mayerbrown.com

      *Attorneys for Defendant Bank Audi SAL*

Honorable Carol Bagley Amon
November 16, 2020
Page 4

DLA PIPER LLP (US)

By: /s/ *Jonathan D. Siegfried*
Jonathan D. Siegfried
Douglas W. Mateyaschuk II
DLA Piper LLP (US)
1251 Avenue of The Americas
New York, NY 10020
212-335-4925
Email: jonathan.siegfried@dlapiper.com
Email: douglas.mateyaschuk@dlapiper.com

*Attorneys for Defendants Byblos Bank SAL, Bank of Beirut and the Arab Countries SAL, and Lebanon and Gulf Bank SAL*

ASHCROFT LAW FIRM, LLC

By: /s/ *Michael J. Sullivan*
Michael J. Sullivan
Brian J. Leske
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
Email: bleske@ashcroftlawfirm.com

*Attorneys for Defendant Société Générale de Banque au Liban S.A.L.*

Honorable Carol Bagley Amon<br>
November 16, 2020<br>
Page 5

          SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Gassan A. Baloul*
     Gassan A. Baloul
     Mitchell R. Berger
     Squire Patton Boggs (US) LLP
     2550 M Street, NW
     Washington, DC 20037
     202-457-6155
     Email: gassan.baloul@squirepb.com
     Email: mitchell.berger@squirepb.com

     *Attorneys for Defendants MEAB s.a.l. (sued as Middle East Africa Bank SAL) and Fenicia Bank s.a.l.*

          SHEARMAN & STERLING LLP

By: */s/ Henry S. Weisburg*
     Henry Weisburg
     Shearman & Sterling LLP
     599 Lexington Avenue
     New York, NY 10022
     212-848-4000
     Email: hweisburg@shearman.com

     *Attorneys for Defendant Bank of Beirut SAL*