# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
mayerbrown.com

**Mark G. Hanchet**
T: (212) 506 2695:
MHanchet@mayerbrown.com

December 8, 2020

<u>VIA ECF</u>

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*, 19 Civ. 007 (CBA) (VMS)

Dear Judge Amon:

On behalf of the Moving Defendants,[1] we write to request permission to move this Court to certify its recent motion to dismiss order (ECF No. 164, the "Decision") for interlocutory appeal under 28 U.S.C. § 1292(b) and to issue an accompanying stay of this case. On November 25, 2020, the Court ruled that Plaintiffs had adequately pleaded the elements of their aiding and abetting claims under 18 U.S.C. § 2333(d)(2) ("JASTA"). In doing so, the Court "recognize[d] that the issues in this case are highly contested." Decision at 37-38. Indeed, other district courts have considered similar claims—some brought by the same Plaintiffs as in this case, represented by the same counsel, and involving the same injuries—and have dismissed those claims as insufficiently pleaded. *See, e.g.*, *Freeman v. HSBC Holdings, plc*, 465 F. Supp. 3d 220 (E.D.N.Y. 2020) (dismissing JASTA aiding and abetting claims) ("*Freeman II*"). The Court also recognized that there are several appeals currently pending before the Second Circuit that "may largely resolve" the issues addressed in the Decision and invited any party to seek a stay.

The Section 1292(b) standard is met here because the Court decided "a controlling question of law" on which there is "substantial ground for difference of opinion" and an "immediate appeal

---

[1] The Moving Defendants are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) Lebanon & Gulf Bank S.A.L., (9) Banque Libano Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank s.a.l.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Honorable Carol Bagley Amon
December 8, 2020
Page 2

from the order may materially advance the ultimate termination of this litigation."

1. **The Court Should Certify A Question For Appeal Under 28 U.S.C. § 1292(b)**

    A. **The Issue Involves A Controlling Question of Law**

    Moving Defendants seek to raise on appeal a controlling question of law: what connection between alleged banking services, terrorist activities, and injury must a plaintiff asserting a JASTA aiding and abetting claim plead? That question concerns the meaning of JASTA and thus is a pure question of law. And it is a controlling issue because, if the Second Circuit were to reverse this Court's decision, that "would terminate the action." *In re Air Crash at Georgetown, Guyana*, 33 F. Supp. 3d 139, 155 (E.D.N.Y. 2014). An interlocutory appeal is warranted for the additional reason that it would "ha[ve] precedential value for a large number of cases." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015). At least five other cases are pending in district courts in this Circuit that present the same or a similar issue.[2] The plaintiffs in several of those cases are represented by the same counsel as Plaintiffs in this case (Osen LLC), and bring substantially similar JASTA aiding and abetting claims against foreign banks. A ruling on this issue by the Second Circuit may bring these similar matters to a swifter conclusion as well.

    B. **There is a Substantial Ground for Difference of Opinion**

    There is a substantial ground for difference of opinion on the standard for pleading the elements of a JASTA aiding and abetting claim. Indeed, Judge Chen recently considered allegations nearly identical to those presented in this case—namely, that a foreign bank maintained an account for the "Hezbollah Martyr's Foundation" (an alleged accountholder here) and that these banking services substantially assisted the persons that committed the very same attacks at issue here. *Freeman II*, 465 F. Supp. 3d at 231.[3] Judge Chen found these allegations insufficient:

    > [Plaintiffs allege] that Commerzbank was "generally aware" that by maintaining a bank account for the Hezbollah Martyrs Foundation, the bank was involved in giving Hezbollah, "directly or indirectly," access to the international financial system that allowed Hezbollah to "effectively raise funds from donors outside of Lebanon." What Plaintiffs do not plead is a direct connection between the services that Commerzbank provided to the

---

[2] *Freeman v. HSBC Holdings plc*, No. 1-cv-7359 (E.D.N.Y.); *Bowman v. HSBC Holdings plc*, 19-cv-2146 (E.D.N.Y) ("*Bowman*"); *O'Sullivan v. Deutsche Bank AG*, 17-cv-8709 (S.D.N.Y.) ("*O'Sullivan I*"); *O'Sullivan v. Deutsche Bank AG*, 18-cv-12325 (S.D.N.Y.) ("*O'Sullivan II*"); *Neiberger v. Deutsche Bank AG*, 19-cv-3005 (S.D.N.Y.).

