OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                          T.212.354.0111

December 15, 2020

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    *Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, **19-cv-00007**
               **Plaintiffs' Letter Requesting Pre-Motion Conference**

Dear Judge Amon:

Pursuant to Rule 3.A of Your Honor's Individual Motion Practices and Rules, Plaintiffs respectfully write to request a pre-motion conference to move the Court for leave to further amend their operative Amended Complaint. Specifically, pursuant to Fed. R. Civ. P. 15(a) and 21, Plaintiffs seek leave to amend to include: (1) an additional defendant, Lebanese Canadian Bank ("LCB"), (2) post-filing U.S. government terrorism-related designations Plaintiffs raised in their letters of new authority, ECF Nos. 146, 157, and exhibits to their opposition to Defendants' motions to dismiss, ECF Nos. 142-2, 142-3, (3) additional allegations concerning specific Defendants' conduct, (4) one new exhibit[1] and (5) minor editorial corrections to, and clarifications of, the pleadings.

Plaintiffs attach a ***redlined*** version of the proposed Second Amended Complaint for the Court's convenience. We are mindful of the length of the current Amended Complaint and note that the proposed amendment adds 40 new paragraphs, 29 new footnotes, and a total of 12 pages to the pleading—bearing directly on Defendants' liability.

Rule 15(a) provides that after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend will generally be granted where the moving party has demonstrated 'at least colorable grounds for relief' absent a showing of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment." *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194, 201 (E.D.N.Y. 2005).

---

[1]    The exhibit is the U.S. Department of Justice's Civil Complaint against LCB, which is directly relevant in light of the proposed addition of LCB as a defendant.

Here, the Court has substantially denied Defendants' motions to dismiss the Amended Complaint, but Defendants have moved for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292. This Court's Opinion does not cite any of the U.S. government designations issued after the Amended Complaint was filed on August 2, 2019, and specifically states that it does not rely upon the government's findings in connection with Defendant Jammal Trust Bank SAL's ("JTB") designation. *See* Op. at 6 n.1. Although most of these designations were brought to the Court's attention before it issued its decision, they have not been deemed incorporated into the Amended Complaint. If the Court certifies an interlocutory appeal, the Court of Appeals should have the benefit of the most up-to-date complaint, incorporating all allegations that could not have been included when the Amended Complaint was filed.

Rule 21 allows a court broad discretion to permit the addition of a party "at any time, on just terms." Fed. R. Civ. P. 21. Moreover, "where parties satisfy the requirements under Fed.R.Civ.P. 15(a) for leave to amend, they will generally be permitted to add parties under Fed.R.Civ.P. 21." *Cortigiano*, 227 F.R.D. at 201. Here, the Court dismissed the portion of Defendant Société Générale de Banque au Liban's liability predicated on its acquisition of all of LCB's liabilities, in part because it reasoned that LCB continues to exist and can presumably be haled into court for the liabilities at issue, and noting that "Plaintiffs appear free to attempt to sue LCB in New York for the torts they allege." Op. at 34 & n.18. Although Plaintiffs respectfully disagree with the Court's analysis, they are compelled to file suit against LCB at this procedural juncture to preserve their claims predicated on LCB's conduct. Accordingly, the proposed Second Amended Complaint would facilitate precisely that result but without generating an unnecessary multiplicity of complaints or concurrent proceedings arising from the same nucleus of facts.

Finally, the proposed Second Amended Complaint would not: (a) require the twelve existing Defendants to file any additional briefing or expend any additional resources or (b) in any way delay resolution of this case. *See generally Block v. First Blood Assoc.*, 988 F.2d 344, 350-51 (2d Cir. 1993) (setting forth prejudice considerations in assessing leave to amend complaint).

Respectfully submitted,

/s/ Gary M. Osen

Encls.

cc:      All counsel (via ECF)