# ASHCROFT

December 22, 2020

**VIA ECF**

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Bartlett, *et al.* v. Société Générale de Banque au Liban S.A.L., *et al.*,
 19 Civ. 007 (CBA) (VMS)

Dear Judge Amon:

On behalf of Defendant Société Générale de Banque au Liban S.A.L. ("SGBL"), we write in response to Plaintiffs' December 15, 2020 letter ("Plaintiffs' letter" or "Plfs' Ltr."), ECF No. 172, which responds to Moving Defendants' December 9, 2020 letter ("Defendants' letter"), ECF No. 167. As this Court is aware, Defendants' letter sought permission to move this Court to certify its recent motion to dismiss order (ECF No. 164, the "Order") for interlocutory appeal under 28 U.S.C. § 1292(b) and to issue an accompanying stay of this case. Plaintiffs' letter, in turn, responds to Defendants' request and itself seeks contingent relief in the form of identification of two additional controlling questions on appeal. Plfs' Ltr. at 3–4. On December 16, 2020, this Court granted Defendants' request and ordered a pre-motion conference be held on December 29, 2020.

Because Plaintiffs' letter seeks certification of the Order with respect to two additional aspects of this Court's decision—the first involving primary liability under the Anti-Terrorism Act ("ATA") in Count I, and the second involving the purported inheritance by an alleged successor (here, SGBL) of its alleged predecessor's personal jurisdiction status for purposes of Count IV— we submit this letter pursuant to Rule 3.A of Your Honor's Individual Motion Practices and Rules. While the Order merits certification because Defendants' controlling question regarding aiding and abetting under 18 U.S.C. § 2333(d)(2) satisfies the § 1292(b) requirements, Plaintiffs' second question concerning successor personal jurisdiction does not merit interlocutory appeal for the reasons stated below.[1]

### 1. Plaintiffs' "Inherited Personal Jurisdictional Status" Issue Does Not Merit Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Plaintiffs are incorrect when they contend that a narrow, rather unremarkable question concerning the lack of personal jurisdiction in New York over a foreign asset and liability purchaser that did not merge with the predecessor, had no contacts with New York related to the

---

[1] Nor does Plaintiffs' first ATA primary liability question merit interlocutory appeal. Plfs' Ltr. at 3. This letter addresses only the successor liability-based question as it applies only to SGBL.

predecessor's liability (or, for that matter, related to the asset and liability purchase), and which did not continue any ownership by the predecessor of the successor, satisfies all three requirements of § 1292(b). To the contrary, Plaintiffs' question, *see* Plfs' Ltr. at 4, when viewed either independently or in conjunction with Defendants' question, does not meet the standard for an interlocutory appeal because it does not involve "a controlling question of law" on which there is "substantial ground for difference of opinion," nor will an "immediate appeal from the order []  materially advance the ultimate termination of this litigation." 28 U.S.C. § 1292(b).

### A. The Issue Does Not Involve A Controlling Question of Law

"[A] question of law is 'controlling' if reversal of the district court's order would terminate the action," *In re Air Crash at Georgetown, Guyana*, 33 F. Supp. 3d 139, 155 (E.D.N.Y. 2014) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)), or if reversal "could significantly affect the conduct of the action." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784 (CM), 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015). That standard is not met because if the Second Circuit were to reverse this Court's ruling on the successor personal jurisdiction question, it would not terminate the action but rather potentially prolong it, forcing the district court to resolve several other threshold issues, including the availability of a successor liability private right of action in the ATA.

Additionally, in determining whether a controlling question of law exists, a court also may consider whether the certified issue would "ha[ve] precedential value for a large number of cases." *Flo & Eddie*, 2015 WL 585641 at *1 (internal quotation marks omitted). Resolution of a question regarding inheritance of jurisdictional status by a foreign asset and liability purchaser would apply to few other cases; nor is there any reason to believe manipulations of foreign corporate transactions or form are taking place to avoid personal jurisdiction in New York, as Plaintiffs speculate and suggest as a basis for arguing the questions' "broader implications." Plfs' Ltr. at 4.

### B. There is Not a Substantial Ground for Difference of Opinion

The requirement that a substantial ground for disagreement exists may be met when there is conflicting authority on an issue, or the issue is particularly difficult and of first impression for the Second Circuit. *Klinghoffer*, 921 F.2d at 25. This standard is not met for three reasons.

