**MAYER | BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
mayerbrown.com

**Mark G. Hanchet**
T: (212) 506 2695:
MHanchet@mayerbrown.com

December 28, 2020

VIA ECF

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*, 19 Civ. 007 (CBA) (VMS)

Dear Judge Amon:

On behalf of the Moving Defendants,[1] we write in response to Plaintiffs' December 18, 2020, letter submitting as supplemental authority a Second Circuit order (the "Order") holding in abeyance the appeal in *Honickman v. BLOM Bank SAL,* No. 20-575, pending the Second Circuit's decision in *Reuvane, et al. v. Lebanese Canadian Bank, SAL,* No. 19-3522. ECF No. 175. The Order also directed the *Honickman* parties to submit briefing, within thirty days of a decision in *Reuvane*, regarding how that decision applies to the facts of *Honickman*. *Id*. at Ex. A.

The Order affirms the importance of certifying an interlocutory appeal in this case. *See* ECF No. 167 (Moving Defendants' Joint Letter for Pre-Motion Conference). While a Second Circuit ruling in *Reuvane* may clarify certain issues germane to the *Honickman* appeal*,* it does not present—and therefore will not address—a key issue in this case.

The attacks that gave rise to the plaintiffs' injuries in *Reuvane* and *Honickman* were committed by Foreign Terrorist Organizations ("FTOs") with which the defendants allegedly dealt directly. Here, the attacks that injured U.S. service personnel in Iraq were committed by Iraqi Shia militias, *not* the FTO with which the defendants allegedly dealt in Lebanon.

---

[1] The Moving Defendants are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) Lebanon & Gulf Bank S.A.L., (9) Banque Libano Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank s.a.l.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Honorable Carol Bagley Amon
December 28, 2020
Page 2

Hezbollah's alleged role in this violence is—at most—indirect. Even if the Second Circuit decision in *Reuvane* provides guidance on what must be pleaded to plausibly connect a bank to an FTO primary actor in order to state a viable JASTA aiding and abetting claim, it will not address the key question posed in this case, namely: "what connection between alleged banking services, terrorist activities, and injury [committed by a non-FTO actor] must a plaintiff asserting a JASTA aiding and abetting claim plead?" *See* ECF No. 167.

This question bears on Plaintiffs' JASTA claims in several ways. *First*, JASTA aiding and abetting claims require that a defendant provide knowing, substantial assistance to the act of international terrorism that injured the plaintiff or to the "person who committed" the act. *See Siegel v. HSBC N.A.*, 933 F.3d 217, 225 (2019). Therefore, even if Plaintiffs plausibly alleged that Hezbollah "planned or authorized" the violent acts,[2] that would not satisfy the requirement that the defendant assist an act of international terrorism or the persons (including groups) that *committed* the violence. *Second*, JASTA aiding and abetting claims require that any assistance by a defendant be *knowing* and *substantial*. 18 U.S.C. § 2333(d). Where, as here, the Moving Defendants are not alleged to have provided *anything* to the persons that injured Plaintiffs, allegations of knowledge and substantiality are far less plausible. *Compare Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) (assistance provided directly to person who committed burglary).

This lack of proximity between banking services and injuries led another court in this district to reject virtually identical allegations involving many of the same plaintiffs and attacks at issue here as insufficient to plead JASTA aiding and abetting. *See Freeman v. HSBC Holdings, plc,* 465 F. Supp. 3d 220 (E.D.N.Y. 2020) (rejecting sufficiency of allegations that bank maintained bank account for Hezbollah-related customer when bank lacked any connection to the parties who committed the attacks—the same Iraqi Shia militias at issue here) ("*Freeman II*"). The Second Circuit should be given the opportunity to consider what connection JASTA requires between conduct and attenuated injury—and this case provides a vehicle for it to do so.

Finally, as Judge Denise Cote observed in dismissing JASTA aiding and abetting claims, "[b]ecause money is fungible and because the international banking system depends on cooperation among financial institutions across borders, it is particularly important to focus with care in cases like this on each of the necessary elements to a finding that [JASTA] has been violated." *Siegel v. HSBC Bank USA, N.A.*, 2018 WL 3611967 (S.D.N.Y. July 27, 2018). These considerations are amplified here, where Plaintiffs have sued the majority of the banking sector in Lebanon—a country now in economic free fall, confronting civil unrest and political turmoil. No other JASTA lawsuit has ever targeted a nation's entire banking sector, much less at so delicate a time and risking such a substantial chilling effect. Under these circumstances, it is

---

[2] Relatedly, to invoke JASTA's secondary liability provisions in the first place, Plaintiffs must allege plausibly that they were injured in acts of international terrorism that were "committed, planned, or authorized" by Hezbollah. 18 U.S.C. § 2333(d). Moving Defendants contend that Plaintiffs have not done so. At least one district court has agreed. *See Atchley v. AstraZeneca UK Limited*, 2020 WL 4040345 (D.D.C. July 17, 2020) (dismissing JASTA aiding and abetting claims involving some of the same "attacks" at issue in this case because they were not "committed, planned, or authorized" by Hezbollah).

Mayer Brown LLP

Honorable Carol Bagley Amon
December 28, 2020
Page 3

imperative that the Second Circuit be given the opportunity to consider the issues raised by an appeal from this Court's decision as expeditiously as possible.

                                      Respectfully submitted,

                                      /s/ *Mark G. Hanchet*

                                      Mark G. Hanchet

Cc: Counsel of Record (via ECF)