# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

July 2, 2021

David B. Rivkin, Jr.
direct dial: 202.861.1731
drivkin@bakerlaw.com

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*
       Case No. 1:19-cv-00007 (CBA) (TAM)

Dear Judge Amon:

The Court's order of June 25, 2021, requires all Defendants in the above-captioned action to "file a letter indicating whether they (1) intend to answer the Second Amended Complaint, or (2) request leave to file a renewed motion to dismiss." On behalf of Defendant Jammal Trust Bank SAL ("JTB") and the movant-substitute party Dr. Muhammad Baasiri, we are hereby complying with that order.

First, JTB has already filed a motion to dismiss, it remains outstanding, and JTB is not currently under an obligation to answer the Second Amended Complaint. The outstanding motion to dismiss was served on November 17, 2020 (ECF No. 163), was fully briefed as of December 30, 2020 (ECF No. 185 (JTB reply)), and was argued on January 27, 2021. As explained in JTB's motion papers and oral presentation, JTB has defenses distinct from those raised by the other Defendants due to the government liquidation of JTB. As a result, JTB has raised, among other things, a sovereign-immunity defense. The Court has taken the motion under advisement and has yet to rule.

Rule 12 provides that "a motion under this rule alters these periods" to file a responsive pleading "as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action. . . ." Fed. R. Civ. P. 12(A)(4)(a); *Yahoo, Inc. v. Nakchan*, No. 08 CIV. 4581 LTS THK, 2011 WL 666678, at *1 (S.D.N.Y. Feb. 22, 2011) ("[A] defendant must serve an answer within 14 days of receiving notice that its motion to dismiss has been denied."); *Purisima v. Tiffany Ent.*, No. 09-CV-03502 NGG LB, 2013 WL 4500699, at *4 (E.D.N.Y. Aug. 20, 2013) ("[A] defendant must serve an answer within 14 days of receiving notice that its motion to dismiss has been denied."). JTB's motion

The Honorable Carol Bagley Amon
July 2, 2021
Page 2

invokes, *inter alia*, Rule 12(b)(1) and therefore resets JTB's deadline to answer the Second Amended Complaint—if that obligation ever accrues—until after any denial of the motion.[1] As a result of these circumstances, JTB does not intend to answer the Second Amended Complaint at this time, due to the outstanding motion.

Second, JTB understands that the remaining Defendants are, today, requesting leave to file a motion to dismiss the Second Amended Complaint. JTB joins that request for the reasons the other Defendants have provided, and JTB intends to join that motion or else file a substantially similar motion. If the Court grants leave to file the motion, the motion would alter the deadline to file an answer to the Second Amended Complaint. For that additional reason, JTB does not intend to answer the Second Amended Complaint at this time.

Third, discovery against JTB should not proceed at this time, not only for the reasons identified by the other Defendants—which apply in full force to JTB—but also because JTB is entitled to obtain a ruling on sovereign immunity from the Second Circuit before further proceedings against it occur in this Court. For one thing, the Court may grant the motion and dismiss JTB from the case on immunity grounds. But, if the Court denies JTB's motion, JTB will be entitled to an appeal as of right at least as to its sovereign-immunity defense. *See, e.g.*, *EM Ltd. v. Banco Cent. De La Republica Argentina*, 800 F.3d 78, 88 (2d Cir. 2015). If JTB takes such an appeal, it will also be entitled to a stay of proceedings pending appeal. *See, e.g.*, *Edrei v. City of New York*, No. 16 CIV. 1652 (RWS), 2017 WL 3822744, at *2 (S.D.N.Y. Aug. 31, 2017) (restating the familiar rule that "immunity interlocutory appeals automatically divest district court jurisdiction over that issue"); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) (same); *Eckert Int'l, Inc. v. Gov't of Sovereign Dem. Rep. of Fiji*, 834 F. Supp. 167, 174-75 (E.D. Va. 1993) (applying that rule to foreign sovereign-immunity appeal); *Microsoft Corp. v. Commonwealth Sci. & Indus. Rsch. Organisation*, No. C 05-01894 MJJ, 2005 WL 8165886, at *3 (N.D. Cal. Nov. 14, 2005) (same); *Process & Indus. Devs. Ltd. v. Fed. Rep. of Nigeria*, No. 18-CV-594 (CRC), 2018 WL 8997442, at *2 (D.D.C. Nov. 1, 2018) (same). JTB should not be subject to discovery before a ruling on

---

[1] Although the outstanding motion was served just before the Second Amended Complaint was filed, *see* ECF Nos. 188 & 189, the Court "may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (per curiam). "This is a sound approach that promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.* Because the amendments contained in the Second Amended Complaint are not germane to JTB's outstanding motion, and because the Court entertained argument on the motion after the Second Amended Complaint was filed, JTB understands that the Court intends to decide its separate motion to dismiss rather than to ask it to refile materially identical papers.

The Honorable Carol Bagley Amon
July 2, 2021
Page 3

sovereign immunity in this Court, when the law is clear that JTB will be entitled to a stay of discovery if it ultimately presents the issue to the Second Circuit.

Sincerely,

/s/ David B. Rivkin, Jr.


David B. Rivkin, Jr.
Partner