**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601                         1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                                                    T.212.354.0111

July 22, 2021

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.***
             Case No. 1:19-cv-00007

Dear Magistrate Judge Merkl:

      Pursuant to Eastern District of New York Rule 37.3, Plaintiffs respectfully move for an order compelling Defendants to comply promptly with all aspects of Federal Rule of Civil Procedure 26(f), including, but not limited to, participating in the discovery conference required by Rule 26(f). As explained below, Plaintiffs have conferred with Defendants, who have refused to comply with their Rule 26(f) obligations.

**I.      RELEVANT PROCEDURAL HISTORY**

      Plaintiffs filed their First Amended Complaint on August 2, 2019, bringing claims on behalf of American nationals who were injured, and the estates and families of American nationals who were killed or injured, by reason of terrorist attacks in Iraq between 2004-2011, against 12 Lebanese financial institutions[1] under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.* ECF No. 105. Plaintiffs alleged that Defendants knowingly provided the Foreign Terrorist Organization ("FTO") Hezbollah and its Islamic Jihad Organization directorate with substantial financial services, including access to the U.S. financial system through correspondent bank accounts in New York, thereby facilitating Hezbollah's terrorist attacks in Iraq. Plaintiffs brought both primary liability claims under § 2333(a) and aiding-and-abetting and conspiracy secondary liability claims under § 2333(d)(2) of the Justice Against Sponsors of Terrorism Act ("JASTA") expansion of the ATA. Plaintiffs also brought a claim against Defendant Société Générale de Banque au Liban ("SGBL") for successor liability for LCB's acts and alleged violation of the ATA.

---

[1]     In their Second Amended Complaint ("SAC"), filed on December 31, 2020, ECF No. 189, Plaintiffs added a 13th Defendant, Lebanese Canadian Bank ("LCB"). On July 7, 2021, the Clerk of the Court entered a Certificate of Default against LCB because it had not answered or otherwise moved to dismiss the SAC.

On November 25, 2020, the Court denied Defendants' motions to dismiss Plaintiffs' JASTA aiding-and-abetting and conspiracy claims,[2] while granting Defendants' motions to dismiss Plaintiffs' primary liability claims and their successor liability claims against SGBL. ECF No. 164.

After the Court's aforementioned decision on Defendants' motions to dismiss, the Court entered an order on December 30, 2020, that, *inter alia*, stayed the proceedings in the case, but expressly provided that "[t]he stay shall expire upon the Second Circuit's issuance of an opinion in [*Kaplan v. Lebanese Canadian Bank, SAL*, No. 19-3522]." The Second Circuit issued the *Kaplan* decision on June 9, 2021, vacating the judgment of the district court dismissing that case.

On June 21, 2021, Defendants asked the Court to again stay discovery until the Second Circuit issued a decision in *Honickman v. Blom Bank*, No. 20-575. ECF No. 198. The Court denied Defendants' application on June 25, 2021. On July 2, 2021, Defendants requested the opportunity to file renewed motions to dismiss. ECF Nos. 200-202. That same day, Plaintiffs' counsel wrote to defense counsel, forwarded a draft discovery protective order, and asked that defense counsel circulate the draft to their colleagues for their collective review. *See* Exhibit A. On July 6, 2021, the Court granted Defendants leave to file motions to dismiss but circumscribed the scope of those motions to the effect of the *Kaplan* decision and set a schedule for limited briefing.

On July 9, 2021, Plaintiffs' counsel wrote to defense counsel seeking "to schedule a Rule 26(f) conference to meet and confer concerning proposed discovery plans and related issues in this case" and asking them to propose one or two dates during the week of July 19 to conduct the conference. *See* Exhibit B. On the same day, defense counsel replied, "Thanks for your note. We will discuss this and revert in due course." *See* Exhibit C.

Five days later, on July 14, 2021, Plaintiffs' counsel followed up with defense counsel. *See* Exhibit D. On July 15, 2021, one of Defendants' counsel, Mr. Siegfried, replied that "[i]n response to your recent emails, will call you Monday [July 19, 2021] to discuss." *See* Exhibit E. On July 19, 2021, the undersigned and Mr. Siegfried discussed both the scheduling of the Rule 26(f) conference and Plaintiffs' request for comments and/or proposed edits from defense counsel to the draft discovery protective order that Plaintiffs had forwarded them on July 2, 2021. Mr. Siegfried suggested that, largely for practical reasons (including the renewed briefing of motions to dismiss and August vacations), discovery should not commence until after the Court had ruled on Defendants' renewed motions to dismiss.

On July 19, 2021, after the parties' call, Plaintiffs' counsel conferred internally, and then the undersigned wrote to defense counsel restating Plaintiffs' position that discovery should not be further delayed and renewing the request to schedule a Rule 26(f) conference (and providing five alternative dates). *See* Exhibit F. On July 21, 2021, in response, Mr. Siegfried wrote on behalf of Defendants and declined to agree to schedule and participate in the Rule 26(f) conference. *See* Exhibit G. Plaintiffs now move to compel.

---

[2]  The Court stated that because it had denied Defendants' motions to dismiss Plaintiffs' JASTA aiding-and-abetting claims, it did not need to evaluate Plaintiffs' JASTA conspiracy claims. Op. at 32, n.16.

## II. ARGUMENT

Defendants' refusal to set and participate in the Rule 26(f) conference despite Plaintiffs' repeated requests for a proposed date is contrary to Defendants' Rule 26 obligations, which require the parties to "confer as soon as practicable." Rule 26(f)(1). Because no discovery can proceed until the Rule 26(f) conference occurs, *see* Rule 26(d)(1), Defendants' refusal seeks to, in effect, impose a unilateral stay on all discovery and nullify the Court's June 25, 2021 Order denying their motion for a stay.

Nor are the pending renewed motions to dismiss grounds for unilaterally imposing a stay. The Court has already denied Defendants' motion for a stay *in the same order* in which it instructed Defendants to state whether they wanted to answer the SAC or file renewed motions to dismiss (nor did the Court reimpose the stay upon granting leave to file that motion).[3] Even where stays are *not* specifically denied, pending answers or motions to dismiss are not grounds for automatic stays or refusing to participate in Rule 26(f) conferences. *See* Rule 26, 1993 Advisory Comm. Notes (noting that a Rule 26(f) conference may occur "before a defendant has answered the complaint"). "The obligation to participate in the planning process is imposed on all parties that have appeared in the case, *including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.*" *Id.* (emphasis added). *See also Rivera v. Incorporated Village of Farmingdale*, No. 06-cv-2613(DRH)(ARL), 2007 WL 3047089, *1 (E.D.N.Y. Oct. 17, 2007) ("The law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss."). Here, the Court has very recently rejected a further stay of discovery, and there is simply no justification for further delay.

## III. CONCLUSION

For the above-stated reasons, Plaintiffs respectfully request that the Court order Defendants to comply with all of Rule 26(f)'s requirements and participate in the Rule 26(f) conference within five business days of the Court's entry of that order.

Respectfully submitted,

/s/ Ari Ungar

cc: All counsel (via ECF)

---

[3] *Kaplan* makes it abundantly clear that every argument Defendants previously asserted as a basis for dismissal of Plaintiffs' JASTA aiding-and-abetting claims is meritless, and *Kaplan* does not provide any grounds for the Court to reconsider its prior ruling.