

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 264 0303

1441 Broadway, New York, NY 10018
T: 212 354 0111
www.osenlaw.com

September 20, 2021

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*
              Case No. 1:19-cv-00007

Dear Magistrate Judge Merkl:

      Plaintiffs respectfully write to request leave to serve subpoenas for the production of documents on third parties. Plaintiffs require leave of Court to do so because compulsory discovery "from any source" ordinarily cannot proceed before the parties hold a Rule 26(f) conference, "except … by court order." Fed. R. Civ. P. 26(d)(1).

      This Court should permit Plaintiffs to engage in third party discovery notwithstanding the lack of a Rule 26(f) conference. Plaintiffs were previously granted leave to serve preservation subpoenas on third party financial institutions before any Rule 26(f) conference. *See* Dec. 30, 2020, Minute Order. Plaintiffs have served those subpoenas, but several recipients have asserted that the Federal Rules of Civil Procedure do not obligate them to comply with a preservation subpoena, as opposed to a production subpoena.

      Nor is the lack of a Rule 26(f) conference Plaintiffs' fault. As the Court is aware, Plaintiffs have repeatedly asked Defendants to participate in one, but they have refused to do so, effectively staying all discovery, including third-party discovery. As Plaintiffs explained in their motion to compel participation in a Rule 26(f) conference, ECF No. 204, because Rule 26(d)(1) prohibits discovery before the parties confer under Rule 26(f), Defendants' refusal effectively overrides the District Court's explicit decision not to reinstate the stay of discovery that expired on June 9, 2021. *See* June 25, 2021, Minute Order ("[t]he application for a further stay is denied").[1] Defendants have, in essence, argued that their renewed motions to dismiss (which are now fully briefed) should

---

[1]     As set forth in Plaintiffs' motion to compel, the Court stayed discovery on December 30, 2020, but underscored that "[t]his stay shall expire upon the Second Circuit's issuance of an opinion in <u>Reuvane, et al. v. Lebanese Canadian Bank, SAL</u>, No. 19-3522-cv." That opinion was issued on June 9, 2021. Defendants moved for a further stay on June 21, 2021, ECF No. 198, which motion the District Court denied on June 25, 2021.

override the Court's order and impose an *implicit* stay. *See* Defs. Opp. to Mot. to Compel, ECF No. 211. This issue is currently *sub judice* before Your Honor.

Therefore, while the Court considers Plaintiffs' motion to compel Defendants' compliance with Rule 26(f), Plaintiffs respectfully seek leave to prepare and serve production subpoenas on third parties on which they previously served preservation subpoenas and any other similarly situated persons or entities who may have relevant, responsive records in the United States.

Respectfully submitted,

/s/ Michael J. Radine

cc:     All counsel (via ECF)