

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 264 0303

1441 Broadway, New York, NY  10018
T: 212 354 0111
www.osenlaw.com

September 29, 2021

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    **Re:**    ***Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.***
>    **Case No. 1:19-cv-00007**

Dear Magistrate Judge Merkl:

We write on Plaintiffs' behalf in reply to both of Defendants' letters (the so-called "Moving Defendants" letter, ECF No. 257, and Defendant Jammal Trust Bank SAL ("JTB") and Intervenor Dr. Muhammad Baasiri's ("Baasiri") joint letter, ECF No. 256), opposing Plaintiffs' request to commence third-party discovery, ECF No. 255. Both letters are unavailing.

## 1. The Moving Defendants Provide No Basis for Staying Third Party Discovery.

The "Moving Defendants" argue that Plaintiffs' request to initiate third party document production "makes no sense" given Defendants' pending renewed motions to dismiss. They argue that their motions may lead to dismissal of all, or at least some, of Plaintiffs' claims, obviating the need for or altering the contours of discovery.

Those renewed motions to dismiss followed the District Court's November 25, 2020, decision denying all Defendants' prior motions to dismiss Plaintiffs' secondary liability claims under 18 U.S.C. § 2333(d). *Bartlett v. Société Générale de Banque au Liban SAL*, No. 19-cv-7-CBA-TAM, 2020 WL 7089448 (E.D.N.Y. Nov. 25, 2020). As noted in that decision, the District Court then stayed discovery pending the Second Circuit's decision in *Kaplan v. Lebanese Canadian Bank, SAL*. *See* Dec. 30, 2020, Minute Order.

In their prior joint brief, Defendants asserted that the allegations in *Kaplan* were "*substantially similar to those here*" and "were insufficient to meet the 'general awareness' element of aiding-and-abetting." Defs. Joint Opening Mem., ECF No. 139-1, at 39 (citing *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 533-36 (S.D.N.Y. 2019)). They also argued that with respect to the substantial assistance element of aiding and abetting, the *Kaplan* lower court "rejected *substantially similar allegations* in *Kaplan….*" *Id.* at 42. The Second Circuit vacated the *Kaplan* lower court decision on June 9, 2021, flatly rejecting all of Defendants' arguments predicated on it. *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021).

Case 1:19-cv-00007-CBA-TAM   Document 258   Filed 09/29/21   Page 2 of 5 PageID #: 11865
Letter to the Honorable Taryn A. Merkl, U.S.M.J.
September 29, 2021
Page 2 of 5

Nevertheless, Defendants sought both a further stay of discovery and permission to file renewed motions to dismiss in light of *Kaplan*. *See* ECF No. 198. The District Court denied the stay but granted Defendants leave to renew their motions to dismiss solely on the effect of the Second Circuit's *Kaplan* decision. *See* June 25, 2021, and July 6, 2021, Minute Orders (and to re-file their opening briefs because of the Second Circuit's decision in *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021), *see* Aug. 2, 2021 Minute Order). Yet, once again, Defendants assume they enjoy some sort of implicit stay which overrides the District Court's explicit rejection of Defendants' requested stay. And, unlike that prior request, Defendants do not now *move* for a stay, they simple arrogate one to themselves.

But even if Defendants *had* moved again for a stay pending their motions to dismiss, they could not meet the factors the Court must consider: "the breadth of discovery sought and the burden of responding to it" and "the strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). *First*, the breadth of the proposed third party discovery is limited—Plaintiffs' motion proposes converting preservation subpoenas, which sought only certain transactional records from Defendants' correspondent banks, into production subpoenas, and serving production subpoenas on "other *similarly situated* persons or entities" (a limitation Defendants omit from their opposition to the motion). *Second*, responding to production subpoenas of electronic records is both routine and relatively not burdensome for large clearing banks. Plaintiffs' prior motion to compel Defendants to comply with Fed. R. Civ. P. 26(f), ECF No. 204, likewise seeks to *start* discovery by compelling Defendants to participate in a Rule 26(f) conference—hardly a burdensome step.

*Finally*, Defendants' renewed motions to dismiss are now fully briefed (unlike in *Spencer Trask*, cited above) and are entirely meritless. As noted above, by the District Court's order, those motions are limited to the effect of the Second Circuit's decisions in *Kaplan* and *Honickman* on the District Court's *denial* of Defendants' prior motions to dismiss. *See* July 6, 2021, and Aug. 2, 2021, Minute Orders. Those decisions both *rejected* every JASTA holding of their respective lower court decisions (on which Defendants heavily relied in their prior motions). *See generally* Pls. Mem. Opposing Defs. Renewed Motions to Dismiss, ECF No. 249. It is therefore highly implausible that these decisions somehow render the District Court's prior decision incorrect in any way that benefits Defendants.

