# Exhibit N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT BARTLETT, *et al.*,

Plaintiffs,

-against-

SOCIETE GENERALE DE BANQUE AU LIBAN
SAL, *et al.*,

Defendants.

No. 19-cv-00007 (CBA) (TAM)

**RESPONSES AND OBJECTIONS OF DEFENDANT BANK OF BEIRUT SAL TO
PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION  OF DOCUMENTS**

Pursuant to Rules 26, 34, and 44.1 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Civil Rules of the U.S. District Court for the Eastern District of New York ("Local Rules"), and in accordance with the Court's Order of December 13, 2021, Defendant Bank of Beirut SAL ("Bank of Beirut"), responds and objects to Plaintiffs' First Request for the Production of Documents, dated December 31, 2021 (the "Requests") in the above captioned litigation (the "Litigation").

## GENERAL RESPONSES AND OBJECTIONS
### (applicable to all Requests)

1.     Bank of Beirut objects to the Requests to the extent that they are overly broad or unduly burdensome.

2.     Bank of Beirut objects to the Requests to the extent that they call for documents or information that is not relevant to the subject matter of this Litigation, not relevant to any party's claim or defense related to this Litigation, and/or not proportional to the needs of this Litigation.

3.     Bank of Beirut objects to the Requests to the extent that they call for the disclosure of documents or information protected by any privilege or protection, including, without limitation, the attorney-client privilege, the attorney work product immunity doctrine, common interest privilege, joint defense privilege, the bank examiner privilege (*see In re Subpoena Served upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed. Reserve Sys.*, 967 F.2d 630 (D.C. Cir. 1992)), the suspicious activity report ("SAR") privilege (*see* 12 CFR § 21.11(k)), the professional secrecy obligation under Article 579 of the Lebanese Criminal Code, privilege accorded to regulatory submissions made pursuant to Lebanese Law 44/2015, Circular 83 of the Banque du Liban, the Lebanese Code of Money and Credit of 1963 article 55 of Lebanese Law 161/2011, or any other available and valid grounds for withholding documents or

2

information from disclosure.  Bank of Beirut will not treat privilege as waived due to sharing, if any, of the relevant documents or communications with a bank regulatory authority.  12 USC § 1828(x).  Inadvertent disclosure of such documents or information in response to the Requests shall not constitute a waiver of any privilege, or of any other basis for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive Bank of Beirut's rights to object to the use of any such document or information in this Litigation or during any other proceeding.  Upon notification that such disclosure was inadvertent, the document(s) and any copies thereof shall be returned to Bank of Beirut in accordance with the applicable provisions of the protective order to be entered in this case.

4.    Bank of Beirut objects to the Requests to the extent that they require the production of documents reflecting trade secrets and/or proprietary business information or documents that are prohibited from disclosure by contract or by the confidentiality requirements of any court, arbitral forum, or similar authority. Bank of Beirut will not produce such documents.

5.    Bank of Beirut objects to the Requests to the extent that they require the production of confidential or highly confidential documents or information, or documents or information that would impinge on privacy rights of non-parties.  Bank of Beirut will produce such documents only pursuant to the applicable provisions of the protective order to be entered in this case.

6.    Bank of Beirut objects to the Requests to the extent that they purport to require it to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.  Any production by Bank of Beirut of documents (including any electronic documents) will be limited to non-privileged documents

3

from reasonably accessible sources (including electronic sources) where responsive documents can reasonably be expected to be maintained.

7.      Bank of Beirut objects to the Requests, including each of the Definitions and Instructions set forth therein, to the extent that they assume or characterize or are intended to assume or characterize, facts or law.  By responding to the Requests, Bank of Beirut does not indicate that it agrees with or adopts any assumptions or characterizations about the facts or the law applicable to this Litigation.

8.      Bank of Beirut objects to the Requests to the extent that they seek or are intended to seek documents or information that can be obtained more readily and efficiently from other sources or that is a matter of public record, or already in the possession of, or otherwise easily accessible and available to, Plaintiffs.

