# Exhibit Q

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT BARTLETT, *et al*.,

                              Plaintiffs,

-against-

SOCIETE GENERALE DE BANQUE AU LIBAN SAL, *et al*.,

                              Defendants.

No. 19-cv-0007 (CBA) (TAM)

---

**RESPONSES AND OBJECTIONS OF DEFENDANT BANK AUDI SAL TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

*Privileged & Confidential*
*Attorney Work Product*

Pursuant to Rules 26, 34 and 44.1 of the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Eastern District of New York, and in accordance with the Court's Order of December 13, 2021, Defendant Bank Audi SAL ("Bank Audi"), responds and objects to Plaintiffs' First Set of Requests for the Production of Documents, dated December 31, 2021 (the "Requests") in the above captioned litigation (the "Litigation").

## GENERAL RESPONSES AND OBJECTIONS

1.    Bank Audi objects to the Requests to the extent that they require the disclosure of information that Bank Audi is prohibited from disclosing by any law, including without limitation: Lebanon's Law of September 3, 1956 on Banking Secrecy ("Lebanon's Banking Secrecy Act"),[1] the professional secrecy obligation under Article 579 of the Lebanese Criminal Code, the privilege accorded to regulatory submissions made pursuant to Lebanese Law 44/2015, Circular 83 of the Banque du Liban, the Lebanese Code of Money and Credit of 1963, article 55 of Lebanese Law 161/2011, the bank examiner privilege (see In re Subpoena Served upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed. Reserve Sys., 967 F.2d 630 (D.C. Cir. 1992), the suspicious activity report ("SAR") privilege (see, 12 CFR § 21.11(k)), and comparable prohibitions under Lebanese law, or any other available and valid grounds for withholding Documents or information from disclosure. Bank Audi will produce Documents and information to the extent not prohibited under the foregoing laws, including Lebanon's Banking Secrecy Act.

---

[1] *See*, "Banking Secrecy" (September 3, 1956),  Laws and Circulars, BANQUE DU LIBAN, https://bdl.gov.lb/laws/index/5/32/Laws.html.

*Privileged & Confidential*
*Attorney Work Product*

2.      Bank Audi objects to the Requests to the extent that they purport to require the disclosure of information protected by any privilege or protection, including, without limitation, the attorney-client privilege, the attorney work product immunity doctrine, common interest privilege, joint defense privilege, or any other available and valid grounds for withholding information from disclosure.  Bank Audi will not treat privilege as waived due to sharing, if any, of the relevant Documents or information with a bank regulatory authority. 12 USC § 1828(x). Inadvertent disclosure of such information in response to the Requests shall not constitute a waiver of any privilege, of any other basis for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive Bank Audi's rights to object to the use of any such Document or information in this Litigation or during any other proceeding.  Upon notification that such disclosure was inadvertent, the Document(s) and any copies thereof shall be returned to Bank Audi in accordance with the appropriate paragraph of a protective order to be entered in this case.

3.      Bank Audi objects to the Requests to the extent that they require the production of Documents reflecting trade secrets and/or proprietary business information or Documents that are prohibited from disclosure by the confidentiality requirements of any court, arbitral forum, or similar authority. Bank Audi will not produce such Documents.

4.      Bank Audi objects to the Requests to the extent that they require the production of confidential or highly confidential Documents, or Documents that would impinge on privacy rights of non-parties.  Bank Audi will produce such information only pursuant to the appropriate paragraph of a protective order to be entered in this case.

5.      Bank Audi objects to the Requests to the extent that they require Bank Audi to perform anything more than a reasonable and diligent search for Documents where responsive

*Privileged & Confidential*
*Attorney Work Product*

Documents reasonably would be expected to be found. Any production by Bank Audi of Documents (including any electronic Documents) will be limited to non-privileged Documents from reasonably accessible sources (including electronic sources) where responsive Documents can reasonably be expected to be maintained.

6. Bank Audi objects to the Requests to the extent that they call for the production of Documents or electronically stored information from sources that are not reasonably accessible because of undue burden and/or cost, or because the burden or expense outweighs any benefit given the needs of this case, the amount in controversy, and the irrelevance or minimal relevance of the Requested Documents or electronically stored information in resolving the issues. Bank Audi will not search Documents that are maintained only in hard copy when doing so would be unduly burdensome or disproportionate to the needs of the case, including without limitation when such hard copy Documents are not indexed by customer or account. Bank Audi will not search electronic Documents when doing so would be unduly burdensome or disproportionate to the needs of the case, including without limitation when electronic Documents are not named, indexed or readily electronically searchable by customer name or customer number.

7. Bank Audi objects to the Requests to the extent they purport to require production of electronically stored information ("ESI") that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

*Privileged & Confidential*
*Attorney Work Product*

8.     Bank Audi objects to the Requests to the extent that they purport to require it to create or generate Documents that do not currently exist and/or are not maintained in Bank Audi's usual course of business.

9.     Any response to the Requests by Bank Audi indicating that responsive Documents or Communications will be produced or will not be produced is not an admission or representation that any such Documents or Communications exist.

10.    For any response to the Requests by Bank Audi indicating that responsive Documents or Communications will not be produced, Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of the respective Request.

11.    Bank Audi objects to the Requests, including each of the Definitions and Instructions set forth therein, to the extent that they assume or characterize or are intended to assume or characterize, facts or law.  Furthermore, Bank Audi's Responses and Objections to the Requests should not be understood as an acceptance of either the factual assertions made in the Requests or the definitions of the terms used in the Requests, nor as an admission that the information sought by the Requests is relevant, material, or admissible.

12.    In providing these Responses and Objections, Bank Audi reserves all rights to reject, contest, or object to the Requests, either in whole or in part, on grounds other than those set forth herein pursuant to any applicable law or rule.  Bank Audi reserves the right to supplement or amend the Responses and Objections set forth herein as is necessary as more information becomes available and/or as current motions before this court are ruled upon.

13.    Bank Audi objects to the Requests to the extent that they seek or are intended to seek information that can be obtained more readily and efficiently from other sources or that is a

*Privileged & Confidential*
*Attorney Work Product*

matter of public record, or already in the possession of, or otherwise easily accessible and available to, Plaintiffs.

