

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

June 23, 2022

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Bartlett v. Société Générale de Banque au Liban S.A.L.*, Case No. 19-cv-0007

Dear Judge Merkl:

  We write on Plaintiffs' behalf to apprise the Court of recent developments in discovery in this case and to request the Court's guidance regarding the appropriate parameters of same.

  On June 7, 2022, the Moving Defendants served their First Request for Production of Documents ("RFP") on Plaintiffs. *See* Exhibit A attached herein. The RFP essentially requests all liability and damages discovery records in Plaintiffs' possession. Subsequently, several of the Moving Defendants also served their individual document requests on Plaintiffs.

  On June 9, 2022, Plaintiffs' counsel wrote Defendants' counsel, asking Defendants "to clarify their view of the present scope of discovery." Plaintiffs' counsel noted their "understanding is that the Court has contemplated stages of discovery, beginning with 'the service of certain third-party subpoenas and the disclosure of Plaintiffs' initial requests for production,' followed by a briefing schedule (since modified) addressing foreign bank secrecy. Dec. 13, 2021, Minute Entry and Order."

  Plaintiffs' counsel stated that they "infer[red] from your discovery request that you either have a different understanding of the Court's expectations, notwithstanding the lapse of six months, or that Defendants wish to proceed on consent of the parties or perhaps by seeking leave of Court to proceed with expanded discovery." Plaintiffs' counsel sought clarification of Defendants' position, and they attached Plaintiffs' proposed First Set of Interrogatories, which "Defendants need not respond to … within 30 days, unless either the Court clarifies the present scope of discovery, or the parties reach an understanding on that scope." *See* Exhibit B attached herein.

  Having not received any response, Plaintiffs' counsel wrote Defendants' counsel on June 16, 2022, again asking them to "please advise Plaintiffs your view of the present scope of discovery." Plaintiffs' counsel added that if Defendants' counsel preferred, Plaintiffs' counsel were also available to meet and confer on the issue by phone.

Defendants' counsel again did not respond to Plaintiffs' counsel.

Accordingly, Plaintiffs now seek the Court's guidance regarding the phasing of initial discovery in this case. Given the specific parameters set forth in the Court's December 13 Order and the fact (confirmed in Defendants' recent motion for a protective order) that Defendants have no intention in the foreseeable near term to produce any records in this case, Plaintiffs have proceeded on the assumption that the Court intended discovery to be initially limited to certain third-party discovery of correspondent banks and the briefing of Defendants' foreign bank secrecy objections.

If, however, the Court did not intend for the parties to proceed incrementally and, as Defendants' RFP suggests, all discovery is intended to proceed without limitation, then Plaintiffs will, of course, respond to the RFP that Defendants have served and will commensurately expect Defendants to respond to Plaintiffs' interrogatories and other future discovery requests.

We look forward to the Court's further guidance regarding this matter.

Respectfully submitted,

/s/ Gary M. Osen

Encls.

cc: All counsel (via ECF)