# Exhibit B

**SQUIRE  ◖**
**PATTON BOGGS**

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Mitchell R. Berger
T   +1 202 457 5601
mitchell.berger@squirepb.com

November 24, 2021

**VIA E-MAIL**

Gary M. Osen, Esq.
Osen LLC
190 Moore Street, Suite 272
Hackensack, NJ 07601

**Re:** *Bartlett et al. v. Société Générale de Banque au Liban S.A.L.*, et al, No. 19-cv-00067 (E.D.N.Y.) (CBA)(TAM)

Dear Mr. Osen:

On behalf of the Moving Defendants[1], we write in response to your letters of November 8 and 16, 2021, concerning case management issues following our initial November 5, 2021 Rule 26(f) conference.

First, Moving Defendants agree that the parties should defer Rule 26(a) Initial Disclosures. Among other things, the Court's forthcoming ruling on dispositive motions directed to the Second Amended Complaint will inform what any Initial Disclosures might need to address.  Further, as your November 8 letter acknowledges, Initial Disclosures may implicate issues of bank secrecy under Lebanese law.

Second, consistent with Magistrate Judge Merkl's October 8, 2021 Order, Moving Defendants believe that party discovery, through Requests for Production of Documents ("RFP") or otherwise, should await substantial completion of the ongoing third-party discovery from Moving Defendants' U.S. correspondent banks. We understand that, to date, Plaintiffs have served production subpoenas on only a subset of the correspondent banks on which Plaintiffs served preservation subpoenas, despite Plaintiffs' September 20, 2021 letter to Magistrate Judge Merkl (ECF #255). We further understand (from Ari Ungar's November 18, 2021 email) that Plaintiffs anticipate receiving documents at least from KBC USA and BNP Paribas USA, Inc., although Plaintiffs are currently in meet-and-confer discussions with their counsel that have effectively

---

[1] The Moving Defendants joining in this letter are: Banque Libano Française SAL, Bank Audi SAL, Byblos Bank SAL, Bank of Beirut and the Arab Countries SAL, Lebanon and Gulf Bank SAL, BLOM Bank SAL, Fransabank SAL, MEAB Bank s.a.l., Fenicia Bank s.a.l., Bank of Beirut SAL, and Société Générale de Banque au Liban s.a.l.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP  
**VIA E-MAIL**

Gary M. Osen, Esq.  
November 24, 2021

adjourned the November 15, 2021 return date. Additionally, we have received your notice that Plaintiffs on November 18, 2021 served two additional subpoenas on Mashreqbank PSC, and Arab Bank PLC (returnable December 20, 2021). Moving Defendants may issue their own third-party discovery.

Third, once third-party discovery of correspondent banks is substantially complete (by which time we should have the Court's ruling on the pending dispositive motions), party discovery can commence, but should not be initially limited to a bellwether letter rogatory concerning the entities and individuals on Exhibit A to your November 8 letter. Rather, party discovery should proceed in the normal course with both sides issuing RFPs and other discovery requests concerning the full range of issues in the case.

With regard to the Lebanese bank secrecy issue, Plaintiffs can issue an RFP with whatever document requests they consider appropriate as to the full range of allegedly relevant entities and individuals. Moving Defendants would thereafter respond raising all objections they consider appropriate, including objections under Lebanese bank secrecy laws, after which the parties would meet and confer in advance of any discovery motions. Consistent with Magistrate Judge Merkl's comments during the October 8, 2021 hearing, letters rogatory to the Lebanese authorities should await the Court's ruling on the discovery motions, as to both bank secrecy objections and equally important scope issues.

The international comity test governing Lebanese bank secrecy objections cannot be applied meaningfully absent, inter alia, the "specificity" of an RFP, to provide concrete context concerning the "importance" of the requested documents and the "availability of alternative means of securing the information" (including through discovery from Moving Defendants' U.S. correspondent banks authorized by Magistrate Judge Merkl), among other elements. *See*, *e.g.*, *Linde v. Arab Bank,* 706 F.3d 92, 98-99 (2d Cir. 2013). The Lebanese authorities, as much as the Court, will require specificity as to the type, time-frame, and other features of the documents Plaintiffs seek.

Given the above context, we propose the following schedule as an alternative to the one on pages 2-3 of your November 8 letter:

| | |
|---|---|
| Substantial completion of third-party discovery from correspondent banks | January 31, 2022 |
| Parties serve initial RFPs | February 28, 2022 |
| Parties serve objections and responses to initial RFPs | April 15, 2022 |
| Parties complete meet and confer process over objections to initial RFPS | May 13, 2022 |
| Parties file motions to compel or for protective order as to unresolved objections to initial RFPs, including as to bank secrecy | May 31, 2022 |
| Oppositions to discovery motions on initial RFPs | June 30, 2022 |
| Replies on discovery motions on initial RFP | July 22, 2022 |

2

Squire Patton Boggs (US) LLP  
Gary M. Osen, Esq.  
November 24, 2021

**VIA E-MAIL**

| Defendants submit LR as to initial RFP | 45 days after Court ruling on bank secrecy objections raised by discovery motions |
|---|---|

      We are available to discuss these issues with you over the next several days, in advance of the December 13 conference with the Court. Please let us know what works for Plaintiffs' team.

      Sincerely,

      Squire Patton Boggs (US) LLP

      */s/ Mitchell R. Berger*  
      Mitchell R. Berger

cc:    All counsel of record