# Exhibit C



190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 264 0303

1441 Broadway, New York, NY 10018
T: 212 354 0111
www.osenlaw.com

November 29, 2021

**VIA E-MAIL**

Mitchell R. Berger, Esq.
Squire Patton Boggs (US) LLP
2550 M Street N.W.
Washington, D.C. 20037

    Re:    ***Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.***

Dear Mr. Berger:

We are writing in response to your November 24, 2021, letter.

First, thank you for confirming Defendants' agreement to defer Rule 26(a) Initial Disclosures; in our view, the Court's forthcoming ruling on dispositive motions directed to the Second Amended Complaint will not affect their scope. However, as your letter confirms, Lebanese bank secrecy will likely significantly impact the discovery process.

Second, <u>nothing</u> in Magistrate Judge Merkl's October 8, 2021, Order suggested or implied that discovery was, or is, contingent on the ongoing third-party discovery from Moving Defendants' U.S. correspondent banks. Rather, the parties were simply "directed to meet and confer at an initial Rule 26(f) conference by 11/8/2021" in advance of the next scheduled conference in December. Plaintiffs will not agree to link third-party discovery (which may proceed for many months or beyond – depending on whether any subpoena recipients object or move to quash) to discovery exchanged between the parties.

Third, during our initial Rule 26(f) conference we offered you the alternative of commencing bellwether letters rogatory concerning the entities and individuals on <u>Exhibit A</u> to our November 8 letter, but we do not object to proceeding in the normal course with both sides issuing RFPs. However, as we previously indicated, we see no sense in proceeding with full spectrum discovery of Plaintiffs' damages at this stage of the case, given that there are more than a thousand Plaintiffs. Whether the Court decides

**Letter to Mitchell R. Berger, Esq.**
**November 29, 2021**
**Page 2 of 3**

to bifurcate liability and damages or prefers to proceed with bellwether Plaintiffs for both liability and damages, the one thing that is fairly certain is that the Court will not undertake a years-long trial of liability and damages for every attack and all Plaintiffs' damages. Thus, expending vast amounts of time and resources on damages that will not be relevant for the foreseeable future, if ever, is an unnecessary waste of resources. That said, we are happy to discuss a staged process that takes reasonable steps to ensure that Defendants receive substantial relevant records and information concerning the attacks at issue and the circumstances of injury and/or death of the individual victims in those attacks, including their medical records, casualty reports and similar materials.

Fourth, with regard to the Lebanese bank secrecy issue, Plaintiffs are prepared to promptly issue an initial RFP with what we consider an appropriate range of relevant entities and individuals. Defendants can do likewise and thereafter respond to our RFP, raising all objections they consider appropriate, including (as your letter indicates) objections under Lebanese bank secrecy laws, after which the parties would meet and confer in advance of any discovery motions.

Your letter states that "[c]onsistent with Magistrate Judge Merkl's comments during the October 8, 2021 hearing, letters rogatory to the Lebanese authorities should await the Court's ruling on the discovery motions, as to both bank secrecy objections and equally important scope issues." The transcript says no such thing. However, as discussed previously, we do not object to proceeding with initial RFPs and following that up with motions to compel as you suggest. To that end, below is a revised schedule, taking into account your preferred approach to RFPs and a reasonable time frame to address objections and potentially – depending on the Court's rulings – further Requests for Judicial Assistance to Lebanon.

| | |
|---|---|
| 1. Parties serve Initial RFPs | December 6, 2021 |
| 2. Parties serve Objections to Initial RFPs | January 17, 2022 |
| 3. Parties file motions to compel or for protective orders as to unresolved objections to Initial RFPs, including as to bank secrecy | February 7, 2022 |
| 4. Deadline to file opposition briefs to motions to compel | March 7, 2022 |

Letter to Mitchell R. Berger, Esq.
November 29, 2021
Page 3 of 3

| 5. Deadline to file reply briefs to motion to compel | March 28, 2022 |
|---|---|
| 6. Deadline to submit Requests for Judicial Assistance if foreign bank secrecy objections are overruled and motion to compel is granted (in whole or in part) | 10 business days following Court Ruling |
| 7. Deadline for Defendants to notify the Court as to whether they will produce records ordered by the Court (if any) | 90 days from the Issuance of any Letters Rogatory or other Requests for Judicial Assistance |

We look forward to discussing this further at our next meet and confer on December 2, at 10:30 a.m.

Sincerely,

/s/ Gary M. Osen

cc: All Counsel