# Exhibit H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT BARTLETT, *et al.*,

                              Plaintiffs,

              -against-

SOCIETE GENERALE DE BANQUE AU LIBAN
SAL, *et al.*,

                              Defendants.

No. 19-cv-00007 (CBA) (TAM)

---

**RESPONSES AND OBJECTIONS OF DEFENDANT LEBANON AND GULF BANK SAL TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26, 34, and 44.1 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Civil Rules of the U.S. District Court for the Eastern District of New York ("Local Rules"), and in accordance with the Court's Order of December 13, 2021, Defendant Lebanon and Gulf Bank SAL ("LGB"), responds and objects to Plaintiffs' First Set of Requests for the Production of Documents, dated December 31, 2021 (the "Requests") in the above captioned litigation (the "Litigation").

## GENERAL RESPONSES AND OBJECTIONS
### (Apply to All Requests)

1.      LGB objects to the Requests to the extent that they are overly broad or unduly burdensome.

2.      LGB objects to the Requests to the extent they call for information that is not relevant to the subject matter of this Litigation, not relevant to any party's claim or defense related to this Litigation, or not proportional to the needs of this Litigation.

3.      LGB objects to the Requests to the extent that they call for the disclosure of information protected by any privilege or protection, including, without limitation, the attorney-client privilege, the attorney work product immunity doctrine, common interest privilege, joint defense privilege, the bank examiner privilege (*see In re Subpoena Served upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed. Reserve Sys.*, 967 F.2d 630 (D.C. Cir. 1992)), the suspicious activity report ("SAR") privilege (*see*, 12 CFR § 21.11(k)), the professional secrecy obligation under Article 579 of the Lebanese Criminal Code, Lebanese Law 44/2015, Central Bank of Lebanon's Basic Circular 83, the Lebanese Code of Money and Credit of 1963, or Article 55 of Law 161/2011, or any other available and valid grounds for withholding information from disclosure.  LGB will not treat privilege as waived due to sharing, if any, of the relevant documents or communications with a bank regulatory authority.  *See, e.g., Wultz v. Bank of China Ltd.*, 61 F.

Supp. 3d 272 (S.D.N.Y. 2013); 12 USC § 1828(x).  Inadvertent disclosure of such information in response to the Requests shall not constitute a waiver of any privilege, of any other basis for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive LGB's rights to object to the use of any such document or information in this Litigation or during any other proceeding.  Upon notification that such disclosure was inadvertent, the document(s) and any copies thereof shall be returned to LGB in accordance with the applicable provisions of the protective order to be entered in this case.

4.      LGB objects to the Requests to the extent that they purport to require the disclosure of information that LGB is prohibited from disclosing by any law, including without limitation Lebanon's Law of September 3, 1956 on Banking Secrecy ("Lebanon's Banking Secrecy Act") and Articles 6 and 8 of Lebanese Law 44/2015.  LGB will not produce documents containing such prohibited information except, as consistent with its obligations under Lebanon's Banking Secrecy Act.

5.      LGB objects to the Requests to the extent that they require the production of documents reflecting trade secrets and/or proprietary business information or documents that are prohibited from disclosure by contract or by the confidentiality requirements of any court, arbitral forum, or similar authority.  LGB will not produce such documents.

6.      LGB objects to the Requests to the extent that they require the production of confidential or highly confidential documents, or documents that would impinge on privacy rights of non-parties.  LGB will produce such information only pursuant to the applicable provisions of the protective order to be entered in this case.

7.      LGB objects to the Requests to the extent that they purport to require it to perform anything more than a reasonable and diligent search for documents where responsive documents

2

reasonably would be expected to be found.  Any production by LGB of documents (including any electronic documents) will be limited to non-privileged documents from reasonably accessible sources (including electronic sources) where responsive documents can reasonably be expected to be maintained.

8.      LGB objects to the Requests, including each of the Definitions and Instructions set forth therein, to the extent that they assume or characterize or are intended to assume or characterize, facts or law.  By responding to the Requests, LGB does not indicate that it agrees with or adopts any assumptions or characterizations about the facts or the law applicable to this Litigation.

9.      LGB objects to the Requests to the extent that they seek or are intended to seek information that can be obtained more readily and efficiently from other sources or that is a matter of public record, or already in the possession of, or otherwise easily accessible and available to, Plaintiffs.

