

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

March 3, 2023

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Bartlett v. Société Générale de Banque au Liban S.A.L.*, Case No. 19-cv-0007

Dear Judge Merkl:

**Plaintiffs' Position**

  Plaintiffs write to the Court pursuant to Fed. R. Civ. P. 37(a)(1) and Section 3A of Your Honor's Individual Practices and Rules regarding a dispute between the parties pertaining to Plaintiffs' First Set of Interrogatories ("First Interrogatories") and subsequent Proposed Updated First Set of Interrogatories ("Updated Interrogatories"), which the Defendants have declined to answer substantively.[1] Notwithstanding extensive correspondence and two meet-and-confers, the parties have been unable to resolve this dispute to Plaintiffs' satisfaction. Therefore, Plaintiffs seek an informal conference with the Court to discuss this matter in anticipation of filing a motion to compel. Plaintiffs have requested that the Defendants provide their position in writing for the purposes of this letter, and they have done so. Plaintiffs do not agree with many factual assertions set forth by Defendants below, but in the interests of efficiency (and brevity), they will respond further at the conference rather than further delay filing of this letter.

  For the reasons set forth herein, Plaintiffs will request leave to file a motion seeking to compel Defendants to respond to their Updated Interrogatories, attached herein as <u>Exhibit 1</u>.

  As the Court will recall, Plaintiffs allege in their Second Amended Complaint that Defendants knowingly provided substantial assistance to the U.S.-designated Foreign Terrorist Organization ("FTO") Hezbollah, through, *inter alia*, bank customers and counterparties that are designated Specially Designated Global Terrorists ("SDGTs") and Specially Designated Narcotics Traffickers ("SDNTs") so-designated for their integral role in Hezbollah's multifaceted terrorist enterprise. Proving this claim requires Plaintiffs to demonstrate via a preponderance of the evidence that Defendants were generally aware of their respective roles in unlawful activities from which the attacks that injured Plaintiffs were a reasonably foreseeable risk. *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 860 (2d Cir. 2021) (referencing *Halberstam v. Welch*, 705 F.2d 472, 488 (D.C. Cir. 1983)).

---

[1] Defendants did substantively respond to Interrogatory No. 7 of the First Interrogatories.

Previously, Defendants refused to produce all documents requested by Plaintiffs which are located in Lebanon or pertain to their Lebanese customers and have not yet produced any documents in this litigation. *See, e.g.*, ECF No. 276.

Bearing in mind that even if the Court ultimately overrules Defendants' bank secrecy objections, the resolution of that central discovery issue may take years (in *Linde v. Arab Bank, PLC* the discovery phase of the bank secrecy dispute lasted eight years), Plaintiffs served interrogatories that were (1) specifically limited to Defendants' financial services for the benefit of SDGTs and SDNTs, while (2) seeking only quantifiable metrics rather than disclosure of specific customer information that could implicate Lebanese bank secrecy. Specifically, the First Interrogatories, attached herein as Exhibit 2, requested specified, numerical information (such as "total number of" or "total value of") about clearly defined terms (such as "Accounts" or "Funds Transfers") regarding designated SDGTs and SDNTs on an attached exhibit for clearly specified time periods.

The First Interrogatories and Proposed Interrogatories (which break out the former into sub-questions) discussed below are all – as is clear on their face – highly relevant and entirely within the proper scope of discovery. And they do not call for the disclosure of any information implicating Lebanese, or any other, foreign bank secrecy. As discussed below, Plaintiffs have made multiple, unsuccessful efforts to accommodate Defendants' stated concerns even though, in Plaintiffs' view, they were meritless and unsupported by any caselaw. Defendants have also repeatedly expressed their intention to refuse to substantively respond to the interrogatories (other than the one interrogatory they have substantively responded to) until this Court issues its decision on the pending discovery motions, asserting that their obligation to respond will be "impacted by that decision." To date, Defendants have articulated no *legal* basis for their refusal to substantively answer the rest of the interrogatories.

### Procedural History of the Dispute

On June 9, 2022, Plaintiffs served their First Interrogatories on Defendants. On August 24, 2022, after seeking and obtaining an extension to respond in order to provide substantive responses to the interrogatories, Defendants served their responses and objections to them, attached herein as Exhibit 3.[2] As noted above, Defendants provided a substantive response to the seventh interrogatory, but they interposed boilerplate objections to the other six interrogatories, including objections that they were, *inter alia*, vague, ambiguous, overbroad, and unduly burdensome. Thereafter, in accordance with EDNY Local Rule 37.3, the parties met and conferred on September 12, 2022, by phone.

