# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT BARTLETT, *et al.*,

                        Plaintiffs,

-against-

SOCIETE GENERALE DE BANQUE AU LIBAN SAL, *et al.*,

                        Defendants.

No. 19-cv-00007 (CBA) (TAM)

---

### RESPONSES AND OBJECTIONS OF DEFENDANT BLOM BANK SAL TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Pursuant to Rules 26, 33 and 44.1 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Civil Rules of the U.S. District Court for the Eastern District of New York ("Local Rules"), Defendant BLOM Bank SAL ("BLOM") responds and objects to Plaintiffs' First Set of Interrogatories Directed to Defendants, dated June 9, 2022 ("Responses") in the above captioned litigation ("Litigation"). For any Response indicating that information will not be produced at this time, BLOM is prepared to engage in a meet and confer with Plaintiffs concerning the scope of the Interrogatory, BLOM's objections to the Interrogatory, Plaintiffs' position with respect to waivers resulting from any disclosure of information in response to the Interrogatory, and the timing of any disclosure.

### GENERAL RESPONSES AND OBJECTIONS

1.      BLOM objects to the Interrogatories to the extent that they are overly broad or unduly burdensome.

2.      BLOM objects to the Interrogatories to the extent that they call for information

that is not relevant to the subject matter of this Litigation, not relevant to any party's claim or defense related to this Litigation, and/or not proportional to the needs of this Litigation.

3. BLOM objects to the Interrogatories to the extent that they seek to impose on BLOM obligations that exceed those imposed by or are inconsistent with the Federal Rules and/or the applicable Local Rules.

4. BLOM objects to the Interrogatories to the extent they purport to require the disclosure of information that BLOM is prohibited from disclosing by any law, including without limitation Lebanon's Law of September 3, 1956 on Banking Secrecy ("Lebanon's Banking Secrecy Act") and Articles 6 and 8 of Lebanese Law 44/2015.  BLOM will not disclose such prohibited information, except as consistent with its obligations under Lebanon's Banking Secrecy Act.  To the extent that Lebanon's Banking Secrecy Act does not prohibit BLOM from disclosing the collective information sought in Interrogatory Nos. 1 through 6, BLOM objects that the Interrogatories are argumentative and unduly prejudicial because Lebanon's Banking Secrecy Act precludes BLOM from providing a full explanation of its Response, which would render the Response incomplete and misleading.

5. BLOM objects to the Interrogatories to the extent that they call for the disclosure of information protected by any privilege or protection, including, without limitation, the attorney-client privilege, the attorney work product immunity doctrine, common interest privilege, joint defense privilege, the bank examiner privilege (*see In re Subpoena Served upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed. Reserve Sys.*, 967 F.2d 630 (D.C. Cir. 1992)), the suspicious activity report privilege (*see*, 12 CFR § 21.11(k)), the professional secrecy obligation under Article 579 of the Lebanese Criminal Code, privilege accorded to regulatory submissions made pursuant to Lebanese Law 44/2015, Circular 83 of the Banque du

2

Liban, the Lebanese Code of Money and Credit of 1963 article 55 of Lebanese Law 161/2011, or any other available and valid grounds for withholding information from disclosure.

6.  BLOM's Responses are made without waiving: (a) any rights and/or privileges in the Litigation or any other action, proceeding or investigation; (b) any objections to the relevance, materiality, privilege, or admissibility as evidence, for any purpose, of any information, or response provided to the Interrogatories; (c) any objections as to the form of the Interrogatories, including as to vagueness and ambiguity; (d) the right to object on any ground to the use of any information or response in this Litigation or any other action, proceeding or investigation; and (e) the right to object on any ground at any time to a demand for further responses to the Interrogatories.

7.  In providing these Responses, BLOM reserves all rights to reject, contest, or object to the Interrogatories, either in whole or in part, on grounds other than those set forth herein pursuant to any applicable law or rule. BLOM also reserves the right to supplement or amend the Responses set forth herein as necessary and as more information becomes available. Furthermore, BLOM's Responses should not be understood as an acceptance or adoption of either the factual assertions made in the Interrogatories nor the definitions of the terms used in the Interrogatories, nor as an admission that the information sought by the Interrogatories is relevant, material, or admissible.

8.  BLOM objects to the Interrogatories on the ground that the Court has pending before it a motion to compel production and a motion for a protective order that address the appropriate scope and sequencing of discovery. Those motions may determine, among other things, whether it is appropriate to seek discovery of information about events and transactions occurring after November 30, 2011. For that reason, the Interrogatories are premature.

3

## OBJECTIONS TO DEFINITIONS

1.      Plaintiffs' First Set of Interrogatories incorporates by reference all prior definitions and instructions set forth in the *Bartlett* Plaintiffs' December 31, 2021, First Request for the Production of Documents to Defendants (the "First RFP").  Accordingly, BLOM incorporates all prior objections and responses to Plaintiffs' definitions and instructions set forth in BLOM's Responses and Objections to Plaintiffs' First RFP dated March 18, 2022.

