

March 10, 2023

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Bartlett v. Société Générale de Banque au Liban S.A.L.*, Case No. 19-cv-0007

Dear Judge Merkl:

The Moving Defendants[1] write in response to Plaintiffs' March 1, 2023, letter (ECF No. 317; "Plfs.' Letter"), in which Plaintiffs point to news clippings that they claim support their pending motion to compel the production of documents. *See* ECF No. 270. However, those news clips are not relevant to the discovery issues pending before the Court; they are simple summaries of unresolved and contested allegations against two of the Moving Defendants and against an officer of the Lebanese Central Bank, whose connection to this matter, if any, is unknown. Plaintiffs' letter should be disregarded.[2]

Plaintiffs' letter appears to argue that "rampant corruption" exists in Lebanon and the Court should therefore rule in Plaintiffs' favor on the pending discovery motions. *See* ECF Nos. 270, 275. The three sources Plaintiffs cite in their letter, however, do not support such a conclusion.

Plaintiffs' letter points to news that two of the Moving Defendants—SGBL and Bank Audi—"have been charged with money laundering," and that the Lebanese Prime Minister has instructed security forces "not [to] carry out" those charges on the ground that they "constitute an overstepping of authority." Plfs.' Letter, Ex. B. Plaintiffs fail to mention that the so-called "charges" against SGBL and Bank Audi are not related in any way to the issues in this case. Thus, they do not imply wrongful conduct by SGBL or Bank Audi that is relevant to the merits of this case or to the pending discovery motions. And of course, the reported charges are entirely irrelevant as to the other nine Moving Defendants.

---

[1] The Moving Defendants are (1) Société Générale de Banque au Liban S.A.L. ("SGBL"), (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L. ("Bank Audi"), (7) Bank of Beirut S.A.L., (8) LGB Bank S.A.L., (9) Banque Libano-Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank SAL.

[2] Plaintiffs' letter is also procedurally improper at this juncture. *See* Local Rule 6.1 (rules do not contemplate the submission of a sur-reply in further support of a motion); Individual Motion Practices and Rules of Judge Carol Bagley Amon (same); Individual Rules & Practices of Magistrate Judge Taryn A. Merkl (same); *see also* Fed. R. Civ. P. 15(d) (permitting supplemental briefing "[o]n motion and reasonable notice").

Even if these "charges" against SGBL and Bank Audi bore some relevance to this case (they do not), they are nothing more than unproven *allegations*. Indeed, SGBL has unequivocally denied the charges, reaffirmed its strict adherence to local and international Anti-Money Laundering and Combating the Financing of Terrorism (AML/CFT) laws and regulations, and issued a lengthy, strongly worded statement condemning the prosecutor's actions as politically motivated and meritless. *See* Ex. A SGBL Press Release (English Version).[3] SGBL has also noted that the same prosecutor had been removed from a previous case against Lebanese banks, that her office's action had been taken without any opportunity for SGBL to be heard, and that the decision to target and pursue SGBL followed a pattern and practice utilized by activist organizations purportedly to advance depositors' rights. Bank Audi likewise has unequivocally denied the allegations reflected in the charges which are entirely without any basis in fact. The prosecutor's actions are a vindictive and retaliatory response to Bank Audi's lawful invocation of Lebanese bank secrecy in response to the prosecutor's request—made in a manner inconsistent with procedures applicable to public prosecutors in Lebanon—for customer information. Moreover, under Lebanese law, the prosecutor engaged in prosecutorial misconduct in discussing her "charges" with the media. Like SGBL, Bank Audi has reiterated its dedication to complying with all regulatory and legal requirements, including its obligations under Lebanese bank secrecy laws.

Furthermore, taken at face value, the reported dispute between the Prime Minister and prosecutor in Lebanon hardly demonstrates widespread "corruption," as Plaintiffs speculate, but rather evidences an administrative or legal disagreement over the scope of prosecutorial power (of the sort not uncommon in this country). We understand that, as the result of that unresolved dispute, the prosecutor has been directed by her superior and in fact has suspended proceedings against the two banks, pending resolution of a "recusal lawsuit" and other claims against her.

Plaintiffs also cite a report that the Governor of Lebanon's Central Bank has been charged with corruption. Again, whatever the merits of that unproven claim may be, there is no stated or apparent connection between those charges and the pending discovery issues or the merits of this lawsuit; if anything, such charges demonstrate that Lebanon takes the rule of law seriously.

