

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

May 30, 2023

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Bartlett v. Société Générale de Banque au Liban S.A.L.*****, Case No. 19-cv-0007**
**Joint Letter in Response to Memorandum and Order Overruling Defendants' Bank Secrecy Objections**

Dear Judge Merkl:

We write pursuant to your Memorandum and Order, 2023 WL 2734641 (E.D.N.Y. Mar. 31, 2023), instructing that the parties are "directed to meet and confer, and shall submit a proposed document production order," along with

> a joint letter (1) outlining any areas of dispute regarding Plaintiffs' revised document production request and lists; and (2) providing (a) a proposed schedule for the filing of requests for judicial assistance and/or letters rogatory for ultimate service on the Lebanese authorities, and (b) a proposed schedule for regular reporting on the progress being made to serve the requests for judicial assistance and/or letters rogatory, receipt of any responses thereto, and a final deadline for the Lebanese authorities to respond.

*Id.*, ** 9, 16.

The parties have memorialized their agreement on Plaintiffs' discovery requests and lists in the enclosed Proposed Production Order, which they respectfully request this Court to enter.

The parties have also agreed on the scheduling of requests for judicial assistance and reporting on their progress as follows: (i) Defendants will submit Letters Rogatory to the Court within 14 days of the Court's issuance of the Proposed Production Order and (ii) Defendants will submit a status report 60 days after the Court issues the Letters Rogatory, and will submit status reports every 90 days thereafter.

The parties agree on eight months from the date the Court issues the Letters Rogatory as the "deadline for the Lebanese authorities to respond" ordered by this Court. The parties disagree, however, on whether Defendants may seek further extensions of that period.

**<u>Plaintiffs' position</u>:**

Plaintiffs' position is that the Court ordered the parties to provide a "*final* deadline for the Lebanese authorities to respond." *Id.* at *16. The Letters Rogatory process is a reflection of the Court's extension of comity toward the Lebanese authorities by providing them with a *reasonable* opportunity to respond to the requests for judicial assistance "against the backdrop of the Court's decision to overrule Defendants' bank secrecy act objections." *Id.* at *14. Ultimately, however, this process requires finality as it has in other cases in which bank secrecy has been raised, even if the foreign state does not answer within that time. This Court's order repeatedly emphasized avoiding further "delay" in this discovery process. *Id.* at **9 n.16, 14.

Therefore, absent an <u>extraordinary</u> showing by Defendants warranting extension which includes concrete proof that a response will be delayed by just a few days, the deadline should be absolute, and should prompt Defendants to advise the Court whether they will comply with the Proposed Production Order or maintain their objections.

Given the Defendants' statement below, Plaintiffs feel compelled to briefly state an accurate representation of the meet and confer process in this matter.

In order to expedite the resolution of the requests to Lebanon, Plaintiffs sent DLA Piper on May 22, 2023, a draft request for judicial assistance modeled on the one that firm drafted and submitted to the Lebanese Ministry of Justice in *Miller v. Arab Bank*, No. 18-cv-2192 (HG) (PK), which this Court referenced in its Memorandum and Order as an example. *See* 2023 WL 2734641, at *16.

During a May 24, 2023, call with DLA Piper, DLA Piper stated that it had circulated its own draft of requests for judicial assistance to the other Defendants and would concretize a status report schedule for the court and "final deadline" for a response from Lebanese authorities. Having not received any written proposal on that issue as of 3:30 p.m. today, we sent to them an email setting out our understanding of the parties' positions on timing, including our position that a "final" deadline would not include extensions. Defense counsel responded at 4:30 p.m. objecting to that position. We finally received Defendants' position in writing, as set forth below, at 11:37 p.m.

**<u>Defendants' position</u>**

At 9;55 p.m. this evening, Plaintiffs for the first time proposed the language that appears in their position set forth above. Our request that we defer resolution of this issue until we could confer with our clients to see if we could reach agreement on language was also rejected unless we agreed to yet another condition. Under these circumstances, Defendants' position is that nothing in the Court's order requires Defendants to waive the right to make an application to the Court should circumstances warrant. Defendants believe the Court is fully capable of determining whether, and under what circumstances, an extension might be warranted in the interests of comity, should that issue even arise in the future.

Respectfully submitted,

/s/ Gary M. Osen

Gary Osen
Michael J. Radine
Dina Gielchinsky
Osen LLC
190 Moore Street, Suite 272
Hackensack, NJ 07601
Tel.: 201-265-6400
E-mail: gosen@osenlaw.com
E-mail: mradine@osenlaw.com
E-mail: dgielchinsky@osenlaw.com

*Attorneys for Plaintiffs*