

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

July 11, 2023

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***Bartlett v. Société Générale de Banque au Liban S.A.L.*, Case No. 19-cv-0007**

Dear Magistrate Judge Merkl:

Plaintiffs write further to the parties' joint March 3, 2023, letter, ECF No. 318 ("Letter"). In the Letter, Plaintiffs requested an informal conference to discuss their filing of a motion to compel Defendants to respond substantively to interrogatories they served on defense counsel on November 4, 2022, which constituted a proposed revised iteration of the interrogatories Plaintiffs had originally served on June 9, 2022.

As set forth in the Letter, although Plaintiffs contend that neither iteration of the interrogatories seek disclosure of <u>any information</u> implicating foreign bank secrecy laws, Defendants justified their refusal to respond during the pendency of the parties' bank secrecy briefing on the grounds that the interrogatories did implicate bank secrecy[1] and that the Court's resolution of the bank secrecy dispute would clarify the scope of discovery.[2] Moreover, Defendants asked the Court to direct the parties to meet and confer regarding the interrogatories "no more than fifteen days after the Court's [sic] rules on the pending discovery motions." *Id.* at 6.

Defendants did not contact Plaintiffs within that timeframe or on any date thereafter. However, at Plaintiffs' counsel's urging, the parties finally held a meet-and-confer yesterday, during which Defendants stated that they believed that the Court's March 31, 2023, Order, ECF No. 320, sets forth the exclusive means by which Plaintiffs may seek discovery of Defendants, at

---

[1] As Plaintiffs understand Defendants' view, while the interrogatories themselves do not seek disclosure of <u>any information</u> implicating Lebanese bank secrecy laws, Defendants' responses to the interrogatories would be prejudicial to them without the additional context provided by more fulsome disclosures that Lebanese bank secrecy forecloses.

[2] *See* Letter at 4 ("With those motions pending, the parties' dispute over Plaintiffs' interrogatories—if there even is a dispute following resolution of those motions—has not yet ripened."); *id.* ("Plaintiffs' interrogatories implicate similar scope issues, and motion practice regarding the interrogatories therefore should be deferred until the Court rules on the pending motions."); *id.* at 5 ("A ruling on the pending motions also will address the Moving Defendants' efforts to mitigate or obviate any obstacle to disclosure presented by Lebanese law."); *id.* ("[F]orcing the Moving Defendants to answer interrogatories before the scope of discovery is ruled upon, and without the ability to disclose critical information due to Lebanese law, would result in significant prejudice.").

least until document production is completed in the case. Plaintiffs noted that (1) the information sought by the interrogatories is not co-extensive with the document production order entered by the Court on June 8, 2023, ECF No. 328, and (2) in their view responding to the interrogatories does not implicate foreign bank secrecy and is hence unconnected to the Court's March 31, 2023, and June 8, 2023, Orders. Plaintiffs inquired whether Defendants would be amenable to answering the interrogatories in any form or subset at this time, and Defendants responded that the issue should not be revisited until after document production is completed.

Accordingly, Plaintiffs respectfully renew their request for an informal conference to discuss, *inter alia*, a briefing schedule for their anticipated motion to compel substantive responses to their proposed revised interrogatories, which have been pending since November 4, 2022, and constitute Plaintiffs' attempt to accommodate Defendants by revising the interrogatories they originally served on June 9, 2022.

Respectfully submitted,

/s/ Dina Gielchinsky

cc: All counsel (via ECF)