July 20, 2023

VIA ECF

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*, Case No. 19-cv-007 (CBA) (TAM)

Dear Judge Merkl:

We write on behalf of Moving Defendants[1] in response to Plaintiffs' July 11, 2023, letter (ECF 333) requesting a conference to discuss their "anticipated motion to compel substantive responses" to a set of interrogatories that Plaintiffs served while the parties' discovery motions (ECF 270, 275) were pending.[2] The Moving Defendants do not believe a conference is necessary, because the Court's recent decision regarding the scope and staging of discovery in this case obviates the need for additional motion practice on this related dispute.

On March 31, 2023, after receiving over 1,100 pages of briefing, declarations, and supporting materials (*see* ECF 270, 275-290, 295, 298), the Court issued a 34-page discovery decision that applied the Federal Rules of Civil Procedure and the Restatement on Foreign Relations Law and carefully balanced the "important interests at stake for both the United States and Lebanon." ECF 320 (the "Decision"). The end result of the Decision was a discovery order that authorized Plaintiffs' discovery requests on a tailored basis—limiting discovery, at this stage, to bank-by-bank requests related to individuals and entities alleged to have been customers of each bank in the Second Amended Complaint—while allowing the Moving Defendants the opportunity to seek both customer waivers and letters rogatory from the Lebanese authorities in an effort to avoid violations of Lebanese law. *Id*. at 33-34; ECF 328 (the "Discovery Order"). Consistent with the Discovery Order, the Moving Defendants have submitted proposed letters rogatory to be issued by

---

[1] The Moving Defendants (also referred to herein as the "Banks") are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) LGB Bank s.a.l., (9) Banque Libano Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank S.A.L.

[2] The Moving Defendants offered to submit a joint letter with Plaintiffs, who declined to do so. Moving Defendants met-and-conferred with Plaintiffs on July 10, 2023, and raised the concerns expressed in this letter; the parties were not able to reach an agreement regarding Moving Defendants' concerns.

the Court to the Lebanese authorities (ECF 329), and those authorities will be given eight months to respond (ECF 328).

Plaintiffs completely disregard the Court's Decision and the Discovery Order by seeking to compel "substantive answers" to the same interrogatories they served before the Decision issued. Those interrogatories are not tailored to each Moving Defendant or tethered to the allegations that Plaintiffs have made about specific customers the Banks purportedly held accounts for, as the Decision requires. Nor do Plaintiffs offer any justification for why they need substantive answers to the interrogatories at this time, which would require Moving Defendants to risk violating Lebanese law and undermine the letters rogatory efforts. Simply put, the letters rogatory process already authorized by the Court is intended to provide Plaintiffs with customer-related information after the Lebanese authorities have had a chance to weigh in.

1. **Plaintiffs' interrogatories are premature and unnecessary**

As Plaintiffs acknowledged in the parties' March 3, 2023 letter to your honor (the "Joint Letter"), Plaintiffs served their interrogatories as a stopgap measure, while the "Court ultimately rules on Defendants' bank secrecy objections." *See* ECF 318, at 2. This Court has resolved the Moving Defendants' bank secrecy objections and set forth a procedure and timeline for the discovery of documents protected by Lebanese bank secrecy. *See* ECF 320, at 32-23. To the extent Plaintiffs' interrogatories seek information that is within the proper scope of discovery, as dictated by the Discovery Order, Plaintiffs now have a well-defined path to obtain that information.

Moreover, in the Joint Letter, Moving Defendants explained that Plaintiffs' interrogatories "call for the disclosure of . . . information implicating Lebanese . . . bank secrecy," including, among other things, that Lebanese bank secrecy could preclude the Banks from providing, in response to Plaintiffs' interrogatories, "obviously critical context," e.g., that a particular "account was closed years before the time period relevant to this case." ECF 318, at 5. Although, at the parties' meet-and-confer, Plaintiffs provided their "view [that] responding to the interrogatories does not implicate foreign bank secrecy," ECF 333 at 2, when asked, Plaintiffs refused to confirm they consulted with a Lebanese bank secrecy expert, let alone identify one who shares their view.

As Plaintiffs acknowledge (ECF 333, at 1 & fn. 2), the Moving Defendants have consistently taken the position that the resolution of the then-pending discovery motions would clarify "the parties' approach to the restrictions imposed by Lebanese law on the disclosure of information relating to bank clients." ECF 318, at 4. The parties now have the benefit of this Court's resolution of those motions: the procedure endorsed by this Court ensures time for the letters rogatory process to be completed in advance of any requirement that the Defendants take actions that may be inconsistent with their home-country bank secrecy laws. Contrary to the staged approach this Court adopted, Plaintiffs now would leapfrog the procedure for obtaining authorization from the Lebanese government whose interests warrant "substantial consideration."

As Plaintiffs acknowledge, the Joint Letter proposed that the Court might wish to "direct the parties to meet and confer regarding Plaintiffs' interrogatories no more than fifteen days after the Court's [sic] rules on the pending discovery motions," ECF 318, at 6. But the Court declined to direct such a meet-and-confer, thereby ensuring that the Plaintiffs' interrogatories would not function as

an aberration to this Court's carefully calibrated approach to discovery. *Cf.* ECF 320, at 8 n.7 (ordering meet-and-confer on other issues).

