July 28, 2023

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**     ***Bartlett v. Société Générale de Banque au Liban S.A.L.*, 19-cv-00007 - Defendants'
Joint Opposition to Plaintiffs' Motion for Leave to Use Discovery in Other Actions**

Dear Judge Merkl:

Defendants[1] respectfully submit this joint letter in opposition to Plaintiffs' July 21, 2023 letter
motion,[2] ECF 335, seeking the Court's leave to use discovery obtained in this case from non-
parties KBC Bank ("KBC") and Standard Chartered Bank ("SCB") in the *Stephens* and *Freeman*
Actions (as defined in Plaintiffs' letter).[3]  For the reasons below, the motion should be denied.

*First*, at the outset, we note the letter motion purports to come from "Plaintiffs" in this case,
*Bartlett*.  These are the only "Plaintiffs" who are parties to the Protective Order, and the only
"Plaintiffs" who have access to the confidential records in question, assuming compliance with
the Protective Order.  The motion seeks leave to use those records in at least three other actions
(the *Freeman* Actions and *Stephens*).  But the *Freeman* Actions and *Stephens* involve different
sets of plaintiffs from those in this case, including over 50 individuals who are not Plaintiffs
here.  The distinction is critical because the *Freeman* and *Stephens* plaintiffs who are not
Plaintiffs in this case have no basis in the Protective Order to *access, review, or be informed of
the content* of confidential documents produced in this case, much less *use* those documents in
another case.  More broadly, the calculated imprecision in the letter reveals this motion for what
it is:  a request by *plaintiffs' counsel* (some of whom are not even involved in this case) to use
discovery obtained in this case that they think may help them to make out claims for other clients
in other cases.  Neither Osen LLC (*Freeman*) nor Burns Charest LLP (*Stephens*) present
authority supporting their entitlement to the requested relief.

*Second*, granting Plaintiffs' request under these circumstances would risk harming our clients'
efforts to produce customer records protected by Lebanese bank secrecy laws either through

---

[1] Defendants are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) LGB Bank s.a.l., (9) Banque Libano Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank S.A.L.

[2] As signatories to the Protective Order, Defendants plainly have standing to challenge Plaintiffs' request.  *See Solow v. Conseco, Inc.*, No. 06-cv-5988 (BSJ) (THK), 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) ("[I]t is well-established that a party with a real interest in the documents has standing to raise objections to their production.").

[3] Plaintiffs did not attempt to meet and confer with Defendants before filing this motion.

Honorable Taryn A. Merkl
July 28, 2023
Page 2

customer waivers or letters rogatory issued by the Court.  The parties have heretofore agreed that any information obtained through customer waivers or letters rogatory would be "subject to the provisions of the . . . Protective Order issued by this Court to protect their confidentiality."  ECF 329-1 at 5; ECF 331-2 at 5.

Indeed, any decision by the relevant Lebanese authorities granting the requested discovery is likely to be predicated on the assurances in the proposed letters rogatory that, under the Court's Protective Order, any discovery obtained in the instant action cannot be used in any other action. ECF 272.  Authorizing Plaintiffs to use other discovery obtained in this action to advance their claims in other actions would signal to both Lebanese authorities and the customers from whom Defendants seek waivers that the discovery sought would likewise be used in other contexts far beyond their stated purpose.

*Third*, the motion should be denied because it does not meet Plaintiffs' burden to identify a particularized and compelling need with respect to *specific* documents.  Indeed, it is not even clear which documents are at issue because Plaintiffs have failed to specifically identify the exact KCB or SCB records they intend to use in the *Freeman* Actions.  Instead, they broadly state that they wish to use (unspecified) documents to amend their complaints by including:  "(1) the names of the alleged Hezbollah-affiliated entities and individuals in the transaction summaries; (2) the names of the *Freeman* defendants which held the relevant accounts; (3) the dollar amounts of the transactions processed on behalf of the relevant Hezbollah-affiliated customers between 2003-2011; and, where relevant, (4) transactional dates."  ECF 335 at 2.

These generalized statements are not sufficient to overcome the high burden courts in this Circuit place on a party seeking to use discovery produced in one litigation in another litigation when a protective order is in place.  *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (holding that party should be entitled to rely upon enforceability of a protective order "absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need"); *SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("It is . . . presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."); *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005); *Iridium India Telecom Ltd. v. Motorola, Inc.*, 165 F. App'x 878, 880–81 (2d Cir. 2005).[4]  Far from showing a compelling need to use specific documents, Plaintiffs seek blanket permission to use unspecified documents that they might later

---

[4] Plaintiffs' reliance on *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992), which governs circumstances where no protective order exists, is misplaced.  As courts in this Circuit have explained, "[o]nce a protective order is in place . . . the applicable standard is that of *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir.1979)." *In re Sept. 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009); *Minpeco S.A. v. Conticommodity Servs., Inc.*, 832 F.2d 739, 742 (2d Cir. 1987) (finding that the district court judge correctly chose to apply the *Martindell* standard requiring a showing of "compelling need" to justify a modification to a protective order); *Knitting Fever, Inc. v. Coats Holdings Ltd.*, No. CV05-1065 (DRH)(WDW), 2012 WL 13098758, at *2 (E.D.N.Y. Aug. 27, 2012) (finding that "[o]nce a protective order is in place," "the *Martindell* presumption against modification" applies).

