UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ROBERT BARTLETT, et al.,

                       Plaintiffs,

-against-

SOCIÉTÉ GÉNÉRALE DE BANQUE AU     19-CV-7 (CBA) (TAM)
LIBAN SAL, et al.,

                       Defendants.

-------------------------------------------------------X

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

FROM:     The Honorable Taryn A. Merkl, United States Magistrate Judge

TO:     The Honorable Minister of Justice of Lebanon

Cc:     The Honorable Governor of the Central Bank of Lebanon

      The United States District Court for the Eastern District of New York presents its compliments to The Honorable Minister of Justice of Lebanon, and requests international assistance to obtain evidence for use in a civil proceeding before this Court in the above-captioned matter. As further described below, this Court seeks assistance in securing the production of documents from witnesses located within Lebanon and subject to its laws.[1] The assistance described herein is necessary in the interests of justice.

      In order to preserve the confidentiality of the documents requested and to ensure that the documents and information contained therein are available only for use in this legal proceeding, the Court has issued a Protective Order, attached hereto as <u>Exhibit 1.</u> This Order specifically provides, among other things, that the documents sought pursuant to this Request can be designated as "Confidential Information – Attorneys' Eyes Only," meaning that they: cannot be "copied, reproduced, summarized, extracted, or abstracted" by any party other than for use in this litigation (absent a Court order permitting their use in another case or matter); can be disclosed only in accordance with this Court's Order; and if filed with the Court prior to trial, must be filed under seal and marked "Confidential Information – Attorneys' Eyes Only" and

---

[1] This Court and other courts of the United States are authorized by statute, Section 1782, Title 28 of the United States Code, to extend similar assistance to the tribunals of Lebanon.

may only be opened by the Court and not the public. Any person who violates the Protective Order is subject to sanctions by the Court.

## Description of the Relevant U.S. Legal Proceedings

The litigation this Court seeks assistance with arises out of a civil complaint filed in the United States District Court for the Eastern District of New York, whose jurisdiction includes parts of New York City and Long Island. Plaintiffs are U.S. nationals who allege in their complaint that they or their family members were injured or killed in terrorist attacks in Iraq allegedly committed, planned, and authorized by a U.S.-designated Foreign Terrorist Organization ("FTO") in coordination with Iran's Islamic Revolutionary Guard Corps ("IRGC") and its external directorate, the IRGC Qods Force, between 2004 and 2011. Defendants are the following Lebanese commercial banks (the "Banks"): Société Générale de Banque au Liban SAL, Fransabank SAL, Middle East Africa Bank SAL, BLOM Bank SAL, Byblos Bank SAL, Bank Audi SAL, Bank of Beirut SAL, Lebanon and Gulf Bank SAL, Banque Libano-Française SAL, Bank of Beirut and the Arab Countries SAL, and Fenicia Bank.[2] The Second Amended Complaint alleges that the Banks knowingly provided extensive and sustained material support, including financial services, to an FTO and its alleged companies, social welfare organizations, operatives, and facilitators in contravention of the federal Anti-Terrorism Act (the "ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA").

On November 25, 2020, the court denied Defendants' motions to dismiss Plaintiffs' claims under JASTA,[3] and on October 8, 2021, this Court authorized Plaintiffs to issue discovery requests on Defendants.

## Descriptions of Evidence Requested to Be Produced and Its Importance to the Case

United States law provides the parties to a litigation the right to obtain evidence in connection with their claims and defenses through a process known as "discovery." Subject to limits set by the Federal Rules of Civil Procedure and orders of this Court, each party is required to comply with its opponents' discovery requests, which may encompass requests for documents or other materials located outside of the United States and testimony from the parties, their officers and their employees. Any party who fails to comply with its discovery obligations, for example by failing to produce documents this Court orders to be produced, may be subject to sanctions which may have adverse consequences for the refusing party and may prejudice that party's ability to fully prosecute or defend the lawsuit.

On December 31, 2021, Plaintiffs served discovery requests on Defendants seeking certain documents from them, to which the Banks objected. On May 2, 2022, Plaintiffs filed a motion to compel Defendants to produce these documents. The Banks opposed the motion on various grounds, including bank secrecy.

---

[2] Jammal Trust Bank SAL and Lebanese Canadian Bank SAL are also named Defendants, but this request only pertains to the eleven Defendants listed above at this time.

[3] On June 17, 2022, the court affirmed this decision.

