# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 7, 2023

By ECF

The Honorable Taryn A. Merkl,
   United States Magistrate Judge,
      U.S. District Court for the Eastern District of New York,
         225 Cadman Plaza East,
           Brooklyn, New York 11201.

      Re:    *Bartlett* v. *Société Générale de Banque au Liban SAL*, No. 19-cv-00007-CBA-TAM

Dear Judge Merkl:

      I write on behalf of non-party Standard Chartered Bank ("SCB") in response to Plaintiffs' November 7, 2023 Motion (ECF No. 359, the "Motion") to file portions of the Third Amended Complaint ("TAC") under seal.

      SCB supports Plaintiffs' request to file under seal any portion of the TAC that "incorporates Protected Information or would reveal the contents of Protected Information" designated as such by SCB in accordance with the June 8, 2022 Joint Stipulation and Protective Order on the basis that such materials contain sensitive commercial, financial, or personal information. (ECF No. 273, "Protective Order" at ¶ E.7.) To the extent the Court intends to grant Plaintiffs' Motion and none of SCB's Protected Information is left unredacted in the TAC, SCB has no objection.

      However, if the Court concludes that it needs additional information from SCB in order to properly consider Plaintiffs' Motion, SCB respectfully requests that the Court require Plaintiffs to (i) identify the SCB documents that have been incorporated into the TAC and (ii) disclose to SCB the corresponding portions of the TAC that incorporate those documents. As explained below, SCB does not know which paragraphs of the TAC contain SCB-designated Protected Information or what information those paragraphs include, because Plaintiffs have refused to disclose that information to SCB.

      As the Court may recall from recent proceedings, in response to a non-party subpoena dated December 27, 2021, SCB produced to Plaintiffs more than 53,000 banking transaction records. (ECF No. 339, at 2 & Exh. 1.) SCB designated those records as Protected Information under the Protective Order because each transaction record contains "sensitive commercial data, such as . . . financial information" and/or "sensitive personal data, such as personal identifiers, . . . physical and electronic addresses, telephone numbers, financial information, . . . and other sensitive personal data." (Protective Order at ¶ D.2.) During the

The Honorable Taryn A. Merkl                                                                                                    -2-

September 27, 2023 status conference, the Court recognized that SCB had appropriately designated the documents it produced as Protected Information because "[i]nherent in bank records is the inclusion of sensitive personal data, personal identifiers, all kinds of financial information" and "data of the type that was specifically designated to be provided special confidential protection under the protective order." (ECF No. 348-1 at 59:21-60:2.)

On October 20, 2023, Plaintiffs filed the TAC, along with a motion to have the entire TAC filed and maintained under seal. (ECF No. 353.) This Court rejected the wholesale sealing of the TAC but authorized Plaintiffs to file a "revised application . . . proposing specific redactions and any additional authority on which they rely to support the sealing of specific portions" of the TAC. (Oct. 25, 2023 Order.)

After reviewing the Court's October 25 Order, SCB reached out to Plaintiffs' counsel to inquire whether the TAC incorporates or reveals Protected Information produced by SCB and requested that Plaintiffs provide SCB with those portions of the TAC along with Plaintiffs' proposed redactions so that SCB could review them. (Ex. 1 at 6, Email from B. Smith to M. Radine, dated Oct. 31, 2023.) Plaintiffs confirmed that the TAC *does* incorporate SCB-designated Protected Information, but they refused to provide SCB with any portion of the TAC or their proposed redactions on the putative ground that SCB's Protected Information was "inextricably intertwined with information produced by other third parties" and therefore could not be shared. (*Id.* at 5, Email from M. Radine to B. Smith, dated Oct. 31, 2023.) The most Plaintiffs were willing to disclose was that "192 paragraphs of the TAC contain proposed redactions," but the "redactions cannot be disaggregated by producing party." (*Id*. at 1, Email from M. Radine to B. Smith, dated Nov. 1, 2023.)

SCB agrees with Plaintiffs' request that those portions of the TAC containing Protected Information should be filed and remain under seal. Because of the position taken by Plaintiffs, however, SCB does not know which of the banking records it produced to Plaintiffs have been incorporated into the TAC. SCB is thus not currently able to make its own determination as to whether particular portions of the TAC should be kept under seal. SCB in good faith designated the banking records it produced to Plaintiffs as Protected Information because they contain the categories of sensitive information recognized under the Protective Order to warrant confidential treatment. Indeed, "both American courts and Congress have recognized the importance of protecting the confidentiality of banking records." *Strauss* v. *Credit Lyonnais, S.A.*, 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011); *see also Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.").

If Your Honor determines that the Court needs greater detail from SCB in order to assess the basis for Plaintiffs' proposed redactions to the TAC, SCB asks that it be given the ability and opportunity to provide such detail to the Court. In particular, and as noted above, SCB would ask the Court to order Plaintiffs to (i) identify with specificity the Protected Information, including the SCB banking records that have been incorporated into the TAC and (ii) disclose to SCB the corresponding portions of the TAC that incorporate those records. Regardless of how the Court

The Honorable Taryn A. Merkl                                                                                              -3-

rules on Plaintiffs' Motion, the Protective Order is "very clear" that the documents produced by SCB to Plaintiffs "shall be used solely for the purpose of conducting this litigation," whether or not they have been designated as containing Protected information.  (ECF No. 348-1 at 58:24-59:3; *see also* Protective Order at ¶ C.)  Therefore, even if the entire TAC were made public, Plaintiffs and their counsel would remain bound by the Protective Order and may not use any of the information produced by SCB outside of this action, absent a court order modifying the Protective Order's terms.

    Respectfully,

    */s/ Andrew J. Finn*
    Andrew J. Finn

(Exhibit)

cc:    All counsel of record (via ECF)