

mwe.com

Paul W. Hughes
Attorney at Law
phughes@mwe.com
+1 202 756 8981

February 2, 2024

VIA ECF

Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Robert Bartlett, et al. v. Société Générale de Banque au Liban SAL, et al.* **(E.D.N.Y. No. 19-cv-7 (CBA) (TAM))**

Dear Judge Amon:

      I am counsel for non-parties and proposed *amici curiae* the Institute of International Bankers (IIB) and the European Banking Federation (EBF) in the above-captioned matter. Pursuant to Section 3(A) of Your Honor's Individual Motion Practices and Rules, proposed *amici* respectfully request a pre-motion conference concerning their contemplated Motion for Leave to File a Brief *Amici Curiae* in Support of the Moving Defendants' Motion to Dismiss the Third Amended Complaint (letter filed at Dkt. 370).

      I can advise the Court, having discussed the contemplated motion with counsel for all parties, that no party intends to oppose the motion. Proposed *amici*'s brief is submitted herewith as Exhibit A.

      Proposed *amici*'s brief would provide the Court with a broader perspective on the scope of Anti-Terrorism Act (ATA), 18 U.S.C. §§ 2331-2333, as amended by the Justice Against Sponsors of Terrorism Act (JASTA), 18 U.S.C. § 2333(d), particularly in light of the Supreme Court's landmark decision setting forth the standard for JASTA liability in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023).

## I. Leave to file an *amicus* brief should be granted where *amici* can inform the Court with perspectives going beyond the parties' briefing.

      District courts have "broad discretion in deciding whether to accept *amicus* briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (quoting *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)). Typically, courts have concluded that such leave should be "freely grant[ed] …, provided the brief is timely and well-reasoned." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.); *accord Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007). This is particularly so when the proposed *amici's* "position is relevant and may usefully inform the court in deciding the



motions" before it. *Weininger v. Castro*, 418 F. Supp. 2d 553, 554-555 (S.D.N.Y. 2006) (citing *Neonatology* in granting motion for leave to file *amicus* brief).

In this district, a court will ordinarily allow *amicus* briefing when "the *amic[i] curiae* 'offer insights not available from the parties,' thereby aiding the [c]ourt." *Andersen*, 2007 WL 2343672, at *2 (quoting *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)). Thus, courts have welcomed briefs when they stress different arguments than the parties or otherwise "provide supplementary assistance to existing counsel and … insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Young Advocates for Fair Educ. v. Cuomo*, 2018 WL 10561496 (E.D.N.Y. Oct. 30, 2018) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)).

The brief proposed by the IIB and the EBF satisfies this standard. Whereas the parties concentrate their arguments on whether Plaintiffs' factual allegations are sufficient to state a claim under Plaintiffs' various causes of action, *amici* specifically focus on the importance for international financial institutions—particularly those that have legitimate commercial operations in the developing world—of adhering to the constrained standard for aiding-and-abetting liability under JASTA recently articulated by the Supreme Court in *Twitter*, 598 U.S. 471. Likewise, proposed *amici*'s position within the international banking industry allows them to provide additional detail regarding the impact of unduly expansive aiding-and-abetting liability under JASTA on the international banking sector, developing economies, long-term anti-terrorism efforts, and the foreign policy of the United States.

II. **The Court's ruling will likely affect proposed *amici*'s interests and the wider public interest.**

*Amicus* briefs are also "desirable [when] they represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests." *SEC v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017)).

Banks with a presence in markets outside the United States—particularly in developing countries suffering from political instability—are among the most frequent targets of JASTA claims. Proposed *amici* represent members with this market profile within the international banking community:

- The IIB is the only national association devoted exclusively to representing and advancing the interests of banking organizations headquartered outside the United States that operate in the United States. The IIB's membership consists of internationally headquartered banking and financial institutions from over 35 countries.

- The EBF is the leading professional organization of European banks. It unites 32 national banking associations in Europe that together represent some 3,500 banks—large and small, wholesale and retail, local and international.



This Court's ruling on Moving Defendants' motion to dismiss, which implicates the proper scope of secondary liability under JASTA, therefore particularly touches on proposed *amici*'s interests, as well as on the broader public interest shared by the millions of people who rely on the financial services provided by the international banking sector.

### III. The motion would be unopposed.

Proposed *amici*'s contemplated motion would be unopposed. I have conferred with counsel for each party, who stated that Defendants have consented to the filing of the proposed brief, and that Plaintiffs would not oppose the contemplated motion.

\* \* \*

For the foregoing reasons, the IIB and the EBF respectfully request a pre-motion conference concerning their contemplated Motion for Leave to File a Brief *Amici Curiae*.

Respectfully submitted,

_____
Paul W. Hughes

MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com

cc: All parties (via ECF)

Attachment: Exhibit A (Proposed Brief *Amici Curiae*)

