**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 18, 2024

By ECF

The Honorable Taryn A. Merkl,
   United States Magistrate Judge,
      U.S. District Court for the Eastern District of New York,
         225 Cadman Plaza East,
           Brooklyn, New York 11201.

      Re:    *Bartlett* v. *Société Générale de Banque au Liban SAL*, No. 19-cv-00007-CBA-TAM ("*Bartlett*")

Dear Judge Merkl:

      We write on behalf of non-party Standard Chartered Bank ("SCB") in reply to Plaintiffs' March 5, 2024 letter (ECF No. 376). Plaintiffs focus almost exclusively on whether they publicly "disclosed" Confidential Information under the Protective Order, but disclosure is not the principal violation here. Rather, Plaintiffs violated the provisions of the Protective Order limiting any "*use*" of Discovery Material to the *Bartlett* case. (*Bartlett*, ECF No. 273 at 3 ("All Discovery Material (or any copies, summaries, or abstracts thereof) shall be used solely for the purpose of conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation)."); *see also id.* § E, ¶¶ 4, 8.) Plaintiffs *used* the Discovery Material to draft an amended complaint in *Freeman II*. And even with their redactions, they further *used* the material to argue (in an expansive footnote and subsequently in a letter motion) to the *Freeman II* court that they had additional evidence supporting their already dismissed claims. *Using Bartlett* Discovery Material to try to bolster their dismissed *Freeman II* case is precisely what the Protective Order, and this Court's prior Orders, prohibits.

      Moreover, Plaintiffs' assertion that protective orders "do not generally immunize records from discovery requests in other cases" is both irrelevant to the issue of Plaintiffs' violation of the use provision and wholly unsupported by the four cases on which their letter relies. (*Bartlett*, ECF No. 376 at 4–5.) None of those cases involved a party's affirmative misuse of confidential information subject to a protective order in one case (here, *Bartlett*) in order to formulate allegations and justify post-dismissal, pre-motion-to-dismiss discovery in another case (here, *Freeman II*).[1]

---

[1]     Judge Chen dismissed *Freeman II*'s predecessor case, *Freeman I*, on September 16, 2019 (*Freeman I*, ECF No. 237), and dismissed *Freeman II* on June 5, 2020 (*Freeman II*, ECF No.

In *Carter-Wallace, Inc.* v. *Hartz Mtn. Indus.*, 92 F.R.D. 67 (S.D.N.Y. 1981), *after full discovery had commenced*, plaintiffs moved to compel defendants to produce deposition transcripts and exhibits subject to a protective order in another case based on similar allegations and against the same defendants. *Id.* at 68. Thus, unlike here, plaintiffs in that case were merely seeking prior testimony of potentially relevant witnesses during the normal course of discovery. And, unlike here, the *Carter-Wallace* plaintiffs were not attempting to misuse information they obtained in confidential discovery in the first case in order to try to justify the commencement of discovery in the second case, as Plaintiffs here are attempting to do.

In *United States Sec. & Exch. Comm'n* v. *Ahmed*, 2023 WL 3006466 (D. Conn. Apr. 19, 2023), the court denied defendant's motion to hold a producing party in contempt for producing its own documents in another case, because the protective order in the first case, by its terms, did not restrict use by *the producing party*. *Id.* at *1–2. Here, there is no question that Plaintiffs, the receiving party of SCB's documents, are bound and restricted by the *Bartlett* Protective Order, including its restrictions limiting use to this case.

The other cases Plaintiffs rely on—*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009) and *Charter Oak Fire Ins. Co.* v. *Electrolux Home Prods.*, 287 F.R.D. 130 (E.D.N.Y. 2012)—actually undermine, rather than support, Plaintiffs' arguments. In both cases, plaintiffs moved to modify a protective order to allow them to share the discovery with the lawyers in another case. But crucially, plaintiffs shared the materials only *after* the courts in the original cases *granted* their requested modifications. Here, this Court denied Plaintiffs' request to do so. Nevertheless, Plaintiffs' counsel went ahead and, in direct violation of the Protective Order's terms, "used" SCB's Confidential Information in a wholly separate litigation to formulate allegations for an attempted renewed action of a dismissed case, as reflected in 164 subsequently blacked-out paragraphs of the Second Amended Complaint filed in *Freeman II*. (*Bartlett*, ECF No. 273 at 3; *see also id.* § E, ¶¶ 4, 8.) Thus, unlike *EPDM* and *Charter Oak Fire Insurance*, Plaintiffs were denied permission to use materials subject to the Protective Order to draft a new pleading in *Freeman II*.

In short, none of Plaintiffs' cases looks anything like the extraordinary circumstances here, in which a party: (i) sought a court's permission to modify a protective order to use confidential information obtained in one case for a second case, (ii) was expressly denied such permission, and (iii) nonetheless went ahead and used the information anyway. Nor do those cases involve circumstances where plaintiffs sought to exploit their own violation of a protective order to justify the premature commencement of discovery in another case.[2]

---

81). The Second Circuit affirmed dismissal of *Freeman I* on January 5, 2023. *Freeman I*, 2023 WL 105568 (2d Cir. Jan. 5, 2023). Plaintiffs filed a Second Amended Complaint in *Freeman II* on December 27, 2023 (*Freeman II*, ECF No. 117) and moved to vacate the affirmed judgment in *Freeman I* on February 26, 2024 (*Freeman I*, ECF No. 275).

[2]     In their letter, Plaintiffs contend that SCB has not "cite[d] to an actual violation" of the Protective Order. (*Bartlett*, ECF No. 376 at 4.) That is plainly incorrect: footnote five of the *Freeman II* amended complaint itself states that the redacted "allegations are sourced from records Plaintiffs received from third parties in response to subpoenas issued in *Bartlett* v.

The Honorable Taryn A. Merkl                                                                                                    -3-

       SCB respectfully requests that the Court issue an order (i) re-confirming that Plaintiffs' use of SCB's and KBC's Confidential Information for any purpose in *Freeman II* (or *Freeman I*, or any other case) is not permitted by the Protective Order, and (ii) admonishing Plaintiffs' counsel against any further misuse of SCB's and KBC's Confidential Information.

                                                      Respectfully,

                                                     */s/ Andrew J. Finn*
                                                     Andrew J. Finn

cc:      Honorable Judge Pamela K. Chen

          All counsel of record (via ECF)

---

*SGBL* . . . subject to a protective order in that case." That is the principal improper use at issue here. If the Court wishes to review the redacted allegations Plaintiffs and their counsel generated from SCB's confidential records produced in this case to remove any doubt about the impropriety of Plaintiffs' use of discovery material from this case, SCB is prepared to submit those paragraphs for an *in camera* review.