


May 1, 2024

*VIA ECF*

Honorable Carol Bagley Amon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*,
19 Civ. 007 (CBA) (TAM)

Dear Judge Amon:

We write on behalf of Société Générale de Banque au Liban S.A.L. ("SGBL") to respond to Plaintiffs' April 19, 2024 letter (ECF No. 392) advising this Court of a decision by the New York Court of Appeals answering a certified question in *Lelchook v. SGBL*, No. 21-975 (2d Cir.). The state court decision essentially concluded that an entity that acquires all of another entity's liabilities and assets inherits the acquired entity's status for purposes of specific personal jurisdiction under New York law.

Plaintiffs' reliance on that opinion to argue this Court should revisit its earlier ruling that Plaintiffs fail to allege a *prima facie* case of personal jurisdiction over SGBL for Claim IV, successor liability, is premature and unfounded for three reasons.

*First*, as Plaintiffs acknowledge and as stated above, the question whether a federal court may exercise specific personal jurisdiction over a foreign corporation based solely on its all-cash purchase of another foreign corporation's assets and liabilities remains before the Second Circuit. In fact, on April 22, 2024, the Second Circuit ordered supplemental briefing "addressing the effect of the decision of the New York Court of Appeals on the case and the question whether exercising specific personal jurisdiction over SGBL comports with constitutional due process." *Lelchook v. SGBL*, No. 21-975, Doc. 83, 04/22/2024, Page 2. Letter briefs are due no later than May 17, 2024.

Until and unless the Second Circuit concludes the exercise of personal jurisdiction over a foreign asset-and-liability purchaser based exclusively on the imputation of a third party's forum contacts comports with due process (which it does not), SGBL continues to be correct that there is no "new, controlling law on [Plaintiffs'] successor personal jurisdiction theory warranting reconsideration, let alone reversal, of the Court's earlier decision." ECF No. 377-1, at 50.

*Second*, judicial and party economies militate in favor of declining to revisit this Court's jurisdictional ruling until a decision in *Lelchook v. SGBL* becomes final. As in that case, SGBL has argued here that the exercise of personal jurisdiction under a successor theory premised upon




a good-faith, all-cash asset-and-liability purchase violates constitutional due process. *See*, *e.g.*, ECF No. 136-1, at 8. Rather than undertaking parallel supplemental briefing addressing the effect of the state court opinion on the allegations in this case (which involves a vastly different factual scenario than in *Lelchook v. SGBL*), and the question whether federal constitutional due process permits this Court to exercise personal jurisdiction over SGBL, both court and party resources and interests are best served by waiting for the Second Circuit's consideration and analysis of the issue.

For example, if the Second Circuit rules that the exercise of personal jurisdiction in *Lelchook v. SGBL* violates due process, then this Court's conclusion that it lacks jurisdiction over SGBL in this case would undoubtedly be correct and briefing regarding the effect of the state court decision would be unnecessary. If, on the other hand, the Second Circuit rules that the exercise of personal jurisdiction in *Lelchook v. SGBL* comports with due process, then Plaintiffs here could move for reconsideration and the parties would have the opportunity to brief the effect, if any, of the state court opinion on this case, and whether the new federal appellate court opinion permits the exercise of personal jurisdiction over SGBL under the facts of this case. This path would obviate the need for a second set of supplemental briefing addressing the effect of the final decision in *Lelchook v. SGBL* on a first set of supplemental briefing.

*Third*, because New York law never recognized any form of successor liability personal jurisdiction and the text of its long-arm statute nowhere mentions imputation of a predecessor's contacts, SGBL argued here that Plaintiffs failed to make a *prima facie* showing of jurisdiction. *See Longines-Wittnauer Watch Co. v. Barnes & Reinecke*,15 N.Y.2d 443, 466 n. 16 (1965) (observing "the question of 'liability' [has] nothing to do with the problem of 'jurisdiction'"); NY CPLR § 302(a)(1). Given the state court's new approach to the issue and that SGBL steadfastly has denied that it acquired *all* the assets of LCB, *see* ECF No. 136-1, at 2; ECF No. 310, ¶ 140, or that it acquired LCB's money laundering and related liabilities having, as this Court noted, only acquired LCB's ordinary "Business" liabilities, *see* ECF No. 164, at 33 n. 17, SGBL may convert its facial challenge to a factual challenge in the event constitutional due process does not bar New York's attempt to exercise specific personal jurisdiction over a good-faith, all-cash asset-and-liability purchaser. This, too, would obviate the need for supplemental briefing on the issue and it provides an additional basis for this Court to decline to revisit its jurisdictional ruling at this time.

Like Plaintiffs, we look forward to discussing the issue further at the oral argument scheduled for May 15, 2024.

Respectfully submitted,

/s/ Brian J. Leske

*Counsel for Société Générale de Banque au Liban S.A.L.*

cc: All Counsel (Via ECF)