

LEBANESE REPUBLIC
MINISTRY OF JUSTICE

THE MINISTER

[MOJ LETTERHEAD]

15 July 2024
REF: 388/3
Honorable Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York
United States of America

**Subject: Request for International Judicial Assistance (Letter Rogatory)**

Dear Judge Merkl,

    I am writing to provide you with a copy of the Special Investigation Commission (SIC) of the Central Bank of Lebanon's response to Your Honor's letter rogatory of 14 August 2023 requesting international judicial assistance in connection with the civil case of *Bartlett, et al. v. Société Générale De Banque Au Liban SAL, et al.*, 19-CV-7 (CBA) (TAM).

    On 16 February 2024, pursuant to applicable rules in Lebanon, I transmitted the letter rogatory and its attached documents to the General Prosecutor of the Lebanese Republic. The General Prosecutor of the Republic advised me that, this being a civil matter beyond the purview of the General Prosecutor's competence, he did not have authority to consider lifting banking secrecy under the circumstances. Accordingly, the General Prosecutor transmitted the letter rogatory to the Interim Governor of the Central Bank of Lebanon in his capacity as head of the SIC, the SIC being the sole competent authority in Lebanon to determine the circumstances under which banking secrecy could be lifted.

    On 27 June 2024, the SIC issued the enclosed Resolution that was delivered to the General Prosecutor of the Republic, who in turn forwarded the same to me, and which I now am sharing with you.

1

Pursuant to the reasons outlined in said Resolution, and by virtue of applicable laws in effect in Lebanon, we are regretfully unable to extend a favorable response to your request at this time since the underlying claim consists of a civil claim seeking monetary compensation for damages suffered by certain individuals.

Please rest assured that our government remains fully committed to international cooperation between our two Nations, in particular in the fight against money laundering and international terrorism.

I take this opportunity to extend to you and to the United States District Court the assurances of my highest consideration.

                              Respectfully,

Judge Henri Khoury, Minister of Justice      15 July 2024
                                            Beirut, Lebanon

Copies to:

Honorable Mr. Wassim Manssouri, Interim Governor of the Central Bank of Lebanon

Honorable Mr. Jamal Hajjar, Prosecutor General of the Republic of Lebanon



**SPECIAL INVESTIGATION COMMISSION**
Fighting Money Laundering & Terrorism Financing
Banque du Liban



هيئــة التحقيــق الخاصــة
مكافحة تبييض الأموال وتمويل الإرهاب
مصرف لبنان

سـرّي

بيروت، في ٢٠٢٤/٦/٢٧

<u>المرجع</u>: القضية G55

<u>قرار رقم</u>: ١/٧١/١٠/٢٠٢٤

إنَّ "هيئة التحقيق الخاصة"،

وحيث انه ورد الى سعادة حاكم مصرف لبنان بالانابة بصفته رئيساً لـ"هيئة التحقيق الخاصة"، في ما يلي "الهيئة"، بواسطة المدعي العام لدى محكمة التمييز استنابة قضائية من المحكمة المدنية لمقاطعة الولايات المتحدة الأميركية للمنطقة الشرقية في نيويورك، في ما يلي "المحكمة"، مؤرخة في ٢٠٢٣/٨/١٤، والتي يتبين منها ان المدعين، **وفقاً لدعوى مدنية**، يطلبون من المصارف المدعى عليها تزويدهم بالمعلومات والمستندات العائدة لعدد من الزبائن المزعومين لهذه المصارف،

وبعد ان تم اعلامنا ان معالي وزير العدل طلب من "المحكمة" تمديد مهلة الرد حتى تاريخ ٢٠٢٤/٧/١٥،

وبعد الإطلاع على طلب الاستنابة القضائية والمستندات المرفقة بها وبعد التشاور مع مدير الشؤون القانونية، تم التوافق على أن حسن التعامل مع "المحكمة" في هذا الموضوع وضمن اطار المحافظة على المصلحة العامة، يوجب الرد على "المحكمة" وفقاً لما يلي:

"حيث أن المدعين في القضية يطلبون الحصول على معلومات وبيانات مصرفية من المصارف المدعى عليها تتعلق بزبائن مزعومين لهذه المصارف،

وحيث أن تزويد "المحكمة" بالمعلومات والبيانات المطلوبة يتطلب موافقة من السلطات المصرفية المعنية، سيما لجهة رفع السرية المصرفية،

وحيث أن المعلومات المطلوبة تشمل مستندات وبيانات مصرفية عائدة لزبائن مزعومين للمصارف المعنية لاستعمالها كأدلة في **قضية مدنية**، وأن تزويد "المحكمة" بهذه المعلومات يتطلب رفعاً للسرية المصرفية من قبل "الهيئة"،

وحيث ان طلب "المحكمة" مرتبط بدعوى مدنية تتعلق بالمطالبة بتعويضات يدعي افراد انها لحقت بهم جراء أحداث امنية في العراق،

وحيث أنه يمكن لـ"الهيئة" ، استناداً الى احكام القانون رقم ٢٠١٥/٤٤ رفع السرية المصرفية في حالات وشروط محدّدة، وذلك في معرض **تحقيقات مرتبطة بعمليات تبييض الأموال أو تمويل الإرهاب**،

وحيث ان قرار مجلس الوزراء تاريخ ٢٠١٧/١٢/١٩ حدد بشكل واضح وصريح حالات وشروط الاستجابة للاستنابات القضائية،

أمانة سر رئيس "الهيئة"

ن م

ص ب ١١-٥٥٤٤ بيروت، لبنان - هاتف: ٧٠١ ٧٥٦ ١ (٩٦١) - فاكس: ٩٩٩ ٧٤٣ ١ (٩٦١)
P O Box: 11-5544 Beirut, Lebanon – Tel : (961) 1 756 701 – Fax : (961) 1 743 999
www.sic.gov.lb

**SPECIAL INVESTIGATION COMMISSION**
Fighting Money Laundering & Terrorism Financing
Banque du Liban



هيئـة التحقيـق الخاصـة
مكافحة تبييض الأموال وتمويل الإرهاب
مصرف لبنان

**سـرّي**

وحيث أن "الهيئة" درجت على الاستجابة لطلبات المساعدة الدولية كافة سواء تلك الواردة من وزارة العدل الأميركية أو من وزارة الخزانة الأميركية والتي توفرت فيها شروط ومتطلبات القوانين اللبنانية المرعية سيما:

1. القانون رقم 2015/44 المتعلق بمكافحة تبييض الأموال وتمويل الإرهاب سيما المادة 6 منه والتي اولت "الهيئة" صلاحية رفع السرية المصرفية.

2. قرار مجلس الوزراء تاريخ 2017/12/19 سيما احكام الفقرة الفرعية الثانية من البند (3) منه وكل من البند (4) و(5) التي أوضحت شروط الاستجابة لطلبات المساعدة الدولية وخاصة في حالات التحقيقات الجنائية في جرائم تبييض الأموال وتمويل الإرهاب.

3. الاتفاقية الدولية لقمع تمويل الإرهاب الموقّعة في نيويورك في 1999/12/9 التي انضمت اليها الولايات المتحدة الأميركية، والقانون رقم 53 تاريخ 2015/11/24 الذي أجاز للبنان الإنضمام لهذه المعاهدة.

وبعد التداول في كل ما سبق،

قررت "الهيئة" بالاجماع:

**"أولاً:** للأسباب الآنفة الذكر، لا يمكن لـ"الهيئة" بناءً لطلب "المحكمة" الموقرة، رفع السرية المصرفية وتزويدها بالمعلومات والمستندات المطلوبة في ظل ظروف وملابسات القضية المذكورة.

**ثانياً:** يمكن للمصارف المدعى عليها في القضية البحث عن السبل كافة المتاحة قانوناً للتجاوب مع طلب "المحكمة" الموقرة بغية تزويدها بمعلومات أساسية عن الحسابات المعنية وذلك بشكل لا يتعارض مع احكام قانون سرية المصارف.

**ثالثاً:** في حال قيام "المحكمة" الموقرة بتزويد "الهيئة" بمعلومات إضافية تتعلق بتفاصيل الإتهامات المتعلقة بتبييض الأموال أو تمويل الإرهاب والعائدة للحسابات المعنية، فإن "الهيئة" على استعداد للنظر في الاتهامات المذكورة.

**رابعاً:** تزويد النائب العام لدى محكمة التمييز بنسخة عن هذا القرار بغية ضمه الى كتاب معالي وزير العدل الذي سيتم توجيهه الى "المحكمة" في اطار ارسال جواب لهذه الاخيرة قبل تاريخ 2024/7/14."

• قرارًا اتخذ بتاريخ 2024/6/27

رئيس "هيئة التحقيق الخاصة"
حاكم مصرف لبنان بالإنابة

د. وسيم منصوري

أمانة سر رئيس "الهيئة"
ص ب: 11-5544 بيروت، لبنان - هاتف: 701 1 756 (961) - فاكس: 999 742 1 (961)
P.O.Box: 11-5544 Beirut, Lebanon - Tel: (961) 1 756 701 - Fax: (961) 1 743 999
www.sic.gov.lb

ن م

No.: 0000 /H.T./24/G55                                            Beirut on 02/7/2024

The "Special Investigation Commission",

Whereas, the Honorable Interim Governor of the Central Bank of Lebanon, in his capacity as the Chairman of the "Special Investigation Commission" (the "Commission"), received from the General Prosecutor of the Court of Cassation a letter rogatory sent by the Civil United States District Court for the Eastern District of New York (the "Court"), issued on 14/8/2023, pursuant to which it is apparent that the plaintiffs, **in the context of a civil lawsuit**, are requesting that the defendant banks provide the plaintiffs with information and documents concerning certain alleged clients of the banks,

And after being notified that the Honorable Minister of Justice requested that the "Court" extend the deadline to respond to 15/7/2024,

And after reviewing the letter rogatory request and its enclosed attachments and after consulting with the director of legal affairs, it was agreed that, in the context of proper cooperation with the "Court" in this matter and the preservation of the public interest, that a response to the "Court" is required:

And whereas, the plaintiffs in the lawsuit are requesting the release by the defendant banks of information and financial data concerning alleged clients of the banks,

And whereas, providing the "Court" with the requested information and data requires the consent of the relevant financial authorities, especially as it concerns the lifting of banking secrecy,

And whereas, the requested information encompasses financial documents and data regarding alleged clients of the concerned banks, for use as evidence in a **civil lawsuit**, and providing the "Court" with such information would require the lifting of banking secrecy by the "Commission",

And whereas, the request of the "Court" concerns a civil lawsuit by individuals seeking compensation for damages they claim to have suffered during the course of security events in Iraq,

And whereas, the "Commission" may, pursuant to the articles of law number 44/2015, lift banking secrecy under defined circumstances and conditions, in the **context of investigations concerning money laundering or terrorism financing operations**,

And whereas, the Resolution of the Council of Ministers dated 19/12/2017 clearly specified the circumstances and conditions for responding to judicial letters rogatory,

And whereas, the "Commission" has habitually granted international requests for assistance, including those originating from the United States Department of Justice or the United States Department of the Treasury, which met the conditions and requirements of applicable Lebanese laws, in particular:

1. Law number 44/2015 concerning Fighting Money Laundering and Terrorism Financing, particularly Article 6 thereof, which granted the "Commission" the authority to lift banking secrecy.

2. The Resolution of the Council of Ministers dated 19/12/2017, particularly the second paragraph of Article (3) as well as Articles (4) and (5) thereof, which clarified the criteria for responding to international requests for assistance, in particular in the context of criminal investigations concerning money laundering and terrorism financing crimes.

3. The International Convention for the Suppression of the Financing of Terrorism signed in New York on 9/12/1999, to which the United States is a signatory, and law number 53 of 24/11/2015 authorizing Lebanon to accede to that Convention.

Based on the foregoing, the "Commission" has adopted the following Decision:

<u>First:</u> For the reasons set out above, in light of the nature of the subject lawsuit, the "Commission" is unable to grant the request of the "Court" to lift banking secrecy and to provide it with the requested information and documents.

<u>Second:</u> The defendants named in the lawsuit may explore other lawful means to respond to the request of the "Court" and to provide it with basic necessary information regarding the concerned alleged accounts in a manner that does not infringe upon banking secrecy.

<u>Third:</u> To the extent the "Court" is able to provide the "Commission" with additional details concerning money laundering or terrorism financing allegations that are specific to each alleged account, the "Commission" would be willing to look into such allegations.

<u>Fourth:</u> A copy of this Decision is to be delivered to the General Prosecutor of the Court of Cassation, to be included as part of the response provided by the Honorable Minister of Justice to the "Court" before 14/7/2024.