

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

September 13, 2024

**VIA ECF**

Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Bartlett v. Société Générale de Banque au Liban S.A.L.*, Case No. 19-cv-0007
     Joint Status Letter

Dear Judge Merkl:

**Plaintiffs' Position**

  The parties write pursuant to this Court's September 3, 2024, Minute Order directing them to meet and confer regarding Plaintiffs' anticipated motion seeking a new discovery order incorporating the additional persons and entities identified in the Third Amended Complaint ("TAC") filed subsequent to the previous Document Production Order, ECF No. 328. The parties have met and conferred on four occasions by video since the Lebanese government's July 15, 2024, declination of the Letter Rogatory, ECF No. 421 (including most recently on September 11), but have not been able to reach agreement on any of the fundamental issues implicated by that declination.

  Plaintiffs request that the Court enter a new discovery order defining the parameters of Defendants' discovery obligations, unrestricted by the Court's previous accommodations to the Lebanese authorities in their consideration of the Letter Rogatory. *See* ECF No. 320 at 24 ("[T]he Court concurs that Plaintiffs' requests should be more tailored for purposes of submitting the first set of letters rogatory to Lebanon."). However, the scope of that new discovery order will likely be impacted by whether Defendants intend to comply with this Court's discovery orders.

  Defendants have advised Plaintiffs that they do not agree even conceptually to a new discovery order, and that following the Lebanese government's response to the Letter Rogatory, they have initiated customer waiver processes, using the limited subset of customers identified for each bank in the previous order (which, again, was issued for purposes of submitting the first set of letters rogatory to Lebanon). Defendants have also advised Plaintiffs that they will not consider any production timeline until each Defendant has completed those customer waiver processes. They estimate these processes will conclude by December 13, 2024 – more than a year and a half after the Court held that it "will not delay other discovery steps for those [waiver] efforts." *Id.* at 30. Plaintiffs requested information regarding how many waivers Defendants have so far obtained

and from whom (or even which Defendants obtained them), but Defendants have declined to provide any information regarding this process.

Plaintiffs accordingly provided Defendants with a draft of their portion of a joint pre-motion conference request letter on August 30, 2024, as required under Your Honor's Individual Rule 3.A. Plaintiffs intend to file the letter on **September 16, 2024**, (1) setting forth the basis for Plaintiffs' anticipated motion seeking a new discovery order and (2) requesting that this Court establish a deadline for Defendants to advise this Court and Plaintiffs whether they will comply with the Court's March 31, 2023, Memorandum and Order overruling their Lebanese bank secrecy objections or stand on their overruled objections. That letter will set forth in greater detail the basis for Plaintiffs' requests as well as Defendants' objections and alternative proposals.

**Defendants' Position:**

We write on behalf of the Moving Defendants,[1] pursuant to this Court's minute order dated September 3, 2024, to provide the Court with a further status update proposing anticipated next steps in the discovery process.

Moving Defendants have informed Plaintiffs that they are well into the process of obtaining waivers from the individuals and entities listed in Annex A and B of the Court's discovery order. *See* ECF 328. As Moving Defendants have informed Plaintiffs, the results of that waiver process have thus far been fruitful; indeed the Moving Defendants have already obtained a significant number of waivers and expect that number to increase in the coming months as outreach and follow-up efforts continue in Lebanon. Moving Defendants have not provided Plaintiffs with an accounting of the customer outreach process as they have demanded because identifying customers from whom waivers have been sought but not yet obtained could violate Lebanese law. And disclosing real-time information about customers that have waived is unnecessary (Moving Defendants expect the process to be complete within a few months) and will only make it more difficult to obtain waivers from remaining customers.[2]

Moving Defendants have committed to substantially completing the waiver process by December 13, 2024. Before knowing the universe of customers that have waived bank secrecy, however, it is premature for Moving Defendants to agree on a deadline for the completion of document production, as Plaintiffs urge.

Accordingly, Moving Defendants propose the following next steps for the discovery process in this case. Moving Defendants will substantially complete the waiver process by December 13, 2024. Within 7 days, by December 20, 2024, the parties will meet and confer about: (1) the results

---

[1] Société Générale de Banque au Liban S.A.L.; Fransabank S.A.L.; MEAB Bank s.a.l.; BLOM Bank S.A.L.; Byblos Bank S.A.L.; Bank Audi S.A.L.; Bank of Beirut S.A.L.; LGB Bank s.a.l.; Banque Libano Française S.A.L.; Bank of Beirut and the Arab Countries S.A.L.; and Fenicia Bank S.A.L.

[2] Plaintiffs' insistence that they must know "whether Defendants intend to comply with this Court's discovery orders" ignores that Moving Defendants are going to extraordinary lengths to comply with the Court's discovery orders—simply in a manner that does not violate the law of Moving Defendants' home country.

of the waiver process; (2) any amendments Moving Defendants may wish to make to their Responses & Objections to Plaintiffs' document requests in light of the outcome of the waiver process; (3) the onset of rolling productions and a reasonable production deadline; and (4) additional steps Moving Defendants might also be able to take with respect to any alleged customer for which a waiver could not be obtained, including renewing a request to the Lebanese authorities to lift bank secrecy with respect to such customers consistent with the Special Investigation Commission's decision dated June 27, 2024.  *See* ECF 421-1 at 6 (stating that, "[t]o the extent the 'Court' is able to provide the 'Commission' with additional details concerning money laundering or terrorism financing allegations that are specific to each alleged account, the 'Commission' would be willing to look into such allegations").  The parties will write jointly to the Court with respect to these items by January 10.

Finally, Moving Defendants do not agree with Plaintiffs' position that the Court should "enter a new discovery order defining the parameters of Defendants' discovery obligations, unrestricted by the Court's previous accommodations."  The Court set forth a logical and balanced process for proceeding with discovery.  Broadening that order substantially now will undermine the Moving Defendants' efforts to comply with the existing order, including through the pursuit of customer waivers and through approaching the Lebanese authorities with a narrowed request to lift bank secrecy with respect to a subset of customers from whom waivers could not be obtained, if any.

Respectfully submitted,

/s/ Dina Gielchinsky

cc:   All Counsel