```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ROBERT BARTLETT, et al.,

                    Plaintiffs,           NOT FOR PUBLICATION
                                          MEMORANDUM & ORDER
     -against-                            19-CV-00007 (CBA) (TAM)

SOCIÉTÉ GÉNÉRALE DE BANQUE AU
LIBAN SAL, et al.,

                    Defendants.
-------------------------------------------------------x
```

**AMON, United States District Judge:**

On August 13, 2024, the Honorable Taryn A. Merkl, United States Magistrate Judge, granted non-party Standard Chartered Bank's ("SCB") letter motion for clarification and admonishment of Plaintiffs' counsel, finding that Plaintiffs' counsel violated the protective order in this case by misusing confidential discovery information in another case. (ECF Docket Entry ("D.E.") # 429 ("Discovery Order").) Plaintiffs appeal the Discovery Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72. (D.E. # 431 ("Pl. Appeal").) Plaintiffs argue on appeal that Magistrate Judge Merkl clearly erred in finding that Plaintiffs' counsel violated the protective order (D.E. # 272 ("PO")) by using Bartlett discovery information in their amended complaint in other actions where SCB is a named defendant, namely Freeman v. HSBC Holdings plc, No. 18-cv-7359 (PKC) (CLP) (E.D.N.Y.) ("Freeman II").[1] For the reasons set forth below, Plaintiffs' appeal is DENIED.

---

[1] The first filed Freeman action, Freeman v. HSBC Holdings plc, No. 14-cv-6601 (PKC) (CLP) (E.D.N.Y.) ("Freeman I") and Freeman II are collectively referred to in this opinion as the "Freeman Actions."

1

## BACKGROUND

I assume the parties' familiarity with the underlying facts of this litigation and the Freeman Actions (see Discovery Order 1-9), and only include the background relevant to my consideration of Plaintiffs' instant appeal.

In 2022, the Plaintiffs and SCB submitted to the Court a proposed protective order as part of the discovery process, which, after review, Magistrate Judge Merkl entered without modification. (D.E. # 273.) The PO defines all material disclosed and produced in this litigation as "Discovery Material" and provides that such material "shall be used solely for the purpose of conducting this Litigation." (PO ¶¶ B.2, C.) The PO further provides a mechanism for modification requiring that a party "move before the Court in this Litigation by letter motion to request permission to use Discovery Material in another case or matter." (Id. ¶ C.) The PO provides additional protection on the use of "Confidential Information," a subset of Discovery Material, which includes sensitive commercial and personal data. (Id. ¶ D.) Confidential Information is provided heightened protection as compared to Discovery Material and "shall not be copied, reproduced, summarized, extracted, or abstracted" except as "necessary for conducting this Litigation." (Id. ¶ E.)

Plaintiffs filed a motion to apply the Bartlett discovery in the Freeman Actions and on September 27, 2023, Magistrate Judge Merkl denied Plaintiffs' request, finding that:

> Plaintiff has not demonstrated an "extraordinary circumstance or compelling need" to modify the protective order in this case, on which non-party Standard Chartered Bank and the Moving Defendants have demonstrated significant reliance. See generally S.E.C. v. TheStreet.Com, 273 F.3d 222, 229 (2d Cir. 2001); see id. at 230 (observing that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied").

(Text Entry dated Sep. 27, 2023.) Magistrate Judge Merkl instructed Plaintiffs that if discovery commenced in the Freeman Actions such that the discovery may be "cross-applied," then Plaintiffs

2

could come back to "request permission" to use the Bartlett discovery. (D.E. # 346 at 58:5-7.) Plaintiffs appealed and on December 21, 2023, I affirmed her ruling. (D.E. # 368 ("M&O") 10-11.) I first determined that Plaintiffs' request to disclose Confidential Information in the Freeman Actions is "appropriately viewed as a modification to the PO." (Id. 7.) I then found that SCB reasonably relied on the protection afforded by the PO, specifically finding that Plaintiffs' intended use of the Confidential Information sought to "revive a case where they have been denied discovery to support a proposed amended complaint" in Freeman II. (Id. 10.) I concluded that Plaintiffs failed to "allege any extraordinary or compelling need to make the requested disclosure." (Id.)

Six days after I issued my M&O, on December 27, 2023, Plaintiffs filed a second amended complaint in Freeman II. (See Freeman II D.E. # 117 ("Freeman II SAC").) Plaintiffs incorporated and redacted materials from the Bartlett discovery, and expressly acknowledged that:

> A limited set of allegations in the Second Amended Complaint, which provide additional evidence that some of the Defendants knowingly provided substantial assistance to the IRGC and Hezbollah, are redacted (and are not visible to any party or the Court). These allegations are sourced from records Plaintiffs received from third parties in response to subpoenas issued in *Bartlett v. SGBL*, No. 19-cv-7-CBA-TAM (E.D.N.Y.) (all plaintiffs in this action are also plaintiffs in *Bartlett*), subject to a protective order in that case. *Bartlett*, ECF No. 273. Those highly relevant records will presumably be subject to discovery in this case, meaning omitting them from the Second Amended Complaint needlessly prejudices Plaintiffs and inconveniences the Court.

(Id. at 3 n.5.) Plaintiffs explained that they used the Bartlett Discovery Material in redacted form because they were left with "insufficient time to renew their discovery motion" to the Freeman II court following my M&O. (Id.; see also Pl. Appeal 5.)

On February 5, 2024, the presiding Judge in Freeman II, the Honorable Pamela K. Chen, United States District Judge, held a status conference to consider Plaintiffs' renewed request to "constructively 'subpoena' themselves" for the Bartlett discovery records and to permit Plaintiffs

3

to file the Freeman II SAC without redactions. (Freeman II Text Entry Dated February 6, 2024.) Judge Chen first denied Plaintiffs' request to subpoena themselves because "it would end up being an end run around the protective order that exists [in Bartlett]." (D.E. # 375-1 ("Freeman II Status Conf. Tr.") 6:17-22) ("[I]f parties who are subject to a protective order in one case get certain information pursuant to the protective order that bars them from using it outside of that case, then go and constructively subpoena those in another case, it seems to me you've avoided the intended restrictions in the other case . . . .").) Judge Chen also found that the discovery stay in Freeman II had been lifted and that Plaintiffs should subpoena SCB for the same records SCB produced in Bartlett. (Id. 7:14-16, 55:2-3.) Judge Chen then expressly observed that proceeding with discovery depended on this Court's clarification on the scope of the PO on whether the Plaintiffs' "use" of the Bartlett Discovery Material violated the PO. (Id. 38:17-21) ("[N]othing really will be moving forward until we . . . get a clarified ruling in Bartlett, [on] whether or not this particular use . . . of the information obtained by the plaintiffs in Bartlett violates a protective order.") Judge Chen noted that if this Court "rule[s] that even making a request to get [the Bartlett discovery] again in another case constitutes use that's prohibited by the [PO], I think that will pretty much foreclose any further argument before me because I don't think I have the ability to go around that way." (Id. 69:21-25.)

On February 29, 2024, SCB filed a motion requesting that this Court enter an order to confirm for Judge Chen in the Freeman Actions that Plaintiffs violated the PO by crafting redacted allegations sourced from Confidential Information and to admonish Plaintiffs' counsel against any further misuse of the Discovery Material. (D.E. ## 374, 384 at 2 n.2.) Plaintiffs argued, inter alia, that because the stay of discovery was lifted in Freeman II, the Bartlett discovery could be cross-applied. (D.E. # 376.) Plaintiffs further argued that SCB cannot avoid discovery in the

4

Freeman Actions merely because it disclosed the same discovery material to Plaintiffs pursuant to the PO. (Id.) (internal quotation omitted).

On August 13, 2024, Magistrate Judge Merkl granted SCB's motion, finding that:

> By analyzing the Bartlett Discovery Material to craft allegations for the second amended complaint in Freeman II and by relying on Bartlett Discovery Material to argue in support of seeking discovery in a case where a limitation had been placed on discovery due to motion to dismiss practice, the Court finds that Plaintiffs' counsel has violated the Protective Order.

(Discovery Order 15.)[2] Magistrate Judge Merkl also recognized that "a protective order cannot be used 'as a means of protecting discovery that would otherwise be discoverable in the related actions.'" (Id. (citing Charter Oak Fire Ins. Co. v. Electrolux Home Prod., Inc., 287 F.R.D. 130, 134 (E.D.N.Y. 2012)).) She further stated that if Plaintiffs' assertion is accurate that their "document request in Freeman II is based on the subpoena that was issued in Bartlett, which was prepared before counsel had any exposure to protected information" and Judge Chen decides that discovery "may commence . . . without considering arguments grounded on Bartlett Discovery Material" then the PO cannot "cut down" Plaintiffs' discovery requests in Freeman II. (Id. 16.)

On August 27, 2024, Plaintiffs filed the pending motion (Pl. Appeal) and SCB opposed. (D.E. # 432 ("SCB Opp.").)

## STANDARD OF REVIEW

A district court may set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). Magistrate judges are "afforded broad discretion in resolving non-dispositive disputes."

---

[2] After Magistrate Judge Merkl issued her Discovery Order, Plaintiffs again requested clarification from the Court as to what degree they are permitted to use KBC Bank's Bartlett Discovery Materials. (Pl. Appeal 20.) As I held previously, because Plaintiffs failed to raise this issue below and the parties have not fully briefed the discovery issue as to KBC Bank, I take no position at this time on whether the PO precludes the disclosure of KBC Bank's discovery material. (See M&O 3 n.1.)

5

Macchia v. ADP, Inc., 711 F. Supp. 3d 162, 166 (E.D.N.Y. 2024). An order is clearly erroneous if "'on the entire evidence' the Court is 'left with the definite and firm conviction that a mistake has been committed.'" Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 235 (2001)). An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Weiner v. McKeefery, No. 11-CV-2254 (JFB) (AKT), 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (internal quotation omitted). This standard of review is highly deferential. Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017).

**DISCUSSION**

Plaintiffs argue that Magistrate Judge Merkl misconstrued the "scope of the word 'use.'" (Pl. Appeal 9-13.) Plaintiffs contend that "use" of discovery information must "refer to an actual disclosure of specific protected information," and because they redacted the Confidential Information in the Freeman II SAC, they did not violate the PO. (Id. 12.) SCB, by contrast, argues that the PO "plainly restricts" any use of Confidential Information to the Bartlett litigation, even without disclosure. (SCB Opp. 13.)

Magistrate Judge Merkl's conclusion that Plaintiffs violated the PO was not clearly erroneous or contrary to law. Courts construe the meaning of protective orders "according to general principles of contract law." City of Hartford v. Chase, 942 F.2d 130, 134 (2d Cir. 1991). The "plain meaning of the language" controls the interpretation of the protective order. Id. Further, a judge's interpretation of his or her own protective order is afforded "substantial deference." United States v. Spallone, 399 F.3d 415, 423 (2d Cir. 2005).

The relevant sentence here from the PO states that all Discovery Material "shall be used solely for the purpose of conducting this Litigation." (PO ¶ C.) Black's Law Dictionary defines

6

"use" to mean "[t]o employ for the accomplishment of a purpose" or "to avail oneself of." Use, BLACK'S LAW DICTIONARY (12th ed. 2024).³ I agree with Magistrate Judge Merkl that Plaintiffs' "review and incorporation of Discovery Material in the [Freeman II SAC] — even redacted — constitutes an improper use" because "the Discovery Material was used to craft claims against SCB." (Discovery Order 9.) This interpretation is supported by Plaintiffs own description of the redacted allegations. In the Freeman II SAC, Plaintiffs admit that they "sourced" the redacted allegations from "highly relevant" records subject to the PO. (Freeman II SAC 3 n.5.; Pl. Appeal 5.) It is certainly not clearly erroneous to find that "sourcing" allegations from information obtained pursuant to the PO violates the restriction that such information "shall be used solely for the purpose of conducting this Litigation" without a prior modification of the PO. See Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 294, 296 (2d Cir. 1979) (affirming the district court's determination that discovery materials restricted for "the preparation for and conduct of the litigation" could not be disclosed absent showing "some extraordinary circumstance or compelling need"); Wolters Kluwer Fin. Servs. Inc. v. Scivantage, No. 07 CV 2352 (HB), 2007 WL 1498114, at *8 (S.D.N.Y. May 23, 2007) (holding that the "Protective Order in place in this action does not, and did not, allow the parties to this action to use 'confidential' . . . information in another action" absent a prior modification). I conclude that the Plaintiffs violated the "plain language" of the PO by availing themselves of the Confidential Information in this case for the purpose of sourcing redacted allegations in another case. See Geller v. Branic Int'l Realty Corp., 212 F.3d 734, 737–38 (2d Cir. 2000) ("The order must be interpreted as its plain language dictates.") (internal quotations and alterations omitted).

---

³ The Discovery Order similarly defined "use" to mean to "put into action or service," or "something akin to 'utilize.'" (Discovery Order 12 n.4 citing Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/use.)

Plaintiffs' narrow interpretation that "use" requires "disclosure," i.e., that because they redacted the Confidential Information, they did not violate the PO, is unpersuasive. In Errant Gene, the court held that "use of protected information alone, even without disclosure" constituted a violation of the protective order. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch., No. 15-CV-2044 (AJN) (RLE), 2017 WL 2418742, at *3 (S.D.N.Y. June 5, 2017). There, the plaintiff used discovery obtained pursuant to a protective order in one case to source redacted allegations in one state court case and un-redacted allegations in another state court case. Id. at *2. The plaintiff argued that "by redacting the confidential information in the [state court] complaint until such time as [they] obtained the legal rights to disclose it, the information obtained under the Protective Order in this case was not being used" and therefore did not violate the protective order. Id. (internal quotation omitted). The court disagreed because the "plain language" of the protective order prohibited plaintiff from "using protected information for any purpose other than [plaintiff's] participation in *this* action." Id. at *3 (emphasis in original). The court held that because plaintiff failed to "seek permission from the [c]ourt" to modify the protective order to use the confidential information in another action, plaintiff violated the protective order. Id. Here, Plaintiffs similarly "used" Confidential Information to file redacted allegations in another case without seeking, and ultimately receiving, permission from this Court to modify the PO. Thus, I find that Magistrate Judge Merkl did not clearly err in finding that Plaintiffs "used" Confidential Information to craft allegations, albeit redacted, absent a modification to the PO.

Plaintiff does not persuasively distinguish Errant Gene. Plaintiff argues that the "circumstances" in Errant Gene were "very different" for several reasons. (Pl. Appeal 12 n.7.) First, Plaintiffs note that the plaintiff there "brought a surprise complaint rather than raise their

8

issue" with the court. (Id.) Here, Plaintiffs' actions are arguably worse because they used Bartlett discovery in the Freeman Actions just six days after I affirmed Magistrate Judge Merkl's order denying Plaintiffs request to do so. Second, Plaintiffs argue that unlike in Errant Gene, they were "facing a pressing deadline" to file their Freeman II amended complaint. (Id.) Here, the Discovery Order identified several plausible alternatives Plaintiffs could have taken (see Discovery Order 13-14), but instead Plaintiffs decided to "brazenly" file the Freeman II SAC, knowingly incorporating Confidential Information.[4] (Id. 14.) Finally, Plaintiff is correct that the Errant Gene plaintiffs filed an unredacted version of the complaint (Pl. Appeal 12 n.7), but the court held that using confidential information, both unredacted and redacted, constitutes a violation of the protective order. Errant Gene, 2017 WL 2418742, at *3.

Plaintiffs also argue that Magistrate Judge Merkl erred because her Discovery Order construed "use" to prohibit Plaintiffs from using their knowledge that confidential information exists to advocate for the production of the same materials in Freeman II. (Pl. Appeal 9-13.) This argument fails for several reasons. First, as SCB points out, Plaintiffs did not raise this argument before Magistrate Judge Merkl (see D.E. # 376), and therefore Plaintiffs' "new argument . . . cannot properly be raised for the first time in objections to" Magistrate Judge Merkl's order. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 336 F.R.D. 400, 404 (S.D.N.Y. 2020) (quoting Khatabi v. Bonura, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017)). Second, even considering Plaintiffs' argument, Magistrate Judge Merkl expressly declined to consider this very question. (Discovery Order 16 ("[T]he facts presented indicate that the Court need not answer" whether the PO "actually prohibit[s] including [Plaintiffs'] knowledge

---

[4] For instance, Plaintiffs could have filed the Freeman II SAC without including redacted allegations "sourced" from Bartlett discovery. (Id.) Plaintiffs describe the suggested alternatives as "not realistic" while at the same time claiming that the Freeman II SAC's aiding-and-abetting claim is "sufficiently and fully [supported] with non-protected materials." (Pl. Appeal 6.)

9

of [the Confidential Information] to acquire [it] to use [in Freeman II].").) Indeed, as discussed above, Magistrate Judge Merkl determined that Plaintiffs violated the PO because they "took matters into their own hands" and used Confidential Information to "craft allegations" for the Freeman II SAC. (Id. 15.) Thus, Plaintiffs are incorrect that the Discovery Order held that mere knowledge that the Confidential Information exists when requesting the same records in another case is a violation of the PO.

In support of this argument, Plaintiffs rely heavily on In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993), an out-of-circuit case they failed to cite in their briefing before Magistrate Judge Merkl. In that case, the Ninth Circuit reversed the district court's ruling that held the plaintiff in contempt for violating a protective order by using discovery from an earlier lawsuit to support a later lawsuit. Id. at 694. In determining whether the plaintiff substantially complied with the protective order's purpose to "protect commercial secrets" despite committing three "technical violations," the court stated that it would be "absurd" to interpret the protective order to require "total amnesia" otherwise plaintiff's counsel could never use "what they learned in a prior case in any way whatsoever in any other action." Id. at 695. The court held that the plaintiff substantially complied with the order and such violations did not rise to the level of contempt. Id. That case is distinguishable. Unlike the instant case, Dual-Deck was a contempt case where the plaintiff's substantial compliance with the protective order was sufficient to avoid liability despite committing three technical violations of the protective order. Further, the Dual-Deck court reasoned that the purpose of the protective order was to protect disclosure of commercial secrets to which the plaintiff's technical violations substantially complied. But here, Plaintiffs used the Confidential Information to craft allegations in a complaint "to revive a case where they have been denied discovery to support a proposed amended

complaint" and "to establish a cause of action against SCB in another case." (Discovery Order 13 citing M&O 10-11.) Such use was expressly rejected by this Court (see generally M&O; Text Entry dated Sep. 27, 2023), and Plaintiffs' use of the Confidential Information rises well above any technical violation.[5]

Finally, Plaintiffs argue that clarification of the Discovery Order is required to determine whether Plaintiffs' discovery request in Freeman II based on the original Bartlett subpoena constitutes a violation of the PO. (Pl. Appeal 19-20.) No such clarification is required. The Discovery Order clearly states that the PO is not a "bar" to Plaintiffs' Freeman II discovery efforts. (Discovery Order 16.) To the extent Plaintiffs' "document request in Freeman II is based on the subpoena that was issued in Bartlett, which was prepared before [Plaintiff] had any exposure to [P]rotected [I]information," and Plaintiff does not advocate for production before Judge Chen based on "arguments grounded on" or "gleaned from" Bartlett Discovery Material, such discovery is appropriate. (Id.)

---

[5] Plaintiffs also cite Sidhi Vinayak Petroleum, Inc. v. Hess Corp., No. 3:16 CV 1792 (WWE), 2019 WL 3051595 (D. Conn. July 12, 2019), to support their interpretation that "use" does not prevent them "from raising protected information in other cases, if redacted." (Pl. Appeal 10.) Sidhi Vinayak does not concern whether filing redacted allegations constitutes "use"; rather, the court rejected the plaintiff's argument that "a 'use' restriction would prevent counsel from taking related cases in the future because of counsel's knowledge of the protected information." 2019 WL 3051595, at *4.

11

## CONCLUSION

Plaintiffs have failed to establish that the Magistrate Judge's decision on SCB's motion for clarification and admonishment of Plaintiffs' counsel was clearly erroneous or contrary to law. Plaintiffs' appeal is therefore DENIED.

SO ORDERED.

Dated: December /7 2024
Brooklyn, New York

Carol Bagley Amon
United States District Judge