# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

February 19, 2025

Mark DeLaquil

**VIA ECF**

Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*, Case No. 1:19-cv-00007 (E.D.N.Y.)

Dear Judge Amon,

Defendant Jamal Trust Bank SAL ("JTB") and intervenor-defendant Mr. Carl Abdo Ayoub, in his official capacity, (collectively, "defendants") hereby respond to plaintiffs' notice of new authority dated February 7, 2025. Plaintiffs' notice cites *Schansman v. Sberbank of Russia PJSC*, No. 22-3097, 2025 WL 379439 (2d Cir. Feb. 4, 2025), for the proposition that the commercial-activities exception of the Foreign Sovereign Immunities Act ("FSIA") negates defendants' sovereign immunity. Plaintiffs are wrong for several reasons.

First, plaintiffs have forfeited any argument regarding the commercial-activities exception. In response to defendants' 2020 motion to dismiss on sovereign immunity grounds, plaintiffs never contended that the commercial-activities exception applied. *See* Pl. Opp. to Mot. to Dismiss (ECF No. 187). Plaintiffs' supplemental brief on remand concedes that plaintiffs failed to raise the exception. Pl. Supp. Br. at 10 n.5 (ECF No. 420). Accordingly, defendants have forfeited this argument. *See* Defs. Supp. Br. at 4 (ECF No. 419) (collecting authority explaining that challenges to sovereign immunity may be waived).

Second, addressing the commercial-activities exception is beyond the scope of the Second Circuit's remand. *See India.com, Inc. v. Dalal*, No. 02 CIV. 0111 (DLC), 2009 WL 5171734, at *2 (S.D.N.Y. Dec. 30, 2009) ("Both arguments are beyond the scope of the remand from the Second Circuit, which is limited to setting damages."). The Second Circuit remanded to this Court

"to determine whether JTB is *now* [an instrumentality of a foreign sovereign]." *Bartlett v. Baasiri*, 81 F.4th 28, 37 (2d Cir. 2023) (emphasis added). That mandate does not include addressing whether defendant JTB was engaged in commercial activities at the time plaintiffs filed suit. To the contrary, the Second Circuit's opinion implicitly rejects the position that the commercial-activities exception applies to this case. *See id.* at 36 (rejecting argument that permitting immunity to attach when a state liquidates a "commercial" entity after suit would "encourage gamesmanship"). Plaintiffs' belated argument effectively seeks an end-run around that decision.

Third, even if the Court reaches the merits of the commercial-activities exception, plaintiffs' reliance on *Schansman* is misplaced. In *Schansman*, the Russian Ministry of Finance merely acquired an interest in Sberbank after the plaintiffs filed suit. 2025 WL 379439, at *5. Sberbank remained operational post-acquisition and it was therefore appropriate for the Second Circuit to assess immunity based on Sberbank's activities. By contrast, defendant JTB effectively no longer exists; it has ceased all banking operations and its corporate status survives only for the limited purpose of permitting liquidation. As defendants explained in their supplemental memorandum, the real party in interest in this litigation is not JTB, but Mr. Ayoub in his official capacity as the Central Bank's liquidator. *See* Defs. Supp. Br. at 5–6. The Court accordingly must look to whether the activities of Mr. Ayoub and the Central Bank satisfy the commercial-activities exception—which they plainly do not—and not the activities of the functionally non-existent JTB. *See id.* JTB's allegedly commercial activities cannot be imputed to Mr. Ayoub and the Central Bank. *See NYSA-ILA Pension Tr. Fund By & Through Bowers v. Garuda Indonesia*, 7 F.3d 35, 39 (2d Cir. 1993) ("[B]ecause each instrumentality of a foreign government is treated as a distinct foreign state under the FSIA, the commercial activities of Djakarta cannot be imputed to the Defendants in this case.").

Moreover, even if it were appropriate to look to JTB's activities, plaintiffs still would be wrong that the commercial-activities exception applies. The commercial-activities exception applies to suits that are "based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C.A. § 1605(a)(2). Whether this exception applies is a "fact-intensive" inquiry as to which plaintiffs bear the burden of production. *Nam v. Permanent Mission of Republic of Korea to United Nations*, 118 F.4th 234, 243–44 (2d Cir. 2024).

Plaintiffs' cursory assertion of the exception in their supplemental brief in no manner satisfies their burden. *See* Pl. Supp. Br. at 10. For example, plaintiffs make no effort to establish that the purported activity that is the "gravamen" of their suit was carried on in the United States, was based on an act performed in the United States, or caused a direct effect in the United States as required by 28 U.S.C.A. § 1605(a)(2). *See Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 135 (2d Cir. 2022) ("We need not decide whether such activity forms the 'gravamen' of the complaint, because even assuming *arguendo* that it does, BDL's activity did not have a 'direct effect in the United States' within the meaning of the FSIA."); *compare Schansman*, 2025 WL 379439, at *9 (noting allegation that four U.S. correspondent bank accounts of Sberbank were specifically used to solicit international donations to the Donetsk People's Republic), with *Daou*, 42 F.4th at 137

(rejecting argument that commercial-activities exception applied to claim against Central Bank of Lebanon because "[i]nsofar as [the Central Bank's] actions exerted any force on the Daous' money, they did so in Lebanon"), and *Orient Min. Co. v. Bank of China*, 506 F.3d 980, 996 (10th Cir. 2007) (rejecting argument that bank's transfer of funds to U.S. account constituted a "commercial activity carried on in the United States" because "[t]he Bank acted within China, not the United States").

        This Court should therefore hold that plaintiffs' belated assertion of the commercial-activities exception is both forfeited and meritless. Consistent with the Second Circuit's remand, the Court should further hold that because defendants are now an instrumentality of a foreign state, their motion to dismiss on the grounds of sovereign immunity must be granted.

Sincerely,

/s/ *Mark DeLaquil*
Mark DeLaquil


CC: All counsel of record (via ECF)