

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

March 5, 2025

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007
            Notice of New Authority

Dear Judge Amon:

    Plaintiffs respectfully write to in brief response to Jammal Trust Bank's ("JTB") letter filed on February 19, 2025, ECF No. 459, relating to their motion to dismiss for lack of subject matter jurisdiction.

    JTB's letter asserts that Plaintiffs have "forfeited" or "waived" raising an exception to sovereign immunity. This is incorrect.

    First, the exceptions are not "defenses" to immunity, they are *part* of the immunity determination—the FSIA states: "A foreign state *shall not be immune* from the jurisdiction of courts of the United States or of the States in any case" where an exception applies. 28 U.S.C. § 1605(a) (emphasis added). *See also Republic of Austria v. Altmann*, 541 U.S. 677, 691 (2004) ("These exceptions are central to the Act's functioning"). That is, a foreign state *cannot* be immune as to its commercial activities. As a result, the Second Circuit held that, "because foreign sovereign immunity is an issue of subject matter jurisdiction, a district court may raise the issue *sua sponte* to 'satisfy itself that one of the [FSIA] exceptions applies.'" *Sheafen Kuo v. Gov't of Taiwan*, 802 F. App'x 594, 596 (2d Cir. 2020) (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493-94 (1983)).[1] Thus, this Court must determine if JTB has sovereign immunity, and that determination turns on whether the "gravamen" of Plaintiffs' claims is JTB's commercial activities. *Schansman v. Sberbank* Op. (*Bartlett* ECF No. 458-1) at 26-27.

    Second, JTB's motion to dismiss is open as the Circuit vacated the Court's order denying it in *Bartlett v. Baasiri*, 81 F.4th 28 (2d Cir. 2023). To the extent Plaintiffs did not raise the

---

[1]     In the D.C. Circuit, which deals most often with FSIA matters, "the sovereign 'defendant bears the burden of proving that the plaintiff's allegations do not bring its case within a statutory exception to immunity.'" *Simon v. Republic of Hungary*, 77 F.4th 1077, 1116 (2023) (quoting *Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 197 (D.C. Cir. 2004)), *vac'd on other grounds*, *sub nom. Republic of Hungary v. Simon*, No. 23-867, 2025 U.S. LEXIS 549 (Feb. 21, 2025). In its briefing before the Supreme Court, Hungary contested whether it or the *Simon* plaintiffs bore the burden of *proving* that an exception applies, but not that the district court can simply *ignore* an exception at the pleading stage or find immunity despite the applicability of one. In any event, the Supreme Court explicitly declined to disturb the D.C. Circuit's burden holdings which rely on older precedent (e.g., *Price*), leaving it the law in that circuit. *Simon*, 2025 U.S. LEXIS 549 at *15 n.1.

commercial activities exception before, that is because they—and this Court—reasonably understood that the time of filing rule in *Dole Food Co. v. Patrickson*, 538 U.S. 468, 470 (2003), meant that *the FSIA did not apply here at all*. At that time (i.e., before *Baasiri*), the Second Circuit had held "unequivocally that an entity's status as an instrumentality of a foreign state should be determined at the time of the filing of the complaint.'" *Abrams v. Societe Nationale des Chemins de Fer Francais*, 389 F.3d 61, 64 (2d Cir. 2004). *See* Pls. Supp. Br., ECF No. 420, at 10 n.5 (noting reason for not briefing exception previously).

Indeed, JTB's argument that Plaintiffs waived an "exception" to immunity is incredible given that (a) unlike its inapposite cases, JTB was (and remains) a private entity until well after case was filed and (b) it failed to inform the Court of its purported conversion into a state entity until *nearly a year* after it entered liquidation (based on bogus assertions JTB made to this Court that its Liquidator was hiding in a "mountainous region," when the leak of JTB records showed that was untrue, *see* TAC ¶¶ 2136-48).

It is also irrelevant that, as JTB asserts, the question remanded by the Circuit to this Court did not raise the commercial activities exception. The Second Circuit's question on remand did not purport to resolve this Court's subject matter jurisdiction—rather, it was solely to determine a *factual* issue necessary to decide the question *on appeal* (i.e., the applicability of *Dole Food*). The Circuit's decision did not direct this Court to enter judgment for JTB. Rather, post-vacatur, this Court must decide whether to dismiss JTB from this action but cannot do so based on an immunity *JTB does not have* due to the commercial activities exception (and the fact that it is not an instrumentality).[2]

Finally, JTB's argument that the commercial activities exception requires finding that the defendant "remain[ed] operational post-acquisition" or that the Court "must look to whether the activities of [Intervenor] Mr. Ayoub and the Central Bank [of Lebanon] satisfy the commercial-activities exception" is unsupported. The commercial exception applies where "*the action* is based upon a commercial activity carried on in the United States by the foreign state…." 28 U.S.C. § 1605(a)(2) (emphasis added). Courts look at whether "the predicate acts complained of by plaintiff in this action were indeed 'commercial activities' under the FSIA." *Daly v. Llanes*, 30 F. Supp. 2d 407, 419 (S.D.N.Y. 1998). Here, as in the very similar allegations in *Schansman*, the predicate acts complained of were indisputably commercial activities.

                                                Respectfully submitted,

                                                /s/ Michael Radine

cc: All Counsel

---

[2] JTB argues Plaintiffs have not met their "burden of production" showing their claims arise from JTB's commercial activities in the United States. One thing Plaintiffs' complaints do not lack is fulsome allegations about Defendants' relevant banking through the United States, including JTB's, which resulted in its designation as a Specially Designated Global Terrorist by the United States. This Court noted that there was such a "volume of allegations" against Defendants, JTB's designation did not even have to be considered to deny its Rule 12(b)(6) motion. *See, e.g.*, *Bartlett v. Société Générale De Banque Au Liban Sal*, No. 19-cv-00007 (CBA) (VMS), 2020 U.S. Dist. LEXIS 229921, at *36 n.1 (E.D.N.Y. Nov. 25, 2020).