# Exhibit B



190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

February 24, 2025

**VIA E-MAIL**

Michael McGinley, Esq.
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

      **Re:**    ***Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.***
            **Proposed Production Order**

Dear Michael:

We are in receipt of Defendants' proposed mark-up last Friday of the Court's June 8, 2023, Order Compelling Defendants to Produce Documents, ECF No. 328.

However, we had requested that you propose edits to the draft "Proposed Production Order" we circulated on December 18, 2024. We therefore do not have Defendants' position on the categories of records they are obligated to search for. As we advised you during our January 24, 2025, meet and confer, the categories reflected in our draft Proposed Production Order largely break out the categories in the Court's June 8, 2023, Order for the sake of specificity and completeness. They also reflect Magistrate Judge Merkl's observations in her March 31, 2023, Order overruling Defendants' bank secrecy objections regarding the appropriateness of the scope of records Plaintiffs requested – at Defendants' request. Specifically, the Court noted that "[g]iven that the central allegations in the case concern Defendants' provision of financial services to individuals and entities associated with Hezbollah, bank account records, transactional records, compliance records, and internal and external communications regarding persons and entities associated with Hezbollah are undoubtedly relevant, as would be documents that provide 'direct evidence of a bank's subjective awareness of its role in terrorist attacks — internal memoranda, e-mails, and the like.'" 2023 U.S. Dist. LEXIS 56982, at *45 (E.D.N.Y. Mar. 31, 2023) (citing Judge Amon's Order denying Defendants' motions to dismiss Plaintiffs' JASTA claims, 2020 U.S. Dist. LEXIS 229921, at *10). Please provide us with Defendants' comments to the categories of records we proposed in our Proposed Production Order at your earliest convenience so that the parties can address any disagreement to the Court this Friday.

We are able to address Defendants' position on two other categories:

    i.    The scope of names of customers Defendants are obligated to search; and

    ii.  Plaintiffs' requests for certain records relating to LCB which are in the possession of SGBL.

**Scope of names**

With respect to the first issue, Plaintiffs' Proposed Production Order limits the names to be searched to individuals and entities identified in the Third Amended Complaint ("TAC"), although Rule 26 imposes no such limitation on discovery, as acknowledged by the Court: "this ruling does not limit discovery to the accounts alleged in the SAC." 2023 U.S. Dist. LEXIS 56982, at *70 n.23. As we understand it, Defendants' position is that searches should continue to be limited to individuals and entities identified in the TAC as holding accounts at specific Banks, which was the method the Court instructed for the letters rogatory process. Now that those requests have been denied, Magistrate Judge Merkl's observation that she had "little difficulty concluding that discovery related to the 592 names and entities listed in the SAC may yield relevant evidence," 2023 U.S. Dist. LEXIS 56982, at *47, is apt.

At the same time, in the interest of advancing our discussions and accommodating Defendants' desire to stage discovery incrementally, Plaintiffs propose (without waiver) the following compromise:

1. Defendants would produce (within 45 days) copies of each waiver they obtained from a customer as well as all correspondence with each customer who provided a waiver.

2. The Production Order submitted to the Court would require each Defendant to search for *all* the names of individuals and entities identified in the two appendices to the Proposed Production Order we circulated to you on December 18, 2024, to determine if they were customers of the bank at any time during the period defined in that Proposed Order.

3. *However*, the Defendants would not be initially ordered to produce records for any of the names on the lists, other than (i) those alleged to be customers of the Defendants in the TAC, and (ii) those which third-party discovery has established were customers of Defendants (which we will provide you with).

4. Instead, within 45 days of the Order, each Defendant would:

    (a) Provide Plaintiffs with technical details concerning the database systems each Bank has been using to date to search for and identify customers; and
    (b) Provide Plaintiffs with copies of the search queries previously used to identify customers for whom waivers have already been obtained.

5. Within 75 days of the Order, each Defendant's IT representative(s) would meet and confer with Plaintiffs' counsel and their IT representative(s) to answer any questions and/or propose additional search queries.[1]

6. Within 90 days of the Order, each Defendant would inform the Court of the number of individuals and entities it has identified as bank customers during the relevant period; and in what currencies it held accounts for each individual and entity so identified;

7. Thereafter, the parties would meet and confer on any "undue burden" issues Defendants wish to raise. Burden and any unresolved issues would be simultaneously briefed by both sides 120 days following the Order in briefs of mutually agreed upon length.

The proposal would provide Plaintiffs with greater transparency on the nature of the waiver process each Defendant has undertaken. It would also preserve Defendants' burden objections to scope of production and defer their obligations to produce additional records (beyond those involving customers alleged in the TAC and identified through third-party discovery).

### Records relating to LCB which are in the possession of SGBL

SGBL has advised that its position is that the discovery ruling in the case does not encompass or contemplate an order pertaining to the SGBL-specific documents Plaintiffs identified in paragraphs 12 and 13 of the Proposed Production Order we circulated. Our view is that all records and evidence relating to migration of LCB customers, including through the acquisition of LCB by SGBL, is clearly relevant to Plaintiffs' claims, particularly against SGBL. Judge Merkl's bank secrecy decision states:

> Plaintiffs have shown that discovery regarding the accounts migrated from LCB to the other Defendants would be relevant. Defendants argue that these migrated LCB accounts are irrelevant because (1) Plaintiffs did not specifically allege that any Defendants provided financial services (or other affirmative conduct) to any migrated accounts; and (2) Plaintiffs did not allege that any banking services provided to the migrated accounts occurred before the last attack (on November 14, 2011). But if Defendants provided banking services to accounts migrated from LCB even after they knew or should have known that those accounts were associated with customers affiliated with terrorism or Hezbollah, **the "continued provision of financial services to these blacklisted account holders certainly evidences a culpable, or at least willfully blind state of mind." Discovery regarding these accounts could yield highly relevant evidence regarding Defendants' state of mind** and the duration of Defendants' provision of banking services, factors

---

[1] In Plaintiffs' experience, these discussions are much more productive if a bank's IT staff participates directly (under counsel's supervision).

      pertinent to analyzing "general awareness" and "substantial assistance" under JASTA.

2023 U.S. Dist. LEXIS 56982, at *47-48 (citations omitted) (emphasis added).

      As discussed, we will be happy to explore each of these issues further with Defendants' counsel at our upcoming meet and confer on Thursday, February 27, 2025, at 10:00 a.m. We will send an e-mail invitation later today.

                                    Sincerely,

                                    /s/ Dina Gielchinsky

cc:     All Counsel