

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

August 12, 2025

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007

Dear Judge Amon:

  Defendants' proposed motion for judgment on the pleadings, *see* ECF No. 474, is yet another attempt to avoid and delay their discovery obligations with wasteful motion practice.

  *Ashley v. Deutsche Bank Aktiengesellschaft*, --- F.4th ----, 2025 LX 291534 (2d Cir. July 21, 2025),[1] explicitly states that it has not changed the law in this Circuit: "There is no doubt that the conclusions we have reached in the past are entirely consistent with" the Supreme Court's decision in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). *Id.* at *30. The Circuit also explicitly reaffirmed *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021), which sustained a complaint alleging that a bank—*Bartlett* Defendant LCB—aided and abetted Hezbollah's rocket attacks by allowing five Hezbollah-affiliated customers "to hide their money laundering transactions while circumventing U.S. sanctions." *Ashley*, 2025 LX 291534, at *27. When LCB allegedly "violated sanctions laws and granted exemptions to obscure the substance of deposits, including for a client known to provide financial support to suicide bombers' families," that was sufficient (notably, for rocket attacks, not suicide bombings). *Id.* at *51-52.

  Defendants' proposed motion for judgment on the pleadings would be their *fourth* dispositive motion on the pleadings.

  In denying Defendants' **first motion to dismiss** Plaintiffs' JASTA claims, this Court found that Plaintiffs sufficiently "allege[d] a wide-ranging, years-long, knowing scheme of coordination in which Defendants acted as Hezbollah's core financial service-providers," and "any suggestion that Hezbollah's core bankers would be unaware of their *role in those attacks* by providing it banking services necessary to funding those attacks is highly dubious." *Bartlett v. Société Générale De Banque Au Liban Sal*, No. 19-cv-7 (CBA) (VMS), 2020 U.S. Dist. LEXIS 229921, at *60 (E.D.N.Y. Nov. 25, 2020) (emphasis added). Awareness of a role in the attacks themselves is sufficient under every relevant case.

  In denying Defendants' **second motion to dismiss** Plaintiffs' JASTA claims (which this Court correctly noted was in fact "seeking reconsideration of my earlier order"), this Court found that *Kaplan*, along with the Second Circuit's subsequent decision in *Honickman v. BLOM Bank*

---

[1] The "LX" code is Lexis's new citation format for unpublished opinions.

*SAL*, 6 F.4th 487 (2d Cir. 2021), "both alter the law in Plaintiffs' favor. Accordingly, they do not undermine the Original M&O's partial denial of Defendants' initial motions to dismiss." ECF No. 291 at 3. Again, *Ashley* states that the Circuit's prior decisions in *Kaplan* and *Honickman* are "entirely consistent" with *Taamneh*. 2025 LX 291534 at *30.

In denying Defendants' **third motion to dismiss** Plaintiffs' JASTA claims (this time explicitly to reconsider the Court's prior denials), this Court confirmed that Plaintiffs' claims meet the *Taamneh* standards: "Plaintiffs … have sufficiently alleged that Defendants consciously and culpably aided and abetted the terrorist acts." *Bartlett v. Société Générale de Banque au Liban SAL*, No. 19-cv-7, 2024 U.S. Dist. LEXIS 241810, at *54 (E.D.N.Y. Sep. 18, 2024). The Court noted that Defendants provided "bespoke servicing of" bank accounts for "individuals and organizations known to be linked to Hezbollah," "employed managers who 'served as key facilitators and coordinators for Hezbollah' within their banking departments," and "made efforts to help Hezbollah hide funds from American sanctions" (specifically, "counter-terrorism sanctions"). *Id.* at *55-56. All of this constituted "highly unusual" conduct "necessitated by their customers' links with Hezbollah." *Id.* at *56.

These findings more than meet the standards of *Linde v. Arab Bank, PLC*, 882 F.3d 314 (2d Cir. 2018), *Kaplan*, *Honickman*, *Taamneh*, and *Ashley*. Indeed, Defendants appear to know their proposed motion is frivolous, given their novel and strange requests to "identify and reject … theories" rather than claims, or "dismiss" claims "except if supported by plausible allegations…." Letter at 3 & n.5. None of these are possible outcomes for a Rule 12(c) motion.

Defendants' rationale for their proposed motion for judgment on the pleadings is particularly brazen given that discovery in this case commenced on June 25, 2021, yet **over four years later** Defendants have produced only minimal records—mostly just account statements for a handful of customers each, almost no transactional records (such as SWIFT messages, cancelled checks, foreign exchange trades, etc.),[2] no emails or internal communications, and no compliance records aside from some basic KYC files (and, of course, Defendants have given no indication they intend to produce anything for customers who have not "waived" bank secrecy protections, which this Court already overruled *two-and-a-half years ago*). Notably, not one Defendant has produced *any* records for the Martyrs Foundation, IRSO or any of the Hezbollah organizations described in the complaint. In sum, invoking *Ashley* is just the latest form of gamesmanship Defendants have wielded to delay a judicial accounting for their ongoing stonewalling of discovery and should be treated as such.

Respectfully submitted,

/s/ Michael Radine

cc: All Counsel

---

[2] Only Defendant Lebanon and Gulf Bank has provided a *partial* set of SWIFT messages for some customers from whom it purports to have bank secrecy waivers.