


190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

August 15, 2025

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    ***Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007**

Dear Judge Amon:

      Plaintiffs respectfully write to request a pre-motion conference to move for reconsideration of the Court's dismissal of their successor liability claim against Defendant Société Générale de Banque au Liban ("SGBL"). *See Bartlett v. SGBL*, No. 19-cv-00007 (CBA) (VMS), 2020 U.S. Dist. LEXIS 229921, at *77 (E.D.N.Y. Nov. 25, 2020). *See also Bartlett v. SGBL*, No. 19-cv-00007, 2024 LX 115528, at *62 (E.D.N.Y. Sept. 18, 2024) (declining to "revisit my decision on … successor liability at this time").

      This Court dismissed the successor liability claim because it found that Plaintiffs failed to establish personal jurisdiction over SGBL under New York law for that claim.[1] However, this week the Second Circuit held that "SGBL is subject to the specific personal jurisdiction of New York courts for purposes of adjudicating" similar successor liability claims, and that "the exercise of that jurisdiction here comports with federal due process principles." *Lelchook v. SGBL*, No. 21-975, 2025 LX 300268, at *4-5 (2d Cir. Aug. 11, 2025).

> 1. ***SGBL Is Subject to this Court's Jurisdiction as to Plaintiffs' Successor Liability Claim***

      Plaintiffs' Fourth Claim for Relief asserts that "Defendant SGBL is liable for Defendant LCB's role in The System as its successor, including as to all of LCB's liabilities." Third Amended Complaint ("TAC") ¶ 6112. As Plaintiffs alleged, when SGBL purchased LCB's business in 2011, SGBL "assume[d] from the Seller [LCB], all of the Seller's Assets and Liabilities…." TAC Exhibit 1, ¶ 2.1. According to the Sale and Purchase Agreement ("SPA"):

> The Assumed Liabilities consist *inter alia* of any and all of the Seller's liabilities and/or obligations and/or debts of any kind, character or description, absolute or contingent, accrued or unaccrued, disputed or undisputed, liquidated or unliquidated, secured or unsecured, joint or several, due or to become due, vested or unvested, determined, determinable or otherwise, to the extent they relate to the Seller's Business, all as at the Completion Date.

---

[1]     Plaintiffs did establish personal jurisdiction over SGBL for their direct claims against SGBL. *See Bartlett*, 2024 LX 115528 at *61-62. "LX" is Lexis's new citation code for certain unpublished decisions.

*Id.* ¶ 2.3. As the Circuit noted in reviewing the same SPA, this language represents an assumption of liabilities "without qualification." 2025 LX 300268, at *21-22.

This Court previously found that Plaintiffs had "failed to establish a *prima facie* case of personal jurisdiction as to the successor liability claim, which must accordingly be dismissed." 2020 U.S. Dist. LEXIS 229921, at *73. The Court observed that other courts applying New York law have only "recognized successor jurisdictional status when the successor corporation absorbs the predecessor corporation as in a merger." *Id.* at *76. The Court then concluded that "[b]ecause SGBL purchased LCB's assets for cash … and did not merge with … LCB's ownership, SGBL did not inherit LCB's jurisdictional status in this forum." *Id.* at *77 (citations omitted).

Precisely the same issue was the subject of an appeal in *Lelchook v. SGBL*, No. 19-cv-33 (RJD) (SJB) (E.D.N.Y.). In *Lelchook*, the allegations supporting successor liability claims against SGBL were substantially similar to (and indeed drawn from) the *Bartlett* complaint. The district court adopted this Court's reading of New York law, but on appeal the Second Circuit certified the New York law questions to the New York Court of Appeals. On April 18, 2024, the Court of Appeals ruled that, "where an entity acquires all of another entity's liabilities and assets, but does not merge with that entity, it inherits the acquired entity's status for purposes of specific personal jurisdiction." *Lelchook v. SGBL*, 41 N.Y.3d 629, 638-39, 239 N.E.3d 172, 179 (N.Y. 2024). As this Court observed, "[t]he Court of Appeals specifically noted that its holding is contrary to this Court's prior determination of the 'nearly identical' issue." *Bartlett*, 2024 LX 115528, at *62 (quoting *Lelchook*, 41 N.Y.3d at 635 n.2, 239 N.E.3d at 176 n.2).

Plaintiffs raised this decision with the Court during the pendency of Defendants' motion to dismiss the TAC. ECF No. 392. At that time, however, the Second Circuit had not yet applied its due process analysis to the issue; thus, this Court found "it improvident to revisit my decision on … successor liability at this time." *Bartlett*, 2024 LX 115528, at *62. As noted above, the Second Circuit has now decided the *Lelchook* appeal:

> With the benefit of [the New York Court of Appeals] decision, we now hold that SGBL is subject to the specific personal jurisdiction of New York courts for purposes of adjudicating the claims presented by Plaintiffs. We further decide that the exercise of that jurisdiction here comports with federal due process principles.

*Lelchook*, 2025 LX 300268, at *4-5.[2]

In this case, SGBL has briefed successor jurisdiction multiple times and has provided no arguments or contrary facts that this Court has not yet considered. It has identified no meaningful distinctions between *Lelchook* and this case (and indeed there are none relevant to this jurisdictional issue). Its sole defense is that Plaintiffs have only provided "a single (out-of-context and misleading) paragraph" from the SPA. SGBL Supp. Mem., ECF No. 136-1, at 3. However, SGBL has declined to produce the full agreement, stating that it "will not be goaded into doing so by Plaintiffs…." SGBL Supp. Reply, ECF No. 137, at 1 n.1.[3] As shown below, however, SGBL's asserted "context" relates to its "audit" of LCB accounts, not any other provision of the SPA itself.

---

[2] SGBL has indicated it will seek rehearing from the Second Circuit.

[3] And yet SGBL did submit a declaration with two extrinsic documents as exhibits in support of its supplemental brief. *See* ECF Nos. 136-2, 136-3, 136-4.

### 2. *SGBL's Arguments Against Successor Liability Are Unavailing*

The Court has ruled on successor jurisdiction but has not reached the issue of successor *liability*. In its prior briefing, SGBL's principal argument was that, as with jurisdiction, "Plaintiffs rely on this SPA paragraph to suggest that SGBL assumed **all** of LCB's assets and liabilities without reservation, but that characterization is false." ECF No. 136-1 at 3 (citation omitted, emphasis original). According to SGBL, it only "agreed to purchase some, but not all, of LCB's … liabilities," because it "declined to assume certain LCB's customers and accounts based in large measure upon a compliance process undertaken by independent international compliance experts and a parallel auditing proceeding implemented by SGBL that utilized a scoring methodology to screen LCB's accounts, customers, and operations." *Id.* at 2-3 (citation omitted).

But, as Plaintiffs have previously explained, declining to "take on" certain *accounts* has no bearing on whether SGBL assumed "'any and all of [LCB's] *liabilities*'" Pls. Opp. to Mot. Dismiss FAC, ECF No. 142, at 70-71.[4] Those liabilities, including those arising from LCB knowingly assisting Hezbollah, were owned by LCB—they were not owned by the *accounts*. Moreover, deciding not to service certain accounts *going forward* has nothing to do with SGBL's acquiring liability for LCB's *prior* conduct.

SGBL's only SPA-related argument was that paragraph 2.3—which Plaintiffs provided—indicates SGBL only assumed LCB's liabilities "'to the extent they relate to the Seller's Business,'" and "unlawful" banking activities cannot "relate to LCB's business." ECF No. 137 at 1 n.1.[5] Of course, performing vast banking services for its customers, even criminal ones, "relates" to LCB's business as a bank. As this Court just explained, "alleg[ations] that JTB used correspondent banks for U.S. dollar-clearing transactions on behalf of Hezbollah…. is certainly an 'activity in which any commercial bank could engage.'" Order, ECF No. 476 at 15 (quoting *Schansman v. Sberbank of Russia PJSC*, 128 F.4th 70, 82 (2d Cir. 2025)).

SGBL also argued that the Anti-Terrorism Act ("ATA") excludes successor liability because it does not mention it explicitly. As Plaintiffs explained, this argument relies on misapplications of several inapposite cases. *See* ECF No. 142 at 71-73. SGBL next argued that finding it liable for an ATA tort would "apply[] U.S. law to a foreign asset purchase transaction," violating the "presumption against extraterritoriality," ECF No. 136-1 at 13—but Plaintiffs are applying the ATA to *LCB's* conduct (and the ATA by its terms applies extraterritorially); the SPA merely transfers that potential liability to SGBL. A "foreign … transaction" does not defeat U.S. or state law, as *Lelchook* itself demonstrates. *Contra* ECF No. 137 at 14-15. Finally, SGBL has argued that the U.S. previously stated that *it* would not "'bring any claim against SGBL … under a theory of successor liability.'" ECF No. 136-1 at 4 (citing ECF No. 136-4). That is an agreement the U.S. made, not a recognition that SGBL could not face successor liability from private litigants.

---

[4]    Not "taking on" accounts simply meant migrating the accounts or their balances to other banks—mostly the other Defendants here—and in some cases, SGBL itself. It is hardly a suggestion SGBL wanted to avoid benefiting Hezbollah. Indeed, this Court found that Plaintiffs sufficiently alleged that "SGBL's own actions" aided and abetting Hezbollah terrorism. 2024 LX 115528, at *61.

[5]    SGBL's sole case on the scope of business-related liabilities, *Linens of Europe, Inc. v. Best Mfg., Inc.*, involved an agreement that expressly defined "Assumed Liabilities [to] refer[] to routine commercial liability incurred 'in the ordinary course of business.'" No. 03-cv-9612 (GEL), 2004 U.S. Dist. LEXIS 18575, at *26 (S.D.N.Y. Sept. 16, 2004). SGBL's assumption of liabilities is, as the Second Circuit found, "without qualification." *Supra* at 2. It is not limited to "*routine commercial liability*" arising from the "*ordinary* course of business."

                                        Respectfully submitted,

                                        /s/ Michael Radine

cc:      All Counsel