

## ASHCROFT

November 18, 2025

**VIA ECF**

Honorable Carol Bagley Amon,
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*,
             19 Civ. 007 (CBA) (TAM)

Dear Judge Amon:

      Thank you for providing Defendant Société Générale de Banque au Liban S.A.L. ("SGBL") with the opportunity to submit this pre-motion conference letter following this Court's ruling that it could exercise specific personal jurisdiction over SGBL as the alleged successor to the Lebanese Canadian Bank ("LCB") pursuant to *Lelchook v. SGBL*, 147 F.4th 226 (2d Cir. 2025).

      In *Lelchook*, the district court only addressed SGBL's argument that it lacked personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *Lelchook v. SGBL*, No. 19-cv-33 (RJD) (SJB), 2021 U.S. Dist. LEXIS 206270, at *8 (E.D.N.Y. Mar. 31, 2021). The court did not consider SGBL's additional arguments that the amended complaint failed to state a claim under Rule 12(b)(6) based on the text of the Anti-Terrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. § 2331 *et seq*. The Second Circuit similarly limited its consideration to jurisdiction when it ruled that, taking all of plaintiffs' allegations as true, the operative complaint stated a *prima facie* case of personal jurisdiction. In fact, the court of appeals explicitly recognized that SGBL may have potentially dispositive arguments on remand, noting: "we do not address the adequacy of Plaintiffs' federal claims under the ATA or JASTA. Nor do we express any view regarding the merits of SGBL's Rule 12(b)(6) motion." *Lelchook*, 147 F.4th at 240, n.12.

      As you know, Your Honor only considered SGBL's argument that New York courts lacked personal jurisdiction over it. This Court did not consider SGBL's many arguments explaining why Plaintiffs' first amended complaint failed to state a claim under Rule 12(b)(6).

      Pursuant to Your Honor's Individual Rules, SGBL now respectfully requests to move for dismissal of count IV—successor liability—of the third amended complaint (the "TAC") on the sole ground that Plaintiffs lack a statutory basis to bring that claim in this particular litigation at this particular time. *See* Judge Bagley Amon's Individual Motion Practices and Rules, § 3(C) (E.D.N.Y. 2025) (Revised September 2025). This important issue has been the subject of some new legal developments that were not addressed by the parties either during SGBL's motion to

dismiss briefing in 2019, nor during the limited briefing that arose in the midst of Plaintiffs' recent motion for reconsideration in light of *Lelchook*. Respectfully, SGBL also does not believe that it had a full opportunity to brief this issue based on its reading of *Lelchook*'s explicit reservation of SGBL's arguments on remand, *see* 147 F.4th at 240, n.12; some confusion regarding the procedural rules applicable to Plaintiffs' reconsideration motion, *see* ECF No. 492 at 3 n.3 & 9 (noting the "limited allowable space" remaining following SGBL's core jurisdictional arguments in its opposition); and its inability, despite being the moving party on a dispositive issue, to reply to Plaintiffs' 10-page reply brief. *See* E.D.N.Y. Local Civil Rule § 6.1(b)(3) (2025).

This Court should now fully consider and then dismiss the successor liability count—leaving the determination of the scope of SGBL's alleged liability for LCB's actions for another day (and perhaps in a different court) should Plaintiffs obtain a judgment against LCB—for the following reasons.

*First*, the ATA does not authorize any ATA action directly against a successor. The text of the ATA instead authorizes a suit against "any person," 18 U.S.C. § 2333(d)(1), which explicitly incorporates the definition of "person" in 1 U.S.C. § 1. 18 U.S.C. § 2333(d)(2). That section, in turn, defines "person" to include "corporations," "companies" and other forms of ownership, and does not include "successors." 1 U.S.C. § 1; *see Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420, 436 (2d Cir. 2025) (explicitly recognizing same).

This is significant because Congress knows how to include "successors" in its statutory definitions of entities subject to the ATA and its provisions. For instance, Congress explicitly defines "defendant" in one portion of the ATA to include the Palestinian Authority, the Palestine Liberation Organization, *and any "successor" of those entities*. 18 U.S.C. § 2334(e)(5). Of course, when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U. S. 16, 23 (1983).

*Second*, relatedly, the ATA does include an express private right of action for successor liability. Instead, Congress authorizes federal courts to hear claims and impose liability only for primary liability for an individual or entity who is directly responsible for "acts of international terrorism" and for secondary liability only for an entity or individual "who aids and abets" or "conspires" with that terrorist. 18 U.S.C. §§ 2333(a), (d).

Again, this is significant because Congress knows how to create a right of action for successor liability and has done so in other federal statutes. For instance, Congress explicitly provides in the Coal Act that an entity subject to liability "shall include a successor in interest of such [entity]" and Congress equated the "successor" with the predecessor to extend liability in other parts of the statutory text. 26 U.S.C. §§ 9706(b)(2), 9711(g)(1); *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 454 (2002); *see also* 29 U.S.C. § 2101 *et seq.* (imposing successor liability on asset purchasers under the Worker Adjustment and Retraining Notification Act).

*Third*, nor is there an implied private right of action in the ATA for successor liability. The Supreme Court has made clear that the "decision to create a private right of action is one better left to legislative judgment." *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 264 (2018). Indeed, when faced

with a similar question, the Second Circuit declined, finding Congress's "statutory silence on the subject of secondary liability means there is none." *Rothstein v. UBS AG*, 708 F.3d 82, 98 (2d Cir. 2013). Plaintiffs cannot distinguish the aiding-and-abetting liability at issue in *Rothstein* from the alleged successor liability at issue here because they both are secondary liabilities—a method by which liability is created "in persons other than the violator of the statute"—and Congress's silence therefore controls. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 184 (1994) (quoting *Pinter v. Dahl*, 486 U.S. 622, 648 n.24 (1988)).

This important subject recently became the subject of a pending Supreme Court case arising from an earlier decision by the Second Circuit inferring a private right of action. *See Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 109 (2d Cir. 2019).[1] Although arising in a different context—the question presented there is whether Congress created an implied private right of action in Section 47(b) of the Investment Company Act—further discussion of this case may assist this Court and help reaffirm the high bar for recognizing rights of action that are not present in the statute's text. *See Gonzaga University v. Doe*, 536 U.S. 273, 283-84 (2002) (Congress must unambiguously create both a private right and a private remedy).

*Fourth*, Plaintiffs cannot rely on a federal common law of successor liability to bring their claim for at least two reasons. First, as the Second Circuit already found SGBL's liability in these types of cases is *not* based on federal law but rather state law. *See Lelchook*, 147 F.4th at 240 (finding jurisdiction because "SGBL could be liable under *New York* law for LCB's acts as a result of the Agreement") (emphasis added). Second, even the out-of-circuit case upon which Plaintiffs rely—*E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954 (7th Cir. 2021)—cuts squarely against them. There, as here, the Seventh Circuit observed the defendant did not "directly violate[] ERISA, either as an *alter ego* of [the predecessor] or in its own right" and the plaintiffs' claim "for successor liability, with the aim of holding [the successor] equitably responsible" thus failed because "there is no federal statutory right of action for successor liability under ERISA, nor a judicially recognized private implied right of action." *Id*. at 963.

To our knowledge, no court has ever authorized a suit against a foreign corporation for the ATA-related conduct of another foreign corporation based on an entirely foreign agreement. Given the importance of the issues, SGBL proposes legal memoranda of sixteen pages with an eight-page reply. Due to professional and personal obligations, including an appellate reply brief deadline on 12/15 in *Mueller Brass Company v. Crompton*, Case No. 25-5621 (6th Cir.), and a motion to stay discovery and motion to dismiss a 17-count amended complaint deadline on 12/8 & 12/10 in a non-ATA case, *Zoghaib v. SGBL*, *et al*., 1:25-cv-20097-KMM (S.D. Fla.), SGBL proposes to file its motion by 12/19 with Plaintiffs' opposition due thirty days later on 1/20 (after adjusting for the weekend and federal holiday) and SGBL's reply, if any, due two weeks later on 2/3.

Undersigned counsel contacted Plaintiffs' counsel who stated they will be opposing SGBL's pre-motion conference letter but that the proposed briefing schedule was acceptable.

---

[1] That case is: *Saba Cap. Master Fund, Ltd. v. BlackRock Mun. Income Fund, Inc.*, 710 F. Supp. 3d 213, 223 (S.D.N.Y. 2024), *aff'd sub nom. Saba Cap. Master Fund, Ltd. v. Blackrock ESG Cap. Allocation Tr.*, No. 23-8104, 2024 U.S. App. LEXIS 15648, 2024 WL 3174971 (2d Cir. June 26, 2024) (summary order*), cert. granted sub nom. FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd.*, 145 S. Ct. 2842, 222 L. Ed. 2d 1128 (2025) (mem.).

Honorable Carol Bagley Amon<br>Page **4** of **4**

Respectfully submitted,

*/s/ Brian J. Leske*

*Counsel for Société Générale de Banque au Liban S.A.L.*

cc: All Counsel (via ECF)