

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

November 20, 2025

**VIA ECF**
Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    ***Bartlett, et al. v. Société Générale de Banque au Liban, et al.***, 1:19-cv-00007

Dear Judge Amon:

      Plaintiffs respectfully write in opposition to SGBL's pre-motion conference letter requesting additional briefing in support of its motion to dismiss, ECF No. 496 ("SGBL Ltr.").[1] The parties have already heavily briefed this issue—SGBL filed standalone opening and reply briefs as part of the Defendants' motions to dismiss the First Amended Complaint. *See* ECF Nos. 136 and 137. The parties briefed the issue again on reconsideration, although SGBL only made cursory arguments as to liability, in the apparent hope it could wrangle yet more briefing on this already fully-briefed issue. *See* Nov. 13, 2025, Transcript at 11, 29 ("MR. LESKE: … the only issue that we briefed … is personal jurisdiction.").

      **1.  SGBL Has Identified No Change in the Law Since It Filed Its Motion to Dismiss Plaintiffs' Fourth Claim for Relief that Improves Its Arguments.**

      As the Court noted, SGBL has already briefed successor liability. The Court permitted SGBL to file a premotion conference letter to show if "there's anything different" in terms of case law "on that issue than existed before." *Id.* at 44. *See also id.* at 12 ("THE COURT: Well, what is different now? What has changed?"), 28 (similar). SGBL's counsel responded, "[i]f there are no differences" in the intervening case law, "we will figure out a time to answer the complaint." *Id.* at 44. In its letter, SGBL has identified no such changes.

      In fact, the only meaningful change or clarification of law since SGBL filed its original motion to dismiss came when the Second Circuit made clear that it considers SGBL to be LCB's *de jure* alter ego:

> [W]e reject any formal distinction between cases involving statutory and de facto mergers, or **corporate alter egos** and reorganizations, on the one hand, and cases involving the wholesale assumption of assets and liabilities in a way that would

---

[1]     SGBL's letter ostensibly "requests to move for dismissal of count IV—successor liability—of the third amended complaint," SGBL Ltr. at 1, but it already has a pending motion to dismiss. What it is actually seeking is additional briefing.

> needlessly redound to the benefit of wrongdoers, on the other. Such an outcome would not further the goal of "substantial justice."

*Lelchook v. Société Générale de Banque au Liban S.A.L.*, 147 F.4th 226, 248 (2d Cir. 2025). *See also* Nov. 13, 2025, Transcript at 38.

In sum, if anything relating to successor liability has changed since SGBL brought its motion to dismiss the Fourth Claim for Relief, it is that the Second Circuit has made it *easier* to find successor liability given the facts at issue here. *Cf. Bartlett v. Société Générale de Banque au Liban SAL*, ECF No. 291 at 7 (denying a motion to reconsider because the intervening Second Circuit decisions "if anything lowered the bar to state a JASTA aiding-and-abetting claim").

SGBL does not and cannot dispute that the ATA covers alter egos. Thus, even SGBL's take on the out-of-circuit case *E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.* is unavailing given that the case makes clear that "alter ego liability arguments are, in substance, claims for direct liability under ERISA," where the "new company … violated ERISA" given the "obligations of the old company." 3 F.4th 954, 962-63 (7th Cir. 2021) (citation omitted). Thus, under an alter ego theory, "'liability then is not vicarious but direct,'" in which case a plaintiff can "pursue a claim against the alleged alter ego for itself violating ERISA." *Id.* at 962-63 (citation omitted).

That is the case here. In fact, as Plaintiffs previously noted, successor liability as alleged here also constitutes direct rather than vicarious liability: "where a buyer is 'on notice' that it was acquiring the seller's 'debts and liabilities …. successor liability is *not* the functional equivalent of vicarious liability….'" Pls. Mem. in Supp. Mot. to Reconsider, ECF No. 491-1, at 12 (quoting *Certain Underwriters at Lloyd's of London v. Pac. Sw. Airlines*, 786 F. Supp. 867, 871 (C.D. Cal. 1992)). "Thus, '[v]icarious liability and successor liability roughly overlap in some circumstances, but are distinguishable where a successor corporation's liability stems from its *express* assumption of that liability.'" *Id.* (quoting *Flake v. Schrader-Bridgeport Int'l, Inc.*, 538 F. App'x 604, 622 (6th Cir. 2013)). SGBL, of course, expressly assumed "any and all" of LCB's liabilities—and had "ample notice" of its potential liabilities for LCB's conduct. *Lelchook*, 147 F.4th at 244.

**2. SGBL's Argument that It Was Denied the "Full Opportunity to Brief This Issue" Is Not Supported by the Procedural History.**

SGBL argues that despite briefing the issue of successor liability under the ATA multiple times over the past six years, it *still* has not gotten a fair opportunity to do so. SGBL contends:

> Respectfully, SGBL also does not believe that it had a full opportunity to brief this issue based on its reading of *Lelchook*'s explicit reservation of SGBL's arguments on remand, *see* 147 F.4th at 240, n.12; some confusion regarding the procedural rules applicable to Plaintiffs' reconsideration motion, *see* ECF No. 492 at 3 n.3 & 9 (noting the "limited allowable space" remaining following SGBL's core jurisdictional arguments in its opposition); and its inability, despite being the moving party on a dispositive issue, to reply to Plaintiffs' 10-page reply brief. *See* E.D.N.Y. Local Civil Rule § 6.1(b)(3) (2025).

SGBL Ltr. at 1-2. None of these assertions supports further briefing.

First, in *Lelchook*, as here, SGBL brought a motion to dismiss premised on Rules 12(b)(2) and 12(b)(6) and, as here, dismissal was granted only on the former ground. Because the appeal was accordingly premised only on Rule 12(b)(2), the Circuit noted that it did "not address the adequacy of Plaintiffs' federal claims under the ATA or JASTA" or "the merits of SGBL's Rule 12(b)(6) motion." 147 F.4th at 240, n.12. That is a typical appellate court notation that the remainder of the motion to dismiss is left to the district court on remand; it is obviously not an instruction to permit *further briefing*. To the contrary, the note acknowledges that "SGBL's Rule 12(b)(6) motion" *already exists* in *Lelchook*—as it does here.

Second, the "confusion regarding the procedural rules applicable to Plaintiffs' reconsideration motion" SGBL raises is SGBL's attempt to paper over its *false accusation* against Plaintiffs of violating the Court's rules "as a tactic." SGBL Opp. to Pls. Mot. Reconsideration, ECF No. 492, at 3. *See also* Pls. Reply, ECF No. 493, at 8-9. But SGBL's "confusion" was entirely its own, which it could have cured if it had simply reached out to Plaintiffs' counsel at any point rather than leveling false accusations against them. It is certainly not a basis for further briefing.

Third, SGBL was not denied the opportunity "to reply to Plaintiffs' 10-page reply brief" as "the moving party on a dispositive issue." *Plaintiffs* were the moving party for the motion for reconsideration, which is why Plaintiffs had a "reply brief"; SGBL could have requested leave to file a sur-reply brief, but did not do so—it was not denied anything. SGBL, of course, was the moving party for its motion to dismiss the Fourth Claim for Relief, in which it *did* file a reply brief. ECF No. 137.

In sum, the Second Circuit was clear—SGBL cannot escape LCB's "liabilities in a way that would needlessly redound to the benefit of wrongdoers." *Lelchook*, 147 F.4th at 248. Here, it clearly would—SGBL purchased "any and all of [LCB's] liabilities" and all of its assets, fully aware of LCB's "ATA-related liability in New York based on LCB's alleged in-forum conduct and affiliation with Hizbollah," *id.* at 244—and even helped migrate Hezbollah accounts to other banks and even itself. *See* Pls. Mem. in Supp. Mot. to Reconsider, ECF No. 491-1, at 7 n.3.

This Court should deny SGBL's request for further briefing in what would effectively constitute its *fifth* motion to dismiss. This Court should instead review the extensive briefing already before it on this issue and reinstate Plaintiffs' Fourth Claim for Relief.

Respectfully submitted,

/s/ Michael Radine

cc:     All Counsel