

December 3, 2025

*VIA ECF*

Honorable Carol Bagley Amon,
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:     *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.*,
              19 Civ. 007 (CBA) (TAM)
              <u>Lack of Subject-Matter Jurisdiction over Count IV</u>

Dear Judge Amon:

       This Firm represents Defendant Société Générale de Banque au Liban S.A.L. ("SGBL") in the above-referenced matter. This letter pertains only to Count IV of the Third Amended Complaint (the "TAC"), which involves SGBL's alleged successor liability to Plaintiffs.

       We write today because recent briefing both contemporaneous with and following this Court's ruling that it could exercise specific personal jurisdiction over SGBL as the alleged successor to the Lebanese Canadian Bank ("LCB") pursuant to *Lelchook v. SGBL*, 147 F.4th 226 (2d Cir. 2025) (*Lelchook IV*"), has revealed a fundamental jurisdictional defect in this case: this Court lacks subject matter jurisdiction over Plaintiffs' successor liability claim. This defect is not waivable and only recently came to counsel's attention given the Second Circuit's recent remand in the *Lelchook* case and the unique procedural history of this case—a posture that arises through Plaintiffs' litigation decision not to sue LCB in its original complaint, which controls the jurisdictional analysis now. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Herrick Co., v. SCS Comm. Inc.*, 251 F.3d 315, 329 (2d Cir. 2001) ("The existence of federal jurisdiction over a case initially filed in federal court ordinarily depends on the facts as they stood when the complaint was filed.").

      Although this subject-matter jurisdiction defect initially parallels SGBL's arguments made in the context of the parties' recent Federal Rule of Civil Procedure 12(b)(6) briefing (ECF Nos. 491-493, 496-498), which this Court currently is reviewing, <u>it includes distinct components and arguments pursuant to Federal Rule 12(b)(1) that have not been briefed by the parties</u>. Therefore, consistent with Your Honor's Individual Rules, SGBL submits this letter to arrange a pre-motion conference prior to moving to dismiss Count IV – Successor Liability under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Judge Bagley Amon's Individual

200 State Street  |  7th Floor  |  Boston, MA 02109  |  Tel: 617 573 9400
www.AshcroftLawFirm.com
Austin  |  Boston  |  St. Louis  |  Washington, DC

Motion Practices and Rules, § 3(A) (E.D.N.Y. 2025) (Revised September 2025). The grounds for SGBL's anticipated motion to dismiss are as follows:

*First*, this Court does not have federal question jurisdiction under 28 U.S.C. § 1331 over the successor liability count because it does not "arise under" federal law. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 955-56 (7th Cir. 2021) (rejecting argument that successor liability claim involving a federal statute "was enough to show their claim arises under federal law and therefore raises a federal question properly in federal court"). The ATA nowhere mentions successor liability and does not create a federal statutory right of action for that secondary liability. 18 U.S.C. §§ 2333(a), (d); *see Rothstein v. UBS AG*, 708 F.3d 82, 98 (2d Cir. 2013) (Congress's "statutory silence on the subject of secondary liability means there is none."). The Seventh Circuit dismissed the successor liability claim in *Prather* for this reason, explaining the defendant did not "directly violate[] ERISA, either as an alter ego of [the predecessor] or in its own right" and the plaintiffs' claim "for successor liability, with the aim of holding [the successor] equitably responsible" failed because "there is no federal statutory right of action for successor liability under ERISA, nor a judicially recognized private implied right of action." *Id*. at 963.

The *Lelchook* line of cases also establishes conclusively that SGBL is *not* LCB's alter ego and therefore SGBL itself cannot be found to have violated the Anti-Terrorism Act (the "ATA") to raise a federal question. The Second Circuit explicitly found that LCB and SGBL are distinct corporate entities, explaining: "Plaintiffs do not allege that SGBL and LCB are 'one and the same'" and "there is no allegation of alter ego liability and the predecessor and successor corporations both continue to exist after the transfer of liabilities." *Lelchook v. SGBL*, 67 F.4th 69, 78, 85 n.23 (2d Cir. 2023) ("*Lelchook II*"); *see also id*. at 78 n.11 (the "circumstance [where "the predecessor and successor [are] one and the same"] is not relevant here."). Indeed, had SGBL and LCB been alter egos there would have been no need to certify the novel successor personal jurisdiction question to the New York Court of Appeals nor later engage in any protracted constitutional due process analysis because "'alter egos are treated as one entity' for jurisdictional purposes." *Transfield ER Cape Ltd. v. Industrial Carriers, Inc.*, 571 F.3d 22, 222 (2d Cir. 2009) (quoting *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 142-43 (2d Cir. 1991)).

Nor does language in *Lelchook IV*—specifically, two sentences that "reject any formal distinction" between various successor liability bases "in a way that would needlessly redound to the benefit of wrongdoers" because it "would not further the goal of 'substantial justice'"—permit this Court to treat SGBL and LCB as alter egos for any substantive claim analysis. *Lelchook v. SGBL*, 147 F.4th at 248. Those sentences appear in a paragraph involving personal jurisdiction and forum selection—"substantial justice," of course, is a *jurisdictional* term of art from *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)—and the Second Circuit certainly did not intend to re-write decades of Circuit substantive law through those sentences. Even so, SGBL is neither the predecessor nor a "wrongdoer[]" to which this reference might somehow apply. As this Court itself observed, SGBL is an unrelated asset purchaser "as the result of a bidding process and did not merge with or otherwise 'merely continue' LCB's ownership." ECF No. 164 at 34-35.

*Second*, this Court does not have diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) over the successor liability count. The TAC does not allege jurisdiction on that basis

and, in any event, some of the plaintiffs are domiciled outside the United States, which precludes federal court diversity jurisdiction. TAC ¶¶ 129 (invoking 28 U.S.C. § 1331), 3023 (plaintiff "is a citizen of the United States and domiciled in Portugal"), 3150 (plaintiff domiciled in Germany), 3151 (plaintiff domiciled in Germany); *see Herrick Co., Comm.*, 251 F.3d at 322 ("United States citizens 'domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so that '§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'") (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)); *accord Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) ("each of the plaintiffs must be capable of suing each of the defendants in the courts of the United States to sustain the jurisdiction of the court").

*Third*, this Court lacks supplemental jurisdiction under 28 U.S.C. §1367 over the successor claim against SGBL because LCB was *not* a named defendant when the original complaint was filed. *Compare* ECF No. 1 (January 1, 2019 Complaint does not name LCB as a defendant) *with* ECF No. 105 (August 2, 2019 Amended Complaint names LCB as defendant). Plaintiffs base SGBL's alleged successor liability to them on SGBL's alleged purchase of certain LCB assets and liabilities in a 2011 Lebanese sales and purchase agreement (the "SPA"). TAC ¶¶ 1644, 6115 (relying upon the SPA as the basis for Count IV). The evidence underlying liability for that count—including witnesses, foreign law experts and other evidence regarding the terms and scope of that foreign contract—is independent and distinct from the evidence underlying the federal ATA claims then asserted by Plaintiffs in the original complaint against the bank defendants, which currently involves aiding-and-abetting liability and causation for injuries "by reason of terrorist attacks in Iraq between 2004 and 2011." TAC ¶ 1.

In these circumstances, supplemental jurisdiction is unavailable to Plaintiffs. *See, e.g.*, *Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028, 1033 (2d Cir. 1980) (as amended) (reversing the district court's exercise of jurisdiction where the federal claim rested on events prior to the effective date of a contract while the remaining claim rested on events occurring after that date); *see also First Capital Asset Management v. Brickellbush*, 218 F. Supp. 2d 369 (S.D.N.Y. 2002) (same). Even so, Plaintiffs failed to invoke supplemental jurisdiction and therefore have forfeited it. *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 207 (2d Cir. 2024) ("a party forfeits the invocation of subject-matter jurisdiction when it fails to timely raise it"). Naturally, a full and meaningful discussion of the lack of supplemental jurisdiction is beyond the scope of this letter and SGBL reserves its right to supplement its argument accordingly.

Because a pre-motion conference is required under Your Honor's Rules before making any motions, SGBL respectfully submits this letter in advance of moving to dismiss the successor liability count under Federal Rule 12(b)(1) for lack of subject-matter jurisdiction.

Respectfully submitted,

*/s/ Brian J. Leske*

*Counsel for Société Générale de Banque au Liban S.A.L.*

cc: All Counsel (via ECF)