

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

December 5, 2025

**VIA ECF**
Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007

Dear Judge Amon:

  Plaintiffs write in response to SGBL's December 3, 2025, Pre-Motion Conference letter ("SGBL Ltr.") to note that this Court has already "decline[d] Defendant SGBL's request for further briefing in the absence of new authority on successor liability" and explained that it "will consider the parties' recent letters." Dec. 1, 2025 Minute Order. But SGBL won't take no for an answer, ignores the Court's order and again requests more briefing, this time presented as a motion to dismiss for lack of subject matter jurisdiction.

  However, SGBL has merely restated the same arguments the parties have briefed many, many times before. This time, SGBL has recast them as jurisdictional arguments, suggesting they were "revealed" by "recent briefing" and "only recently came to counsel's attention," SGBL Ltr. at 1—although of course they could have been raised in SGBL's previous pre-motion conference letter two weeks ago or the many rounds of briefing before that. Repackaging old arguments in new wrapping does not make them novel or any more convincing.

  SGBL's letter again argues that "[t]he ATA nowhere mentions successor liability" (now presented as a lack of federal question jurisdiction), SGBL Ltr. at 2, but the parties have covered this argument many times. *See* ECF No. 136-1 at 12-13, ECF No. 142 at 73, ECF No. 491-1 at 9-13, ECF No. 492 at 10, ECF No. 493 at 10-11.

  SGBL next contests its alter ego status, asserting that "[t]he *Lelchook* line of cases … establishes conclusively that SGBL is *not* LCB's alter ego." SGBL Ltr. at 2. Again, the parties have already briefed and argued the alter ego issue. *See* ECF No. 491-1 at 10, ECF No. 497 at 1-2, and Nov. 13, 2025, Tr. at 38. Nothing in SGBL's latest recitation is specific to *subject matter jurisdiction*—it is simply an effort to add a further reply on a fully briefed issue. SGBL's argument is, of course, directly contrary to the Second Circuit's decision "reject[ing] any formal distinction" between "corporate alter egos" and "the wholesale assumption of assets and liabilities in a way that would needlessly redound to the benefit of wrongdoers." *See id.* (each cite quoting *Lelchook v. SGBL*, 147 F.4th 226, 248 (2d Cir. 2025)). SGBL offers a variety of reasons why the Second Circuit did not mean what it said, but none of them require any additional briefing.

  SGBL's letter then disputes diversity jurisdiction. But Plaintiffs have never raised it and there is no reason to grant SGBL further briefing on it.

Finally, SGBL's letter arrives at supplemental jurisdiction, but that doctrine only further moots SGBL's request to bring yet another motion to dismiss. Under 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, all of Plaintiffs' claims relate to Lebanese banks pervasively and systemically assisting Hezbollah during the relevant period. And, of course, Plaintiffs' successor liability claim is *identical* to Plaintiffs' claims against LCB.

Yet SGBL appears to now argue that the claims are not related. It asserts that "LCB was *not* a named defendant when the original complaint was filed," SGBL Ltr. at 3, evidently suggesting that (a) LCB is a necessary party for the Fourth Claim for Relief and (b) jurisdiction should be decided based on the original complaint, which did not name LCB as a defendant. *See id.* at 1 ("The existence of federal jurisdiction … ordinarily depends on the facts as they stood when the complaint was filed.") (citing *Herrick Co. v. SCS Comm. Inc.*, 251 F.3d 315, 329 (2d Cir. 2001), a diversity case). However, this principle does not apply to *amendment*: "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). *See also Cadwell v. Citibank, N.A.*, No. 23-cv-1315-GHW, 2024 U.S. Dist. LEXIS 28608, at *7 (S.D.N.Y. Feb. 20, 2024) (same).

SGBL also argues that "the evidence regarding the terms and scope of [the SPA]" differs from evidence of "aiding-and-abetting liability and causation for injuries," SGBL Ltr. at 3—but of course Plaintiffs did not allege that they were injured by *SGBL's purchase of LCB.* Similarly, SGBL cites two cases for the apparent proposition that courts do not have "jurisdiction where the federal claim rested on events prior to the effective date of a contract while the remaining claim rested on events occurring after that date," presumably to suggest the SPA's execution in 2011 is significant. SGBL Ltr. at 3 (citing *Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028 (2d Cir. 1980) and *First Cap. Asset Mgmt. v. Brickellbush*, 218 F. Supp. 2d 369 (S.D.N.Y. 2002)). But the cases are irrelevant. In *Wigand*, the Second Circuit found that a federal securities fraud claim and state law breach of contract claim did not "derive from a common nucleus of operative fact" for pendent jurisdiction purposes because the "basis" of each claim occurred at different times. 609 F.2d at 1033. *See also Brickellbush*, 218 F. Supp. 2d at 401. *Wigand* did not state a jurisdictional rule about contract execution and, again, Plaintiffs do not allege that they were injured by the *SGBL's purchase of LCB*—the "basis" of their claims is Defendants' terror financing during the relevant period.

Lastly, SGBL argues that Plaintiffs "forfeited" supplemental jurisdiction because they did not raise it. SGBL Ltr. at 3. This is perhaps SGBL's most audacious argument—it has raised subject matter jurisdiction *six years after moving to dismiss*, arguing that a jurisdictional defect just now "revealed" itself. This does not merit further comment.

In sum, the Court should not indulge SGBL's attempt to circumvent the December 1, 2025, Minute Order and further delay and complicate these proceedings.

                   Respectfully submitted,

                   /s/ Michael Radine

cc:  All Counsel