

Nixon Peabody LLP
211 High Point Drive
Suite 110
Victor, NY 14564-1061

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Eric M. Ferrante**
Partner

T / 585.263.1362
F / 844.698.5849
eferrante@nixonpeabody.com

December 24, 2025

*VIA ECF*

Honorable Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Bartlett, et al. v. Société Générale de Banque au Liban, et al.,* No. 1:19-cv-00007
Defendant Lebanese Canadian Bank's request for a pre-motion conference regarding its anticipated Motion to Vacate Default

Dear Judge Amon:

This firm represents Defendant Lebanese Canadian Bank ("LCB"). We write to request a pre-motion conference prior to LCB's anticipated motion to vacate the certificate of default entered by the Clerk on July 7, 2021 (ECF No. 203).[1] The default should be vacated because LCB was never served with the Summons and Second Amended Complaint ("SAC") in this action.[2] As a result, the Court lacks personal jurisdiction over LCB to enter a default and the Clerk's certificate of default is void *ab initio*.

> **I. Proper service is required before a valid default can be entered against a defendant.**

A default is considered an "extreme measure [that] should be reserved by a trial court as a final, not a first, sanction imposed on a litigant." *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.,* 10 F.3d at 96.

---

[1] Although the default was entered in 2021, Plaintiffs did not move for a default judgment for over four years. Only recently did Plaintiffs indicate an intent to move for a default judgment via a pre-motion letter to the Court dated August 22, 2025 (ECF No. 478). No such motion, however, has been filed and no judgment has been entered against LCB.

[2] The Second Amended Complaint is the operative complaint and the first complaint to name LCB as a defendant.

Honorable Carol Bagley Amon
December 24, 2025
Page 2

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

A court may only enter a default and, subsequently, a default judgment, against a defendant over whom the court has personal jurisdiction. *Innovative Sports Mktg., Inc. v. Aquarius Fuente De Soda, Inc.,* No. 07 CV 2561 (ENV) (CLP), 2025 WL 3460314, at *2 (E.D.N.Y. Aug. 26, 2025) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."); *see also City of N.Y. v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 138 (2d Cir. 2011) ("A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties."). "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). "[C]ourts have no judicial discretion when considering a jurisdictional question such as the sufficiency of process." *Singh v. Meadow Hill Mobile, Inc.,* No. 20-CV-3853 (CS), 2023 WL 3996867, at *3 (S.D.N.Y. June 14, 2023).

The proper vehicle for moving to vacate a default for lack of proper service is a motion under Federal Rule of Civil Procedure 60(b)(4). *Williams v. Miracle Mile Props. 2 LLC,* CV 20-3127 (JS) (ARL), 2024 WL 3878826, at *4 (E.D.N.Y. June 21, 2024). A motion under Rule 60(b)(4) "'may be made at any time.'" *"R" Best Produce, Inc. v. DiSapio,* 540 F.3d 115, 124 (2d Cir. 2008) (quoting *Beller & Keller v. Tyler,* 120 F.3d 21, 24 (2d Cir. 1997). Rule 60(b)(4) "is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'" *Glob. Gold Mining, LLC v. Ayvazian,* 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) (quoting *Covington Indus. v. Resintex A.G.,* 629 F.2d 730, 733 n.3 (2d Cir. 1980)).

II. **The Clerk's Certificate of Default should be vacated because LCB was never properly served.**

Plaintiffs claim to have served LCB under Federal Rule of Civil Procedure 4(f)(2)(C)(ii). Rule 4(f)(2)(C)(ii) allows service at "a place not within any judicial district of the United States . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

Here, at Plaintiffs' request, the Clerk mailed the Summons and SAC to:

> Georges Zard Abou Jaoude and Muhammad Hamdoun
> Lebanese Canadian Bank
> Minna El Hosn
> Saint Charles City Center
> Beirut, LB 11072110

(the "Minna El Hosn Building"). (ECF Nos. 194, 199-2.) But the Minna El Hosn Building was *not* LCB's principal place of business in February 2021. Although LCB had previously occupied office space in the Building, it left that space in April 2011—nearly ten years *before* service was attempted there. In fact, LCB had no physical presence in the Minna El Hosn Building in February 2021. Instead, LCB's principal place of business at the time of the attempted service was at Achrafieh Plot 4748, Section 43, Bloc B, 20th Floor in Beirut. As a result, the service

packet was never addressed and sent to LCB, was never delivered to LCB, and was never received by LCB.

Further confirming that the service packet was never delivered to or received by LCB is the fact that it was signed by "F. Atein," not either of the two individuals to whom it was addressed. But LCB did not employ anybody by the name of "F. Atein" in February 2021, and no individual by that name was authorized to accept service on LCB's behalf. Presumably, F. Atein is a front desk clerk at the Minna El Hosn Building that signed for the mail; but here, he or she signed for a package to be delivered to an entity that was no longer a tenant of the building.

Because the service packet was mailed to the wrong address and was never received by LCB, valid service did not occur. *See NYKCool A.B. v. Pacific Int'l Servs., Inc.,* 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (holding "service of the amended complaint by Federal Express to an incorrect address was not sufficient."). Absent valid service, the Court cannot exercise personal jurisdiction over LCB. *See, e.g., Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84 – 87 (1988). And absent personal jurisdiction, the Court cannot enter a default against LCB and the default that was entered by the Clerk is void and should be vacated.

### III. Absent proper service, it is irrelevant whether LCB had notice of the lawsuit.

In an attempt to avoid their failure of service, Plaintiffs try to rely on LCB's purported notice of the litigation. But Plaintiffs' claim they provided notice of this litigation to a law firm, Squire Patton Boggs (US) LLP ("Squire"), representing LCB in other litigation does not save their failure to properly serve LCB.[3] Whether LCB had notice of the lawsuit through Squire is irrelevant to whether Rule 4's service requirements were satisfied because "actual notice [of the lawsuit] does not cure improper service." *Jean-Baptiste v. U.S. Dep't of Justice,* No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024); *see also Sartor v. Toussaint,* 70 F. App'x 11, 13, (2d Cir. 2002) ("Nor can actual notice of suite cure a failure to comply with the statutory requirements of service of process."). Regardless of whether LCB was aware of the lawsuit, Plaintiffs were still required to properly serve LCB. Plaintiffs failed to do so, and the default entered against LCB should be vacated as a result.

### IV. Conclusion

Plaintiffs failed to properly serve LCB and, therefore, the default entered against it must be vacated. LCB intends to file a motion under Rule 60(b)(4), and any other grounds available to it, to vacate the default entered by the Clerk on July 7, 2021, and respectfully requests a pre-motion conference to discuss its anticipated motion with the Court.

Thank you for the Court's attention to this matter.

---

[3] Squire was never engaged by LCB to represent it in this action, nor was it authorized to accept service on LCB's behalf.

Respectfully submitted,

Eric M. Ferrante
Partner

EMF

CC: All counsel of record (*via ECF*)