

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

44 South Broadway, White Plains, NY 10601
T: 212 354 0111
www.osenlaw.com

January 7, 2026

**VIA ECF**

Honorable Taryn Merkl
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007

Dear Judge Merkl:

  Plaintiffs write in response to LCB's December 24, 2025, pre-motion conference letter, ECF No. 502, regarding its anticipated motion to vacate the certificate of default entered on July 7, 2021, ECF No. 203. LCB was properly served in 2021 at the Minna El Hosn address where it and its liquidators have accepted service in multiple cases as recently as December 2022, and LCB does not dispute it has had actual notice of this litigation for years.

  Where "the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005). It cannot meet that burden, and actual notice combined with years of tactical delay demonstrate that LCB's default was willful under Rule 55(c)'s good cause analysis.[1]

  LCB does not deny it had actual notice of this litigation; it merely argues such notice "does not cure improper service" and is "irrelevant." Ltr. at 3. LCB does not dispute that Plaintiffs contacted its counsel in related cases, Squire Patton Boggs ("SPB"), in July and August 2022 to confirm LCB's strategic decision to default and explicitly sought confirmation that "LCB's lack of response to service of the complaint or the Request for Certificate of Default was not the product of a misunderstanding and LCB has simply decided not to contest the default in this case." ECF No. 478-1. SPB—which is also counsel for other Defendants in this case—never responded to either communication.

  Accordingly, LCB now bears the burden of proving that the purported service did not occur. But, as shown below, Plaintiffs properly served LCB. Plaintiffs thus respectfully request that the Court schedule a discovery conference to set the parameters for discovery concerning service of LCB and to determine the circumstances of its recent appearance despite *years* of notice, particularly whether it is in fact acting at the direction of SGBL. This proposal will avoid seriatim discovery stages in LCB's attempt to vacate entry of default.

---

[1]  LCB states in its letter that "[t]he proper vehicle for moving to vacate a default for lack of proper service is a motion under Federal Rule of Civil Procedure 60(b)(4)." Ltr. at 2. It is confusing two distinct procedural steps. Under Rule 55, the Court may set aside "an *entry* of default" only under Rule 55(c), whereas it may set aside "a final default *judgment* under Rule 60(b)." Fed. R. Civ. P. 55(c) (emphasis added). Only the former has occurred.

LCB's newly appearing counsel state that LCB "left" the address at which Plaintiffs served it in 2021, what it calls the "Minna El Hosn Building," **in 2011 (**although it carefully states that it had no "physical presence" in the building in 2021). Ltr. at 2. But SPB, LCB's counsel in *Licci v. LCB*, No. 505931/2015 (Sup. Ct. Kings County), the parallel state litigation to *Kaplan v. LCB*, expressly identified this address as available for service **in 2017**. In its November 2, 2017, affirmation in *Licci*, NYSCEF 73 and 75 (attached here as Exhibit A), SPB argued on behalf of LCB that the plaintiffs there should have served the bank at its Minna El Hosn location—asserting that the plaintiffs could have identified it "with minimal diligence" as the U.S. government had successfully served LCB there in 2012. *See* Ex. A, NYSCEF 73 ¶ 6, NYSCEF 75. In its letter here, LCB makes no mention of these facts.

Moreover, LCB and its liquidators repeatedly received service at the Minna El Hosn address in multiple other federal cases after 2011—indeed, both before and after service was effectuated in this case; in each, LCB or its liquidator waived service rather than fight it. *See Abu Nahl v. Abou Jaoude*, No. 15-cv-09755 (S.D.N.Y.), ECF Nos. 24, 42, 58, 58-1 at 4, 60 (attached here as Exhibit B) (service successfully delivered to LCB at the Minna El Hosn address on June 19, 2017, following which its liquidator Mohamad Hamdoun (represented by SPB) waived service on November 20, 2017); *Lelchook v. LCB*, No. 18-cv-12401 (S.D.N.Y.), ECF Nos. 24, 25, 32 (attached here as Exhibit C) (service successfully delivered to both Hamdoun and LCB at the Minna El Hosn address on March 25, 2019; each (represented by SPB) then agreed to waive service on April 15, 2019); *Menashe v. Abou Jaoude*, No. 22-cv-22220 (S.D. Fla.), ECF Nos. 15, 21 (attached here as Exhibit D) (following the court's order permitting plaintiffs to serve Hamdoun at Minna El Hosn, he—represented by **Eric Ferrante of Nixon Peabody**, LCB's counsel here—waived service on December 22, 2022). Again, LCB omitted all of this background from its letter.

Discovery followed by an evidentiary hearing is thus necessary here. LCB cannot satisfy its burden through the conclusory assertions in its letter or through self-serving declarations of the kind that its liquidators, Messrs. Hamdoun and Georges Zard Abou Jaoude, have previously submitted in other proceedings. In cases involving far less obvious tactics, court have held that "the defendant must swear to 'specific facts'" and that "conclusory statements devoid of legal support [and] a self-serving affidavit … without documentary support" are insufficient. *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 193-94 (E.D.N.Y. 2024) (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002)).

**LCB's Belated Appearance Appears Strategic**

Nearly nine years ago, LCB's counsel informed the U.S. Supreme Court that it was "defunct, insolvent, and unable to pay any judgment rendered against it." Br. in Opp. to Pet. for Writ of Cert. at 4, *Licci v. LCB*, No. 16-778 (U.S. Feb. 17, 2017). Yet LCB has somehow found the resources to retain multiple international law firms to defend litigation in at least five other proceedings (six including this one), three of which were pending at the time service was effectuated here (*Menashe* was commenced a year later, and *Abu Nahl* was closed six months prior). Despite having notice of Plaintiffs' claims against it and the entry of default for *years*, LCB's sudden appearance now comes only after this Court determined that it had personal jurisdiction over SGBL for LCB's conduct. The Court is clearly missing a great deal of vital information and should determine whether LCB's sudden assertions of service issues are anything other than tactical manipulation of process.

Courts routinely conduct evidentiary hearings to resolve precisely these types of disputed facts material to service and willfulness determinations. *See, e.g., Weifang Xinli Plastic Prods. Co. v. JBM Trading Inc.*, No. 11-cv-2710 (WFK) (LB), 2014 U.S. Dist. LEXIS 119391, at *1-2, *17-19 (E.D.N.Y. May 2, 2014) (requiring evidentiary hearing to determine that defendant "strategically chose not to appear" as part of "a deliberate and strategic plan to delay these proceedings"); *Martinez v. Feliks & Son Storage Tank Corp.*, No. 21-cv-03613 (GRB) (JMW), 2022 U.S. Dist. LEXIS 199013, at *4-5 (E.D.N.Y. Nov. 1, 2022) (directing hearing on whether service was proper and when defendants became aware of the action).

**LCB's Prior Conduct Shows a Pattern of Strategic Misconduct**

Prior evidence against LCB's liquidators corroborates these concerns. According to the U.S. Treasury Department, Messrs. Abou Jaoude and Hamdoun, who were previously LCB's chairman and deputy general manager, respectively, were ***themselves* "'complicit' in the laundering"** LCB committed. *See Abu Nahl v. Abou Jaoude*, 968 F.3d 173, 176-78 (2d Cir. 2020); *see also* Press Release, U.S. Dep't of Treasury, "Treasury Identifies Lebanese Canadian Bank Sal as a 'Primary Money Laundering Concern'" (Feb. 10, 2011), *available at* https://home.treasury.gov/news/press-releases/tg1057. And in both *Licci* and *Kaplan*, they allowed default judgments to be entered, then moved to vacate them months later claiming they received bad legal advice from counsel or experienced "misunderstandings" during law firm transitions. *See Licci*, NYSCEF No. 68-71 (LCB's brief and affirmations of its liquidators and Lebanese law expert, attached here as Exhibit E); *Kaplan v. LCB*, No. 08-cv-7253 (GBD), ECF No. 151 (declarations of LCB's liquidators in support of its motion to vacate entry of default, attached here as Exhibit F). In *Menashe*, Hamdoun's counsel (SPB) completely ignored waiver requests just as it did here, while Nixon Peabody, counsel in that case for former LCB senior officer Ahmad Safa, promised a response but then never replied. *See Menashe*, ECF Nos. 13-1 at 3, 13-3 (attached here as Exhibit G). This systematic pattern (including rotating law firms for LCB and its liquidators) demonstrates a calculated strategy of delay and waste of judicial resources.

The liquidators must produce records of LCB's activities in Lebanon since 2017 sufficient to establish whether it has conducted business of any kind at the Minna El Hosn address when it was served in this and other actions, as well as documentation sufficient to verify LCB's claim that it can only be served at its "principal place of business," which it claims is in the "Achrafieh" building (what appears to be a luxury *residential* building). Ltr. at 2.[2] The liquidators must testify regarding the circumstances underlying LCB's failure to timely appear in this case, which will be relevant to the Court's ultimate analysis of whether the certificate of default should be vacated. Again, LCB ignored the certificate of default in this case for over ***four years***, potentially wasting years of extensive and costly litigation activity, and only appeared after this Court determined it had personal jurisdiction over SGBL for LCB's conduct.

Plaintiffs respectfully request that the Court schedule a discovery conference to establish parameters for limited discovery on (1) the validity of service at the Minna El Hosn address and (2) the circumstances of LCB's four-year delay in appearing, including live testimony from liquidators Abou Jaoude and Hamdoun.

---

[2] *See* https://www.ashrafieh4748.com/ (last visited Jan. 7, 2026).

                                        Respectfully submitted,

                                        /s/ Gary M. Osen

cc:      All Counsel

Encls.