# EXHIBIT A

Case 1:19-cv-00007-CBA-TAM Document 506-1 Filed 01/07/26 Page 2 of 18 PageID #: 27013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------- x
YAAKOV LICCI, a minor, by his father and
natural guardian ELIHAV LICCI, and by his
mother and natural guardian YEHUDIT LICCI, *et al.*,

                              Plaintiffs,

                -against-

LEBANESE CANADIAN BANK, SAL,

                             Defendant.
------------------------------------------------------------- x

Index No.: 505931/2015

**AFFIRMATION OF
MITCHELL R. BERGER**

Motion Sequence No. 2

MITCHELL R. BERGER, an attorney duly admitted to practice before the courts of the State of New York, affirms the following under penalty of perjury pursuant to CPLR 2106(a):

1.      I am a partner with the law firm of Squire Patton Boggs (US) LLP, counsel for defendant Lebanese Canadian Bank, SAL ("LCB"), a Lebanese bank in liquidation in Lebanon. The matters set forth in this affirmation are based on my personal knowledge, or are based on my review of the docket filings in this action. I respectfully submit this affirmation in support of LCB's order to show cause to vacate the April 26, 2017 Default Judgment Order and May 24, 2017 Note of Issue entered against LCB, and to recognize the applicable laws of Israel and Lebanon by judicial notice.

2.      My law firm first learned of the default proceedings in this action late on Saturday, September 9, 2017, while conducting research in connection with a pending motion in a separate matter in which this firm represents LCB's Liquidating Trustees.[1] We alerted the Liquidating Trustees to these default proceedings as soon as possible, on Monday, September 11, and we were engaged by the Liquidating Trustees to defend these proceedings late on Tuesday, September 12.

---

[1] *Abu Nahl, et al. v. Abou Jaoude, et al.*, Case No. 1:15-cv-9755 (S.D.N.Y.) (the "*Abu Nahl* case").

1

Case 1:19-cv-00007-CBA-TAM    Document 506-1    Filed 01/07/26    Page 3 of 18 PageID #: 27014

3.       At 9:00 a.m. on Wednesday, September 13, 2017, I communicated with Plaintiffs' counsel to seek an adjournment of the Inquest and a stipulated date for moving to vacate the default judgment.  The parties stipulated to adjourn the Inquest until November 13, 2017 to enable the filing of this Motion.

4.       Since then, LCB's Liquidating Trustees have actively assisted in preparing this Motion to enable LCB to defend itself, fully and on the merits.  I understand that LCB did not appear to defend this case before that time because LCB's Liquidating Trustees had a good faith and reasonable belief, that: (i) service of process was ineffective because it was not made on LCB directly through them, and thus could not require LCB to defend this case under Lebanese law; and, (ii) any resulting judgment would be unenforceable under Lebanese law because of that service-defect and because LCB had prevailed on claims arising from the same set of facts in the federal *Licci* matter on which this action is based.[2]

5.       The Liquidating Trustees' belief concerning the ineffective service of process on them is consistent with the filings that I have reviewed on the docket in this action.  Plaintiffs moved on three occasions to extend their time to effect service on LCB:  September 8, 2015, April 27, 2016, and June 9, 2016.  True and correct copies of those filings are annexed as Exhibit 1.  During that time, Plaintiffs never attempted to serve LCB through its authorized legal representatives—LCB's Liquidating Trustees—whose identities Plaintiffs should have known, and whose addresses were readily ascertainable through simple Internet and Pacer searches.

6.       The identities of LCB's Liquidating Trustees, Messrs. Mohamad Hamdoun and Georges Zard Abou Jaoude, should have been known to Plaintiffs because they appear in a filing

---

[2] *Licci, et al. v. Lebanese Canadian Bank, SAL, et al.*, Case No. 1:08-cv-7253 (S.D.N.Y. 2008) (the "Federal Action"). Through other counsel, LCB has continuously, actively and, to date successfully, litigated the Federal Action towards resolution for over nine years.

2

Case 1:19-cv-00007-CBA-TAM   Document 506-1   Filed 01/07/26   Page 4 of 18 PageID #: 27015

submitted by Plaintiffs to this Court. Notably, in seeking additional time to effect service, and then in seeking substitute means of service, Plaintiffs submitted to this Court a settlement agreement in another lawsuit against LCB [3] that was signed by and that identified LCB's Liquidating Trustees. Indeed, with minimal diligence, Plaintiffs would have found in the docket of that action the U.S. government's June 4, 2012 application to serve process on LCB by Letters Rogatory, which contained an address for LCB that the government considered sufficient for service. A true and correct copy of the U.S. government's Request for International Judicial Assistance (Letter Rogatory) is annexed as Exhibit 2.

7.      From my representation of the Liquidating Trustees in the *Abu Nahl* case, I am aware that LCB's Liquidating Trustees are also identified in the publicly-accessible docket of that case, which was filed long before Plaintiffs commenced their service efforts here. *See Abu Nahl* case, Dkt. #1 at ¶¶ 10-11 (filed December 14, 2015). The *Abu Nahl* plaintiffs also moved to serve LCB and Mr. Abou Jaoude by Letters Rogatory, and an address for Mr. Abou Jaoude was listed in those filings. *Id.*, Dkt. #25-1 and 25-2. The *Abu Nahl* plaintiffs advised the court that service by Letters Rogatory was completed on Mr. Abou Jaoude by March 1, 2017. *See id.*, Dkt. #39. Mr. Abou Jaoude himself maintains a business website that contains his contact information,[4] and he is also found on the World Union of Arab Banker's website.[5]

8.      Ignoring this available information, Plaintiffs instead sought this Court's authorization for substitute service based on Plaintiffs' representation that they had been "unable

---

[3] *United States v. Lebanese Canadian Bank SAL, et al.*, Case No. 1:11-cv-9186 (S.D.N.Y.) (the "Forfeiture Action").

[4] http://www.gzagroup.com/ContactUs.aspx (containing Mr. Abou Jaoude's business address, phone number, and email address).

[5] http://www.wuab.org/WUAB/Member.aspx?memberId=125&language=en. (the website identifies an email address, phone and fax number, and PO Box number attributed to Mr. Abou Jaoude).

3

Case 1:19-cv-00007-CBA-TAM    Document 506-1    Filed 01/07/26    Page 5 of 18 PageID #: 27016

to determine a viable address at which service of process on LCB can be effected pursuant to CPLR § 311." The *ex parte* application itself states that "LCB . . . still exists" as a liquidating entity, but details no prior attempts by Plaintiffs to serve LCB. A true and correct copy of the proposed *ex parte* order, and the papers on which it is based (the "*ex parte* application"), are annexed as Exhibit 3.

9.     First, Plaintiffs sought in the *ex parte* application to serve process on LCB's counsel in the Federal Action (Jonathan Siegfried, Esq. of DLA Piper), despite the fact that Mr. Siegfried already had confirmed to Plaintiffs that he was not authorized to accept service for LCB in this case. That is, appended to the Plaintiffs' *ex parte* application is a June 1, 2016 Letter in which Mr. Siegfried informs Plaintiffs that DLA "has not been retained to represent LCB in," or provide information relating to service of, this case. *See* Exh. 3.

10.     Second, by stating in their *ex parte* application that LCB "was purchased" in 2011 by non-party Societe Generale de Banque au Liban SAL ("SGBL"), Plaintiffs baselessly suggested to this Court that SGBL is LCB's successor-in-interest. As affirmed in the accompanying affirmations of the Liquidating Trustees, SGBL is not LCB's successor-in-interest. Although SGBL purchased certain assets and liabilities of LCB in 2011, LCB remained in existence at all times as a liquidating entity, and SGBL did not assume liability for the *Licci* claims (which at the time were pending solely in the Federal Action). *See* Hamdoun and Abou Jaoude Affs. at ¶ 8; Affirmation of Ziad G. El-Khoury, Esq. ("El-Khoury Aff.") at ¶ 3 ("Lebanese law provides that an entity in liquidation, such as LCB, remains in existence as a liquidating entity that can sue and be sued so that outstanding claims can be resolved and the liquidation process can be completed.").

11.     Accepting Plaintiffs' representations, this Court on August 1, 2016, entered an *ex parte* order allowing substitute service "[p]ursuant to CPLR §311(a)" on DLA Piper and SGBL.

4

Case 1:19-cv-00007-CBA-TAM   Document 506-1   Filed 01/07/26   Page 6 of 18 PageID #: 27017

A true and correct copy of the August 1 *Ex Parte* Order is annexed as Exhibit 4. As reflected in the subsequent Affidavits of Service, Plaintiffs purportedly served Mr. Siegfried by delivering the Summons and Complaint in this action to Jeffrey Rogers, who is identified as a "Docketing Specialist/authorized (sic) of the corporation," on August 23, 2016.

12.     Plaintiffs did not attempt personal delivery of the Summons and Complaint, or service by Letters Rogatory, to SGBL. Instead, without the Court's authorization, Plaintiffs shipped the Summons and Complaint via Federal Express International Economy Delivery to "Antoun Sehnaoui, CEO" at SGBL's "Head Office" on Riad El Solh Street in Beirut, London. An apparent printout of a FedEx tracking page indicates it was delivered to "Receptionist/Front Desk," and signed for by a person identified only as "Sunni," whose signature is not available. True and correct copies of the Affidavits of Service are annexed as Exhibit 5.

13.     Based on the Affidavits of Service, Plaintiffs moved for a default judgment on March 27, 2017 (the "Default Judgment Motion"). A true and correct copy of Plaintiffs' Default Judgment Motion is annexed as Exhibit 6. The Default Judgment Motion was supported by hearsay documents that consisted of: (1) a declaration of Uzi Shaya, a retired Israeli national security officer; and (2) the Verified Amended Complaint filed in the Forfeiture Action.

14.     Mr. Shaya's declaration is hearsay because it is a legal certainty that Plaintiffs will be unable to present him in this action for cross-examination. The Israeli government in other lawsuits has successfully asserted Israel's sovereign immunity to quash efforts to compel testimony by Mr. Shaya, or to allow his voluntary testimony, about any Israeli government information that he may have learned in the course of his official duties.[6] Moreover, the hearsay

---

[6] *See Wultz v. Bank of China Ltd.*, 32 F. Supp. 3d 486, 489 (S.D.N.Y. 2014). The *Wultz* Court granted the State of Israel's motion to quash a deposition subpoena served on Mr. Shaya because of Israel's assertion of sovereign immunity. Mr. Shaya is prohibited from providing compelled or voluntary testimony that discloses information he learned in his official capacity with Israel's intelligence services.

Case 1:19-cv-00007-CBA-TAM   Document 506-1   Filed 01/07/26   Page 7 of 18 PageID #: 27018

statements in Mr. Shaya's declaration are based entirely on his review of unspecified records that were purportedly in the possession of the State of Israel. Those documents also cannot be produced in this action to verify authorship, authenticity, accuracy, or completeness, and are hearsay themselves.

15.     Similarly, the federal agent who signed the Verified Amended Complaint will not be available to testify in this case, or be subject to cross-examination, because the Forfeiture Action was settled by the federal government with its express statement that it had not established any liability on the part of LCB. The allegations in the Verified Amended Complaint also consist of hearsay upon hearsay, because they were based in part on the declarant's "conversations with and documents prepared by law enforcement officers and others." Moreover, the allegations in the Verified Amended Complaint are not relevant because they relate to events "[b]etween approximately January 2007 and early 2011," a period that postdates the July 12 through August 14, 2006 time-period at issue in this case. A true and correct copy of the Verified Amended Complaint is annexed as Exhibit 7.

16.     Based on Plaintiffs' submission, a Default Judgment Order was entered granting the Default Judgment Motion and directing the filing of a Note of Issue on April 26, 2017. On April 27, an Order was entered referring the action to the Default Judgment Motion Part and scheduling an inquest for September 18, 2017, which has since been adjourned on Plaintiffs' consent to November 13, 2017. True and correct copies of the April 26 and 27 Orders and May 24 Note of Issue are annexed as Exhibit 8. According to the Default Judgment Motion, the Inquest will determine Plaintiffs' request for a judgment against LCB in the amount of at least $140 million.

6

Case 1:19-cv-00007-CBA-TAM    Document 506-1    Filed 01/07/26    Page 8 of 18 PageID #: 27019

17.      No prior request has been made to any court for the relief requested herein.

Executed on November 2, 2017 in Washington, D.C.

_____

Mitchell R. Berger

7

FILED: KINGS COUNTY CLERK 11/02/2017 10:17 AM
NYSCEF DOC. NO. 75
INDEX NO. 505931/2015
RECEIVED NYSCEF: 11/02/2017

Case 1:19-cv-00007-CBA-TAM   Document 500-18   Filed 06/07/26   Page 9 of 18 PageID
#: 27020

Case 1:11-cv-09186-PAE   Document 228-2   Filed 05/04/12   Page 1 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,                 :

            Plaintiff,             :

         - v. -                       :

LEBANESE CANADIAN BANK SAL, et            :
al.,
                        :

           Defendants;            :

ALL ASSETS OF LEBANESE CANADIAN           :
BANK SAL OR ASSETS TRACEABLE
THERETO, et al.,                          :

                        :

       Defendants in rem.               :

- - - - - - - - - - - - - - - - - - -x

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:_____               │
│ DATE FILED: 6/4/2012         │
└─────────────────────────────┘
```

No. 11 Civ. 9186 (PAE)

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
### (LETTER ROGATORY)

The United States District Court for the Southern District of New York ("the Court") presents its greetings to the judicial authorities in the Republic of Lebanon ("Lebanon") and respectfully requests judicial assistance of the courts of Lebanon to effect service of process to be used in a civil proceeding before this Court in the above-captioned matter.

### FACTS

The Plaintiff in the instant matter, the United States of America, on December 15, 2011, instituted an action that involved in rem forfeiture claims against certain property and in personam civil money laundering claims against certain defendants, including the Lebanese Canadian Bank S.A.L. ("LCB"), the Hassan Ayash Exchange Company ("Ayash") and the Ellissa Holding Company

FILED: KINGS COUNTY CLERK 11/02/2017 10:17 AM
INDEX NO. 505931/2015
NYSCEF DOC. NO. 79
RECEIVED NYSCEF: 11/02/2017

Case 1:19-cv-00007-CBA-TAM   Document 506-268   Filed 06/04/12   Page 10 of 18 PageID #: 27021

Case 1:11-cv-09186-PAE   Document 228-2   Filed 05/04/12   Page 2 of 10

("Ellissa"). These defendants will be provided an opportunity to challenge the claims alleged against them as part of this action.

As required by Rule 4 of the Federal Rules of Civil Procedure, service must be effected on these entities. Federal Rule of Civil Procedure 4(h) provides that service may be effected upon foreign corporations outside of the United States "in any manner prescribed by Rule 4(f) for serving an individual," except for personal delivery of a summons and complaint. In turn, Rule 4(f) provides for service "as the foreign authority directs in response to a letter rogatory or letter of request," when "there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice[.]" Fed. R. Civ. P. 4(f)(2).

The Plaintiff is this matter has advised the Court there is no internationally agreed upon means of service between the United States and Lebanon. As such, the United States moved this Court for the issuance of a letter rogatory to effect service in accordance with Rule 4. This Court is invoking assistance from the appropriate judicial authority in Lebanon to serve process on LCB, Ellissa, and Ayash.

### ASSISTANCE NEEDED

This Court requests that in the interests of justice the appropriate judicial authority of Lebanon, in accordance with the

law and procedural rules of Lebanon, service of process be effected with respect to the following documents:

(1) a certified copy of the Verified Complaint in the above-captioned action;

(2) the Summons; and

(3) Judge Engelmayer's Individual Rules of Practice,

upon the following entities:

(1) Lebanese Canadian Bank S.A.L.,

> Minaa El Hosn Saint Charles
> City Center
> P.O. Box 11-2520 Riad El Solh
> Beirut, Lebanon 1107-2110

and

> Attrium Bldg - 2nd Floor
> Wegand
> Beirut, Lebanon

(2) The Hassan Ayash Exchange Company,

> Madame Curie Street
> Beirut, Lebanon

and

> Hamra Street
> Beirut, Lebanon

(3) Ellissa Holding Company,

> Attrium Bldg - 1st Floor
> Wegand
> Beirut, Lebanon

For each entity served, the Court requests that the affidavits of Service of Process Form (annexed hereto as Exhibits

3

FILED: KINGS COUNTY CLERK 11/02/2017 10:17 AM

INDEX NO. 505931/2015

NYSCEF DOC. NO. 79

RECEIVED NYSCEF: 11/02/2017

Case 1:19-cv-00007-CBA-TAM Document 506-258 Filed 06/04/12 Page 12 of 18 PageID #: 27023

Case 1:11-cv-09186-PAE Document 228-2 Filed 05/04/12 Page 4 of 10

1-3) be completed by the person serving process. The Court further requests that the completed affidavits be returned to the United States' Central Authority, the Department of Justice, Office of International Affairs, so that the Plaintiff, the United States, may file the signed affidavits of service with this Court.

The United States District Court for the Southern District of New York appreciates the cooperation and aid received from the judicial authorities in Lebanon and is extremely grateful for the kind assistance in regard to this request.

_Paul A. Engelmayer_

HONORABLE PAUL A. ENGELMAYER
United States District Judge
Southern District of New York

June 1, 2012

DATE

4

FILED: KINGS COUNTY CLERK 11/02/2017 10:17 AM
INDEX NO. 505931/2015

NYSCEF DOC. NO. 79

RECEIVED NYSCEF: 11/02/2017

Case 1:19-cv-00007-CBA-TAM    Document 506-8    Filed 01/07/26    Page 13 of 18 PageID #: 27024

Case 1:11-cv-09186-PAE    Document 228-2    Filed 05/04/12    Page 5 of 10

# Exhibit 1

FILED: KINGS COUNTY CLERK 11/02/2017 10:17 AM

NYSCEF DOC. NO. 79

INDEX NO. 505931/2015

RECEIVED NYSCEF: 11/02/2017

Case 1:19-cv-00007-CBA-TAM   Document 506-2   Filed 07/07/26   Page 14 of 18 PageID #: 27025

Case 1:11-cv-09186-PAE   Document 228-2   Filed 05/04/12   Page 6 of 10

## <u>AFFIDAVIT OF SERVICE OF PROCESS</u>

Plaintiff:      United States of America

Defendants:    United States v. Lebanese Canadian Bank SAL, et al. (11 Civ. 9186)

Addressee:    LEBANESE CANADIAN BANK SAL

Type:       Summons and Complaint

I, _____ , acting on behalf of the Government of the Republic of Lebanon pursuant to a letter rogatory from the United States, have the honor to certify, in accordance with the instructions set forth in the letter rogatory dated May __, 2012:

1.    That a copy of a Verified Complaint, dated December 15, 2011, the Summons, and Judge Engelmayer's Individual Rules, have been served this ___ day of _____, 2012,

at _____
                      (COUNTRY, PLACE, STREET, NUMBER)

in one of the following methods (CIRCLE ONE OR MORE OPTIONS (A, B OR C), WHICHEVER IS APPLICABLE):

a) in accordance with the instructions set forth in the letter rogatory dated May __, 2012;
b) in accordance with a method acceptable under the laws of the Republic of Lebanon; or
c) by delivery to the addressee who accepted it voluntarily.

The documents referred to herein have been delivered to:

_____
(NAME AND DESCRIPTION OF PERSON RECEIVING DOCUMENTS)

_____
(RELATIONSHIP TO ADDRESSEE, E.G., FAMILY, BUSINESS, OR OTHER)

2.    That a copy of a Verified Complaint, dated December 15, 2011, the Summons, and Judge Engelmayer's Individual Rules, have not been served for the following reasons:

_____

Signed and sworn to this ____ day of _____, 2012.

_____
Signature of Affiant

Case 1:19-cv-00007-CBA-TAM   Document 506-2   Filed 06/07/26   Page 15 of 18 PageID
#: 27026

# Exhibit 2

FILED: KINGS COUNTY CLERK 11/02/2017 10:17 AM

NYSCEF DOC. NO. 75

INDEX NO. 505931/2015

RECEIVED NYSCEF: 11/02/2017

Case 1:19-cv-00007-CBA-TAM Document 506-18 Filed 07/07/26 Page 16 of 18 PageID #: 27027

Case 1:11-cv-09186-PAE Document 228-2 Filed 05/04/12 Page 8 of 10

## AFFIDAVIT OF SERVICE OF PROCESS

Plaintiff:     United States of America

Defendants:   United States v. Lebanese Canadian Bank SAL, et al. (11 Civ. 9186)

Addressee:   ELLISSA HOLDING COMPANY

Type:      Summons and Complaint

I, _____, acting on behalf of the Government of the Republic of Lebanon pursuant to a letter rogatory from the United States, have the honor to certify, in accordance with the instructions set forth in the letter rogatory dated May __, 2012:

1.     That a copy of a Verified Complaint, dated December 15, 2011, the Summons, and Judge Engelmayer's Individual Rules, have been served this ___ day of _____, 2012,

at _____
(COUNTRY, PLACE, STREET, NUMBER)

in one of the following methods (CIRCLE ONE OR MORE OPTIONS (A, B OR C), WHICHEVER IS APPLICABLE):

a) in accordance with the instructions set forth in the letter rogatory dated May __, 2012;
b) in accordance with a method acceptable under the laws of the Republic of Lebanon; or
c) by delivery to the addressee who accepted it voluntarily.

The documents referred to herein have been delivered to:

_____
(NAME AND DESCRIPTION OF PERSON RECEIVING DOCUMENTS)

_____
(RELATIONSHIP TO ADDRESSEE, E.G., FAMILY, BUSINESS, OR OTHER)

2.     That a copy of a Verified Complaint, dated December 15, 2011, the Summons, and Judge Engelmayer's Individual Rules, have not been served for the following reasons:

_____

Signed and sworn to this ____ day of _____, 2012.

_____
Signature of Affiant

INDEX NO. 505931/2015
RECEIVED NYSCEF: 11/02/2017

# Exhibit 3

Case 1:19-cv-00007-CBA-TAM Document 508-8 Filed 06/07/26 Page 18 of 18 PageID #: 27029

## AFFIDAVIT OF SERVICE OF PROCESS

Plaintiff:     United States of America

Defendants:   United States v. Lebanese Canadian Bank SAL, et al. (11 Civ. 9186)

Addressee:    HASSAN AYASH EXCHANGE COMPANY S.A.R.L.

Type:         Summons and Complaint

I, _____, acting on behalf of the Government of the Republic of Lebanon pursuant to a letter rogatory from the United States, have the honor to certify, in accordance with the instructions set forth in the letter rogatory dated May __, 2012:

1.      That a copy of a Verified Complaint, dated December 15, 2011, the Summons, and Judge Engelmayer's Individual Rules, have been served this ___ day of _____, 2012,

at _____
                      (COUNTRY, PLACE, STREET, NUMBER)

in one of the following methods (CIRCLE ONE OR MORE OPTIONS (A, B OR C), WHICHEVER IS APPLICABLE):

a) in accordance with the instructions set forth in the letter rogatory dated May __, 2012;
b) in accordance with a method acceptable under the laws of the Republic of Lebanon; or
c) by delivery to the addressee who accepted it voluntarily.

The documents referred to herein have been delivered to:

_____
          (NAME AND DESCRIPTION OF PERSON RECEIVING DOCUMENTS)

_____
          (RELATIONSHIP TO ADDRESSEE, E.G., FAMILY, BUSINESS, OR OTHER)

2.      That a copy of a Verified Complaint, dated December 15, 2011, the Summons, and Judge Engelmayer's Individual Rules, have not been served for the following reasons:

_____

Signed and sworn to this ____ day of _____, 2012.

_____
          Signature of Affiant