UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BARTLETT, et al.,<br><br>                              Plaintiffs,<br><br>      -against-<br><br>SOCIETE GENERALE DE BANQUE AU LIBAN SAL, et al.,<br><br>                              Defendants. | No. 19-cv-0007 (CBA) (VMS) |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) BY DEFENDANT SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN SAL**

 

**ASHCROFT LAW FIRM, LLC**

Michael J. Sullivan
Brian J. Leske
15 Broad Street, Suite 500
Boston, MA 02109
T: 617-573-9400
F: 617-933-7607
msullivan@ashcroftlawfirm.com
bleske@ashcroftlawfirm.com

*Counsel for Société Générale de Banque au Liban S.A.L.*

Dated:  February 11, 2026

**TABLE OF CONTENTS**

*Introduction*..................................................................................................................................1

ARGUMENT..................................................................................................................................1

I.      THE PRINCIPLES IN *PEACOCK V. THOMAS* SHOW THAT PLAINTIFFS' SUCCESSOR LIABILITY CLAIM DOES NOT RAISE A FEDERAL QUESTION...............................................................................1

II.     SGBL DID NOT INDEPENDENTLY VIOLATE THE ATA BECAUSE IT IS NOT THE SAME ENTITY AS LCB FOR PURPOSES OF A SUBJECT-MATTER JURISDICTION ANALYSIS ......................................................................3

III.    SGBL'S ARGUMENT THAT THE ATA EFFECTIVELY AUTHORIZES A FEDERAL SUCCESSOR LIABILITY CAUSE OF ACTION IN LIMITED CIRCUMSTANCES IS NEITHER NOVEL NOR "CONVENIENT" .........................5

IV.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' SUCCESSOR LIABILITY CLAIM UNDER SECTION 1367 ...........7

CONCLUSION............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*APWU v. Potter*,
  343 F.3d 619 (2d Cir. 2003) ..................................................................................................1, 3

*Bartlett v. SGBL, No. 19-cv-00007 (CBA)(VMS)*,
  2020 U.S. Dist. LEXIS 229921 (E.D.N.Y Nov. 25, 2020) ......................................................4, 6

*Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Allure Metal Works, Inc.,
  No. 16-CV-1303 (JFB) (GRB)*,
  2017 U.S. Dist. LEXIS 11892 (E.D.N.Y. Jan. 25, 2017) ........................................................2, 3

*Black v. Dain, Nos. 23-728(L)*,
  2025 U.S. App. LEXIS 6773 (2d Cir. Mar. 24, 2025) ............................................................9, 10

*Boim v. Am. Muslims for Palestine*,
  9 F.4th 545 (7th Cir. 2021) .........................................................................................................6

*Cargo Partner AG v. Albatrans, Inc.*,
  352 F.3d 41 (2d Cir. 2003) .........................................................................................................4

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................................7

*De Ping Song v. Inhae Corp.*,
  578 F. App'x 22 (2d Cir. 2014) ..................................................................................................1

*E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*,
  3 F.4th 954 (7th Cir. 2021) .........................................................................................................5

*Epperson v. Entm't Express, Inc.*,
  242 F.3d 100 (2d Cir. 2001) ....................................................................................................1, 2

*Howard Johnson Co. v. Detroit Loc. Joint Exec. Bd.*,
  417 U.S. 249 (1974) ...................................................................................................................3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) .................................................................................................................1, 8

*Lelchook v. SGBL*,
  67 F.4th 69 (2d Cir. 2023) ..........................................................................................................4

*Marchi v Bd. Of Coop. Educ. Servs.*,
  173 F.3d 469 (2d Cir. 1999) ....................................................................................................10

*Peacock v. Thomas*,
  516 U.S. 349 (1996) ........................................................................................................ *passim*

*Revitalizing Auto Cmtys. Envtl. Response Tr. v. Nat'l Grid USA*,
  10 F.4th 87 (2d Cir. 2021) ........................................................................................................9

*Schumacher v. Richards Shear Co.*,
  59 N.Y.2d 239, 451 N.E.2d 195 (1983) ...................................................................................4

*Simmonds v. INS*,
  326 F.3d 351 (2d Cir. 2003) .................................................................................................9, 10

*Stauffacher v. Bennett*,
  969 F.2d 455 (7th Cir. 1992) ....................................................................................................7

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*,
  916 F.3d 143 (2d Cir. 2019) .....................................................................................................4

*Wigand v. Flo-Tek, Inc.*,
  609 F.2d 1028 (2d Cir. 1980) ...................................................................................................9

**Statutes**

28 U.S.C. § 1331 ............................................................................................................... *passim*

28 U.S.C. § 1367 ..............................................................................................................7, 8, 10

*Introduction*

This Court should dismiss the fourth count for successor liability because Plaintiffs have not met their burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (internal citations omitted); *see also APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) ("Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.") (citation omitted). As SGBL explained in its motion to dismiss, both the instant case and *Lelchook v. Société Générale de Banque au Liban S.A.L*, 19 Civ. 00033 (CBA)(VMS) ("*Lelchook v. SGBL*"), suffer from the same fundamental jurisdictional flaw but for slightly different reasons.

**ARGUMENT**

**I.     THE PRINCIPLES IN *PEACOCK V. THOMAS* SHOW THAT PLAINTIFFS' SUCCESSOR LIABILITY CLAIM DOES NOT RAISE A FEDERAL QUESTION**

Plaintiffs seek to evade their jurisdictional problem first by claiming the core holding in *Peacock v. Thomas*, 516 U.S. 349 (1996)—specifically, that claims seeking to shift liability to another party do not independently and automatically provide federal court jurisdiction—does not apply. Plaintiffs are incorrect on this point—*Peacock* governs and resolves this cases's threshold subject-matter jurisdiction issue—*i.e.*, the non-availability of federal question jurisdiction over the successor liability claim. *See also Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 106 (2d Cir. 2001) (recognizing the need for independent jurisdictional hook where a claim "raise[s] an independent controversy with a new party in an effort to shift liability"); *De Ping Song v. Inhae Corp.*, 578 F. App'x 22, 23 (2d Cir. 2014) ("Where a new substantive theory—here, successor

1

liability—is advanced to establish liability as to a new party, some independent ground is necessary to assume federal jurisdiction over the claim.") (citing both *Peacock* and *Epperson*).

Plaintiffs are incorrect when they argue that *Peacock* is limited to attempts to enforce a prior judgment. *See* Opp. at 1, 8-9. As part of its holding, the Supreme Court explicitly rejected plaintiffs' argument that their claim to transfer liability independently supported federal court jurisdiction under section 1331. *Peacock*, 516 U.S. at 353-54. That holding is binding notwithstanding the claim here arose in a different procedural posture. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Allure Metal Works, Inc.*, No. 16-CV-1303 (JFB) (GRB), 2017 U.S. Dist. LEXIS 11892, at *10 (E.D.N.Y. Jan. 25, 2017) ("*Allure Metal Works*") ("the Court disagrees with plaintiff's argument that *Peacock* does not apply because it is not seeking to enforce an extant judgment against a third party").

The district court's reasoning in *Allure Metal Works* helps explain why this Court lacks federal question jurisdiction over the successor liability claim. The district court dismissed the action because "[a]s in *Peacock*, plaintiff bases its claims on theories of alter ego liability and veil piercing" and "[a]s such, the Court can only exercise federal jurisdiction over such claims if plaintiff independently alleges a plausible ERISA violation against [the defendant]" which "Plaintiff has not done" *Id*. at *9 (citing *Peacock*, 516 U.S. at 353-54). The court held:

> *Peacock*, as well as the Second Circuit precedent applying *Peacock*, make clear that district courts do not have subject matter jurisdiction over a claim based on theories of alter ego or successor liability that involve another entity's ERISA violation unless some "independent ground" for federal jurisdiction exists.

*Id*. at *9. In other words, *any* effort to shift liability to a defendant, even if connected to federal "violations committed by another entity, do not confer federal subject matter jurisdiction" and another basis for jurisdiction must be independently established. *Id*. at * 11.

2

Notably, the plaintiff in *Allure Metal Works*—as Plaintiffs do here—"trie[d] to escape this conclusion by stating in a conclusory fashion that it *independently* alleges an ERISA violation against [the defendant]." *Id*. at *9 (emphasis added). The district court rejected that argument in that case, and this Court should, too, in this case for the reasons discussed next.

II.  **SGBL DID NOT INDEPENDENTLY VIOLATE THE ATA BECAUSE IT IS NOT THE SAME ENTITY AS LCB FOR PURPOSES OF A SUBJECT-MATTER JURISDICTION ANALYSIS**

To establish an independent, underlying ATA violation by SGBL to support federal question jurisdiction, Plaintiffs seek to equate SGBL and LCB by arguing the 2011 asset-and-liability purchase "resembled a merger." Opp. at 18. Plaintiffs' effort to style their successor claim as alleging a direct and independent ATA violation is unpersuasive and foreclosed by Circuit precedent.

As an initial matter, SGBL and LCB are not "one and the same" entity in any respect. They are indisputably separate Lebanese banks. They reached their agreement—the Lebanese sales-and-purchase agreement (the "SPA")—at arm's length after a competitive bidding process. SGBL has no agency or alter-ego relationship with LCB. *See Howard Johnson Co. v. Detroit Loc. Joint Exec. Bd.*, 417 U.S. 249, 259 n.5 (1974) (alter ego is "merely a disguised continuance of the old employer … involv[ing] a mere technical change in the structure or identity of the employing entity, … without any substantial change in its ownership or management"). Nor did SGBL direct, control, or participate in any of LCB's alleged tortious conduct.

Plaintiffs' successor liability claim also unambiguously alleges LCB—and not SGBL—violated the ATA. TAC ¶ 6124 ("Defendant SGBL is liable for LCB's violation of 18 U.S.C. § 2333(a) … and 18 U.S.C. § 2333(d)."). Neither plaintiffs nor courts are permitted to essentially re-write an operative complaint at this juncture. *See APWU*, 343 F.3d 623 (party asserting jurisdiction not entitled to inferences favorable to it).

3

As a substantive matter, Plaintiffs' "almost one-and-the-same" argument fails—badly. Although "a successor by merger is deemed by operation of law to be both the surviving corporation and the absorbed corporation," that logic does not apply to the undisputed record here, which shows there was no merger (statutory or *de facto*), LCB continues to survive, and there is no continuity of ownership—the touchstone for finding merger. *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 156 (2d Cir. 2019); *see Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 46–47 (2d Cir. 2003) (the "essence of a merger" is not that the merged entity is subject to all liabilities of the acquired company but rather is a "continuity of ownership"); *see also Schumacher v. Richards Shear Co.,* 59 N.Y.2d 239, 245 (1983) (entity cannot be considered a "mere continuation" where the predecessor survives "as a distinct, albeit meager, entity").

Even so, both the Second Circuit *and this Court* have rejected Plaintiffs' equivalence theory. *See*, *e.g.*, *Lelchook v. SGBL*, 67 F.4th 69, 78 (2d Cir. 2023) ("Plaintiffs do not allege that SGBL and LCB are 'one and the same'"); *id*. at 82 ("the *Bartlett* court found that … the plaintiffs did not allege that a merger occurred, nor did they allege an essential element of a merger, 'continuity of ownership'") (citing *Bartlett v. SGBL*, 2020 U.S. Dist. LEXIS 229921 at *16-17); *id*. at *76 (this Court finds "SGBL's alleged purchase of LCB was an asset purchase rather than a merger or mere continuation of LCB"); *see also Cargo Partner AG*, 352 F.3d at 47 (because there was no proof of continuity of ownership, "the asset purchase was not 'a merger . . . called something else'").[1]

---

[1] Plaintiffs outrageously and irresponsibly suggests that SGBL is somehow affiliated or in cahoots with LCB because SGBL's motion observes "LCB is neither insolvent nor defunct." Opp. at 2-3 ("SGBL does not explain how or why it knows more about LCB's finances than LCB (a purportedly independent entity) does."); *id.* at 19 & n.11 (suggesting—without a scintilla of support—that SGBL is "privy to LCB's current financial status" and "SGBL itself" may be funding LCB's litigation). Plaintiffs conveniently forget their *own* letter to this Court, in which *they* observe that LCB, after telling the Supreme Court it was defunct and unable to pay any judgment, "has somehow found the resources to retain multiple international law firms to defend litigation in at least five other proceedings (six including this one)." ECF No. 506 at 2. SGBL simply made the same unremarkable observation.

4

And, of course, if New York law would *not* hold SGBL liable as LCB's successor for a transaction that simply "resembled a merger," it difficult to see how Plaintiffs' "like-a-merger" theory could be utilized to show a federal court has subject-matter jurisdiction.

### III. SGBL'S ARGUMENT THAT THE ATA EFFECTIVELY AUTHORIZES A FEDERAL SUCCESSOR LIABILITY CAUSE OF ACTION IN LIMITED CIRCUMSTANCES IS NEITHER NOVEL NOR "CONVENIENT"

Aware their successor liability claim does not independently create federal court jurisdiction, Plaintiffs first assail SGBL (and its counsel) and then mischaracterize SGBL's argument that federal question jurisdiction extends to an ATA successor liability claim only where the entities are "one and the same." *See* Opp. at 2 ("SGBL provides no authority for this novel (and convenient) formulation."), 7 ("SGBL's motion improperly conflates merits with subject matter jurisdiction issues.").[2] In fact, SGBL's position is neither novel nor "convenient" but rather the logical extension of a reasoned subject-matter jurisdiction analysis.

To rely upon federal question jurisdiction, the claim must arise under federal law. 28 U.S.C. § 1331. As multiple courts have held, a successor liability claim does not independently qualify and is not available unless it alleges the successor-defendant itself *directly* violated the underlying federal statute. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 963 (7th Cir. 2021) (relying upon *Peacock* and finding district court lacks subject-matter jurisdiction because alleged "successor" did not "directly violate[] ERISA, either as an alter ego of [the predecessor] or in its own right"). The Seventh Circuit later applied this reasoning to a successor liability claim involving the ATA and reached the same conclusion.

---

[2] In no sense may SGBL be fairly said to have brought its motion for purposes of delay. *Lelchook v. SGBL* recently returned to the district court for threshold issues to be resolved and *Bartlett v. SGBL* is effectively in the same position given the Court's recent ruling that it has personal jurisdiction over the successor liability claim. In addition, SGBL's motion unquestionably did not intend to re-argue prior points, including those addressed in its Federal Rule 12(b)(6) motion, through this motion. *Compare* Opp. at 1 ("SGBL has effectively re-filed its Rule 12(b)(6) motion") *with* n.3 *infra* (noting over half of Plaintiffs' motion discussed their Rule 12(b)(6) arguments).

5

*Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 555-56 (7th Cir. 2021), *rehearing denied*, 2021 U.S. App. LEXIS 27619 (7th Cir. Ill., Sept. 14, 2021) ("*Boim IV*"). The appeals court in *Boim IV* looked to the basis for successor liability—because no court has ever read a successor liability cause of action into the ATA, as Plaintiffs ask this Court to do—and held where two entities are the same by virtue of an *alter ego* theory or certain successor liability exceptions, the underlying claim is direct—that is, it asserts that successor-defendant violated the underlying federal statute— which is enough to confer federal question jurisdiction. 28 U.S.C. § 1331.

The subject-matter jurisdiction question thus generally is straightforward in most cases and often is easily resolved by looking to the basis for successor liability. And the end result of that jurisdictional (non merits-based) analysis is that a successor liability claim may be pursued under federal question jurisdiction under the ATA, if, for instance, the basis for successor liability equates the "predecessor" with the "successor," *i.e.*, merger, mere continuation, *etc.*, but may not be pursued in the case of a good-faith contractual assumption of liability, as is the case here. *Bartlett v. SGBL*, 2020 U.S. Dist. LEXIS 229921 at *77 (finding "SGBL purchased LCB's assets for cash as the result of a bidding process and did not merge with or otherwise 'merely continue' LCB's ownership"); *id.* at *75 (observing the specter of abuse is lacking "for asset purchases without continuity of ownership where the selling company continues to exist and can presumably be haled into court for the liabilities at issue").

Of course, in the event the "successor" has not independently or directly violated a federal statute, whether Congress included an independent private right of action for successor liability (a merits question) may solve a plaintiff's jurisdictional problem by providing an independent federal

6

question jurisdiction. But that is not the ATA, as SGBL already has explained and will not re-hash here.[3]

Plaintiffs label the unavailability of a federal successor liability claim in this case, where the successor has no affiliation with the wrongdoer, the successor has not engaged in wrongdoing, and the successor's liability flows from a contract rather than any nefarious or self-serving purpose as "convenient." SGBL believes this conclusion instead to be sound and make eminent sense, as it places the focus on the entity that committed the tort and avoids consideration of judicial implication of the policy-laden determination regarding an important secondary liability—a concern that only grows in the "transnational context" and has the potential to pose serious "risks to international comity." *Daimler AG v. Bauman*, 571 U.S. 117, 140, 141 (2014).[4]

## IV. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' SUCCESSOR LIABILITY CLAIM UNDER SECTION 1367

Because SGBL itself did not violate the ATA and any successor liability claims—whether brought as a stand-alone claim or in conjunction with another claim—do not independently confer federal question jurisdiction, the question that remains whether another basis for subject-matter jurisdiction exists. Plaintiffs newly point to supplemental jurisdiction but that ground appears nowhere in their complaint and lacks a meaningful discussion by Plaintiffs. 28 U.S.C. § 1367.

---

[3] In fact, it is Plaintiffs who seek to re-file, re-brief and re-argue that question. Opp. at 1. Plaintiffs devote well over half—*i.e.*, 14 pages—of their 24-page opposition to their Federal Rule 12(b)(6) argument that the ATA includes successor liability. SGBL, on the other hand, only briefly summarized and provided citations to its argument that a successor liability cause of action against an asset purchaser is unavailable because Congress did not explicitly authorize that liability in the ATA's text, legislative history or otherwise.

[4] Plaintiffs—yet again—chide SGBL for failing to move for dismissal based on the SPA at the beginning of this litigation. Opp. at 7, 21. This ignores that SGBL had no reason to believe in 2019 that New York courts could exercise personal jurisdiction over it. After all, neither the New York Court of Appeals nor the Second Circuit embraced a successor jurisdiction theory until 2025. In addition, insisting that a defendant to adjudicate whether a liability, in fact, had been assumed at the beginning of a litigation "merges the jurisdictional issue with the merits" and would "dissolve" or effectively "waive" both personal and subject-matter jurisdictional challenges, which is fundamentally unfair, particularly a foreign defendant. *See Stauffacher v. Bennett*, 969 F.2d 455, 459 (7th Cir. 1992) (warning "to resolve the jurisdictional issue in advance would require the district court to conduct an evidentiary hearing as extensive as, and in fact duplicative of, the trial on the merits—either that or permit a nonresident to be dragged into court on mere allegations").

7

Their reliance upon it ultimately is misplaced. And even assuming that section applies, this Court should pause before exercising federal court jurisdiction on that basis.

*First*, just as *Peacock* governs the "federal question" issue, it also is instructive on a federal court jurisdiction over claims that seek to transfer federal liabilities in general. *Peacock* involved a court's ancillary jurisdiction, but "Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367." *Peacock*, 516 U.S. at 354 n.5. As the Supreme Court observed, "[a] federal court may exercise ancillary jurisdiction '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id*. at 354 (quoting *Kokkonen*, 511 U.S. at 379-80).

The Supreme Court declined to extend that ancillary jurisdiction over plaintiffs' claims seeking to transfer a third party's federal liability under either rationale. In assessing the claims' "interdependence," the Supreme Court rejected Plaintiffs' sweeping argument here that claims to transfer liabilities inevitably fall within a court's supplemental jurisdiction. Opp. at 22. To the contrary, the Supreme Court reasoned there was an "insufficient factual dependence between the claims" in that case, because the facts to be relied upon Plaintiffs to pierce the corporate veil came after the wrongdoing at issue and were different than the facts needed to prove the underlying federal violation. *Id*. at 355.

The same holds true here. Plaintiffs necessarily will rely upon LCB's conduct and bank transactions from the early 2000's to try to establish LCB's ATA liability but the evidence in support of that claim has no relation whatsoever to evidence necessary to transfer any alleged ATA liability to SGBL by virtue of the 2011 SPA. *See Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028, 1033

8

(2d Cir. 1980) (as amended) (reversing the district court's exercise of jurisdiction where the federal claim rested on events prior to the effective date of a contract while the remaining claim rested on events occurring after that date).

*Second*, the lack of concrete interdependence raises another problem for Plaintiffs—one that they fail to address despite having the burden to show all aspects of their assertion of subject-matter jurisdiction. If they cannot pursue SGBL directly for violating the ATA (which they cannot), their attempt to hold SGBL liable for LCB's alleged liability runs afoul of the prudential ripeness doctrine. As an entity that has only (allegedly) contractually assumed the liability of another entity that continues to survive, has pending claims against it, and apparently can pay a future judgment, *see supra* at n.1, SGBL should not be subject to suit now for that contingent, speculative and indeterminate liability. *See Revitalizing Auto Cmtys. Envtl. Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 100 (2d Cir. 2021) (observing claim is unfit for judicial decision where a "future contingent event [] is strictly necessary to resolv[e] the claim") (internal quotations omitted).

Prudential ripeness, in contrast to constitutional ripeness, "constitutes an important exception to the usual rule that where jurisdiction exists a federal court must exercise it." *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir. 2003). "It does not mean that the case is not a real or concrete dispute affecting cognizable current concerns of the parties within the meaning of Article III" but rather allows a court to determine "that the case will be *better* decided later." *Id*.

In a case decided just last year, the Second Circuit made clear that prudential ripeness applies not only to administrative and constitutional cases, but also to those involving private tort claims. *Black v. Dain*, Nos. 23-728(L), 23-1235, 2025 U.S. App. LEXIS 6773, at *7-8 (2d Cir. Mar. 24, 2025). In *Black*, the Second Circuit affirmed the dismissal of plaintiffs' breach of

9

fiduciary duty claims, finding they were unripe for judicial review because they only "presented 'the mere possibility of future injury'" and, as such, did not create "a direct and immediate dilemma for the parties." *Id*. at *5-6 (quoting, respectively, *Marchi v. Bd. Of Coop. Educ. Servs.*, 173 F.3d 469, 478 (2d Cir. 1999) and *Simmonds*, 326 F.3d at 360). The Second Circuit accordingly declined to adjudicate and enforce the claim, finding "the case will be better decided later" when plaintiffs could show "entitlement" to payment because it would—as it would here—"avoid entangling [the court] in abstract disagreements and engaging in premature adjudication." *Black*, 2025 U.S. App. LEXIS 6773, at *7-8 (quotations and citation omitted).

This Court should apply the same reasoning here and decline to consider Plaintiffs' successor liability claim because it does not fall within the court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), or because it would not be prudent to adjudicate that complex foreign-law claim now, rather than at some later point, when the issue will be more amenable to final resolution, yet before the parties will have suffered any real hardship as a result of the delay. *See also* 28 U.S.C. § 1367(c)(1) & (4).

## CONCLUSION

This Court should dismiss Plaintiffs' fourth count for successor liability for lack of subject-matter jurisdiction, leaving resolution of SGBL's alleged successor liability for another time and place, should Plaintiffs establish liability over LCB under the ATA.

Dated: February 11, 2026            Respectfully submitted,

**ASHCROFT LAW FIRM, LLC**

*/s/ Michael J. Sullivan*
Michael J. Sullivan
Brian J. Leske
15 Broad Street, Suite 500
Boston, MA 02109

10

> T: 617-573-9400
> F: 617-933-7607
> msullivan@ashcroftlawfirm.com
> bleske@ashcroftlawfirm.com
>
> *Counsel for Société Générale de Banque au Liban S.A.L.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Local Rule 7.1(c) because it contains 3,423 words, excluding the parts of the brief exempted by the aforementioned Local Rule. I also certify Defendant SGBL's Memorandum of Law in Support of its Motion to Dismiss complies with Local Rule 7.1(c) because it contains 4,671 words.

> */s/ Michael J. Sullivan*
> Michael J. Sullivan