

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

44 South Broadway, White Plains, NY 10601
T: 212 354 0111
www.osenlaw.com

June 25, 2026

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    ***Bartlett, et al. v. Société Générale de Banque au Liban, et al.*, 1:19-cv-00007**

Dear Judge Amon:

Plaintiffs write in brief response to Defendant Société Générale de Banque au Liban's ("SGBL") notice of new authority ("Ltr."), raising *FS Credit Opportunities Corp. v. Saba Capital Master Fund, Ltd.*, No. 24-345, 2026 U.S. LEXIS 2466 (June 11, 2026).

SGBL argues that *FS Credit* supports its motions to dismiss under Rules 12(b)(1) and 12(b)(6). *FS Credit* does not address subject matter jurisdiction at all, once again showing that SGBL's 12(b)(1) motion is a baseless repetition of its 12(b)(6) arguments. Indeed, SGBL acknowledges that it raised a prior *FS Credit* decision in its Rule 12(b)(6) motion. Ltr. at 1 n.1.

Yet, even as a grounds for 12(b)(6) dismissal, the argument fails. In *FS Credit*, the Supreme Court held that it will not infer a private right of action in a statute that clearly lacks one. But no one disputes that the ATA states an express private cause of action. *See* 18 U.S.C. § 2333. And like *respondeat superior*, successor liability is imputed into the statute as part of the "background of general tort law." Pls. Mem. in Opp. to MTD, ECF No. 519, at 11-12 (subquoting *Staub v. Proctor Hosp.*, 562 U.S. 411, 417 (2011)); Pls. Mem. in Supp. to Recon., ECF No. 491-1 at 11 (same). Thus, just as "other sources of law typically supply the right of action in suits requesting rescission," *FS Credit*, 2026 U.S. LEXIS 2466, at *10, the ATA supplies a cause of action and general tort law provides successor liability. Indeed, SGBL has already taken the position that "[s]uccessor liability is an equitable doctrine." SGBL Post-Argument Supp. Ltr., *Lelchook v. SGBL*, No. 21-975, ECF No. 89 at 5 (2d Cir. filed Mar. 17, 2024). *See also Tsareff v. Manweb Servs.*, 794 F.3d 841, 846 (7th Cir. 2015) (noting that "[s]uccessor liability is an equitable doctrine" and reading it into ERISA's civil cause of action), *quoted in* Pls. Mem. in Supp. to Recon., ECF No. 491-1 at 10-11.

Even SGBL agrees that the ATA "most assuredly" "encompass[es] successor liability" as to alter egos and merged entities—it just prefers to exempt its own precise circumstances from that principle. SGBL Mem. in Supp. of MTD, ECF No. 518-1, at 2. But in any event, the Second Circuit "reject[ed] any formal distinction" between SGBL's acquisition of Lebanese Canadian Bank and a "merger[] or corporate alter ego" relationship between the two banks. *Lelchook v. SGBL*, 147 F.4th 226, 247 (2d Cir. 2025).

Hon. Carol Bagley Amon
June 25, 2026
Page 2 of 2

Respectfully submitted,

/s/ Michael Radine

cc:       All Counsel