ASHCROFT™

November 5, 2026

**VIA ECF**
Honorable Carol Bagley Amon
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Bartlett v. SGBL,* 19 Civ. 007 (CBA) (TAM)

Dear Judge Amon:

Per this Court's October 30, 2026 Order, thank you for providing Defendant Société Générale de Banque au Liban S.A.L. ("SGBL") with the opportunity to submit this letter discussing the merger exception in Section III.C. of your recent memorandum and order, ECF No. 546 at 19-21, in connection with SGBL's request to move for reconsideration. As explained below, Plaintiffs' argument that the merger exception is part of this case is baseless and displays a shocking lack of candor with this Court. In fact, Plaintiffs have long conceded the transaction between SGBL and the Lebanese Canadian Bank ("LCB") is not a merger or de facto merger and their arguments that rely on a few sentences in *Lelchook IV*—which have nothing to do with any substantive aspect of New York successor liability law—are nothing more than post-hac justifications to capitalize on an oversight by this Court to obtain an unfair and unwarranted litigation advantage against SGBL.

1. **Plaintiffs Have Never Alleged the SGBL-LCB Transaction Was a Merger or De Facto Merger and Instead Allege Only That SGBL Is Liable Because It Assumed LCB's Liabilities**

As this Court is aware, "[u]nder New York law, there are four exceptions to the general rule that a purchaser of assets is not liable for the seller's torts." ECF No. 546 at 19. Plaintiffs have consistently alleged and argued that SGBL is liable as a successor based exclusively on the first exception—an express assumption of liability—and not based on the second exception—a consolidation or merger of seller and purchaser.

As this Court observed, "Plaintiffs have called [their amended complaint] 'the most comprehensive civil ATA complaint ever filed against any bank since the law's 1992 enactment.'" ECF No. 164 at 1 (citation omitted). Plaintiffs' third amended complaint (the "TAC")—which Plaintiffs repeatedly (and correctly) label a "monstrosity," 11/10/2025 Hr'g Tr. 23:10, 14—is even longer. ECF No. 534. It contains 6,124 paragraphs spanning almost 900 pages.

Yet, despite its "mind-numbing" length, ECF No. 164 at 1, Plaintiffs do not use the word "consolidation" or the term "de facto merger" a single time. The best they can do in the TAC's hundreds of pages is point to a single usage of the word "merger" where they recklessly and falsely

accuse former-U.S. Attorney General John D. Ashcroft of lying and conspiring to hide accounts associated with money laundering. TAC ¶¶ 113-14.[1]

In fact, throughout their complaint, Plaintiffs base SGBL's liability on its purchase of assets and assumption of liabilities following a competitive bidding process, not a merger. *See*, *e.g.*, TAC ¶¶ 104 (alleging "[SGBL] was going to purchase LCB"), 149 (alleging SGBL and LCB entered into "a $580 million U.S. dollar Sale and Purchase Agreement"), 150 (alleging "Defendant SGBL assumed all of Defendant LCB's liabilities"), 317 (alleging LCB "agreed to sell all of its assets, liabilities, rights and obligations to Defendant SGBL" and "[t]he sale was memorialized in the June 22, 2011 Sale and Purchase Agreement between LCB and SGBL"), 1639 (alleging "SGBL was the winning bidder to acquire LCB"), 6113 ("Defendant SGBL agreed to purchase Defendant LCB's assets and liabilities"), 6114 (alleging sale "was memorialized in a Purchase Agreement dated June 22, 2011"). Plaintiffs' allegation that the transaction involved *all* of LCB's assets and liabilities rather than some does not alter the plain meaning and characterization of the transaction.

Plaintiffs' utter failure to allege a de facto merger in their complaint alone is enough for this Court to vacate that portion of its ruling. *See Boucher v. Syracuse Univ.*, 164 F.3d 113, 119 (2d Cir. 1999) (vacating ruling when it found that district court "created" a basis of liability that nowhere appears in plaintiffs' complaint).

**2. Plaintiffs Did Not Oppose SGBL's Motion to Dismiss on the Grounds the SGBL-LCB Transaction Was a Merger or De Facto Merger**

Plaintiffs waived, abandoned and/or conceded any argument that SGBL's alleged successor liability is based on the second exception to New York's non-liability rule. In its 2019 motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), SGBL argued it was not LCB's successor and specifically argued the second exception did not apply: "b. The de facto merger exception does not apply because there is no common ownership of LCB and SGBL after the purchase." ECF No. 136-1 at 22 (emphasis omitted).

Plaintiffs opposed but *only* on the grounds that the first exception applied. In fact, they deliberately omitted any mention of New York's second exception as a basis for SGBL's alleged successor liability. *See* ECF No. 142 at 69-71 (arguing "A. Plaintiffs Have Plausibly Pleaded That SGBL Has Assumed LCB's Liabilities to Plaintiffs" and then quoting only the first exception set forth in *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) ("*Nat'l Serv.*")) (emphasis omitted) (Sotomayor, J.). Plaintiffs' argument therefore is properly deemed waived or abandoned. *See Criterium Capital Funds B.V. v. Tremont (Berm.) Ltd. (In re Kingate Mgmt. Litig.)*, 746 F.App'x 40, 43 (2d Cir. 2018) (affirming waiver based upon failure to raise argument in

---

[1] Even Plaintiffs' single use of the term "merger" in that paragraph is inconsistent with their own complaint allegations. The New York Times article upon which Plaintiffs rely to make its unfounded charge against General Ashcroft states that SGBL "agreed to buy [LCB's] assets" and further explains the United States government supported the sale, labelling SGBL a "responsible owner." *See* Jo Becker, *Beirut Bank Seen as a Hub of Hezbollah's Financing*, The New York Times (December 13, 2011), available at https://www.nytimes.com/2011/12/14/world/middleeast/beirut-bank-seen-as-a-hub-ofhezbollahs-financing.html. In addition, as SGBL has pointed out, the United States government agreed SGBL would have *no* successor liability following its purchase—a concession that could not and would not have been made if LCB—a sanctioned entity of primary money laundering concern—had any connection or ownership interest in SGBL. ECF 136-1 at 4 (citing ECF No. 136-4 at 8 (¶10)).

opposition to motion to dismiss); *Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d Cir. 2021) (finding argument abandoned, especially "in the case of a counseled party," and collecting cases).[2]

Plaintiffs also concede the point in their motion for reconsideration. There, they admit that this case does not involve merger, stating: "That a claim or a liability may be transferred—whether by a death, an assignment, a subrogation *or, as in this case, an express agreement to assume any and all liabilities*—is a general principle of tort law." ECF No. 491-1 at 11 (emphasis added).

**3. Both District Courts Found the SGBL-LCB Transaction Was Not a Merger or De Facto Merger Under New York Law**

Here and in *Lelchook*, Your Honor and Judge Dearie found Plaintiffs did not plead merger and the SGBL-LCB transaction was not a statutory or de facto merger under New York law. The Courts did so in the context of determining whether New York law would recognize a "successor personal jurisdiction" theory because, in some instances, New York law recognizes the theory, such as when there is a merger or de facto merger, and, in other instances, New York law does not, such as when there is an asset purchase. To help resolve the personal jurisdiction question, both courts had to determine, among other things, whether the transaction was a merger (statutory or de facto). *See U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 156 (2d Cir. 2019) (observing in dicta that whether "liability as a successor in interest also entails being subject to personal jurisdiction . . . depends on the basis of the successor liability"). A finding of merger would have resolved the jurisdictional question at the outset in favor of Plaintiffs.

Neither Court found the merger exception applied. Instead, this Court found the amended complaint "specifically refers to the sale as an acquisition of assets and liabilities—not as a merger" and concluded "SGBL's alleged purchase of LCB was an asset purchase rather than a merger or mere continuation of LCB" because "Plaintiffs do not allege continuity of ownership." ECF No. 164 at 35 (relying upon *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 47 (2d Cir. 2003). Likewise, Judge Dearie found no statutory or de facto merger in *Lelchook* because the "the term 'merger' does not appear anywhere in plaintiffs' 41-page complaint" and "a review of New York decisions in this area confirms the SGBL-LCB transaction does not meet the definition of a merger" because "[c]ourts have held that 'continuity of ownership is the essence of a merger.'" ECF No. 91 at 4 (relying upon *Nat'l Serv.*, 460 F.3d at 211-12). Ultimately, both courts predicted that state law would not recognize a successor personal *jurisdictional* theory under the circumstances presented here but that does not alter the *substantive* analysis of state law.

**4. The Second Circuit in *Lelchook II* and the New York Court of Appeals in *Lelchook III* Agreed that the SGBL-LCB Transaction Was Not a Merger or De Facto Merger Under New York Law**

In the appeal of Judge Dearie's ruling, the Second Circuit agreed with Your Honor and Judge Dearie that Plaintiffs did not plead merger, and the transaction was neither a formal merger or a de facto merger. *See Lelchook v. SGBL*, 67 F.4th 69, 87 (2d Cir. 2024) ("*Lelchook II*") (finding "there is no claim of merger in law or fact" in the case); *id.* at 76 ("Plaintiffs contend that the first

---

[2] Although Plaintiffs reference "merger" in a later section to argue there is "successor personal jurisdiction," that is wholly different than arguing that a different substantive basis for successor liability applies under state law.

exception covers SGBL because, under the Purchase Agreement, SGBL 'expressly assumed' LCB's liabilities."). But because New York law appeared to be unclear as to whether "an entity that acquires all of another entity's liabilities and assets, ***but does not merge with that entity***, inherit[s] the acquired entity's status for purposes of specific personal jurisdiction," the Second Circuit certified that question to the New York Court of Appeals. *Lelchook II*, 67 F.4th at 88-89 (emphasis added).

After the New York Court of Appeals accepted the certified question—which it was free to modify or to direct the parties to submit additional briefing, *Lelchook II*, 67 F.4th at 88—the state court did not disagree with the Second Circuit's assessment that, under New York law, SGBL and LCB did not merge and the transaction was not a de facto merger. *Lelchook v. SGBL*, 41 N.Y.3d 629, 632-33 (2024) ("*Lelchook III*") (recognizing the Second Circuit found the SGBL-LCB transaction does not qualify as "either a statutory merger or a transaction that meets established standards for a *de facto* merger").[3] Instead, the New York Court of Appeals found its state law would recognize a successor personal jurisdiction theory in the absence of a merger where a plaintiff alleges an entity purchased all of another entity's assets and liabilities.

### 5. The Second Circuit in *Lelchook IV* Did Not Find the SGBL-LCB Transaction Was a Merger or De Facto Merger Under New York Law

When the case returned to the Second Circuit, the key unresolved question—the "bottom line"—was whether New York's exercise of personal jurisdiction comported with federal constitutional due process. *Lelchook v. SGBL*, 147 F.4th 226, 238 (2d Cir. 2025) ("*Lelchook IV*"). Plaintiffs rely on two fleeting observations in that opinion to argue the merger exception applies here. Their contentions are meritless. Those passages have everything to do with the Second Circuit's analysis of federal due process considerations and nothing to do with New York's substantive law regarding its successor liability exceptions, which is the issue presented here.

Plaintiffs first point to the Second Circuit's sentence that "[a]lthough LCB still formally exists as a separate entity, SGBL's acquisition resembles a merger in key respects." *Lelchook*, 147 F.4th at 247-48. Even assuming that statement is accurate,[4] the Second Circuit made that observation in response to SGBL's argument that "LCB's contacts cannot be imputed to it for personal jurisdiction purposes" under the due process clause, not because it was analyzing New York's successor liability exceptions in any respect.

Plaintiffs next point to two sentences also appearing in the opinion's jurisdictional section:

> In fact, we reject any formal distinction between cases involving statutory and de facto mergers, or corporate alter egos and reorganizations, on the one hand, and cases involving

[3] In fact, as explained at the pre-motion conference, the *Bartlett* Plaintiffs' counsel, Mr. Radine, argued the *Lelchook* appeal before the New York Court of Appeals and conceded in his opening statement that the SGBL-LCB transaction was not a de facto merger. Oral Arg. Tr. at 2:16-23, *Lelchook v. SGBL*, No. 29 (N.Y. Ct. App. March 12, 2024).

[4] The panel's statement gets it backwards because, as then-Judge Sotomayor found, "the essence of a merger" is not a transfer of liabilities (that is a consequence) but rather a "continuity of ownership," which is lacking here. *Nat'l Serv.*, 460 F.3d at 211-12; *see also* ECF No, 164 at 33-34 (Your Honor finds "[t]hough liability transfer is one aspect of a merger, courts have held that 'continuity of ownership is the essence of a merger,' and 'a de facto merger will not be found in the absence of this element") (citing *Nat'l Serv.*, 460 F.3d at 211-12).

> the wholesale assumption of assets and liabilities in a way that would needlessly redound to the benefit of wrongdoers, on the other. Such an outcome would not further the goal of "substantial justice."

*Id*. at 248. This language plainly applies to questions regarding personal jurisdiction due process considerations and not to the consideration of any elements of state substantive law—"substantial justice," of course, comes from *Int'l Shoe,* which held that the exercise of jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945).[5] There is thus nothing in the opinion to support Plaintiffs' argument the Second Circuit somehow found that the SGBL-LCB transaction now qualifies under the New York's merger exception.

**6. Controlling Second Circuit Decisions Show the SGBL-LCB Transaction Was Not a Merger or De Facto Merger Under New York Law**

Both Your Honor and Judge Dearie identified the two controlling decisions that this Court overlooked when it ruled the merger exception applies in this case. *See supra* at 3. Specifically, *Cargo Partners*, 352 F.3d at 46–47 and *Nat'l Serv.*, 460 F.3d at 212-23, 215-16, hold that, under New York law, a de facto merger will not be found in the absence of "continuity of ownership," which Plaintiffs do not even allege here. These opinions are binding, having not been reversed by the U.S. Supreme Court, the *en banc* Second Circuit or the New York Court of Appeals.

**7. This Court May Reconsider Under its Inherent Powers or Local Rule 6.3**

Finally, in response to Your Honor's question, this Court unquestionably has the power to amend or vacate the limited merger references in Section III.C. As an initial matter, SGBL brings this motion in full compliance with Local Rule 6.3, which directs parties within 14 days of entry of the challenged order to file memoranda on "matters or controlling decisions which the moving party believes the court has overlooked." EDNY Rule 6.3. SGBL has met each standard here and there is nothing in the rule's text that limits Your Honor's authority to reconsider in any way.

This Court additionally retains the absolute inherent equitable authority to reconsider or otherwise amend any interlocutory order any time prior to appeal, especially where, as here, Plaintiffs will suffer no prejudice and SGBL will suffer prejudice if the error is left uncorrected. *See Dictograph Prods. Co. v. Sonotone Corp.*, 230 F.2d 131, 135 (2d Cir. 1956) (L. Hand, J.) (holding the law-of-the-case doctrine is not an inflexible rule and courts ultimately must "come to a consideration of whether the [ruling] was right"). SGBL—and Judge Merkl who likely will be hearing disputes regarding the proper scope of discovery on the successor liability claim—would naturally benefit from an accurate record and more precise motion-to-dismiss order delineating Plaintiffs' theory of liability, and nor should Plaintiffs be permitted to capitalize on an oversight—particularly one that conflicts with Circuit law—to obtain an undeserved litigation advantage.

For the foregoing reasons, this Court should clarify its ruling and vacate its conclusion that the merger exception applies in this case.

---

[5] Nor can SGBL be fairly characterized as a "wrongdoer." SGBL is an asset-and-liability purchaser, not an entity that attempted to manipulate its own corporate form to avoid either jurisdiction or liability.

Respectfully submitted,

*/s/ Brian J. Leske*

*Counsel for Société Générale de Banque au Liban S.A.L.*

cc: All Counsel (via ECF)