NIXON PEABODY

Nixon Peabody LLP
211 High Point Drive
Suite 110
Victor, NY 14564-1061
Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

Eric M. Ferrante
Partner

T / 585.263.1362
F / 844.698.5849
eferrante@nixonpeabody.com

November 17, 2026

***Via CM/ECF***

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: *Bartlett, et al. v. Société Générale de Banque au Liban S.A.L., et al.,***
**No. 1:19-cv-00007-CBA-TAM**

I represent Defendant Lebanese Canadian Bank SAL ("LCB") in this action. I write in response to the Court's November 10, 2026 Order to Show Cause (the "OTSC"). At the outset, I apologize to the Court for my failure to appear at the November 10, 2026 Status Conference. I take full responsibility for that failure. The Court set that conference for all parties, and I should have attended or, at a minimum, sought guidance from the Court before concluding that LCB's attendance was not required. I regret any inconvenience my absence caused the Court and the other parties.

My failure to appear at the Status Conference resulted from a good-faith misunderstanding of the September 29, 2026 Scheduling Order. That Order directed the parties to be prepared to provide an update on the status of discovery and anticipated next steps in light of Judge Amon's recent rulings on the motion for judgment on the pleadings, Plaintiffs' motion for reconsideration, and SGBL's motion to dismiss Count IV of the Third Amended Complaint, and to discuss the incipient defaulting defendants and how to manage any defaults while other defendants are actively litigating. LCB did not participate in any of those motions and currently is not litigating the merits of this action, and I mistakenly read the Scheduling Order as directed to the parties that are. Others appear to have shared that understanding. On October 7, 2026, certain defendants moved to adjourn the October 15 conference (ECF No. 548) without consulting or including LCB, which suggested to us that they likewise did not regard LCB's attendance as required. LCB was also mindful that addressing the substantive topics identified in the Scheduling Order could risk a waiver of its pending defense of lack of proper service and defective jurisdiction, which LCB has expressly reserved.

In addition, when LCB and Plaintiffs filed their November 2, 2026 joint letter requesting a pre-motion conference on discovery disputes (ECF No. 555), the parties submitted that letter pursuant to the Court's July 24, 2026 Minute Order and Rule 3A of Your Honor's Individual Rules & Practices, and the letter did not reference the November 10 Status Conference. LCB therefore understood that the Court would address the discovery dispute separately, rather than fold it into the Status Conference. I now recognize that I misunderstood, and that the prudent course would have been to appear or to raise the question with the Court in advance.

I also want to make clear that LCB fully intends to participate in and defend this action. Since LCB appeared in December 2025 to seek relief from the default entered against it, LCB has engaged actively and in good faith. LCB requested and appeared at the pre-motion conference the Court held on June 24, 2026. LCB then negotiated with Plaintiffs a schedule for discovery on the default, which the Court so-ordered in its July 24, 2026 Minute Order. LCB served its responses and objections to Plaintiffs' First Request for the Production of Documents and Interrogatories, produced documents, met and conferred with Plaintiffs, and served amended interrogatory responses. LCB's absence on November 10 does not reflect a lack of commitment to this case or any disregard for the Court's authority.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

I also acknowledge the Court's reminder that counsel must follow all orders of the Court and appear at scheduled conferences. I will do so and will appear on LCB's behalf at every Court-ordered appearance. If any question arises as to whether LCB's attendance is required, I will seek guidance from the Court in advance rather than resolve that question myself.

In compliance with the OTSC, this morning I met and conferred with Plaintiffs' counsel regarding the discovery disputes underlying the parties' November 2, 2026 joint letter. Despite those efforts, the disputes remain unresolved, and the parties continue to require the Court's assistance.

Finally, counsel for LCB and counsel for Plaintiffs are mutually available on December 15, 16, and 17, 2026 for a conference to address the matters raised in the parties' joint letter. We would be grateful if the Court would schedule the conference on one of those dates, or at another time convenient for the Court.

Thank you for the Court's attention to this matter.

Respectfully,

*/s/ Eric M. Ferrante*

Eric M. Ferrante
Partner

EMF

CC (*via CM/ECF*): All counsel of record