[3] *Freeman II* is related to, but distinct from, *Freeman v. HSBC Holdings plc*, No. 14-cv-6601 ("*Freeman I*"), which the Court noted is currently on appeal. *Freeman II* involves different plaintiffs, but the same defendants and substantially the same allegations as in *Freeman I*. Critically, however, *Freeman I* does not involve JASTA aiding and abetting claims—only JASTA conspiracy claims. Judge Chen's June 5, 2020 dismissal ruling addressed the JASTA aiding and abetting claims in *Freeman II* and *Bowman* (another related case), which were not resolved by virtue of the court's earlier dismissal of *Freeman I*. *Freeman II* was not immediately appealable because claims against one defendant (who appeared in *Freeman I*, but not in *Freeman II* or *Bowman*, and thus defaulted) remain pending.

Honorable Carol Bagley Amon
December 8, 2020
Page 3

> Foundation and any alleged terrorist activities. Even assuming that the Foundation was an FTO at the time Commerzbank maintained an account for the Foundation, the absence of any factual allegations showing a connection between the bank's services and the terrorist activity at issue is fatal to Plaintiffs' aiding and abetting claim.

*Id.* (citing *Honickman v. BLOM Bank SAL*, 432 F. Supp. 3d 253, 265 (E.D.N.Y. 2020); *Weiss v. National Westminster Bank PLC*, 381 F. Supp. 3d 223, 239 (E.D.N.Y. 2019); *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 532–33 (S.D.N.Y. 2019)). The lack of connection between the alleged banking services, terrorist activity, and the plaintiffs' injuries led Judge Chen to conclude that the *Freeman* plaintiffs had failed to adequately plead either general awareness or knowing substantial assistance. 465 F. Supp. 3d at 233. On the other hand, Judge Cogan recently sustained JASTA aiding and abetting claims (albeit on allegations that differ from those here) in *Henkin v. Kuveyt Türk Katilim Bankasi A.Ş.*, 2020 WL 6143654 (E.D.N.Y. Oct. 20, 2020), in a ruling relied upon by this Court in the Decision. Judge Cogan, as this Court recognized, has certified the *Henkin* decision for interlocutory appeal in light of the split among district courts in analyzing JASTA aiding and abetting claims. 2020 WL 6100121 (E.D.N.Y. Nov. 13, 2020).

The fact that district courts have considered similar allegations and reached the opposite conclusion establishes that there is a substantial ground for difference of opinion. *See, e.g.*, *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013). Each of *Honickman*, *Weiss*, and *Kaplan*, as the Court notes (Decision at 37), are currently on appeal. Judge Chen's aiding and abetting ruling in *Freeman II*—which addresses many of the very same issues presented here and differs materially from the JASTA cases currently before the Second Circuit—is not yet final and appealable (*see* supra note 3). An interlocutory appeal in this case, therefore, would afford the Second Circuit an opportunity to opine on those issues that it does not currently have.

### C. Immediate Appeal Would Materially Advance Termination of this Litigation

An interlocutory appeal would materially advance the termination of this litigation because it would be dispositive of Plaintiffs' claims. The Court should certify an interlocutory appeal if doing so is the "most efficient means of advancing or disposing of the litigation." *Repub. of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007). If the Second Circuit agrees with Moving Defendants, Plaintiffs' claims should be dismissed. *See, e.g.*, *Tanasi v. New Alliance Bank*, 768 F.3d 195, 198 (2d Cir. 2015) (accepting certification of an interlocutory appeal where resolution in defendants' favor would mean that "the case would effectively be concluded"). Without an interlocutory appeal, the parties risk incurring significant expense and burdensome discovery, for claims that ultimately may prove not to be viable.

In addition to certifying the Decision for interlocutory appeal (and even if this Court declines to certify the Decision for appeal), the Court should issue a stay of proceedings. The Second Circuit is likely to provide guidance on at least some of the issues that Moving Defendants seek to appeal. It makes sense for the Court to stay the case so that the parties can take advantage of that guidance, rather than proceed with costly discovery that may ultimately prove unnecessary.

Mayer Brown LLP

Honorable Carol Bagley Amon
December 8, 2020
Page 4

                                        Respectfully submitted,

                                        /s/ *Mark. G. Hanchet*

                                        Mark G. Hanchet

Cc: Counsel of Record (via ECF)