First, as this Court observed, a recent opinion by the Second Circuit concluded (albeit in dicta) that jurisdictional imputation is limited to instances where there has been a merger and the successor is the sole "entity that survives the merger." *United States Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143, 149, 155 (2d Cir. 2019) ("*U.S. Bank*"). The *U.S. Bank* majority explained that it was only "because a successor by merger is deemed by operation of law to be both the surviving corporation and the absorbed corporation" that the successor would incur the predecessor's jurisdictional status. *Id.* at 156.[2] Because it is undisputed that this case does not

---

[2] Further undercutting Plaintiffs' claim of a ground for difference of opinion, a concurring opinion in that case harbored doubts that even a merger would be sufficient to confer personal jurisdiction under New York

involve a merger and the alleged predecessor that committed the alleged wrongs continues to exist, Plaintiffs cannot show a ground for difference of opinion, let alone a substantial one.

Second, New York courts have consistently rejected successor liability as a basis for exercising personal jurisdiction. *See Semenetz v. Sherling & Walden, Inc.*, 21 A.D.3d 1138, 1140, 801 N.Y.S.2d 78, 81 (App. Div. 3d Dep't 2005) (successor liability rules "do not and cannot confer such jurisdiction over the successor in the first instance"), *aff'd on other grounds*, 7 N.Y.3d 194, 818 N.Y.S.2d 819, 851 N.E.2d 1170 (2006). State appellate courts have reasoned that the rules and exceptions under which a corporate successor may be subject to liability for the torts of its predecessor "deal with the concept of tort liability, not jurisdiction." *BRG*, 163 A.D.3d at 1496 (citing *Semenetz*, *supra*); *see also In re Gronich & Co., Inc. v. Simon Property Group, Inc.*, 180 A.D.3d 541, 542, 119 N.Y.S.3d 456, 457 (N.Y. App. Div. 1st Dep't 2020) (personal jurisdiction is not imputed except perhaps in cases of a "successor by merger").

Third, the sole federal case relied upon to show a difference of opinion, *see* Plfs' Ltr. at 4, n. 4, pre-dates the state decisions discussed above. Nor does that (out-of-Circuit) opinion correctly survey New York law, which does not subject a successor corporation to personal jurisdiction simply because it might be responsible for paying the judgment (*e.g.*, because an exception to the successor non-liability rule might apply), or because the successor might have assumed the predecessor's assets and liabilities. Instead, federal and state cases in New York have found a successor might be subject to personal jurisdiction where the alleged circumstances have some other independent jurisdictional significance, such as where a successor assumes a predecessor's written contract containing a forum selection clause, or when a successor performs a predecessor's contracts, constituting a ratification of a predecessor's actions. *See Societe Generale v. Florida Health Sciences Ctr., Inc.*, No. 03 Civ. 5616 (MGC), 2003 WL 22852656, *4 (S.D.N.Y. Dec. 1, 2003) ("personal jurisdiction over the original contracting party had been gained via a forum selection clause"); *see also Schenin v. Micro Copper Corp.*, 272 F. Supp. 523, 526 (S.D.N.Y. 1967) (where corporation did not merge, but rather assumed assets and liabilities, plaintiff could sue alleged successor "only where it could be found").

### C. Immediate Appeal Would Not Materially Advance Termination of this Litigation

The third requirement of Section 1292(b)—whether an immediate appeal may materially advance the termination of the litigation—is closely tied to the first requirement. As discussed above, certification of the successor personal jurisdictional issue would serve only to provide Plaintiff with an "early review" of an issue—an illegitimate basis for interlocutory appeal—and would not substantially shorten the time for trial or materially accelerate the disposition of the litigation. *In re Air Crash at Georgetown, Guyana*, 33 F. Supp. 3d at 155.

For the foregoing reasons, there is no basis to certify Plaintiffs' second question for appeal.

---

law. *See U.S. Bank*, at 159 (Chin, J. concurring) (observing "it is not always the case that an acquired company's jurisdictional contacts can be imputed to the successor-by-merger" and citing *BRG Corp. v. Chevron U.S.A., Inc.*, 163 A.D.3d 1495, 1496, 82 N.Y.S.3d 798, 799 (App. Div. 4th Dep't 2018)).

Honorable Carol Bagley Amon<br>
December 22, 2020<br>
P a g e | 4

Respectfully submitted,

ASHCROFT LAW FIRM, LLC

By: /s/ *Michael J. Sullivan*
Michael J. Sullivan
Brian J. Leske
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
Email: bleske@ashcroftlawfirm.com

*Attorneys for Defendant Société Générale de Banque au Liban S.A.L.*

cc: Counsel of Record (via ECF)