Defendants also erroneously suggest their motions could be granted at least in part, in which case "the scope of third party discovery will be altered significantly." Moving Defs. Ltr. at 2. But *Kaplan* and *Honickman* do not provide a basis to dismiss *any* part of this case), and, tellingly, Defendants do not even attempt to explain *how* third party discovery will be altered. Speculation that discovery will be in some unstated way "altered" is not a basis for overriding the District Court's explicit rejection of a stay.

**2. JTB and Baasiri Provide No Basis for Staying Third Party Discovery as to Them.**

JTB and Baasiri declined to argue that third party discovery is inappropriate as to the Moving Defendants or even to themselves on the basis of the renewed motions to dismiss. Instead, they describe Plaintiffs' motion as "procedurally improper—and impermissible" because the

District Court is purportedly without jurisdiction over JTB while its appeal remains pending before the Second Circuit.

Their assertion is meritless.

To briefly restate the procedural history of this case, Plaintiffs sued JTB, along with nearly a dozen other privately-owned Lebanese financial institutions in January 2019, alleging, *inter alia*, that they aided and abetted and conspired with the Foreign Terrorist Organization Hezbollah. Subsequently, the U.S. Department of the Treasury formally designated JTB as a Specially Designated Global Terrorist for its decades-long efforts to aid and abet and conspire with Hezbollah. Because of the U.S. terrorism designation, the Lebanese Central Bank purportedly froze JTB's deposits, and on September 24, 2019, JTB sought liquidation and was placed in receivership pursuant to Lebanese law. Approximately a year later, JTB's counsel filed a motion under Fed. R. Civ. P. 25(c) to substitute Baasiri "in his official capacity as Liquidator of JTB, as the named defendant in place of JTB," JTB Opening Rule 25(c) Brief, ECF No. 182, at 1, and to move to dismiss the amended complaint on various grounds (all rejected by the District Court ("JTB Rule 25(c) Order," ECF No. 221)).

Upon losing that motion, JTB and Baasiri filed an interlocutory appeal without the District Court's certification, *see* 28 U.S.C. § 1292, on the ground that "[a] denial of a claim of sovereign immunity" entitles it to an appeal as of right. JTB Ltr. at 1. But its appeal does not divest this Court of jurisdiction because it is frivolous: "The divestiture of jurisdiction rule is … not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. Hence, its application is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citations omitted).[1]

The appeal, particularly as an uncertified interlocutory appeal, is frivolous because *JTB admits it is not a sovereign* (although its counsel have erroneously suggested it can somehow nevertheless assert a sovereign immunity defense). Rather, JTB argued for *substitution*, on the ground that JTB's sovereign immunity arguments would "lose[] vigor when not directly asserted *by the sovereign or its agent or instrumentality*." JTB Opening Rule 25(c) Brief at 14 (emphasis added). In JTB's brief, the "sovereign or its agent or instrumentality" was the Central Bank of Lebanon, which appointed Baasiri to oversee the liquidation of JTB's assets. *See id.* at 26, 27 ("When JTB entered liquidation on September 24, 2019, Plaintiffs' suit functionally became a suit against the Central Bank," and "[t]here can be no dispute that the Central Bank is an agency or instrumentality of the Lebanese state entitled to sovereign immunity under the FSIA.").

Substitution is a discretionary doctrine, and its denial is not grounds for an interlocutory appeal as of right. Indeed, in its September 24 letter, JTB obliquely refers to the District Court's denial of its Rule 25(c) motion and previously conceded that that determination is "within the sound discretion of this Court." JTB Opening Rule 25(c) Brief at 4. JTB recasts the procedural status of the case as if the District Court's denial of its substitution motion and JTB's assertion of Baasiri's claims of sovereign immunity somehow conferred a colorable immunity claim onto JTB itself. But even if it could, that would not help—as the District Court held, "[i]t is undisputed that

---

[1]  JTB's Rule 25(c) motion also sought dismissal on the basis of international comity, but "[p]olitical question and comity concerns do not convey formal immunity from suit." *In re S. Afr. Apartheid Litig.*, No. 02 CIV. 4712 (SAS), 2009 WL 5183832, at *1 (S.D.N.Y. July 7, 2009).

Case 1:19-cv-00007-CBA-TAM   Document 258   Filed 09/29/21   Page 4 of 5 PageID #: 11867
Letter to the Honorable Taryn A. Merkl, U.S.M.J.
September 29, 2021
Page 4 of 5

JTB lacked instrumentality status 'at the time suit [was] filed,'" JTB Rule 25(c) Order at 16 (quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003)), which is fatal for sovereign immunity under *Dole Foods*. The District Court flatly rejected JTB's arguments to the contrary: "Nothing in the Court's [*Dole Foods*] opinion nor in the cases that have followed supports Moving Defendants' strained reading of *Dole Food.*" *Id. See also id.* at 16-17 (citing Second Circuit cases).

JTB cites no case where an indisputably non-sovereign entity can assert a sovereign immunity defense, let alone qualify for interlocutory review as of right of a discretionary determination under Rule 25. Thus, whatever untenable arguments Baasiri may conceivably have on appeal, as the District Court noted, his "status vis a vis the government of Lebanon differs from that of JTB…." JTB Rule 25(c) Order at 9.[2] Thus, JTB and Baasiri "seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals"—but "[c]ourts are not helpless in the face of manipulation" and can retain jurisdiction where an appeal is not colorable. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). This Court can and should do so here.

Finally, even if JTB's attempt to game the collateral order doctrine on the basis of its substitution motion were permissible, an interlocutory appeal on the basis of immunity does *not* automatically trigger a discovery stay in the lower court; rather, in cases involving interlocutory appeals, "the standard used to determine whether to stay the proceeding pending appeal is the traditional standard governing stays of civil judgments." *V.S. v. Muhammad*, No. 07-cv-0213-DLI-JO, 2008 WL 5068877, at *1 (E.D.N.Y. Nov. 24, 2008). This standard involves "weigh[ing] four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Torres v. Faxton St. Lukes Healthcare*, No. 6:16-CV-439, 2017 WL 11317906, at *2 (N.D.N.Y. Jan. 26, 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

Again, as with the "Moving Defendants," JTB has not moved for a stay, it has only arrogated one for itself in letters opposing Plaintiffs' discovery motions. But had it made such a motion, it would not satisfy these factors. *First*, as explained above, the appeal is facially frivolous, particularly as an uncertified interlocutory appeal. *Second*, JTB will not be "irreparably harmed" by third parties producing records relating to JTB transactions that occurred a decade ago. *Third*, a stay will injure Plaintiffs (if not the other Defendants), who "have a legitimate interest in the timely, efficient resolution of the claims. Plaintiffs in particular will suffer substantial harm if these cases are permitted to languish for months" and, as they "bear the ultimate burden of proving any or all of their claims, therefore face a substantial risk that documentary evidence will be misplaced, … records will be lost, and the memories of witnesses will fade." *Id.* at *3.[3] *Finally*, the public interest lies in allowing this case to proceed because, as the District Court found, "JASTA evinces not only a generalized policy of punishing terrorists, but a specific policy of providing a procedurally privileged domestic forum where victims of terrorist attacks may seek justice for the

---

[2]      Baasiri's role in the appeal does not change the equation. Baasiri *was* granted one of his alternative requests for relief—he was granted intervention as of right. *See* JTB Rule 25(c) Order at 8. Baasiri presumably waived his immunity upon asking to join this case as a party, but the contemplated third party discovery relates only to JTB's pre-suit conduct, not Baasiri's role as liquidator of JTB's Lebanese assets.

[3]      In concluding that JTB's substitution motion would "needlessly complicate discovery," the District Court found that "Plaintiffs would be prejudiced by JTB's removal from this case, and [JTB and Baasiri] have identified no prejudice from JTB remaining in this case." JTB Rule 25(c) Order at 5.

Case 1:19-cv-00007-CBA-TAM  Document 258  Filed 09/29/21  Page 5 of 5 PageID #: 11868
**Letter to the Honorable Taryn A. Merkl, U.S.M.J.**
**September 29, 2021**
**Page 5 of 5**

injuries they suffered." JTB Rule 25(c) Order at 24. Allowing a Specially Designated Global Terrorist to groundlessly delay proceedings brought by the victims of the terrorist group they were designated for having aided and abetted does not promote the public interest. It contravenes it.

In short, JTB's claim that its (frivolous) appeal divests this Court of jurisdiction and its attempts to stay discovery further give lie to its callous argument that its efforts to wriggle free from this case are intended to "effectuat[e] the United States' policy of punishing facilitators of terrorist acts" or to "expedite and simplify the action." JTB Opening Brief at 38, 6.

Respectfully submitted,


/s/ Michael Radine


cc:     All counsel (via ECF)