9.      Bank of Beirut objects to the Requests to the extent that they are not proportional to the needs of this Litigation on the grounds that: (i) they call for the production of documents or electronically stored information from sources that are not reasonably accessible and the burden or expense of searching for and producing any responsive documents outweighs any likely benefit given the needs of this Litigation, (ii) the amount in controversy, and (iii) the irrelevance or minimal relevance of the requested documents or electronically stored information in resolving the issues at stake in this Litigation.

10.     Bank of Beirut objects to the Requests to the extent that they purport to require it to create or generate documents that do not currently exist and/or are not maintained in Bank of Beirut's usual course of business.

11.     Any response to the Requests by Bank of Beirut indicating that responsive documents will be produced or will not be produced is not an admission or representation that

4

any such documents exist.  For any response to the Requests by Bank of Beirut indicating that responsive documents will be produced, Bank of Beirut will produce such documents if they are located after a reasonable search, subject to the objections and limitations stated herein. For any response to the Requests by Bank of Beirut indicating that responsive documents will not be produced, Bank of Beirut is prepared to engage in a meet and confer with Plaintiffs concerning Bank of Beirut's objections and the scope of the respective Request.

12.    Bank of Beirut's responses and objections to the Requests are made without waiving:  (a) any rights and/or privileges in the above-captioned Litigation or any other action, proceeding or investigation; (b) any objections to the relevance, materiality, privilege, or admissibility as evidence, for any purpose, of any documents, information, or response provided to the Requests; (c) any objections as to the form of the Requests, including as to vagueness and ambiguity; (d) the right to object on any ground to the use of any information, response, or documents produced in response to the Requests in this Litigation or any other action, proceeding or investigation; and (e) the right to object on any ground at any time to a demand for further responses to the Requests.

13.    In providing these Responses and Objections, Bank of Beirut reserves all rights to reject, contest, or object to the Requests, either in whole or in part, on grounds other than those set forth herein pursuant to any applicable law or rule, including but not limited to any grounds reflected in or based upon Defendants' pending motions to dismiss the Second Amended Complaint or the Court's rulings on those motions.  Bank of Beirut also reserves the right to supplement or amend the Responses and Objections set forth herein as necessary and as more information becomes available.  Furthermore, Bank of Beirut's Responses and Objections to the Requests should not be understood as an acceptance or adoption of either the factual assertions

made in the Requests or the definitions of the terms used in the Requests, nor as an admission that the documents or information sought by the Requests is relevant, material, or admissible.

### COMMON RESPONSES AND OBJECTIONS
#### (applicable to multiple Requests)

1.      Bank of Beirut objects to the Requests because they seek documents or information from Bank of Beirut regarding many hundreds of individuals and entities:  a total of 673 individuals and entities in Exhibit 1 of the Requests, and 283 individuals and entities in Exhibit 2 of the Requests. No effort has been made by Plaintiffs to tailor the Requests to the handful of individuals and entities alleged to be customers of Bank of Beirut in the Second Amended Complaint (ECF No. 189) as to whom Bank of Beirut could potentially be subject to liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint, if any. To comply with the Requests for documents or information involving hundreds of individuals and entities that are not alleged to be customers of Bank of Beirut and/or as to whom Bank of Beirut could not potentially be subject to liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint, Bank of Beirut would have to search *the entirety* of its records over a period of at least nine years to locate those names. For this reason, the Requests are overly broad (*i.e.*, seek, at least in part, documents or information that is not relevant), unduly burdensome, and not proportional to the needs of this Litigation. Bank of Beirut will not undertake a search for the names set out in Exhibits 1 and 2 in its records except to the extent that it undertakes searches for accounts maintained by the individuals and entities alleged to be customers of Bank of Beirut as to whom Bank of Beirut could potentially be subject to liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint.

2.      Bank of Beirut objects to the Requests because Exhibits 1 and 2 do not include

sufficient information (such as an individual's place of birth, mother's name, national registration number or commercial business number) to enable Bank of Beirut to match an individual or entity named in the Requests to an individual or entity whose name may appear in Bank of Beirut's records. Bank of Beirut will conduct a reasonable search in order to match an individual or entity that is alleged to a be Bank of Beirut customer to an individual or entity whose name appears in its records.  If Bank of Beirut is unable to match an individual or entity, Plaintiffs must provide additional identifying information for that individual or entity.

3.      Bank of Beirut objects on relevance, undue burden, and lack of proportionality grounds to the Requests to the extent that they seek documents or information about transactions occurring well before the earliest attack as to which Bank of Beirut could potentially be subject to liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint, with such earliest attack being the one asserted to have occurred on March 10, 2011.

4.      Bank of Beirut objects to the Requests to the extent that they seek information about transactions occurring after November 30, 2011. The last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011.  Transactions occurring after November 30, 2011 have no relevance to Plaintiffs' claims, are unduly burdensome, and lack proportionality.  Bank of Beirut will not produce such documents.

5.      Bank of Beirut objects to the Requests to the extent that any Request is duplicative, repetitive, or cumulative, in whole or in part, of any other Request.

6.      Bank of Beirut objects to the Requests to the extent that they seek to impose on Bank of Beirut obligations that exceed those imposed by or are inconsistent with the Federal Rules and/or the applicable Local Rules.

7.      Bank of Beirut objects to any Request to the extent that it purports to require the production of "all" documents, "all" communications, or "all" records on the grounds that such Request is facially overbroad, unduly burdensome, and not proportional to the needs of this Litigation, including where a subset of documents would be sufficient to provide the responsive information or it could be ascertained from a subset of documents, and seeks documents that are not relevant to the claims and defenses asserted in this Litigation. Bank of Beirut will respond to any such Request by producing responsive, non-privileged documents within its possession, custody, or control that can be located after a reasonably diligent, good faith search based on reasonable search parameters.

8.      Bank of Beirut objects to the Requests to the extent that they seek or are intended to seek documents or information not within Bank of Beirut's possession, custody, or control.

9.      Bank of Beirut objects to the Requests to the extent that they purport to require the disclosure of information that Bank of Beirut is prohibited from disclosing by any law, including without limitation Lebanon's Law of September 3, 1956 on Banking Secrecy ("Lebanon's Banking Secrecy Act") and Articles 6 and 8 of Lebanese Law 44/2015.  Bank of Beirut will not produce documents containing such prohibited information, except as consistent with its obligations under Lebanon's Banking Secrecy Act.

10.      Bank of Beirut objects to the Requests to the extent that they seek or are intended to seek documents or information relating to customers of Bank of Beirut that were allegedly migrated from Lebanese Canadian Bank ("LCB"). The Second Amended Complaint fails to allege, *inter alia*, Bank of Beirut provided services to those alleged accounts before the last alleged injury and, therefore, Bank of Beirut could not potentially be subject to liability for such customers under the Second Amended Complaint.

8

## OBJECTIONS TO DEFINITIONS
### (applicable to Requests in which these Definitions are used)

1.     **"Account Opening Records."**  Bank of Beirut objects to Plaintiffs' definition of

"Account Opening Records" as overly broad and vague. Bank of Beirut further objects to

Plaintiffs' definition of "Account Opening Records" to the extent that it purports to require Bank

of Beirut to provide information regarding accounts "controlled by or for the benefit of a listed

person or entity, regardless of whether that person or entity's name appears on the account" as

this portion of the definition is unduly vague and ambiguous and moreover improperly calls for a

legal conclusion about whether a "listed person" "controls" or "benefits from" the account. Bank

of Beirut will limit its production to documents regarding accounts bearing the name of a "listed

person," as Bank of Beirut understands that term.  Bank of Beirut further objects to this

definition to the extent that it would require Bank of Beirut to produce documents that would be

unduly burdensome to obtain or which cannot be obtained with reasonable efforts. Bank of

Beirut notes that the foregoing undue burden is compounded by Plaintiffs' Request for such

information as to a lengthy list of vaguely identified persons or entities.

2.     **"Agent."**  Bank of Beirut objects to Plaintiffs' definition of "Agent" to the extent

that it calls for a legal conclusion. Bank of Beirut further objects to Plaintiffs' definition of

"Agent" to the extent that it includes "any person who assisted, acted, or purported to act or

assist on the behalf of an Agent" on the grounds that it is overbroad, disproportionate to the

needs of this case, and would require Bank of Beirut to produce information that is not within its

possession, custody, or control.  Bank of Beirut also objects to Plaintiffs' definition of "Agent"

because it includes any "shareholders" of Bank of Beirut—not only is this definition sweepingly

overbroad, but moreover, Bank of Beirut lacks possession, custody, or control of documents of

shareholders, and further still, under Plaintiffs' definition, all of the agents of the shareholders

9

would also be included in the definition.  Bank of Beirut further objects to this definition on

attorney and work product grounds insofar as it includes "Counsels."  Accordingly, in

responding to the Requests, Bank of Beirut will deem only the following to be an "Agent": past

or present officers, directors, or Employees, subject to the further objections contained below.

      3.     **"Compliance Records."**  Bank of Beirut objects to Plaintiffs' definition of

"Compliance Records" as overly broad and vague. Bank of Beirut further objects to Plaintiffs'

definition of "Compliance Records" as overbroad insofar as it is defined to include all

"Communications generated by, or in the possession of, a Defendant's Compliance and/or Audit

Department."  Further, Bank of Beirut objects that the term "concerning," as used in this

definition, is overbroad and disproportionate to the needs of the case to the extent that it purports

to require Bank of Beirut to determine whether a document that does not mention an "identified

person or entity" nevertheless somehow "concerns" an "identified person or entity."

Accordingly, in applying this definition, Bank of Beirut will consider only documents that

expressly mention an "identified person or entity" expressly listed in Exhibit 1 or Exhibit 2.

Bank of Beirut further objects to this definition extent that it would require Bank of Beirut to

produce documents that would be unduly burdensome to obtain or which cannot be obtained

with reasonable efforts. Bank of Beirut notes that the foregoing undue burden is compounded by

Plaintiffs' Request for such information as to a lengthy list of vaguely identified persons or

entities.

      4.     **"Employee."**  Bank of Beirut objects to Plaintiffs' definition of "Employee" to

the extent that it includes any person employed by an Agent, as that would be vastly overbroad

and would include hundreds if not thousands of persons with whom Bank of Beirut has no

relationship and whose documents are not in Bank of Beirut's possession, custody, or control.

10

Bank of Beirut further objects that this definition is vague and ambiguous insofar as it seeks to include any person who has not entered into an employment agreement with Bank of Beirut. Accordingly, Bank of Beirut shall respond to the Requests concerning Employees only as to those natural persons who are, or have been, subject to an employment agreement with Bank of Beirut.

5.    **"Martyr."**  Bank of Beirut objects to Plaintiffs' definition of "Martyr" as vague and ambiguous because it requires knowledge of whom Hezbollah "deemed" or "designated" to be a "Martyr," and that information is not in the possession, custody, or control of Bank of Beirut, and any such information is vague and ambiguous insofar as "Hezbollah" may not speak with one voice on the question of who is or is not considered by it to be a "Martyr."

6.    **"Hezbollah."**  Bank of Beirut objects to Plaintiffs' definition of "Hezbollah" insofar as Plaintiffs purport to include any natural persons as part of that definition. Bank of Beirut will respond to any Requests concerning Hezbollah on the basis that Hezbollah is an entity.

7.    **"Transactional Records."**  Bank of Beirut objects to Plaintiffs' definition of "Transactional Records" as overly broad and vague. Bank of Beirut further objects to Plaintiffs' definition of "Transactional" insofar as it calls for duplicative production of documents.  Insofar as records are available on multiple systems, Bank of Beirut will produce them only once.  Bank of Beirut further objects to this definition extent that it would require Bank of Beirut to produce documents that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts. Bank of Beirut notes that the foregoing undue burden is compounded by Plaintiffs' Request for such information as to a lengthy list of vaguely identified persons or entities.

11

8.      **"You" and "Your."**  Bank of Beirut objects to Plaintiffs' definition of "You" to the extent that it conflates all Defendants.  For purposes of these Responses and Objections, Bank of Beirut defines "You" and "Your" to refer to Bank of Beirut SAL and provides responses on behalf of Bank of Beirut only.

## OBJECTIONS TO INSTRUCTIONS

1.      **Instruction No. 1.**  Bank of Beirut objects to instruction number 1 to the extent that it exceeds the requirements of Fed. R. Civ. P. 26(e), such as purporting to apply to documents received by persons "purporting" to act for Bank of Beirut.

2.      **Instruction No. 2.**  Bank of Beirut objects to instruction number 2 to the extent that it purports to require Bank of Beirut to produce documents not in its possession, custody, or control.  Bank of Beirut will produce only documents in its possession, custody, or control.

3.      **Instruction No. 3.**  Bank of Beirut objects to Plaintiffs' third instruction on the grounds that it exceeds the requirements of Fed. R. Civ. P. 34 and Fed. R. Evid. 1003.  To the extent that Bank of Beirut produces documents, it will produce copies.

4.      **Instruction No. 5.**  Bank of Beirut objects to Plaintiffs' fifth instruction on the grounds that producing all documents that "mention, discuss, refer to, or explain the documents implicated by Plaintiffs' Requests" is overbroad and not proportional to the needs of the Litigation, and exceeds the bounds of Fed. R. Civ. P. 26.

5.      **Instruction No. 6.**  Bank of Beirut objects to Plaintiffs' sixth instruction on the grounds that the term "same order" is vague and unduly burdensome, particularly in the context of documents stored electronically.

12

6.      **Instruction No. 7.** Bank of Beirut objects to Plaintiffs' seventh instruction insofar as it applies to electronic documents. Bank of Beirut further objects to Plaintiffs' seventh instruction insofar as it exceeds the scope of Fed. R. Civ. P. 26.

7.      **Instruction No. 8.** Bank of Beirut objects to Plaintiffs' eighth instruction insofar as it purports to require Bank of Beirut to create identification documents not already in its possession, custody, or control, and insofar as it exceeds the scope of Fed. R. Civ. P. 26.

8.      **Instruction No. 10.** Bank of Beirut objects to Plaintiffs' tenth instruction insofar as it exceeds the requirements of Fed. R. Civ. P. 26 and 34.

9.      **Instruction No. 12.** Bank of Beirut objects to Plaintiffs' twelfth instruction that the Relevant Time Period is January 1, 2003, through December 31, 2011, on relevance, undue burden, and lack of proportionality grounds, insofar as with respect to the claims against Bank of Beirut, that entire defined period is not "relevant" because, *inter alia*, (i) the earliest attack as to which Bank of Beirut could potentially be subject to liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint is asserted to have occurred on March 10, 2011, and (ii) the last of the asserted attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Bank of Beirut therefore will not produce documents that pre-date January 1, 2011 or post-date November 30, 2011.

10.     **Instruction No. 13.** Bank of Beirut objects to Plaintiffs' thirteenth instruction because it is unduly burdensome, duplicative, and not proportional to the needs of the Litigation. Any reasonable search Bank of Beirut undertakes in response to Plaintiffs' Request will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form that Plaintiffs have provided in Exhibit 1 and Exhibit 2.

13

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Account Opening Records for any accounts maintained during the Relevant Time

Period by a Defendant for the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 1:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full.

Bank of Beirut also incorporates Common Objections Nos. 1, 2, 3, 4, 7, 8, 9, and 10 as if set

forth here in full, including an objection to this Request to the extent that it purports to require

the disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's

Banking Secrecy Act.  Bank of Beirut objects to this Request on the grounds that it is overbroad,

unduly burdensome, and seeks documents that are not relevant to any party's claim or defense

related to this Litigation and is not proportional to the needs of this Litigation, including because

this Request seeks "[a]ll Account Opening Records," without regard to whether the subject

matter of such records is relevant to the claims or defenses in this Litigation. Bank of Beirut

further objects to this Request to the extent that it seeks documents already in Plaintiffs'

possession.

Subject to and without waiver of its objections to this Request, and except to the extent it

is inconsistent with its obligations under Lebanon's Banking Secrecy Act, Bank of Beirut will

produce non-privileged Account Opening Records in its possession, custody, or control for the

time period January 1, 2011 through November 30, 2011, that can be located through a

reasonable search, if any, concerning only the persons and entities listed in Exhibit 1 alleged to

be customers of Bank of Beirut as to whom Bank of Beirut could potentially be subject to

14

liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All Transactional Records concerning the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 2:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full. Bank of Beirut also incorporates Common Objections Nos. 1, 2, 3, 4, 7, 8, 9, and 10 as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's Banking Secrecy Act. Bank of Beirut further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "[a]ll Transactional Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. It also would be unduly burdensome and not proportional to the needs of this Litigation to search all of Bank of Beirut's Transactional Records over a period of nine years to respond to this Request. Bank of Beirut further objects to this Request to the extent that it seeks documents already in Plaintiffs' possession. Bank of Beirut further objects to the Request as not proportional to the needs of this Litigation to the extent that it calls for the production of documents or electronically stored information from sources that are not reasonably accessible and the burden or expense of same outweighs any likely benefit.

Subject to and without waiver of its objections to this Request, and except to the extent it is inconsistent with its obligations under Lebanon's Banking Secrecy Act, Bank of Beirut will

produce non-privileged Transactional Records in its possession, custody, or control, if any, for

the time period January 1, 2011 through November 30, 2011, that can be located through a

reasonable search of the records of any accounts maintained only by the persons and entities

listed in Exhibit 1 alleged to be customers of Bank of Beirut as to whom Bank of Beirut could

potentially be subject to liability under the claims and allegations asserted against Bank of Beirut

in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All Compliance Records concerning the persons and entities listed in <u>Exhibit 1</u>.

**RESPONSE TO REQUEST NO. 3:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full.

Bank of Beirut also incorporates Common Objections Nos. 1, 2, 3, 4, 7, 8, 9, and 10 as if set

forth here in full, including an objection to this Request to the extent that it purports to require

the disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's

Banking Secrecy Act.  Bank of Beirut further objects to this Request on the grounds that it is

overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or

defense related to this Litigation and is not proportional to the needs of this Litigation, including

because this Request seeks "[a]ll Compliance Records," without regard to whether the subject

matter of such records is relevant to the claims or defenses in this Litigation. Bank of Beirut

further objects to this Request to the extent that it seeks documents already in Plaintiffs'

possession.

Subject to and without waiver of its objections to this Request, and except to the extent it

is inconsistent with its obligations under Lebanon's Banking Secrecy Act, Bank of Beirut will

produce non-privileged Compliance Records in its possession, custody, or control, if any, for the

time period January 1, 2011 through November 30, 2011, that can be located through a reasonable search, concerning only the persons and entities listed in Exhibit 1 alleged to be customers of Bank of Beirut as to whom Bank of Beirut could potentially be subject to liability under the claims and allegations asserted against Bank of Beirut in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 4:**

All Account Opening Records for any accounts maintained during the time period between January 1, 2012, and December 31, 2021, by a Defendant for the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 4:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full. Bank of Beirut also incorporates Common Objections Nos. 1, 2, 4, 9, and 10 as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's Banking Secrecy Act. Bank of Beirut further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "[a]ll Account Opening Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. Bank of Beirut further objects to this Request to the extent that it seeks documents already in Plaintiffs' possession. Bank of Beirut also objects to the time period of this Request, January 1, 2012 through December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended Complaint and, therefore, has no relevance to Plaintiffs' claims. Bank of Beirut also

17

objects to this Request on the grounds that it seeks information regarding all of the individuals in

Exhibit 2, the vast majority of whom are not alleged to be customers of Bank of Beirut, are not

alleged to have any relationship with Bank of Beirut, and/or as to whom Bank of Beirut could

not potentially be subject to liability under the claims and allegations asserted against Bank of

Beirut in the Second Amended Complaint.

Subject to and without waiver of its objections to this Request, Bank of Beirut responds

that it will not produce documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 5:**

All Transactional Records during the time period between January 1, 2012, and

December 31, 2021, concerning the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 5:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full.

Bank of Beirut also incorporates Common Objections Nos. 1, 2, 4, 9, and 10 as if set forth here

in full, including an objection to this Request to the extent that it purports to require the

disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's

Banking Secrecy Act. Bank of Beirut further objects to this Request on the grounds that it is

overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or

defense related to this Litigation and is not proportional to the needs of this Litigation, including

because this Request seeks "[a]ll Transactional Records," without regard to whether the subject

matter of such records is relevant to the claims or defenses in this Litigation. Bank of Beirut

further objects to this Request to the extent that it seeks documents already in Plaintiffs'

possession. Bank of Beirut also objects to the time period of this Request, January 1, 2012

through December 31, 2021, because it post-dates the last of the attacks alleged in the Second

Amended Complaint and, therefore, has no relevance to Plaintiffs' claims. Bank of Beirut also

objects to this Request on the grounds that it seeks information regarding all of the individuals in

Exhibit 2, the vast majority of whom are not alleged to be customers of Bank of Beirut, are not

alleged to have any relationship with Bank of Beirut, and/or as to whom Bank of Beirut could

not potentially be subject to liability under the claims and allegations asserted against Bank of

Beirut in the Second Amended Complaint.

Subject to and without waiver of its objections to this Request, Bank of Beirut responds

that it will not produce documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 6:**

All Compliance Records during the time period between January 1, 2012, and December

31, 2021, concerning the persons and entities listed in <u>Exhibit 2</u>.

**RESPONSE TO REQUEST NO. 6:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full.

Bank of Beirut also incorporates Common Objections Nos. 1, 2, 4, 9, and 10 as if set forth here

in full, including an objection to this Request to the extent that it purports to require the

disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's

Banking Secrecy Act. Bank of Beirut further objects to this Request on the grounds that it is

overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or

defense related to this Litigation and is not proportional to the needs of this Litigation, including

because this Request seeks "[a]ll Compliance Records," without regard to whether the subject

matter of such records is relevant to the claims or defenses in this Litigation. Bank of Beirut

further objects to this Request to the extent that it seeks documents already in Plaintiffs'

possession. Bank of Beirut also objects to the time period of this Request, January 1, 2012

19

through December 31, 2021, because it post-dates the last of the attacks alleged in the Second
Amended Complaint and therefore has no relevance to Plaintiffs' claims. Bank of Beirut also
objects to this Request on the grounds that it seeks information regarding all of the individuals in
Exhibit 2, the vast majority of whom are not alleged to be customers of Bank of Beirut, are not
alleged to have any relationship with Bank of Beirut, and/or as to whom Bank of Beirut could
not potentially be subject to liability under the claims and allegations asserted against Bank of
Beirut in the Second Amended Complaint.

Subject to and without waiver of its objections to this Request, Bank of Beirut responds
that it will not produce documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications which refer or relate to payments made through
and/or facilitated by a Defendant to the families or representatives of so-called "Martyrs" as
defined herein. These Documents and Communications include but are not limited to those
which identify account numbers for the accounts from which such funds were disbursed; account
numbers for the accounts to which such funds were disbursed; the persons or entities that opened
such accounts; the persons or entities in whose name such accounts were opened; the persons to
whom or for whose benefit such funds were disbursed; the amounts which were disbursed and
the dates of such disbursements; the wiring or other transfer of funds between such accounts;
receipts or other confirmations of a payment; the identity of Defendants' employees with
knowledge of such disbursements; and with respect to the accounts which were the source of
funds disbursed to such families, all Documents which identify the manner in which such funds
were disbursed into such accounts prior to disbursement to such families, including but not
limited to Documents which identify the source of such funds; the depositor of such funds; the

date of such deposits; the wiring of such funds; the amount to be disbursed or paid; or the identity of Defendants' employees with knowledge of such deposits.

**RESPONSE TO REQUEST NO. 7:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full. Bank of Beirut also incorporates Common Objections Nos. 5, 6, and 9 as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's Banking Secrecy Act. Bank of Beirut further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "[a]ll Documents and Communications," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. Bank of Beirut further objects to this Request to the extent that it seeks documents already in Plaintiffs' possession. Bank of Beirut further objects to this Request on the grounds that it is vague because it seeks documents related to "Martyrs" and their families, but it does not identify who the martyrs or their families are. Bank of Beirut further objects to the Request as not proportional to the needs of this Litigation to the extent that it calls for the production of documents or electronically stored information from sources that are not reasonably accessible insofar as the burden or expense of same outweighs any likely benefit. Bank of Beirut further objects to this Request to the extent that it is duplicative of Request Nos. 1, 2, 3, 4, 5, and 6. Bank of Beirut also objects to this Request to the extent that it constitutes an interrogatory that is improperly sought under Federal Rule 33 and Local Rule 33.3.

Subject to and without waiver of its objections to this Request, Bank of Beirut responds

that it will not produce documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications during the time period between January 1, 2003, and December 31,

2018, concerning Hezbollah or Agents of Hezbollah.

**RESPONSE TO REQUEST NO. 8:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full.

Bank of Beirut also incorporates Common Objections Nos. 5 and 9 as if set forth here in full,

including an objection to this Request to the extent that it purports to require the disclosure of

information that Bank of Beirut is restricted from disclosing under Lebanon's Banking Secrecy

Act.  Bank of Beirut further objects to this Request on the grounds that it is overbroad, unduly

burdensome, and seeks documents that are not relevant to any party's claim or defense related to

this Litigation and is not proportional to the needs of this Litigation. Bank of Beirut further

objects to this Request to the extent that it seeks documents already in Plaintiffs' possession.

Bank of Beirut also objects to the expanded time period of January 1, 2003 through December

31, 2018, as overbroad and unduly burdensome because it requires Bank of Beirut to search all

of its communications over a 16-year period, including over 7 years after the last attack alleged

in the Second Amended Complaint. Communications that pre-date January 1, 2011 or post-date

November 30, 2011 are of no relevance to Plaintiffs' claims against Bank of Beirut.   Bank of

Beirut also objects to this Request on the grounds that it is vague because it does not identify

who the "Agents" of Hezbollah are. Bank of Beirut further objects to this Request to the extent

that it is duplicative of Request Nos. 1, 2, 3, 4, 5, 6, and 7.

Subject to and without waiver of its objections to this Request, Bank of Beirut responds

that it will not produce documents on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications to or from the U.S. concerning the following matters: (a) Hezbollah

or Agents of Hezbollah; (b) the persons and entities listed in <u>Exhibit 1</u>.

**RESPONSE TO REQUEST NO. 9:**

Bank of Beirut incorporates each of its General Objections as if set forth here in full.

Bank of Beirut also incorporates Common Objections Nos. 1, 2, 5, 9, and 10 as if set forth here

in full, including an objection to this Request to the extent that it purports to require the

disclosure of information that Bank of Beirut is restricted from disclosing under Lebanon's

Banking Secrecy Act.  Bank of Beirut further objects to this Request on the grounds that it is

overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or

defense related to this Litigation and is not proportional to the needs of this Litigation. Bank of

Beirut further objects to this Request to the extent that it seeks documents already in Plaintiffs'

possession.  Bank of Beirut also objects to this Request on the grounds that it is vague because it

does not identify who the "Agents" of Hezbollah are. Bank of Beirut also objects to this Request

on the grounds that it seeks information regarding all of the individuals in Exhibit 1, the vast

majority of whom are not alleged to be customers of Bank of Beirut, are not alleged to have any

relationship with Bank of Beirut, and/or as to whom Bank of Beirut could not potentially be

subject to liability under the claims and allegations asserted against Bank of Beirut in the Second

Amended Complaint. Bank of Beirut further objects to this Request to the extent that it is

duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7, and 8.

Subject to and without waiver of its objections to this Request, Bank of Beirut responds

that it will not produce documents on the basis of these objections.


Dated: March 18, 2022                    Respectfully submitted,


                                         SHEARMAN & STERLING LLP

                                         By: */s/ Henry Weisburg*
                                         Henry Weisburg
                                         George Anhang
                                         Susan Loeb
                                         Shearman & Sterling LLP
                                         599 Lexington Avenue
                                         New York, NY 10022
                                         212-848-4000
                                         Email: hweisburg@shearman.com
                                                 george.anhang@shearman.com
                                                 susan.loeb@shearman.com

                                         *Attorneys for Defendant Bank of Beirut SAL*