14.     Bank Audi's responses and objections to the Requests are made without waiving: (a) any rights and/or privileges in the above-captioned Litigation or any other action, proceeding or investigation; (b) any objections to the relevance, materiality, privilege, or admissibility as evidence, for any purpose, of any Documents, information, or response provided to the Requests; (c) any objections as to the form of the Requests, including as to vagueness and ambiguity; (d) the right to object on any ground to the use of any information, response, Documents, or Communications produced in response to the Requests in this Litigation or any other action, proceeding or investigation; and (e) the right to object on any ground at any time to a demand for further responses to the Requests.

## OBJECTIONS TO DEFINITIONS

1.     **"Account Opening Records."**   Bank Audi objects to Plaintiffs' definition of "Account Opening Records" to the extent it purports to require Bank Audi to provide information regarding accounts "controlled by or for the benefit of a listed person or entity, regardless of whether that person or entity's name appears on the account" as this portion of the definition is unduly vague and ambiguous and moreover improperly calls for a legal conclusion about whether a listed person "controls" or "benefits from" the account.  Bank Audi will limit its production to information regarding accounts as to which a listed person is a signatory or power of attorney on the account, or otherwise clearly identified as the account holder.  Bank Audi further objects to this definition extent that it would require Bank Audi to produce Account Opening Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts,

including, for example and without limitation, company by-laws, audited accounts, and annual reports that are not generally maintained in the Bank's Customer File, and certain older Account Opening Records that are stored only in hard copy and are not indexed or organized by customer. Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such information as to a lengthy list of vaguely identified persons or entities.

2.    **"Agent."**  Bank Audi objects to Plaintiffs' definition of "Agent" to the extent it calls for a legal conclusion.  Bank Audi further objects to Plaintiffs' definition of "Agent" to the extent it includes "any person who assisted, acted, or purported to act or assist on the behalf of an Agent" on the grounds that it is overbroad, disproportionate to the needs of this case, and would require Bank Audi to produce information that is not within its possession, custody, or control. Under this overbroad definition, not only would Bank Audi's CEO be deemed an Agent, but so too would the CEO's housekeeper, who "act[s] or assist[s] on behalf of an Agent."  Bank Audi also objects to Plaintiffs' definition of "Agent" because it includes any "shareholders" of Bank Audi—not only is this sweepingly overbroad, but moreover, Bank Audi lacks possession custody and control of Documents of Shareholders, and further still, under Plaintiffs' definition, all of the Agents of the shareholders would also be included in the definition.  Bank Audi objects to this definition on attorney and work product grounds insofar as it includes "Counsels."  Accordingly, in responding to these Documents Requests, Bank Audi will deem only the following to be an "Agent": past or present officers, directors, consultants, or Employees, subject to the further objections contained below.

3.    **"Compliance Records."**    Bank Audi objects to Plaintiffs definition of "Compliance Records" as overbroad insofar as it is defined to include all "Communications generated by or in the possession of Defendants Compliance and/or Audit Department(s)."

*Privileged & Confidential*
*Attorney Work Product*

Further, Bank Audi objects that "concerning," as used in this definition, is overbroad and disproportionate to the needs of the case to extent it purports to require Bank Audi to determine whether a Document that does not mention an identified person or entity nevertheless somehow "concerns" an identified person or entity. Accordingly, in applying this definition, Bank Audi will consider only Documents in that expressly mention an identified person or entity expressly listed in Exhibit 1 or Exhibit 2. Bank Audi further objects to this definition extent that it would require Bank Audi to produce Documents that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts, including without limitation certain historical Account Records, Transactional Records, and Compliance Records. Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such information as to a lengthy list of vaguely identified persons or entities.

4.      **"Employee."** Bank Audi objects to Plaintiffs' definition of "Employee" to the extent that it includes any person employed by an Agent, as that would be vastly overbroad and would include hundreds if not thousands of persons with whom Bank Audi has no relationship and whose Documents are not in Bank Audi's possession custody and control. Bank Audi further objects that this definition is vague and ambiguous insofar as it seeks to include any persons who has not entered into an employment agreement with Bank Audi or the other, relevant purported employer. Accordingly, Bank Audi shall respond to Requests concerning Employees only as to those natural persons who are, or have been, subject to an employment agreement with Bank Audi or the other relevant purported employer.

5.      **"Martyr."** Bank Audi objects to Plaintiffs' definition of "Martyr" as vague and ambiguous because it requires knowledge of whom Hezbollah "deemed" or "designated" to be a "Martyr," and that information is not in the possession custody and control of Bank Audi, and any

such information is vague and ambiguous insofar as "Hezbollah" may not speak with one voice on the question of who is or is not considered by it to a "Martyr."  Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning the scope of Plaintiffs' definition of "Martyr."

6.     **"Hezbollah."**  Bank Audi objects to Plaintiffs' definition of "Hezbollah" insofar as Plaintiffs purport to include any natural persons as part of that definition.  Bank Audi will respond to any Request concerning Hezbollah on the basis that Hezbollah is an entity.

7.     **"Transactional Records."**   Bank Audi objects to Plaintiffs' definition of "Transactional" insofar as it calls for duplicative production of Documents.  Insofar as records of a transactions are available on multiple systems, Bank Audi will produce them only once.  Bank Audi further objects to this definition extent that it would require Bank Audi to produce Transactional Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts, including, for example and without limitation, Transactional Records that are stored only in hard copy and are not indexed or organized by customer.  Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such information as to a lengthy list of vaguely identified persons or entities.

8.     **"You" and "Your."**  Bank Audi objects to Plaintiffs' definition of "You" to the extent that it conflates all Defendants.  For purposes of these Responses and Objections, Bank Audi defines "You" and "Your" to refer to Bank Audi.

## OBJECTIONS TO INSTRUCTIONS

1.     **Instruction No. 1.**  Bank Audi objects to Plaintiffs' first instruction to the extent it exceeds the requirement of Fed. R. Civ. P. 26(e), such as purporting to apply to Documents received by persons "purporting" to act for Bank Audi.

*Privileged & Confidential*
*Attorney Work Product*

2.      **Instruction No. 2.**  Bank Audi objects to Plaintiffs' second instruction to the extent it purports to require Bank Audi to produce Documents not it its possession custody and control. Bank Audi will produce only Documents in its possession, custody or control.

3.      **Instruction No. 3.**  Bank Audi objects to Plaintiffs' third instruction that originals be produced; rather, Bank Audi will produce duplicate originals.  *See* Fed. R. Evid. 1003.

4.      **Instruction No. 5.**  Bank Audi objects to Plaintiffs' fifth instruction on the grounds that producing all Documents that "mention, discuss, refer to, or explain the Documents implicated by Plaintiffs' Requests" is overbroad and not proportional to the needs of the case, and exceeds the bounds of Fed. R. Civ. P. 26.  Bank Audi will not produce such Documents.

5.      **Instruction No. 6.**  Bank Audi objects to Plaintiffs' sixth instruction on the grounds that the Plaintiffs' use of the term "same order" is vague and unduly burdensome, particular in the context of Document stored electronically.

6.      **Instruction No. 7.**  Bank Audi objects to Plaintiffs' seventh instruction insofar as it applies to electronic Documents.

7.      **Instruction No. 8.**  Bank Audi objects to Plaintiffs' eighth instruction insofar as it purports to require Bank Audi to create identification Documents not already in its possession, custody or control, and insofar as it exceeds the scope of Fed. R. Civ. P. 26.  Bank Audi will produce only Documents responsive to Plaintiffs' Requests that are in its possession custody and control.

8.      **Instruction No. 10.**  Bank Audi objects to Plaintiffs' tenth instruction insofar as it exceeds the requirements of Federal Rules of Civil Procedure 26 and 34.  Bank Audi will produce only Documents responsive to Plaintiffs' Requests.

9.      **Instruction No. 12.** Bank Audi objects to Plaintiffs' twelfth instruction that the

*Privileged & Confidential*
*Attorney Work Product*

Relevant Time Period is January 1, 2003 through December 31, 2011. The last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Transactions occurring after November 30, 2011 have no causal relationship to any of the injuries allegedly suffered by Plaintiffs, and therefore have no relevance to Plaintiffs' claims. Bank Audi will not produce Documents that post-date November 30, 2011.

10.    **Instruction No. 13.**  Bank Audi objects to Plaintiffs' thirteenth instruction because it is unduly burdensome, duplicative, and not proportional to the needs of the case.  Any reasonable search Bank Audi undertakes in response to Plaintiffs Request will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL) that Plaintiffs have provided on Exhibit 1 and Exhibit 2.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Account Opening Records for any accounts maintained during the Relevant Time Period by a Defendant for the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 1:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full.  Bank Audi objects to Request No. 1 on the grounds that it seeks Account Opening Records that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it

seeks Account Opening Records already in Plaintiffs' possession.

Bank Audi objects to Request No. 1 to the extent that it purports to require Bank Audi to disclose Account Opening Records that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Account Opening Records to the extent not prohibited by law, including Lebanon's Banking Secrecy Act.

Bank Audi objects to Request No. 1 on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case. Request No. 1 seeks Account Opening Records regarding many hundreds of individuals and entities: a total of 673 individuals and entities on Exhibit 1 of the Requests. Only 39 individuals and entities are alleged in the Second Amended Complaint to be customers of Bank Audi. To comply with this Request for Account Opening Records involving individuals and entities that are not customers of Bank Audi, Bank Audi would have to search *the entirety* of its Account Opening Records over a period of nine years to locate those names.

Bank Audi also objects to this Request on the grounds that it seeks Account Opening Records regarding all of the individuals in Exhibit 1, some of which are not customers of Bank Audi and have no relationship with Bank Audi. Bank Audi will not undertake to search for the names set out in Exhibit 1 in its Account Opening Records except to the extent that it undertakes searches for accounts maintained by the individuals and entities who are alleged to be Bank Audi customers in the Second Amended Complaint.

Bank Audi further objects that Request No. 1 is overbroad and disproportionate to the needs of the case insofar as it seeks "All" Account Opening Records "concerning" person or entities listed on Exhibit 1, without regard to whether the subject matter of such records is relevant to the

*Privileged & Confidential*
*Attorney Work Product*

claims or defenses in this Litigation, and further, vague and ambiguous with regard to the scope of "concerning."  Bank Audi will limit its production to Account Opening Records that expressly contain the name of persons or entities on <u>Exhibit 1</u>.

Bank Audi objects to Request No. 1 to the extent it purports to require Bank Audi to provide Account Opening Records regarding accounts "controlled by or for the benefit of a listed person or entity, regardless of whether that person or entity's name appears on the account" as this aspect of the Request is unduly vague and ambiguous and moreover improperly calls for a legal conclusion about whether a listed person "controls" or "benefits from" the account.  Bank Audi will limit its searches to Account Opening Information for accounts as to which a person or entities listed on <u>Exhibit 1</u> is a signatory or a power of attorney on the account, or otherwise clearly identified as the account holder.

Bank Audi objects to Request No. 1 to the extent it purports to require Bank Audi to search for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on <u>Exhibit 1</u>, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names).  Any reasonable search Bank Audi undertakes in response to Request No. 1 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on <u>Exhibit 1</u>.

Bank Audi further objects to Request No. 1 because <u>Exhibit 1</u> does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number)

*Privileged & Confidential*
*Attorney Work Product*

so as to enable Bank Audi to match an individual or entity named in Request No. 1 to an individual or entity whose name appears in its Account Opening Records. Bank Audi will produce Account Opening Records referring to individuals or entities where it can reasonably determine those individuals or entities are the same ones named in the Requests. Bank Audi will not undertake to search for Account Opening Records referring to individuals or entities named in <u>Exhibit 1</u> for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities, form of entity, place of formation, and/or commercial business number.

Bank Audi further objects to Request No. 1 to extent that it would require Bank Audi to produce Account Opening Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts, including without limitation company by-laws, audited accounts, and annual reports that generally are not maintained in the Bank's customer file, and certain older Account Opening Records that are stored only in hard copy and are not indexed or organized by customer. Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such Account Opening Records as to a lengthy list of vaguely identified persons or entities.

Bank Audi further objects to Request No. 1 to the extent that it seeks or is intended to seek Account Opening Records not within Bank Audi's possession, custody, or control.

Bank Audi objects to the extent that Request No. 1 seeks to require Bank Audi to create or generate Documents that do not currently exist. Bank Audi will not create any Documents in response to Request No 1; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

*Privileged & Confidential*
*Attorney Work Product*

Bank Audi objects to Request No. 1 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, and except as prohibited under Lebanon's Banking Secrecy Act, Bank Audi will produce non-privileged Account Opening Records, if any, in its possession, custody or control that can be located through a reasonable search, for the persons and entities listed in Exhibit 1 who are alleged to be Bank Audi's customers in the Second Amended Complaint.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Account Opening Records on the basis of these objections. Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Transactional Records concerning the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 2:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full.  Bank Audi objects to Request No. 2 on the

*Privileged & Confidential*
*Attorney Work Product*

grounds that it seeks Transactional Records that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Transactional Records already in Plaintiffs' possession.

Bank Audi objects to Request No. 2 to the extent that it purports to require Bank Audi to disclose Transactional Records that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Transactional Records to the extent not prohibited by law, including Lebanon's Banking Secrecy Act.

Bank Audi objects to Request No. 2 on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case.  Request No. 2 seeks Transactional Records regarding many hundreds of individuals and entities: a total of 673 individuals and entities on Exhibit 1 of the Requests. Only 39 individuals and entities are alleged in the Second Amended Complaint to be customers of Bank Audi. To comply with this Request for Transactional Records involving individuals and entities that are not customers of Bank Audi, Bank Audi would have to search *the entirety* of its Transactional Records over a period of nine years to locate those names. (Because this Request does not specify a time period, Bank Audi will limit its response to the Relevant Time Period.)  Bank Audi also objects to this Request on the grounds that it seeks Transactional Records regarding  Exhibit 1, some of which are not customers of Bank Audi and have no relationship with Bank Audi. Bank Audi will not undertake to search for the names set out in Exhibit 1 in its Transactional Records except to the extent that it undertakes searches for Transaction Records maintained by the individuals and entities who are alleged to be Bank Audi customers in the Second Amended Complaint.

Bank Audi further objects that Request No. 2 is overbroad and disproportionate to the needs

*Privileged & Confidential*
*Attorney Work Product*

of the case insofar as it seeks "All" Transactional Records "concerning" person or entities listed on Exhibit 1, without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation, and further, vague and ambiguous with regard to the scope of "concerning." Bank Audi will limit its production to Transaction Records that expressly contain the name of persons or entities on Exhibit 1.

Bank Audi objects to Request No. 2 insofar as it calls for duplicative production of Transactional Records. Insofar as records of a transactions are available on multiple systems, Bank Audi will produce them only once.

Bank Audi objects to Request No. 2 to the extent it purports to require Bank Audi to search for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on Exhibit 1, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names). Any reasonable search Bank Audi undertakes in response to Request No. 2 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on Exhibit 1.

Bank Audi further objects to Request No. 2 because Exhibit 1 does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number) so as to enable Bank Audi to match an individual or entity named in the Request No. 2 to an individual or entity whose name appears in its records. Bank Audi will produce Transactional Records referring to individuals or entities where it can reasonably determine those individuals or

*Privileged & Confidential*
*Attorney Work Product*

entities are the same ones named in the Requests. Bank Audi will not undertake to search for Transactional Records referring to individuals or entities named in the Requests for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities, form of entity, place of formation, and/or commercial business number.

Bank Audi further objects to Request No. 2 to extent that it would require Bank Audi to produce Transactional Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts including, for example and without limitation, company by-laws, audited accounts, and annual reports that are not generally maintained in the Bank's Customer File, and certain older Transactional Records that are stored only in hard copy and are not indexed or organized by customer. Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such Transactional Records as to a lengthy list of vaguely identified persons or entities.

Bank Audi further objects to Request No. 2 to the extent that it seeks or is intended to seek Transactional Records not within Bank Audi's possession, custody, or control, including but not limited to Transactional Records related to individuals listed in Exhibit 1 who are not past or present customers of Bank Audi.

Bank Audi objects to the extent that Request No. 2 seeks to require Bank Audi to create or generate Documents that do not currently exist. Bank Audi will not create any Documents in response to Request No 2; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

Subject to and without waiver of its objections to this Request, and except as prohibited

under Lebanon's Banking Secrecy Act, Bank Audi will produce non-privileged Transactional Records, if any, in its possession, custody or control that can be located through a reasonable search, for the persons and entities listed in Exhibit 1 who are alleged to be Bank Audi's customers in the Second Amended Complaint.

Bank Audi objects to Request No. 2 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Transactional Records on the basis of these objections. Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Compliance Records concerning the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 3:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 3 on the grounds that it seeks Compliance Records that are not relevant to any party's claim or defense

*Privileged & Confidential*
*Attorney Work Product*

related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Compliance Records already in Plaintiffs' possession.

Bank Audi objects to Request No. 3 to the extent that it purports to require Bank Audi to disclose Compliance Records that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Compliance Records to the extent not prohibited by law, including Lebanon's Banking Secrecy Act.

Bank Audi objects to Request No. 3 on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case.  Request No. 3 seeks Compliance Records regarding many hundreds of individuals and entities: a total of 673 individuals and entities on Exhibit 1 of the Requests. Only 39 individuals and entities are alleged in the Second Amended Complaint to be customers of Bank Audi. To comply with this Request for Compliance Records involving individuals and entities that are not customers of Bank Audi, Bank Audi would have to search *the entirety* of its Compliance Records over a period of nine years to locate those names. (Because this Request does not specify a time period, Bank Audi will limit its response to the Relevant Time Period.) Bank Audi also objects to this Request on the grounds that it seeks Compliance Records regarding all of the individuals in Exhibit 1, some of which are not customers of Bank Audi and have no relationship with Bank Audi. Bank Audi will not undertake to search for the names set out in Exhibit 1 in its Compliance Records except to the extent that it undertakes searches for Compliance Records for the individuals and entities who are alleged to be Bank Audi customers in the Second Amended Complaint.

Bank Audi further objects that Request No. 3 is overbroad and disproportionate to the needs of the case insofar as it seeks "All" Compliance Records "concerning" person or entities listed on

*Privileged & Confidential*
*Attorney Work Product*

Exhibit 1, without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation, and further, vague and ambiguous with regard to the scope of "concerning."  Bank Audi will limit its production to Compliance Records that expressly contain the name of persons or entities on Exhibit 1.

Bank Audi objects to Request No. 3 insofar as it calls for duplicative production of Compliance Records.  Insofar as records of a transactions are available on multiple systems, Bank Audi will produce them only once.

Bank Audi objects to Request No. 3 to the extent it purports to require Bank Audi to search for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on Exhibit 1, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names).  Any reasonable search Bank Audi undertakes in response to Request No. 3 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on Exhibit 1.

Bank Audi further objects to Request No. 3 because Exhibit 1 does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number) so as to enable Bank Audi to match an individual or entity named in the Request No. 3 to an individual or entity whose name appears in its records. Bank Audi will produce Compliance Records referring to individuals or entities where it can reasonably determine those individuals or entities are the same ones named in the Requests. Bank Audi will not undertake to search for

*Privileged & Confidential*
*Attorney Work Product*

Compliance Records referring to individuals or entities named in the Requests for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities, form of entity, place of formation, and/or commercial business number. Bank Audi further objects to this definition extent that it would require Bank Audi to produce Compliance Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts, including without limitation certain historical Compliance Records.  Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such Compliance Records as to a lengthy list of vaguely identified persons or entities.

Bank Audi objects to the extent that Request No. 3 seeks to require Bank Audi to create or generate Documents that do not currently exist.  Bank Audi will not create any Documents in response to Request No 3; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

Subject to and without waiver of its objections to this Request, and except as prohibited under Lebanon's Banking Secrecy Act, Bank Audi will produce non-privileged Compliance Records in its possession, custody or control, if any, that can be located through a reasonable search, concerning the persons and entities alleged to be its customers in the Second Amended Complaint.

Bank Audi objects to Request No. 3 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily

*Privileged & Confidential*
*Attorney Work Product*

accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Compliance Records on the basis of these objections. Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Account Opening Records for any accounts maintained during the time period between January 1, 2012, and December 31, 2021, by a Defendant for the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 4:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 4 on the grounds that it seeks Account Opening Records that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Account Opening Records already in Plaintiffs' possession.

Bank Audi objects to Request No. 4 to the extent that it purports to require Bank Audi to disclose Account Opening Records that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Account Opening Records to the extent not prohibited by

law, including Lebanon's Banking Secrecy Act.

Bank Audi also objects to the time period of this Request, January 1, 2012 through December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended Complaint and, therefore, has no relevance to Plaintiffs' claims. Bank Audi also objects to this Request on the grounds that it seeks Account Opening Records regarding all of the individuals in Exhibit 2, some of which are not customers of Bank Audi and have no relationship with Bank Audi. Bank Audi will not produce such Account Opening Records.

Bank Audi objects to Request No. 4 on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case. Request No. 4 seeks Account Opening Records regarding many hundreds of individuals and entities: a total of 283 individuals and entities on Exhibit 2 of the Requests. Only 39 individuals and entities are alleged in the Second Amended Complaint to be customers of Bank Audi. To comply with this Request for Account Opening Records involving individuals and entities that are not customers of Bank Audi, Bank Audi would have to search *the entirety* of Account Opening Records over a period of ten years to locate those names. Bank Audi will not undertake to search for the names set out in Exhibit 2 in its Account Opening Records except to the extent that it undertakes searches for accounts maintained by the individuals and entities who are alleged to be Bank Audi customers in the Second Amended Complaint.

Bank Audi objects to Request No. 4 to the extent it purports to require Bank Audi to provide Account Opening Records regarding accounts "controlled by or for the benefit of a listed person or entity, regardless of whether that person or entity's name appears on the account" as this aspect of the Request is unduly vague and ambiguous and moreover improperly calls for a legal conclusion about whether a listed person "controls" or "benefits from" the account. Bank Audi

*Privileged & Confidential*
*Attorney Work Product*

will limit its production to Account Opening Records regarding accounts as to which a listed person or entity is a signatory or power of attorney on the account, or otherwise clearly identified as the account holder.

Bank Audi objects to Request No. 4 to the extent it purports to require Bank Audi to search for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on Exhibit 2, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names). Any reasonable search Bank Audi undertakes in response to Request No. 4 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on Exhibit 2.

Bank Audi further objects to Request No. 4 because Exhibit 2 does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number) so as to enable Bank Audi to match an individual or entity named in Request No. 4 to an individual or entity whose name appears in its Account Opening Records. Bank Audi will produce Account Opening Records referring to individuals or entities where it can reasonably determine those individuals or entities are the same ones named in the Requests. Bank Audi will not undertake to search for Account Opening Records referring to individuals or entities named in Exhibit 2 for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities,

*Privileged & Confidential*
*Attorney Work Product*

form of entity, place of formation, and/or commercial business number.

Bank Audi further objects to Request No. 4 to extent that it would require Bank Audi to produce Account Opening Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts, including without limitation company by-laws, audited accounts, and annual reports that generally are not maintained in the Bank's customer file, and certain older Account Opening Records that are stored only in hard copy and are not indexed or organized by customer. Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such Account Opening Records as to a lengthy list of vaguely identified persons or entities.

Bank Audi further objects to Request No. 4 to the extent that it seeks or is intended to seek Account Opening Records not within Bank Audi's possession, custody, or control.

Bank Audi objects to the extent that Request No. 4 seeks to require Bank Audi to create or generate Documents that do not currently exist. Bank Audi will not create any Documents in response to Request No 4; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

Bank Audi objects to Request No. 4 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it

is withholding Account Opening Records on the basis of these objections. Bank Audi is prepared

to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope

of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Transactional Records during the time period between January 1, 2012, and December

31, 2021, concerning the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 5:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and

Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 5 on the

grounds that it seeks Transactional Records that are not relevant to any party's claim or defense

related to this Litigation and is not proportional to the needs of this Litigation and to the extent it

seeks Transactional Records already in Plaintiffs' possession.

Bank Audi objects to Request No. 5 to the extent that it purports to require Bank Audi to

disclose Transactional Records that Bank Audi is prohibited from disclosing by any law, including

without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law

44/2015. Bank Audi will produce Transactional Records to the extent not prohibited by law,

including Lebanon's Banking Secrecy Act.

Bank Audi also objects to the time period of this Request, January 1, 2012 through

December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended

Complaint and, therefore, has no relevance to Plaintiffs' claims. Bank Audi also objects to this

Request on the grounds that it seeks Account Opening Records regarding all of the individuals in

*Privileged & Confidential*
*Attorney Work Product*

Exhibit 2, some of which are not customers of Bank Audi and have no relationship with Bank Audi. Bank Audi will not produce such Transactional Records.

Bank Audi objects to Request No. 5 on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case.  Request No. 5 seeks Transactional Records regarding many hundreds of individuals and entities: a total of 283 individuals and entities on Exhibit 2 of the Requests. Only 39 individuals and entities are alleged in the Second Amended Complaint to be customers of Bank Audi. To comply with this Request for Transactional Records involving individuals and entities that are not customers of Bank Audi, Bank Audi would have to search *the entirety* of its Transactional Records over a period of  ten years to locate those names. Bank Audi will not undertake to search for the names set out in Exhibit 2 in its Transactional Records except to the extent that it undertakes searches for Transaction Records maintained by the individuals and entities who are alleged to be Bank Audi customers in the Second Amended Complaint.

Bank Audi further objects that Request No. 5 is overbroad and disproportionate to the needs of the case insofar as it seeks "All" Transactional Records "concerning" person or entities listed on Exhibit 2, without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation, and further, vague and ambiguous with regard to the scope of "concerning."  Bank Audi will limit its production to Transaction Records that expressly contain the name of persons or entities on Exhibit 2.

Bank Audi objects to Request No. 5 insofar as it calls for duplicative production of Transactional Records.  Insofar as records of a transactions are available on multiple systems, Bank Audi will produce them only once.

Bank Audi objects to Request No. 5 to the extent it purports to require Bank Audi to search

*Privileged & Confidential*
*Attorney Work Product*

for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on Exhibit 2, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names). Any reasonable search Bank Audi undertakes in response to Request No. 5 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on Exhibit 2.

Bank Audi further objects to Request No. 5 because Exhibit 2 does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number) so as to enable Bank Audi to match an individual or entity named in the Request No. 5 to an individual or entity whose name appears in its records. Bank Audi will produce Transactional Records referring to individuals or entities where it can reasonably determine those individuals or entities are the same ones named in the Requests. Bank Audi will not undertake to search for Transactional Records referring to individuals or entities named in the Requests for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities, form of entity, place of formation, and/or commercial business number.

Bank Audi further objects to Request No. 5 to extent that it would require Bank Audi to produce Transactional Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts including, for example and without limitation, company by-laws,

*Privileged & Confidential*
*Attorney Work Product*

audited accounts, and annual reports that are not generally maintained in the Bank's Customer File, and certain older Transactional Records that are stored only in hard copy and are not indexed or organized by customer. Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such Transactional Records as to a lengthy list of vaguely identified persons or entities.

Bank Audi further objects to Request No. 5 to the extent that it seeks or is intended to seek Transactional Records not within Bank Audi's possession, custody, or control, including but not limited to Transactional Records related to individuals listed in Exhibit 2 who are not past or present customers of Bank Audi.

Bank Audi objects to the extent that Request No. 5 seeks to require Bank Audi to create or generate Documents that do not currently exist. Bank Audi will not create any Documents in response to Request No. 5; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

Subject to and without waiver of its objections to this Request, and as prohibited under Lebanon's Banking Secrecy Act, Bank Audi will produce non-privileged Transactional Records, if any, in its possession, custody or control that can be located through a reasonable search, for the persons and entities listed in Exhibit 2 who are alleged to be Bank Audi's customers in the Second Amended Complaint.

Bank Audi objects to Request No. 5 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with

*Privileged & Confidential*
*Attorney Work Product*

searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Transactional Records on the basis of these objections. Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Compliance Records during the time period between January 1, 2012, and December 31, 2021, concerning the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 6:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 6 on the grounds that it seeks Compliance Records that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Compliance Records already in Plaintiffs' possession.

Bank Audi objects to Request No. 6 to the extent that it purports to require Bank Audi to disclose Compliance Records that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Compliance Records to the extent not prohibited by law, including Lebanon's Banking Secrecy Act.

Bank Audi also objects to the time period of this Request, January 1, 2012 through

*Privileged & Confidential*
*Attorney Work Product*

December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended Complaint and, therefore, has no relevance to Plaintiffs' claims. Bank Audi also objects to this Request on the grounds that it seeks Compliance Records regarding all of the individuals in Exhibit 2, some of which are not customers of Bank Audi and have no relationship with Bank Audi. Bank Audi will not produce such Compliance Records.

Bank Audi objects to Request No. 6 on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case. Request No. 6 seeks Compliance Records regarding many hundreds of individuals and entities: a total of 283 individuals and entities on Exhibit 2 of the Requests. Only 39 individuals and entities are alleged in the Second Amended Complaint to be customers of Bank Audi. To comply with this Request for Compliance Records involving individuals and entities that are not customers of Bank Audi, Bank Audi would have to search *the entirety* of its Compliance Records over a period of ten years to locate those names. Bank Audi will not undertake to search for the names set out in Exhibit 2 in its Compliance Records except to the extent that it undertakes searches for Compliance Records maintained by the individuals and entities who are alleged to be Bank Audi customers in the Second Amended Complaint.

Bank Audi further objects that Request No. 6 is overbroad and disproportionate to the needs of the case insofar as it seeks "All" Compliance Records "concerning" person or entities listed on Exhibit 2, without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation, and further, vague and ambiguous with regard to the scope of "concerning." Bank Audi will limit its production to Compliance Records, if any, that expressly contain the name of persons or entities on Exhibit 2.

Bank Audi objects to Request No. 6 insofar as it calls for duplicative production of

Compliance Records.  Insofar as records of a transactions are available on multiple systems, Bank Audi will produce them only once.

Bank Audi objects to Request No. 6 to the extent it purports to require Bank Audi to search for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on Exhibit 2, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names).  Any reasonable search Bank Audi undertakes in response to Request No. 6 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on Exhibit 2.

Bank Audi further objects to Request No. 6 because Exhibit 2 does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number) so as to enable Bank Audi to match an individual or entity named in the Request No. 6 to an individual or entity whose name appears in its records. Bank Audi will produce Compliance Records referring to individuals or entities where it can reasonably determine those individuals or entities are the same ones named in the Requests. Bank Audi will not undertake to search for Compliance Records referring to individuals or entities named in the Requests for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities, form of entity, place of formation, and/or commercial business number.

*Privileged & Confidential*
*Attorney Work Product*

Bank Audi further objects to Request No. 6 to extent that it would require Bank Audi to produce Compliance Records that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts, including without limitation certain historical Compliance Records.  Bank Audi notes that the foregoing undue burden is compounded by Plaintiffs' Request for such Transactional Records as to a lengthy list of vaguely identified persons or entities.

Bank Audi objects to the extent that Request No. 6 seeks to require Bank Audi to create or generate Documents that do not currently exist.  Bank Audi will not create any Documents in response to Request No. 6; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

Subject to and without waiver of its objections to this Request, and except as prohibited under Lebanon's Banking Secrecy Act, Bank Audi will produce non-privileged Compliance Records, if any, in its possession, custody or control that can be located through a reasonable search, for the persons and entities listed in Exhibit 2 who are alleged to be Bank Audi's customers in the Second Amended Complaint.

Bank Audi objects to Request No. 6 to the extent it purports to require production of  ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Compliance Records on the basis of these objections. Bank Audi is prepared to

*Privileged & Confidential*
*Attorney Work Product*

engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

## REQUEST FOR PRODUCTION NO. 7:

All Documents and Communications which refer or relate to payments made through and/or facilitated by a Defendant to the families or representatives of so-called "Martyrs" as defined herein. These Documents and Communications include but are not limited to those which identify account numbers for the accounts from which such funds were disbursed; account numbers for the accounts to which such funds were disbursed; the persons or entities that opened such accounts; the persons or entities in whose name such accounts were opened; the persons to whom or for whose benefit such funds were disbursed; the amounts which were disbursed and the dates of such disbursements; the wiring or other transfer of funds between such accounts; receipts or other confirmations of a payment; the identity of Defendants' Employees with knowledge of such disbursements; and with respect to the accounts which were the source of funds disbursed to such families, all Documents which identify the manner in which such funds were disbursed into such accounts prior to disbursement to such families, including but not limited to Documents which identify the source of such funds; the depositor of such funds; the date of such deposits; the wiring of such funds; the amount to be disbursed or paid; or the identity of Defendants' Employees with knowledge of such deposits.

## RESPONSE TO REQUEST NO. 7:

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 7 on the

*Privileged & Confidential*
*Attorney Work Product*

grounds that it is overbroad, unduly burdensome, and seeks Documents and Communications that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Documents and Communications already in Plaintiffs' possession.

Bank Audi objects to Request No. 7 to the extent that it purports to require Bank Audi to disclose Documents and Communications that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Documents and Communications to the extent not prohibited by law, including Lebanon's Banking Secrecy Act.

Bank Audi also objects to this Request because it contains no temporal limitations and will therefore limit its response to the January 1, 2003 through November 30, 2011 time period.

Bank Audi further objects to Request No. 7 on the grounds that is vague, unduly burdensome, and disproportionate to the needs of the case because it seeks Documents and Communications related to "Martyrs" and their families, but it does not identify who the Martyrs or their families are.  It would be unduly burdensome to search the entirety of Bank Audi's Documents and Communications, as the Request requires without first knowing from Plaintiffs who it is that Plaintiffs allege that "Martyrs" and their families are, by name and with sufficient detail.

Bank Audi further objects to Request No. 7 on the grounds that is vague, unduly burdensome, and disproportionate to the needs of the case because it seeks Documents and Communications which "refer or relate" to certain payments, and it is not clear which Documents or Communications would be deemed to "refer or relate" to such payments.  This problem is compounded by the fact that Plaintiffs seek "All" Documents and Communications without regard

to whether the subject matter of such Documents and Communications is relevant to the claims or defenses in this Litigation.  Further, Bank Audi will not  search records that are maintained in hard copy and not indexed by customer name or number, and/or that are not electronically searchable by name and which would be unduly burdensome to produce and disproportionate to the needs of the case.

Bank Audi objects to Request No. 7 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Because Request No. 7 does not specify otherwise, Bank Audi will treat the Relevant Time Period as applicable to this Request.

Without admitting or conceding that there exist any Documents and Communications which refer or relate to payments made through and/or facilitated by a Defendant to the families or representatives of so-called "Martyrs", Bank Audi will consider its production of Documents and Communications in response to Plaintiffs' Requests Nos. 1, 2, 3, 4, 5, and 6 to satisfy Request No. 7.

Bank Audi also objects to this Request to the extent that it constitutes an interrogatory that is improperly sought under Federal Rule 33 and Local Rule 33.3.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Documents and Communications on the basis of these objections. Bank Audi is

*Privileged & Confidential*
*Attorney Work Product*

prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.


**REQUEST FOR PRODUCTION NO. 8:**

All Communications during the time period between January 1, 2003, and December 31, 2018, concerning Hezbollah or Agents of Hezbollah.


**RESPONSE TO REQUEST NO. 8:**

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome, and seeks Communications that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Communications already in Plaintiffs' possession.

Bank Audi objects to Request No. 8 to the extent that it purports to require Bank Audi to disclose Communications that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law 44/2015. Bank Audi will produce Communications to the extent not prohibited by law, including Lebanon's Banking Secrecy Act.

Bank Audi also objects to the expanded time period of January 1, 2003 through December 31, 2018, as overbroad and unduly burdensome because it requires Bank Audi to search all of its Communications over a 16-year period, including over 7 years after the last attack alleged in the Second Amended Complaint which renders the Communications in this time period of no relevance to Plaintiffs' claims. Bank Audi will therefore limit its response to the January 1, 2003

*Privileged & Confidential*
*Attorney Work Product*

through November 30, 2011 time period.

Bank Audi further objects to Request No. 8 on the grounds that is vague, unduly burdensome and disproportionate to the needs of the case because it does not identify who the "Agents" of Hezbollah are. This problem is compounded because Plaintiffs' definition of "Agent": (1) calls for a legal conclusion; and (2) includes "any person who assisted, acted, or purported to act or assist on the behalf of an Agent" which is virtually boundless and moreover, impossible for Defendants to ascertain.

Bank Audi further objects to Request No. 8 on the grounds that is vague, unduly burdensome, and disproportionate to the needs of the case because it seeks Communications which "concerning" Hezbollah or Agents of Hezbollah, and it is not clear which Communications would be deemed to "concern" Hezbollah or Agents of Hezbollah. This problem is compounded by the fact that Plaintiffs seek "All" Communications without regard to whether the subject matter of such Communications is relevant to the claims or defenses in this Litigation. Bank Audi will not conduct searches other than for the name "Hezbollah." Further, Bank Audi will not search Communications that are maintained in hard copy and/or that are not electronically searchable by name and which would be unduly burdensome to produce and disproportionate to the needs of the case.

Bank Audi objects to Request No. 8 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-

*Privileged & Confidential*
*Attorney Work Product*

described ESI sources.

Without admitting or conceding that there exist any Communications during the time period between January 1, 2003, and December 31, 2018, concerning Hezbollah or Agents of Hezbollah, Bank Audi will consider its production of Communications in response to Plaintiffs' Requests Nos. 1, 2, 3, 4, 5, 6 and 7 to satisfy Request No. 8.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it is withholding Communications on the basis of these objections. Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

## REQUEST FOR PRODUCTION NO. 9:

All Communications to or from the U.S. concerning the following matters: (a) Hezbollah or Agents of Hezbollah, (b) The persons and entities listed in <u>Exhibit 1</u>.

## RESPONSE TO REQUEST NO. 9:

Bank Audi incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions, as if set forth here in full. Bank Audi objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, and seeks Communications that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation and to the extent it seeks Communications already in Plaintiffs' possession.

Bank Audi objects to Request No. 9 to the extent that it purports to require Bank Audi to disclose Communications that Bank Audi is prohibited from disclosing by any law, including without limitation, Lebanon's Banking Secrecy Act and Articles 6 and 8 of Lebanese Law

44/2015. Bank Audi will produce Communications to the extent not prohibited by law, including

Lebanon's Banking Secrecy Act.

Bank Audi also objects to this Request because it contains no temporal limitations and will

therefore limit its response to the January 1, 2003 through November 30, 2011 time period.

Bank Audi further objects to Request No. 9 on the grounds that is vague, unduly

burdensome and disproportionate to the needs of the case because it does not identify who the

"Agents" of Hezbollah are. This problem is compounded because Plaintiffs definition of "Agent":

(1) calls for a legal conclusion; and (2) includes "any person who assisted, acted, or purported to

act or assist on the behalf of an Agent" which is virtually boundless and moreover, impossible for

Defendants to ascertain.

Bank Audi further objects to Request No. 9 on the grounds that is vague, unduly

burdensome, and disproportionate to the needs of the case because it seeks Communications which

"concerning" Hezbollah or Agents of Hezbollah, and it is not clear which Communications would

be deemed to "concern" Hezbollah or Agents of Hezbollah. This problem is compounded by the

fact that Plaintiffs seek "All" Communications without regard to whether the subject matter of

such Communications is relevant to the claims or defenses in this Litigation. Bank Audi also

objects to this Request on the grounds that it seeks Communications regarding all of the individuals

in Exhibit 1, some of which are not customers of Bank Audi and have no relationship with Bank

Audi. Bank Audi will not conduct searches other than for the name "Hezbollah." Further, Bank

Audi will not search Communications that are maintained in hard copy and/or that are not

electronically searchable by name and which would be unduly burdensome to produce and

disproportionate to the needs of the case.

Bank Audi objects to Request No. 9 insofar as it calls for duplicative production of

*Privileged & Confidential*
*Attorney Work Product*

Communications.  Insofar as records of a transactions are available on multiple systems, Bank Audi will produce them only once.

Bank Audi objects to Request No. 9 to the extent it purports to require Bank Audi to search for transliterations, alternative spellings of names, or any other variants of names, including variants for corporate form (e.g., Inc., Co., LLC, SA, SAL, SARL) other than those that are specifically listed by Plaintiffs on Exhibit 1, as such a Request is vague and ambiguous (e.g., as to which alternative spellings and transliterations are appropriate) and unduly burdensome (as there could be thousands, or tens of thousands, of combinations and permutations of names).  Any reasonable search Bank Audi undertakes in response to Request No. 9 will be limited to the precise spellings of names that Plaintiffs have provided, and the precise names of entities, including corporate form (e.g., Inc., Co., LLC, SAL, SA, SARL), that Plaintiffs have provided on Exhibit 1.

Bank Audi further objects to Request No. 9 because Exhibit 1 does not include sufficient information (such as an individual's place of birth, date of birth, or mother's or father's name, and such as an organization's corporate form, place of incorporation or corporate registration number) so as to enable Bank Audi to match an individual or entity named in the Request No. 9 to an individual or entity whose name appears in its records. Bank Audi will produce Communications referring to individuals or entities where it can reasonably determine those individuals or entities are the same ones named in the Requests. Bank Audi will not undertake to search for Communications referring to individuals or entities named in the Requests for which there is insufficient information to obtain a match until Plaintiffs provide more detailed information, including without limitation their place of birth, date of birth, mother's name, father's name, and/or national registration number in the case of individuals, and, in the case of entities, form of entity, place of formation, and/or commercial business number.

*Privileged & Confidential*
*Attorney Work Product*

Bank Audi further objects to Request No. 9 to extent that it would require Bank Audi to produce Communications that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts. Further, Bank Audi will not search Communications that are maintained in hard copy and/or that are not electronically searchable by name and which would be unduly burdensome to produce and disproportionate to the needs of the case.

Bank Audi further objects to Request No. 9 to the extent that it seeks or is intended to seek Communications not within Bank Audi's possession, custody, or control.

Bank Audi objects to the extent that Request No. 9 seeks to require Bank Audi to create or generate Documents that do not currently exist. Bank Audi will not create any Documents in response to Request No 9; e.g., Bank Audi will not create additional summaries, indexes, cover pages, or other similar Documents that do not already exist.

Without admitting or conceding that there exist Communications to or from the U.S. concerning the following matters: (a) Hezbollah or Agents of Hezbollah, (b) The persons and entities listed in Exhibit 1, Bank Audi will consider its production of Communications in response to Plaintiffs' Requests Nos. 1, 2, 3, 4, 5, 6, 7, and 8 to satisfy Request No. 9.

Bank Audi objects to Request No. 9 to the extent it purports to require production of ESI that is not stored on active systems, but is stored on disaster recovery systems, or on systems, backup tapes, and other media that are no longer part of normal business operations. Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily accessible sources. Because of the lack of relevance of such ESI and the cost associated with searching, preserving, and accessing these data sources, Bank Audi will not search the above-described ESI sources.

Subject to and without waiver of its objections to this Request, Bank Audi responds that it

*Privileged & Confidential*
*Attorney Work Product*

is withholding Communications on the basis of these objections. Bank Audi is prepared to engage in a meet and confer with Plaintiffs concerning Bank Audi's objections and the scope of this Request.

Dated: March 18, 2022

Respectfully submitted,

*/s/ Alex C. Lakatos*
Alex C. Lakatos
Marc R. Cohen
Andrew J. Pincus
Christopher J. Houpt
Kevin C. Kelly
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C.  20006
Tel.:  (202) 263-3000
Fax:  (202) 263-3300
alakatos@mayerbrown.com
mcohen@mayerbrown.com
apincus@mayerbrown.com
choupt@mayerbrown.com
kkelly@mayerbrown.com

*Counsel for Defendant Bank Audi SAL*