10.      LGB objects to the Requests to the extent that they are not proportional to the needs of this Litigation on the grounds that they call for the production of documents or electronically stored information from sources that are not reasonably accessible and the burden or expense of searching for and producing any responsive documents outweighs any likely benefit given the needs of this Litigation, the amount in controversy, and the irrelevance or minimal relevance of the requested documents or electronically stored information in resolving the issues at stake in this action.

11.      LGB objects to the Requests to the extent that they purport to require it to create or generate documents that do not currently exist and/or are not maintained in LGB's usual course of business.

12.     Any response to the Requests by LGB indicating that responsive documents will be produced or will not be produced is not an admission or representation that any such documents exist.  For any responses to the Requests by LGB indicating that responsive documents will be produced, LGB will produce such documents if they are located after a reasonable search, subject to the objections and limitations stated herein.  For any response to the Requests by LGB indicating that responsive documents will not be produced, LGB is prepared to engage in a meet and confer with Plaintiffs concerning LGB's objections and the scope of the respective Request.

13.     LGB's responses and objections to the Requests are made without waiving:  (a) any rights and/or privileges in the above-captioned Litigation or any other action, proceeding or investigation; (b) any objections to the relevance, materiality, privilege, or admissibility as evidence, for any purpose, of any documents, information, or response provided to the Requests; (c) any objections as to the form of the Requests, including as to vagueness and ambiguity; (d) the right to object on any ground to the use of any information, response, or documents produced in response to the Requests in this Litigation or any other action, proceeding or investigation; and (e) the right to object on any ground at any time to a demand for further responses to the Requests.

14.     In providing these Responses and Objections, LGB reserves all rights to reject, contest, or object to the Requests, either in whole or in part, on grounds other than those set forth herein pursuant to any applicable law or rule.  LGB also reserves the right to supplement or amend the Responses and Objections set forth herein as necessary and as more information becomes available.   Furthermore, LGB's Responses and Objections to the Requests should not be understood as an acceptance or adoption of either the factual assertions made in the Requests or the definitions of the terms used in the Requests, nor as an admission that the information sought by the Requests is relevant, material, or admissible.

## COMMON RESPONSES AND OBJECTIONS
### (Apply to Multiple Requests)

1.      LGB objects to the Requests because they seek information from LGB regarding many hundreds of individuals and entities:  a total of 673 individuals and entities on Exhibit 1 of the Requests, and 283 individuals and entities on Exhibit 2 of the Requests.  No effort has been made by Plaintiffs to tailor the Requests to the individuals and entities that are alleged to be customers of LGB in the Second Amended Complaint as to whom LGB could potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.  To comply with the Requests for information regarding transactions involving hundreds of individuals and entities that are not alleged to be customers of LGB, and/or as to whom LGB could not potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint, LGB would have to search *the entirety* of its transactional records over a period of at least nine years to locate those names.  For this reason, the Requests are overly broad, unduly burdensome, and not proportional to the needs of this Litigation. LGB will not undertake to search for the names set out in Exhibits 1 and 2 in its transactional records except to the extent that it undertakes searches for accounts maintained by the individuals and entities who are alleged to be customers of LGB as to whom LGB could potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.

2.      LGB objects to the Requests because Exhibits 1 and 2 do not include sufficient information (such as an individual's place of birth, mother's name, national registration number or commercial business number) to enable LGB to match an individual or entity named in the Requests to an individual or entity whose name may appear in LGB's records.  LGB will conduct a reasonable search in order to match an individual or entity that is alleged to be an LGB customer to an individual or entity whose name appears in its records.  If LGB is unable to match an

individual or entity, Plaintiffs must provide additional identifying information for that individual or entity.

3.      LGB objects to the Requests to the extent that they seek information about transactions occurring after November 30, 2011.  The last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011.  Transactions occurring after November 30, 2011 have no causal relationship to any of the injuries allegedly suffered by Plaintiffs, and therefore have no relevance to Plaintiffs' claims.  LGB will not produce such documents.

4.      LGB objects to the Requests to the extent that any Request is duplicative, repetitive, or cumulative, in whole or in part, of any other Request.

5.      LGB objects to the Requests to the extent that they seek to impose on LGB obligations that exceed those imposed by or are inconsistent with the Federal Rules and/or the applicable Local Rules.

6.      LGB objects to any Request to the extent that it purports to require the production of "all" documents, "all" communications, or "all" records on the grounds that such request is facially overbroad, unduly burdensome, and not proportional to the needs of this Litigation, including where a subset of documents would be sufficient to provide or from which the responsive information could be ascertained, and seeks documents that are not relevant to the claims and defenses asserted in this Litigation. LGB will respond to any such Request by producing responsive, non-privileged documents within its possession, custody or control that can be located after a reasonably diligent, good faith search based on reasonable search parameters.

7.      LGB objects to the Requests to the extent that they seek or are intended to seek documents or information not within LGB's possession, custody or control.

## OBJECTIONS TO DEFINITIONS

1.    **"Account Opening Records."**  LGB objects to Plaintiffs' definition of "Account Opening Records" as overly broad and vague.  LGB further objects to the extent that it requires LGB to provide information regarding accounts "controlled by or for the benefit of a listed person or entity, regardless of whether that person or entity's name appears on the account" as this portion of the definition is unduly vague and ambiguous and moreover improperly calls for a legal conclusion about whether a listed person "controls" or "benefits from" the account.  LGB will limit its production to information regarding accounts as to which a listed person is a signatory. LGB further objects to this definition extent that it would require LGB to produce documents that would be unduly burdensome to obtain or which cannot be obtained with reasonable efforts.

2.    **"Agent."**  LGB objects to Plaintiffs' definition of "Agent" to the extent it calls for a legal conclusion.  LGB further objects to Plaintiffs' definition of "Agent" to the extent it includes "any person who assisted, acted, or purported to act or assist on the behalf of an Agent" on the grounds that it is overbroad, disproportionate to the needs of this case, and would require LGB to produce information that is not within its possession, custody or control.  LGB also objects to Plaintiffs' definition of "Agent" because it includes any "shareholders" of LGB—not only is this sweepingly overbroad, but moreover, LGB lacks possession, custody, and control of documents of shareholders, and further still, under Plaintiffs' definition, all of the agents of the shareholders would also be included in the definition.  LGB objects to this definition on attorney and work product grounds insofar as it includes "Counsels."  Accordingly, in responding to these documents requests, LGB will deem only the following to be an "Agent": past or present officers, directors, consultants, or Employees, subject to the further objections contained below.

3.     **"Compliance Records."**  LGB objects to Plaintiffs' definition of "Compliance Records" as overly broad and vague.  LGB further objects to Plaintiffs' definition of "Compliance Records" as overbroad insofar as it is defined to include all "Communications generated by or in the possession of Defendants' Compliance and/or Audit Department(s)."  Further, LGB objects that "concerning," as used in this definition, is overbroad and disproportionate to the needs of the case to the extent that it purports to require LGB to determine whether a document that does not mention an identified person or entity nevertheless somehow "concerns" an identified person or entity.  Accordingly, in applying this definition, LGB will consider only documents that expressly mention an identified person or entity expressly listed in Exhibit 1 or Exhibit 2.

4.     **"Employee."**  LGB objects to Plaintiffs' definition of "Employee" to the extent that it includes any person employed by an Agent, as that would be vastly overbroad and would include hundreds if not thousands of persons with whom LGB has no relationship and whose documents are not in LGB's possession, custody or control.  LGB further objects that this definition is vague and ambiguous insofar as it seeks to include any person who has not entered into an employment agreement with LGB or the other, relevant purported employer.  Accordingly, LGB shall respond to requests concerning Employees only as to those natural persons who are, or have been, subject to an employment agreement with LGB or the other relevant purported employer.

5.     **"Martyr."**  LGB objects to Plaintiffs' definition of "Martyr" as vague and ambiguous because it requires knowledge of whom Hezbollah "deemed" or "designated" to be a "Martyr," and that information is not in the possession, custody, and control of LGB, and any such information is vague and ambiguous insofar as "Hezbollah" may not speak with one voice on the question of who is or is not considered by it to be a "Martyr."  LGB is prepared to meet and confer

8

with Plaintiffs concerning the scope of Plaintiffs' definition of "Martyr."

6.      **"Hezbollah."**  LGB objects to Plaintiffs' definition of "Hezbollah" insofar as Plaintiffs purport to include any natural persons as part of that definition.  LGB will respond to any request concerning Hezbollah on the basis that Hezbollah is an entity.

7.      **"Transactional Records."**  LGB objects to Plaintiffs' definition of "Transactional Records" as overly broad and vague.  LGB further objects to Plaintiffs' definition of "Transactional" insofar as it calls for duplicative production of documents.  Insofar as records of transactions are available on multiple systems, LGB will produce them only once.

8.      **"You" and "Your."**  LGB objects to Plaintiffs' definition of "You" to the extent that it conflates all Defendants.  For purposes of these Responses and Objections, LGB defines "You" and "Your" to refer to Lebanon and Gulf Bank SAL and provides responses on behalf of LGB only.

## OBJECTIONS TO INSTRUCTIONS

1.      **Instruction No. 1.**  LGB objects to instruction number 1 to the extent it exceeds the requirement of Fed. R. Civ. P. 26(e), such as purporting to apply to documents received by persons "purporting" to act for LGB.

2.      **Instruction No. 2.**  LGB objects to instruction number 2 to the extent it purports to require LGB to produce documents not in its possession custody and control.  LGB will produce only documents in its possession, custody or control.

3.      **Instruction No. 3.**  LGB objects to Plaintiffs' third instruction that originals be produced to the extent that LGB is prohibited by law from producing originals.

4.      **Instruction No. 5.**  LGB objects to Plaintiffs' fifth instruction on the grounds that producing all documents that "mention, discuss, refer to, or explain the documents implicated by

Plaintiffs' Requests" is overbroad and not proportional to the needs of the case, and exceeds the bounds of Fed. R. Civ. P. 26.

5.    **Instruction No. 6.**  LGB objects to Plaintiffs' sixth instruction on the grounds that the Plaintiffs' use of the term "same order" is vague and unduly burdensome, particular in the context of documents stored electronically.

6.    **Instruction No. 7.**  LGB objects to Plaintiffs' seventh instruction insofar as it applies to electronic documents. LGB further objects to Plaintiffs' seventh instruction insofar as it exceeds the scope of Fed. R. Civ. P. 26.

7.    **Instruction No. 8.**  LGB objects to Plaintiffs' eighth instruction insofar as it purports to require LGB to create identification documents not already in its possession, custody or control, and insofar as it exceeds the scope of Fed. R. Civ. P. 26.

8.    **Instruction No. 10.**  LGB objects to Plaintiffs' tenth instruction insofar as it exceeds the requirements of Fed. R. Civ. P. 26 and 34.

9.    **Instruction No. 12.**  LGB objects to Plaintiffs' twelfth instruction that the Relevant Time Period is January 1, 2003, through December 31, 2011. The last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Transactions occurring after November 30, 2011 have no causal relationship to any of the injuries allegedly suffered by Plaintiffs, and therefore have no relevance to Plaintiffs' claims. LGB will not produce documents that post-date November 30, 2011.

10.    **Instruction No. 13.**  LGB objects to Plaintiffs' thirteenth instruction because it is unduly burdensome, duplicative, and not proportional to the needs of the case. Any reasonable search LGB undertakes in response to Plaintiffs' request will be limited to the precise spellings of

names that Plaintiffs have provided, and the precise names of entities, including corporate form

that Plaintiffs have provided on Exhibit 1 and Exhibit 2.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Account Opening Records for any accounts maintained during the Relevant Time

Period by a Defendant for the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 1:**

LGB incorporates each of its General Objections as if set forth here in full, including an

objection to this Request to the extent that it purports to require the disclosure of information that

LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates

Common Objections Nos. 1, 2, 3, 6 and 7 as if set forth here in full. LGB objects to this Request

on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant

to any party's claim or defense related to this Litigation and is not proportional to the needs of this

Litigation, including because this Request seeks "All Account Opening Records," without regard

to whether the subject matter of such records is relevant to the claims or defenses in this Litigation.

LGB further objects to this Request to the extent it seeks documents already in Plaintiffs'

possession.

Subject to and without waiver of its objections to this Request, and to the extent consistent

with its obligations under Lebanon's Banking Secrecy Act, LGB will produce non-privileged

Account Opening Records in its possession, custody, or control for the time period January 1, 2003

through November 30, 2011, that can be located through a reasonable search, if any, concerning

only the persons and entities listed in Exhibit 1 who are alleged to be customers of LGB as to

whom LGB could potentially be subject to liability under the claims and allegations asserted

against LGB in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All Transactional Records concerning the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 2:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates Common Objections Nos. 1, 2, 3, 6 and 7 as if set forth here in full. LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "All Transactional Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. It also would be unduly burdensome and not proportional to the needs of this Litigation to search all of LGB's transactional records over a period of nine years to respond to this request. LGB further objects to this Request to the extent it seeks documents already in Plaintiffs' possession.

Subject to and without waiver of its objections to this Request, and to the extent consistent with its obligations under Lebanon's Banking Secrecy Act, LGB will produce non-privileged Transactional Records in its possession, custody, or control, if any, for the time period January 1, 2003 through November 30, 2011, that can be located through a reasonable search of the records of any accounts maintained only by the persons and entities listed in Exhibit 1 who are alleged to be customers of LGB as to whom LGB could potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All Compliance Records concerning the persons and entities listed in Exhibit 1.

**RESPONSE TO REQUEST NO. 3:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates Common Objections Nos. 1, 2, 3, 6 and 7 as if set forth here in full. LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "All Compliance Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. LGB further objects to this Request to the extent it seeks documents already in Plaintiffs' possession.

Subject to and without waiver of its objections to this Request, and to the extent consistent with its obligations under Lebanon's Banking Secrecy Act, LGB will produce non-privileged Compliance Records in its possession, custody, or control, if any, for the time period January 1, 2003 through November 30, 2011, that can be located through a reasonable search, concerning only the persons and entities listed in Exhibit 1 who are alleged to be customers of LGB as to whom LGB could potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 4:**

All Account Opening Records for any accounts maintained during the time period between January 1, 2012, and December 31, 2021, by a Defendant for the persons and entities listed in Exhibit 2.

13

**RESPONSE TO REQUEST NO. 4:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates Common Objections Nos. 1, 2 and 3 as if set forth here in full. LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "All Account Opening Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. LGB further objects to this Request to the extent that it seeks documents already in Plaintiffs' possession. LGB also objects to the time period of this Request, January 1, 2012 through December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended Complaint and, therefore, has no relevance to Plaintiffs' claims. LGB also objects to this Request on the grounds that it seeks information regarding all of the individuals in Exhibit 2, the vast majority of whom are not customers of LGB and have no relationship with LGB and/or as to whom LGB could not potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.

LGB accordingly objects to the production of any responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

All Transactional Records during the time period between January 1, 2012, and December 31, 2021, concerning the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 5:**

LGB incorporates each of its General Objections as if set forth here in full, including an

objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates Common Objections Nos. 1, 2 and 3 as if set forth here in full. LGB further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "All Transactional Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. LGB further objects to this Request to the extent it seeks documents already in Plaintiffs' possession. LGB also objects to the time period of this Request, January 1, 2012 through December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended Complaint and, therefore, has no relevance to Plaintiffs' claims. LGB also objects to this Request on the grounds that it seeks information regarding all of the individuals in Exhibit 2, the vast majority of whom are not customers of LGB and have no relationship with LGB and/or as to whom LGB could not potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.

LGB accordingly objects to the production of any responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

All Compliance Records during the time period between January 1, 2012, and December 31, 2021, concerning the persons and entities listed in Exhibit 2.

**RESPONSE TO REQUEST NO. 6:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates

Common Objections Nos. 1, 2 and 3 as if set forth here in full.  LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "All Compliance Records," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. LGB further objects to this Request to the extent it seeks Documents already in Plaintiffs' possession.  LGB also objects to the time period of this Request, January 1, 2012 through December 31, 2021, because it post-dates the last of the attacks alleged in the Second Amended Complaint and therefore has no relevance to Plaintiffs' claims.  LGB also objects to this Request on the grounds that it seeks information regarding all of the individuals in Exhibit 2, the vast majority of whom are not customers of LGB and have no relationship with LGB and/or as to whom LGB could not potentially be subject to liability under the claims and allegations asserted against LGB in the Second Amended Complaint.

LGB accordingly objects to the production of any responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications which refer or relate to payments made through and/or facilitated by a Defendant to the families or representatives of so-called "Martyrs" as defined herein. These Documents and Communications include but are not limited to those which identify account numbers for the accounts from which such funds were disbursed; account numbers for the accounts to which such funds were disbursed; the persons or entities that opened such accounts; the persons or entities in whose name such accounts were opened; the persons to whom or for whose benefit such funds were disbursed; the amounts which were disbursed and the dates of such disbursements; the wiring or other transfer of funds between such accounts; receipts

or other confirmations of a payment; the identity of Defendants' employees with knowledge of such disbursements; and with respect to the accounts which were the source of funds disbursed to such families, all Documents which identify the manner in which such funds were disbursed into such accounts prior to disbursement to such families, including but not limited to Documents which identify the source of such funds; the depositor of such funds; the date of such deposits; the wiring of such funds; the amount to be disbursed or paid; or the identity of Defendants' employees with knowledge of such deposits.

**RESPONSE TO REQUEST NO. 7:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates Common Objections Nos. 4 and 5 as if set forth here in full. LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation, including because this Request seeks "All Documents and Communications," without regard to whether the subject matter of such records is relevant to the claims or defenses in this Litigation. LGB further objects to this Request to the extent it seeks documents already in Plaintiffs' possession. LGB objects to this Request on the grounds that is vague because it seeks documents related to "Martyrs" and their families, but it does not identify who the martyrs or their families are. It would be unduly burdensome to request that LGB search the entirety of its transactional records, as the Request requires, to identify such payments. LGB further objects to this Request to the extent that it is duplicative of Request Nos. 1, 2, 3, 4, 5 and 6. LGB also objects to this Request to the extent that it constitutes an interrogatory that is improperly sought under

Federal Rule 33 and Local Rule 33.3.

LGB accordingly objects to the production of any responsive documents.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications during the time period between January 1, 2003, and December 31, 2018, concerning Hezbollah or Agents of Hezbollah

**RESPONSE TO REQUEST NO. 8:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act.  LGB also incorporates Common Objections No. 4 as if set forth here in full.  LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation. LGB further objects to this Request to the extent it seeks documents already in Plaintiffs' possession.  LGB also objects to the expanded time period of January 1, 2003 through December 31, 2018, as overbroad and unduly burdensome because it requires LGB to search all of its communications over a 16-year period, including over 7 years after the last attack alleged in the Second Amended Complaint which renders the communications in this time period of no relevance to Plaintiffs' claims.  LGB also objects to this Request on the grounds that it is vague because it does not identify who the "Agents" of Hezbollah are. LGB further objects to this Request to the extent that it is duplicative of Request Nos. 1, 2, 3, 4, 5, 6 and 7.

LGB accordingly objects to the production of any responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications to or from the U.S. concerning the following matters: (a) Hezbollah

or Agents of Hezbollah, (b) The persons and entities listed in <u>Exhibit 1</u>.

**RESPONSE TO REQUEST NO. 9:**

LGB incorporates each of its General Objections as if set forth here in full, including an objection to this Request to the extent that it purports to require the disclosure of information that LGB is restricted from disclosing under Lebanon's Banking Secrecy Act. LGB also incorporates Common Objections Nos. 1, 2 and 4 as if set forth here in full. LGB objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense related to this Litigation and is not proportional to the needs of this Litigation. LGB further objects to this Request to the extent it seeks documents already in Plaintiffs' possession. LGB also objects to this Request on the grounds that is vague because it does not identify who the "Agents" of Hezbollah are. LGB also objects to this Request on the grounds that it seeks information regarding all of the individuals in Exhibit 1, the vast majority of whom are not customers of LGB and have no relationship with LGB and/or as to whom LGB could not potentially be subject to liability under the claims and allegations asserted against LGB in the

Second Amended Complaint.  LGB further objects to this Request to the extent that it is duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7 and 8.

LGB accordingly objects to the production of any responsive documents.


Dated: March 18, 2022

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com

2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315


*Attorneys for Defendants MEAB Bank s.a.l,
Fenicia Bank s.a.l, and Lebanon and Gulf Bank
s.a.l*