During the call, Defendants contended that providing numerical information without providing further context would result in misleading responses—but that foreign bank secrecy laws prevented them from providing that context. Instead, they proposed the possibility of simply excluding various categories of accounts or account holders from their answers altogether in

---

[2] Defendants (except Lebanese Canadian Bank and Jammal Trust Bank) served their own individual responses and objections. Plaintiffs have attached the responses and objections of BLOM Bank, which are materially similar to the responses and objections of the other Defendants.

responding to the First Interrogatories. Plaintiffs proposed instead that Defendants propose sub-questions for each interrogatory, to allow Defendants to break them out according to their views on relevance, thereby allowing them to provide the additional context they believed necessary to respond to them accurately while continuing to provide numerical answers that did not implicate bank secrecy. For example, rather than exclude so-called "administrative accounts" from their answer as to the number of accounts they held for SDGTs and SDNTs, Defendants could answer that question, but also separate out the number of administrative and non-administrative accounts in sub-questions. Plaintiffs understood from the call that Defendants would send Plaintiffs a draft of a proposed set of revised interrogatories for them to answer.

Plaintiffs wrote Defendants on September 20, 2022, asking them when Plaintiffs could expect to receive a response from Defendants. Defendants replied the same day that they were coordinating a response amongst themselves. Plaintiffs followed up with Defendants on September 28, 2022, and October 12, 2022, receiving responses after each inquiry that Defendants hoped to provide a substantive response soon. On October 20, 2022, Defendants wrote Plaintiffs and again proposed that they exclude major sources of information from their responses to the First Interrogatories, listing out the categories of accounts or accountholders they would exclude. Defendants, however, did not send Plaintiffs a proposed set of revised interrogatories for them to answer. Therefore, on November 4, 2022, Plaintiffs wrote Defendants, explaining in detail why their proposed exclusions were inappropriate. Nevertheless, Plaintiffs also served the Proposed Interrogatories with sub-questions intended to address Defendants' proposed exclusions.

After additional follow up inquiries, Plaintiffs received Defendants' December 14, 2022, one-page letter, which characterized Plaintiffs' counterproposal as "unacceptable." Plaintiffs responded on December 16, 2022, asking Defendants to propose a set of revised interrogatories that Defendants would be prepared to answer. Plaintiffs extended Defendants a month to do so and reiterated their desire to avoid motion practice.

On January 26, 2023, Plaintiffs engaged in another meet-and-confer with Defendants, in which Defendants asked whether – subject to Defendants' subsequent collective internal agreement – Plaintiffs would be amenable to a compromise with Defendants whereby Defendants would answer some of the interrogatories and Plaintiffs would not move to compel for substantive responses to the others until the Court had resolved the outstanding discovery motions before it. On February 3, 2023, Plaintiffs responded that although they believed Defendants were obligated to respond to all of the interrogatories, if Defendants informed Plaintiffs which specific subset of interrogatories they were prepared to respond to, Plaintiffs would consider Defendants' proposal. Defendants indicated they would discuss the matter further internally during the week of February 13 and ultimately advised Plaintiffs on February 21, 2023, that they decline to identify interrogatories or any subset of them that they are prepared to answer without a prior agreement by Plaintiffs that they will not move to compel until after the Court resolves the pending bank secrecy motions. Plaintiffs therefore request an informal conference with the Court.

**The Moving Defendants' Position**[3]

The Moving Defendants do not believe a conference with the Court is necessary at this time, but welcome the opportunity to speak with the Court if it wishes to convene one.

Plaintiffs contemplate moving to compel the Moving Defendants to respond substantively to a revised set of interrogatories that they served on November 4, 2022. But as Moving Defendants have explained to Plaintiffs in multiple meet-and-confer sessions, the two discovery motions currently pending before the Court (ECF 270, 275) will impact whether and how the Moving Defendants respond to the Plaintiffs' interrogatories. Specifically, those motions raise two critical issues that bear directly on the Moving Defendants' obligation and ability to respond to Plaintiffs' interrogatories: (1) the proper scope of discovery in this case, and (2) the parties' approach to the restrictions imposed by Lebanese law on the disclosure of information relating to bank clients. With those motions pending, the parties' dispute over Plaintiffs' interrogatories—if there even is a dispute following resolution of those motions—has not yet ripened. Thrusting a third motion at the Court now on an unripe issue would waste judicial and party resources.

**The Pending Motions Will Clarify the Proper Scope of Discovery**. On May 2, 2022, Plaintiffs moved to compel the Moving Defendants to produce an exceptionally broad array of client-related information in response to Plaintiffs' initial requests for production. ECF 270. Plaintiffs acknowledge that Lebanese law prohibits the Moving Defendants from disclosing such information, but seek an order compelling production regardless. *Id*. at 14. The Moving Defendants cross-moved for a protective order on June 16, 2022. ECF 275. The thrust of the Moving Defendants' argument is that, given the extraordinary breadth of Plaintiffs' complaint and their requests for production—which do not distinguish between any of the eleven Moving Defendants or tether the discovery requests to the allegations in the complaint or the scope of liability under JASTA—and the fact that the disclosure would violate foreign law, the Court should first tailor the scope of discovery pursuant to the standards of Federal Rule of Civil Procedure 26 and the Restatement (Third) of Foreign Relations Law. Then, with scope appropriately narrowed, the parties should be given the opportunity to mitigate or avoid conflicts with Lebanese law. *See* ECF 275 at 1; 298 at 1. The Moving Defendants have presented the Court with a proposed order giving structure and effect to this approach. ECF 298-1.

Plaintiffs' interrogatories implicate similar scope issues, and motion practice regarding the interrogatories therefore should be deferred until the Court rules on the pending motions. Like Plaintiffs' requests for production, Plaintiffs' interrogatories do not differentiate between any Moving Defendant. *See* Exhibit 1. Nor do they limit the individuals and entities about which they seek information to those alleged to have been customers of any particular Moving Defendant. *Id*. And like Plaintiffs' requests for production, their interrogatories seek information that could not support liability under JASTA, such as data regarding accounts held and funds transfers executed *after* the date of the last attack alleged in the complaint or *before* any information was publicly

---

[3] The Moving Defendants are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) LGB Bank S.A.L., (9) Banque Libano-Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank SAL.

available tying the individual or entity in question to Hezbollah. *Id.*[4] Resolution of the pending motions will thus inform the Moving Defendants' responses to Plaintiffs' interrogatories.

**The Pending Motions Will Set Forth a Protocol for Approaching Lebanese Law**. A ruling on the pending motions also will address the Moving Defendants' efforts to mitigate or obviate any obstacle to disclosure presented by Lebanese law. *See, e.g.*, ECF 298-1 (Moving Defendants' proposed order, setting forth a protocol for issuing letters rogatory to the Lebanese governmental authority in order to disclose relevant client data). Indeed, even Plaintiffs propose that the parties pursue letters rogatory in Lebanon to seek assistance from Lebanese authorities in light of Lebanese law conflicts. *See* ECF 295-1 (Plaintiffs' proposed discovery order).

Although Plaintiffs contend that the interrogatories "do not call for the disclosure of any information implicating Lebanese, or any other, foreign bank secrecy," that simply is not true. Even if providing specific figures in response to Plaintiffs' interrogatories did not violate the Lebanese Banking Secrecy Act, the Moving Defendants certainly would be prevented by Lebanese law from providing context necessary to understand those figures. For instance, a Moving Defendant might be permitted under Lebanese law to disclose that it held an account for one (unspecified) individual or entity on the list provided in Plaintiffs' interrogatories, but would be unable to provide the obviously critical context that such account was closed years before the time period relevant to this case. Such limitation is both prejudicial to the Moving Defendants and also unhelpful and misleading for the factfinder.

**There is No Need or Benefit to Immediately Compelling Interrogatory Responses**. Other factors further counsel in favor of deferring Plaintiffs' interrogatories at this stage. First, Plaintiffs' interrogatories seek information that is likely to be contained in documents that Plaintiffs already have demanded. There is no reason to compel the provision of this duplicate information now. Second, as Plaintiffs well know, the U.S. Supreme Court has just heard argument in *Twitter v. Taamneh*, which addresses the scope of aiding and abetting liability under JASTA. A ruling in that case (expected in June) almost certainly will address the scope of such liability and, consequently, may inform the proper scope of discovery in a JASTA aiding and abetting case like this one. Though Moving Defendants do not necessarily advocate staying all proceedings until a decision is rendered in *Taamneh*, the imminence of that decision militates against Plaintiffs' effort to rush ahead with interrogatories. Finally, Plaintiffs identify no prejudice that they would suffer by simply awaiting the Court's rulings on the pending motions and applying those rulings in the context of their interrogatories. Conversely, forcing the Moving Defendants to answer interrogatories before the scope of discovery is ruled upon, and without the ability to disclose critical information due to Lebanese law, would result in significant prejudice.[5]

---

[4] The Moving Defendants each timely objected to Plaintiffs' interrogatories on these and other grounds and consistently have urged Plaintiffs to wait until the pending discovery motions are decided before attempting to litigate these duplicative issues in the context of their interrogatories. *See, e.g.*, Responses and Objections of BLOM Bank.

[5] Plaintiffs provide a skewed recitation of the "procedural history of this dispute," which, for the sake of brevity, the Moving Defendants will not counter in full detail. However, the Moving Defendants note that (1) they have consistently and clearly objected to the interrogatories on the basis that they are premature and should await resolution of the pending discovery motions, (2) they did not agree to provide Plaintiffs with "a proposed set of revised interrogatories for them to answer" during the parties' September 12, 2022, meet-and-confer call, nor did they agree

        The Moving Defendants respectfully request that the Court deny Plaintiffs' motion for an informal conference and instead direct the parties to meet and confer regarding Plaintiffs' interrogatories no more than fifteen days after the Court's rules on the pending discovery motions.

        Respectfully submitted,

        /s/ Gary M. Osen

cc: All counsel (via ECF)

---

that sub-interrogatories were an adequate solution to their concerns; (3) Plaintiffs' "revised interrogatories" did not "address" Moving Defendants' objections based on the inability to provide context to their answers, but simply added subparts to the objectionable interrogatories; and (4) they did not "propose a compromise" in the parties' January 26, 2023, meet-and-confer, but rather reiterated and elaborated on the inefficiency of litigating Plaintiffs' interrogatories with two related discovery motions still pending.