2.      BLOM objects to the definition of "Account" to the extent it includes any "beneficial accounts" as this phrase is unduly vague and ambiguous and moreover improperly creates an undue burden to obtain information or the information cannot be obtained with reasonable efforts, at least in part, because this information is not readily searchable in BLOM's records.

3.      BLOM objects to the definition of "Customer" to the extent it includes accounts "held for the benefit, or under the control, of a person or entity listed in" Exhibit A as this phrase is unduly vague and ambiguous, improperly calls for a legal conclusion as to whether a person or entity on Exhibit A "control[s]" or "benefit[s]" from an account, and moreover improperly creates an undue burden to obtain information or the information cannot be obtained with reasonable efforts, at least in part, because this information is not readily searchable in BLOM's records.  BLOM notes that the foregoing undue burden is compounded by Plaintiffs' request for such information as to a lengthy list of vaguely identified persons or entities.

4.      BLOM objects to the definition of "Funds Transfers" to the extent that it includes bank fees, foreign exchange transactions, transfers between a customer's own accounts or sub-accounts and any other account transactions that do not involve a third-party, *i.e.*, a person other than BLOM and its customer.  The Interrogatories' definition of "Funds Transfers" is overbroad

4

and unduly burdensome, at least in part, because account transactions that do not involve a third-party are unrelated to the claims and defenses in this Litigation and are not proportional to the needs of this Litigation.  Accordingly, BLOM will construe "Funds Transfers" to exclude charges for interest, bank fees, stamp fees, credits, or debits under BLOM's customer reward programs, foreign exchange transactions, transfers between a customer's own accounts or sub-accounts and any other Funds Transfers which do not involve a third-party.  For the avoidance of doubt, BLOM will not deem "Funds Transfers" to exclude cash deposits or cash withdrawals.

5. BLOM objects to Exhibit A to the extent it fails to designate individuals or entities with particularity.  In particular, many of the designations referenced in Exhibit A do not provide sufficient identifying data about individuals (such as date of birth or register number) for BLOM to determine whether the individual was a BLOM customer.  BLOM will construe Exhibit A to include only those individuals or entities that it can conclusively match to its records.  Further, BLOM objects to the scope of Exhibit A to the extent it includes individuals or entities once designated as SDGTs or SDNTs whose designations were later removed. BLOM will construe Exhibit A to include only those individuals and entities that were designated during the relevant time period and whose designations were not later removed.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**

State the total number of Accounts You held for the Specially Designated Global Terrorists and Specially Designated Narcotics Traffickers listed on Exhibit A during the period between January 1, 2003, and December 31, 2011, regardless of whether the person or entity was designated at the time You held the Accounts.

5

**RESPONSE TO INTERROGATORY NO. 1:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this Litigation and is not proportional to the needs of this Litigation, including because the last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Designations occurring after November 14, 2011 have no relevance to Plaintiffs' claims, including because designations occurring after the attacks at issue are unrelated to BLOM's alleged general awareness. In addition, any designation occurring after BLOM ceased to hold an Account is unrelated to BLOM's alleged general awareness. Similarly, accounts held after November 14, 2011 have no relevance to Plaintiffs' claims because they cannot have provided substantial assistance to any act of international terrorism that allegedly injured Plaintiffs. BLOM further objects to this Interrogatory to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, and provided that such disclosure is not inconsistent with its obligations under Lebanon's Banking Secrecy Act, BLOM will supplement and/or amend its response to this Interrogatory at the appropriate time, as discussed above.

**INTERROGATORY NO. 2**

State the total number of Accounts You held for the Specially Designated Global Terrorists and Specially Designated Narcotics Traffickers listed on Exhibit A more than sixty (60) days after the date of designation of those individuals or entities by the United States government through December 31, 2021.

**RESPONSE TO INTERROGATORY NO. 2:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this Litigation and is not proportional to the needs of this Litigation, including because the last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Designations occurring after November 14, 2011 have no relevance to Plaintiffs' claims, including because designations occurring after the attacks at issue are unrelated to BLOM's alleged general awareness. Similarly, accounts held after November 14, 2011 have no relevance to Plaintiffs' claims because they cannot have provided substantial assistance to any act of international terrorism that allegedly injured Plaintiffs. BLOM further objects to this Interrogatory to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, and provided that such disclosure is not inconsistent with its obligations under Lebanon's Banking Secrecy Act, BLOM will supplement and/or amend its response to this Interrogatory at the appropriate time, as discussed above.

**INTERROGATORY NO. 3**

State the total number of Funds Transfers You Processed for the Specially Designated Global Terrorists and Specially Designated Narcotics Traffickers listed on Exhibit A from the date of designation of those individuals or entities by the United States government through December 31, 2011.

**RESPONSE TO INTERROGATORY NO. 3:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this Litigation and is not proportional to the needs of this Litigation, including because the last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Designations occurring after November 14, 2011 have no relevance to Plaintiffs' claims, including because designations occurring after the attacks at issue are unrelated to BLOM's alleged general awareness. Similarly, transfers of funds occurring after November 14, 2011 have no relevance to Plaintiffs' claims because they cannot have provided substantial assistance to any act of international terrorism that allegedly injured Plaintiffs. BLOM further objects to this Interrogatory to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, and provided that such disclosure is not inconsistent with its obligations under Lebanon's Banking Secrecy Act, BLOM will supplement and/or amend its response to this Interrogatory at the appropriate time, as discussed above.

**INTERROGATORY NO. 4**

State the total number of Funds Transfers You Processed for the Specially Designated Global Terrorists and Specially Designated Narcotics Traffickers listed on Exhibit A from the date of designation of those individuals or entities by the United States government through December 31, 2021.

**RESPONSE TO INTERROGATORY NO. 4:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this Litigation and is not proportional to the needs of this Litigation, including because the last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Designations occurring after November 14, 2011 have no relevance to Plaintiffs' claims, including because designations occurring after the attacks at issue are unrelated to BLOM's alleged general awareness. Similarly, transfers of funds occurring after November 14, 2011 have no relevance to Plaintiffs' claims because they cannot have provided substantial assistance to any act of international terrorism that allegedly injured Plaintiffs. BLOM further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 3 and to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, and provided that such disclosure is not inconsistent with its obligations under Lebanon's Banking Secrecy Act, BLOM will supplement and/or amend its response to this Interrogatory at the appropriate time, as discussed above.

**INTERROGATORY NO. 5**

State the total dollar value of all Funds Transfers You Processed for the Specially Designated Global Terrorists and Specially Designated Narcotics Traffickers listed on Exhibit A from the date of designation of those individuals or entities by the United States government through December 31, 2011.

9

**RESPONSE TO INTERROGATORY NO. 5:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this Litigation and is not proportional to the needs of this Litigation, including because the last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Designations occurring after November 14, 2011 have no relevance to Plaintiffs' claims, including because designations occurring after the attacks at issue are unrelated to BLOM's alleged general awareness. Similarly, transfers of funds occurring after November 14, 2011 have no relevance to Plaintiffs' claims because they cannot have provided substantial assistance to any act of international terrorism that allegedly injured Plaintiffs. BLOM further objects to this Interrogatory to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, and provided that such disclosure is not inconsistent with its obligations under Lebanon's Banking Secrecy Act, BLOM will supplement and/or amend its response to this Interrogatory at the appropriate time, as discussed above.

**INTERROGATORY NO. 6**

State the total dollar value of all Funds Transfers You Processed for the Specially Designated Global Terrorists and Specially Designated Narcotics Traffickers listed on Exhibit A from the date of designation of those individuals or entities by the United States government through December 31, 2021.

10

**RESPONSE TO INTERROGATORY NO. 6:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this Litigation and is not proportional to the needs of this Litigation, including because the last of the attacks in which a Plaintiff was allegedly injured occurred on November 14, 2011. Designations occurring after November 14, 2011 have no relevance to Plaintiffs' claims, including because designations occurring after the attacks at issue are unrelated to BLOM's alleged general awareness. Similarly, transfers of funds occurring after November 14, 2011 have no relevance to Plaintiffs' claims because they cannot have provided substantial assistance to any act of international terrorism that allegedly injured Plaintiffs. BLOM further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 5 and to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, and provided that such disclosure is not inconsistent with its obligations under Lebanon's Banking Secrecy Act, BLOM will supplement and/or amend its response to this Interrogatory at the appropriate time, as discussed above.

**INTERROGATORY NO. 7**

State the total number of occasions up until the present, upon which You disclosed Customer information to a government other than the government of Lebanon, or to a representative of a government other than the government of Lebanon, without obtaining prior consent from the Customer or obtaining the prior consent of Lebanese authorities before making the disclosure.

**RESPONSE TO INTERROGATORY NO. 7:**

BLOM incorporates each of its General Objections as if set forth here in full. BLOM further objects to this Interrogatory to the extent it requires the disclosure of information that BLOM is prohibited from disclosing under Lebanon's Banking Secrecy Act.

Subject to and without waiver of its objections to this Interrogatory, BLOM has never disclosed Customer information to a government other than the government of Lebanon, nor to a representative of a government other than the government of Lebanon, without obtaining prior consent from the Customer or obtaining the prior consent of Lebanese authorities before making the disclosure.

Dated: August 24, 2022

        DECHERT LLP

By: */s/ Linda C. Goldstein*
    Linda C. Goldstein
    Dechert LLP
    1095 Avenue of the Americas
    Three Bryant Park
    New York, NY 10036
    212-698-3500
    Email: linda.goldstein@dechert.com

    Michael H. McGinley (*pro hac vice*)
    Dechert LLP
    Cira Centre
    2929 Arch Street
    Philadelphia, PA 19104
    215-994-4000
    Email: michael.mcginley@dechert.com

    *Attorneys for Defendants BLOM Bank SAL and Fransabank SAL*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Malek Costa, declare under penalty of perjury of the laws of the United States that I have reviewed the foregoing BLOM Bank SAL's Responses and Objections to the Plaintiffs' First Set of Interrogatories Directed to Defendants, and that based upon my review of the records maintained by BLOM, the responses are true and correct to the best of my knowledge, information, and belief at the time of this verification.

Executed on: August 24, 2022 at Beirut, Lebanon

_____
Malek Costa