Plaintiffs' inclusion of a video opinion story regarding the cash shortage currently facing Lebanon is likewise utterly irrelevant. That clip concerns conduct taking place more than a decade after the events at issue in the lawsuit and is unrelated to the pending discovery motions.[4] Plaintiffs' reference to the video is plainly designed to generate prejudice and should be stricken. *Cf.* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading … any redundant, immaterial,

---

[3] In her investigation, the prosecutor demanded that Lebanese banks waive bank secrecy with respect to bank managers and Board Directors. Banks, such as SGBL and Bank Audi, that declined were threatened with charges of money laundering. Contrary to the suggestion in the news clips proffered by Plaintiffs, prosecutors in Lebanon are not "judges," nor are such "charges" a result of an indictment (or anything comparable), but are brought unilaterally by a prosecutor.

[4] The video addresses a policy of limiting cash withdrawals that was implemented across the Lebanese banking sector in response to the country-wide economic crisis. The Lebanese government has not charged any bank or any bank personnel with improper conduct in connection with those limits and the cash withdrawal limits are irrelevant to the pending discovery motions because they are unrelated to the important sovereign interests that would be undermined by compelling disclosure here, namely individuals' privacy interests, Lebanon's interest in enforcing its own bank secrecy laws and Lebanon's cooperative efforts to fight terrorism. *See* ECF No. 276 at 41-53.

impertinent, or scandalous matter."); ECF No. 88 (order granting motion to strike allegations regarding Achraf Safieddine from complaint).

In sum, Plaintiffs' letter does not relate in any way to this case, much less the pending motion to compel the production of documents, nor does it support Plaintiffs' claim of "rampant corruption" in Lebanon. Rather, the letter reflects an unabashed attempt to cast the country of Lebanon and the Moving Defendants in an unfavorable light. It should be disregarded.

Respectfully submitted,

SHEARMAN & STERLING LLP

By: /s/ Henry Weisburg
Henry Weisburg
Susan Loeb
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
212-848-4000
Email: hweisburg@shearman.com
Email: susan.loeb@shearman.com

*Attorneys for Defendant Bank of Beirut SAL*

ASHCROFT LAW FIRM, LLC

By: /s/ Michael J. Sullivan
Michael J. Sullivan
Brian J. Leske
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
Email: bleske@ashcroftlawfirm.com

*Attorneys for Defendant Société Générale de Banque au Liban S.A.L*

MAYER BROWN LLP

By: /s/ Andrew J. Pincus
Andrew J. Pincus
Marc R. Cohen
Alex C. Lakatos
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
202-263-3220
Email: apincus@mayerbrown.com
Email: mcohen@mayerbrown.com
Email: alakatos@mayerbrown.com

*Attorneys for Defendant Bank Audi SAL*

MAYER BROWN LLP

By: /s/ Mark G. Hanchet
Mark G. Hanchet
Robert W. Hamburg
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
212-506-2500
Email: mhanchet@mayerbrown.com
Email: rhamburg@mayerbrown.com

*Attorneys for Defendant Banque-Libano Française SAL*

| | |
|---|---|
| DLA PIPER LLP (US) | DECHERT LLP |
| By: /s/ Jonathan D. Siegfried<br>Jonathan D. Siegfried<br>Jeffrey Rotenberg<br>DLA Piper LLP (US)<br>1251 Avenue of The Americas<br>New York, NY 10020<br>212-335-4925<br>Email: jonathan.siegfried@dlapiper.com<br>Email: jeffrey.rotenberg@dlapiper.com<br><br>*Attorneys for Defendants Byblos Bank SAL and Bank of Beirut and the Arab Countries SAL* | By: /s/ Jonathan R. Streeter<br>Jonathan R. Streeter<br>Dechert LLP<br>1095 Avenue Of The Americas<br>Three Bryant Park<br>New York, NY 10036<br>212-698-3500<br>Email: jonathan.streeter@dechert.com<br><br>Michael H. McGinley (*pro hac vice*)<br>Dechert LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>215-994-4000<br>Email: michael.mcginley@dechert.com<br><br>*Attorneys for Defendants BLOM Bank SAL and Fransabank SAL* |
| SQUIRE PATTON BOGGS (US) LLP<br><br>By: /s/ Gassan A. Baloul<br>Gassan A. Baloul<br>Mitchell R. Berger<br>Squire Patton Boggs (US) LLP<br>2550 M Street, NW<br>Washington, DC 20037<br>202-457-6155<br>Email: gassan.baloul@squirepb.com<br>Email: mitchell.berger@squirepb.com<br><br>*Attorneys for Defendants MEAB Bank s.a.l., Fenicia Bank s.a.l., and LGB Bank s.a.l.* | |