### 2. Plaintiffs' interrogatories are inconsistent with the Court's orders on the scope of discovery

In the Joint Letter, Moving Defendants explained that the Court's resolution of the then-pending motions on Plaintiffs' requests for documents production would elucidate "the proper scope of discovery in this case," which in turn would "bear directly on the Moving Defendants' obligation and ability to respond to Plaintiffs' interrogatories." ECF 318, at 4. Moving Defendants further explained that the thrust of their motion for a protective order was that, "given the extraordinary breadth of Plaintiffs' complaint and their requests for production—which do not distinguish between any of the eleven Moving Defendants or tether the discovery requests to the allegations in the complaint or the scope of liability under JASTA—and the fact that the disclosure would violate foreign law, the Court should first tailor the scope of discovery pursuant to the standards of Federal Rule of Civil Procedure 26 and the Restatement (Third) of Foreign Relations Law." *Id.*

Plaintiffs' interrogatories, the Banks explained, "implicate similar scope issues." *Id.* First, "Plaintiffs' interrogatories do not differentiate between any Moving Defendant." *Id.* Second, Plaintiffs' interrogatories do not "limit the individuals and entities about which they seek information to those alleged to have been customers of any particular Moving Defendant." *Id.* Third, Plaintiffs interrogatories lack temporal restrictions, e.g., seeking "data regarding accounts held and funds transfers executed *after* the date of the last attack alleged in the complaint." *Id.*

The Court's Decision addresses the concerns set forth above. As to scope, this Court held that "because [Plaintiffs' discovery requests] are not differentiated with respect to each Defendant, the Court has scope and proportionality concerns, particularly in light of the comity analysis that the Court must undertake," and therefore Plaintiffs' requests must be "broken down by bank" and "should be focused on documents and records related to the 156 accountholders identified in the SAC." ECF 320, at 17-18, 32. Similarly, the Court also imposed temporal limitations. *See id.* at 16-17 (directing that the time frame of January 1, 2003, through December 31, 2011 (or in some instances, December 31, 2012), is generally appropriate). Plaintiffs' interrogatories exceed these limitations and therefore are not proper (at least at this stage) under the Court's discovery orders.

Accordingly, the Moving Defendants believe that a conference on Plaintiffs' proposed motion to compel is unnecessary, but the Moving Defendants would be pleased to discuss these issues with the Court should it find a conference to be helpful.

Respectfully submitted,

MAYER BROWN LLP

By: /s/ *Andrew J. Pincus*
Andrew J. Pincus
Marc R. Cohen
Alex C. Lakatos
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
202-263-3220
Email: apincus@mayerbrown.com
Email: mcohen@mayerbrown.com
Email: alakatos@mayerbrown.com

*Attorneys for Defendant Bank Audi SAL*

MAYER BROWN LLP

By: /s/ *Mark G. Hanchet*
Mark G. Hanchet
Robert W. Hamburg
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
212-506-2500
Email: mhanchet@mayerbrown.com
Email: rhamburg@mayerbrown.com

*Attorneys for Defendant Banque-Libano Française SAL*

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Gassan A. Baloul*
Gassan A. Baloul
Mitchell R. Berger
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
202-457-6155
Email: gassan.baloul@squirepb.com
Email: mitchell.berger@squirepb.com

*Attorneys for Defendants MEAB Bank s.a.l., Fenicia Bank S.A.L., and LGB Bank s.a.l.*

DLA PIPER LLP (US)

By: /s/ *Jonathan D. Siegfried*
Jonathan D. Siegfried
Erin Collins
DLA Piper LLP (US)
1251 Avenue of The Americas
New York, NY 10020
212-335-4925
Email: jonathan.siegfried@dlapiper.com
Email: erin.collins@dlapiper.com

*Attorneys for Defendants Byblos Bank SAL, Bank of Beirut and the Arab Countries SAL, and Bank of Beirut s.a.l.*

| | |
|---|---|
| DECHERT LLP | ASHCROFT LAW FIRM, LLC |
| By: /s/ *Jonathan R. Streeter* | By: /s/ *Michael J. Sullivan* |
| Jonathan R. Streeter | Michael J. Sullivan |
| Dechert LLP | Brian J. Leske |
| 1095 Avenue Of The Americas | Ashcroft Law Firm, LLC |
| Three Bryant Park | 200 State Street, 7th Floor |
| New York, NY 10036 | Boston, MA 02109 |
| 212-698-3500 | 617-573-9400 |
| Email: jonathan.streeter@dechert.com | Email: msullivan@ashcroftlawfirm.com |
| | Email: bleske@ashcroftlawfirm.com |
| Michael H. McGinley | *Attorneys for Defendant Société Générale de Banque au Liban S.A.L.* |
| Dechert LLP | |
| Cira Centre | |
| 2929 Arch Street | |
| Philadelphia, PA 19104 | |
| 215-994-4000 | |
| Email: michael.mcginley@dechert.com | |
| *Attorneys for Defendants BLOM Bank SAL and Fransabank SAL* | |