Honorable Taryn A. Merkl
July 28, 2023
Page 3

deem to fall within the generic categories in their letter.  That is insufficient under the governing precedents.

That failure is especially problematic here, where the records at issue—which currently span at least eight productions—involve multitudes of transactions.  Defendants and this Court should not be required to parse through voluminous discovery to guess which exact information the "*Freeman* and *Stephens* plaintiffs intend to use [from] these records to bolster their allegations in their anticipated amendments of their complaints."  ECF 335 at 2.  In addition, although Plaintiffs say that they would not name "the correspondent banks nor the routing codes or account numbers of the Hezbollah-affiliated customers," *id.*, they conspicuously do not promise that they would not make allegations identifying the *Bartlett* Defendants in the *Freeman* Actions or in *Stephens*, *cf. Devlin v. Transportation Commc'ns Int'l Union*, No. 95 CIV. 0752 JFK JCF, 2000 WL 28173, at *8 (S.D.N.Y. Jan. 14, 2000) (explaining that the "privacy rights of non-parties may be invaded if information obtained through discovery was widely disseminated").  But any use of Defendants' names in new allegations in the *Freeman* and *Stephens* actions is entirely irrelevant to the prosecution of those actions, which were filed against different banks.

Worse yet, Plaintiffs' lack of specificity would make it virtually impossible for Defendants and the Court to ensure that Plaintiffs comply with the Protective Order and the bounds of any order granting their request.  *See Martindell*, 594 F.2d at 295 ("[A] valid Rule 26(c) protective order is to be fully and fairly enforceable").  Without knowing which specific documents—and what specific information within those documents—are covered by Plaintiffs' nebulous request, neither this Court nor Defendants could police any use or misuse by Plaintiffs of the information in the *Freeman* and *Stephens* actions.  That is precisely why precision is required in this setting.  *See id.*  Because Plaintiffs have failed to meet that burden, their request should be denied.

This is no theoretical concern.  In fact, in their motion here, Plaintiffs' counsel intimate that information obtained in this case may have already been shared with the "plaintiffs in *Stephens* [who are] represented by separate counsel." ECF 335 at 1 & n.2.  While Plaintiffs state that "the *Freeman* court has authorized" the *Freeman* and *Stephens* counsel to coordinate, *id.*, only *this Court* can authorize Plaintiffs to use or disclose discovery produced in *this litigation* pursuant to the Protective Order in this case.  Before the Court addresses Plaintiffs' current request, it should require Plaintiffs' counsel to indicate whether they have already shared the information with counsel for the *Stephens* plaintiffs, and, if so, specify what information was shared, in violation of the Protective Order in this case.

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety.

Respectfully submitted,

Honorable Taryn A. Merkl
July 28, 2023
Page 4

DECHERT LLP

By: /s/ Jonathan R. Streeter
Jonathan R. Streeter
Dechert LLP
1095 Avenue Of The Americas
Three Bryant Park
New York, NY 10036
212-698-3500
Email: jonathan.streeter@dechert.com

Michael H. McGinley
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-4000
Email: michael.mcginley@dechert.com

*Attorneys for Defendants BLOM Bank SAL
and Fransabank SAL*

MAYER BROWN LLP

By: /s/ Mark G. Hanchet
Mark G. Hanchet
Robert W. Hamburg
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
212-506-2500
Email: mhanchet@mayerbrown.com
Email: rhamburg@mayerbrown.com

*Attorneys for Defendant Banque-Libano
Française SAL*

SQUIRE PATTON BOGGS (US) LLP

By: /s/ Gassan A. Baloul
Gassan A. Baloul
Mitchell R. Berger
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
202-457-6155
Email: gassan.baloul@squirepb.com
Email: mitchell.berger@squirepb.com

*Attorneys for Defendants MEAB Bank
s.a.l., Fenicia Bank S.A.L., and LGB Bank
s.a.l.*

MAYER BROWN LLP

By: /s/ Andrew J. Pincus
Andrew J. Pincus
Marc R. Cohen
Alex C. Lakatos
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
202-263-3220
Email: apincus@mayerbrown.com
Email: mcohen@mayerbrown.com
Email: alakatos@mayerbrown.com

*Attorneys for Defendant Bank Audi SAL*

Honorable Taryn A. Merkl
July 28, 2023
Page 5

DLA PIPER LLP (US)

By: /s/ Jonathan D. Siegfried
Jonathan D. Siegfried
Erin Collins
DLA Piper LLP (US)
1251 Avenue of The Americas
New York, NY 10020
212-335-4925
Email: jonathan.siegfried@dlapiper.com
Email: erin.collins@dlapiper.com

*Attorneys for Defendants Byblos Bank SAL,
Bank of Beirut and the Arab Countries
SAL, and Bank of Beirut s.a.l.*

ASHCROFT LAW FIRM, LLC

By: /s/ Michael J. Sullivan
Michael J. Sullivan
Brian J. Leske
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
Email: bleske@ashcroftlawfirm.com

*Attorneys for Defendant Société Générale
de Banque au Liban S.A.L.*