2

On March 31, 2023, this Court entered an order overruling Defendants' objections, including those based on Lebanese bank secrecy.[4] In doing so, the Court undertook a comity analysis, considering a number of factors to determine whether, as a matter of comity, the Court should decline to allow Plaintiffs to seek certain discovery in deference to Lebanese bank secrecy. Among other things, this Court considered the importance of the information sought to the litigation. This Court concluded that "Defendants' internal records are highly important to the litigation because they are likely to provide the best evidence of Defendants' knowledge of who its customers were, including those formally designated as terrorist-affiliated or those making suspicious transactions, and their adherence to proper compliance procedures. All of this goes to Defendants' state of mind and, to the extent there are transaction records, whether Defendants provided substantial assistance and the duration of any assistance." Under this reasoning, the documents sought may be critical to both Plaintiffs (to establish their case) and Defendants (to negate the Plaintiffs' case) alike.

In addition, this Court recognized that Lebanon's interests in bank secrecy deserve substantial consideration, but that the U.S. interest in "fully and fairly adjudicating matters before its courts" combined with its interest in "combatting terrorism" must be given significant weight. Mindful of Lebanon's interests and principles of international comity, this Court directed that Defendants would be permitted, and provided time, to seek letters rogatory and that Defendants may also seek customer waivers in an effort to comply with Lebanese law in order to disclose the information and documents sought by Plaintiffs.

To ensure that Plaintiffs' discovery requests are appropriately tailored to seek information that is of critical importance to this case, this Court's order dated June 8, 2023, imposed (at this stage of discovery) several limitations on the scope of Plaintiffs' requests. To begin with, the Court's order limits the required production of records to persons or entities that the Plaintiffs had alleged, in their Second Amended Complaint, were customers of each Defendant. Therefore, persons and entities not mentioned in Plaintiffs' Second Amended Complaint are not subject to this request for judicial assistance to you. Further, the Court's order requires Plaintiffs' requests to be "broken down by bank," i.e., each Bank is required to produce only documents relating to persons or entities alleged to be customers of that particular Bank. In addition, because the last attack occurred in 2011, the Court's order limits Defendants' obligation to produce records responding to Plaintiffs' post-attack discovery to documents from the period January 1, 2012, through December 31, 2012.

Attached hereto as <u>Exhibit 2</u> is this Court's order dated June 8, 2023, approving Plaintiffs' discovery requests, revised in accordance with the Court's March 31, 2023 order, identifying, in Annex A and B thereto, the individuals and entities alleged to be customers at that Defendant, and the documents relating to those customers that this Court orders each Defendant to produce. Annex A seeks documents for the period between January 1, 2003, through December 31, 2011, and Annex B seeks documents for the period between January 1, 2012, through December 31, 2012.

---

[4] *Bartlett v. Société Générale de Banque au Liban SAL*, No. 19-CV-7 (CBA) (TAM), 2023 WL 2734641, at *16 (E.D.N.Y. Mar. 31, 2023).

Request for Assistance in the Interests of Justice

Accordingly, I have the honor to request, and do hereby request for the reasons aforesaid and for the assistance of this Court, that by such process as may be deemed adequate and appropriate, the Lebanese Republic, including the Honorable Ministry of Justice and Central Bank of Lebanon, and any other Honorable Authority of competent jurisdiction, assist in ordering the disclosure of such documents by:

1. Issuing an order, or by any other appropriate means, granting the Defendants express permission to disclose to Plaintiffs' counsel any documents that are responsive to these requests and otherwise discoverable pursuant to our Federal Rules of Civil Procedure subject to the provisions of the attached Protective Order issued by this Court to protect their confidentiality; or

2. Ordering Defendants to produce the documents to your Honorable Court or other Honorable Authority and that such documents be then transmitted to this United States Court in due course subject to the provisions of the attached Protective Order issued by this Court to protect their confidentiality; or

3. Directing by any other such process that your Honorable Court or other Honorable Authority deems necessary and proper the disclosure of such documents to Defendants' counsel and Plaintiffs' counsel.

This Court respectfully requests that the Lebanese Republic provide its response to this Request for Assistance as promptly as it is reasonably able to do so within eight (8) months from the date set forth below.

Defendants are willing to reimburse the responding Honorable Authority for its costs incurred in executing this Court's Request.

This Court extends to all judicial and other honorable authorities of Lebanon the assurances of its highest consideration.

Yours faithfully,

Dated: Brooklyn, New York
August 14, 2023

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE