November 24, 2026

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

**RE: *Bartlett v. Société Générale de Banque au Liban S.A.L. et al.*, Case No. 19-cv-0007**

Dear Judge Merkl:

Plaintiffs and Moving Defendants[1] respectfully submit this joint letter pursuant to the Court's directive at the November 10, 2026 status conference and subsequent November 10 Minute Entry directing the parties to "propose a schedule that includes deadlines for (1) Defendants' bank record production; (2) a roster of Plaintiffs (the content of which must be discussed in a meet and confer) ["Plaintiff Roster"]; (3) Plaintiffs' production of all of the reports and underlying documents from the FSIA proceedings; and (4) the provision of a supplemental letter addressed to the Lebanese Special Investigation Commission [SIC] (and whether that letter should be submitted by Defendants or as a supplemental Letter Rogatory from the Court). In the proposed schedule that must be submitted by 11/24/2026, the parties shall also include a proposed deadline for a status report to the Court to provide an update in early 2027 concerning the parties' progress on the discovery issues discussed today and any updates as to proposed bellwether trials."

The parties met and conferred on November 18, 2026, exchanged further correspondence on November 20, 22, and 23, 2026, and further met and conferred on November 24, 2026.

The parties have agreed on the following deadlines:

- Moving Defendants to submit a supplemental request to the SIC: December 18, 2026.[2]

- Parties to complete negotiations regarding the categories of information to be included in the Plaintiffs' roster and to submit a joint letter to the Court by December 7, 2026, either confirming the agreed categories and proposing a deadline for production of the roster or, absent agreement, setting forth the parties' respective positions.

---

[1] Moving Defendants are (1) Société Générale de Banque au Liban S.A.L., (2) Fransabank S.A.L., (3) MEAB Bank s.a.l., (4) BLOM Bank S.A.L., (5) Byblos Bank S.A.L., (6) Bank Audi S.A.L., (7) Bank of Beirut S.A.L., (8) LGB Bank s.a.l., (9) Banque Libano-Française S.A.L., (10) Bank of Beirut and the Arab Countries S.A.L., and (11) Fenicia Bank S.A.L.

[2] As explained further below, Moving Defendants will submit a request, if any, for this Court's endorsement of the supplemental SIC request by no later than December 11, 2026. Plaintiffs neither agree to nor oppose Defendants' contemplated request to SIC except to note that its proposed scope is narrow and even if granted will not place Defendants in compliance with the Court's June 8, 2023 Discovery Order.

- Plaintiffs' Production of All R&Rs, Judgments, and Underlying Exhibits from FSIA Proceedings—including Plaintiffs' sworn declarations and exhibits, including medical records submitted to the special masters: December 31, 2026.

- Further Status Report to the Court Concerning Discovery Issues and Updates As to Proposed Bellwether Trials: January 27, 2027.

Although the parties narrowed several issues, they remain at an impasse on the deadline for Moving Defendants' productions, and have not yet resolved the content of, or deadline for, the Plaintiff Roster, as set forth below.

## 1. Moving Defendants' Bank Record Production

### A. Plaintiffs' Position

1. Discovery of Moving Defendants' Waiving Customer Documents and Personnel Files

Plaintiffs do not agree to the 9-month discovery deadline (August 24, 2027) proposed by Moving Defendants with regard to (a) the customers of each bank for whom waivers have already been obtained and (b) the personnel files for the bank employees that are the subject of Plaintiffs' Second Request for the Production of Documents, served in early March 2026. Given that the Court's June 8, 2023, Discovery Order (Dkt. No. 328) was issued nearly 3.5 years ago, Plaintiffs do not think that a further 9 months to complete productions for the handful of each Moving Defendant's customers that have waived bank secrecy[3] is reasonable. It is also not reasonable to take so long to produce documents about each bank's own employees when the Second RFP were served **nearly 8 months ago**. Moving Defendants' vague allegations of unspecified Lebanese privacy laws that allegedly pose challenges to this production are irrelevant, and in these 8 months, Moving Defendants never engaged Plaintiffs in substantive discussions on how to overcome these alleged challenges. In fact, despite Plaintiffs' repeated requests directed to each of the 10 Moving Defendants served with the Second RFP to meet and confer on the topic of the personnel files, counsel for only 4 of the Moving Defendants (represented by DLA Piper LLP and Mayer Brown LLP) responded to schedule such a discussion. Plaintiffs respectfully ask that the Court order that these productions be completed by **March 31, 2027**.

2. Discovery of All Moving Defendants' Customers Documents Included in the Court's June 8, 2023, Discovery Order

Defendants have not addressed Plaintiffs' request, raised most recently during the November 18 meet-and-confer, that Moving Defendants clarify whether they intend to produce documents concerning their non-waiving customers. Plaintiffs repeated this request, and asked Defendants to commit, before November 24, to advising the Plaintiffs whether they intend to comply with the

[3] Pursuant to the Moving Defendants' June 12, 2025, Report on Obtained Waivers, each reporting Defendant obtained between 1 and 16 waivers. Plaintiffs are unaware that any additional waivers have been obtained since that report.

entirety of Dkt. No. 328 by March 31, 2027, regardless of whether they obtain waivers from each customer. Moving Defendants responded that this request is "entirely premature" given their anticipated efforts to again seek bank secrecy relief from SIC. Moving Defendants again declined to meet and confer about this issue for this status report. Plaintiffs disagree that any such request can be considered premature 3.5 years after the Court issued the relevant Discovery Order and further note that, during the November 18, 2026, meet-and-confer, Moving Defendants made clear that they intend to ask for SIC's reconsideration *only with regard to the few names listed* for each Moving Defendant on pages 15-18 of Judge Amon's September 24, 2026, Memorandum & Order (Dkt. No. 545). That is a small subset of the names listed in the Court's June 8, 2023, Discovery Order. As such, this issue will not be resolved by SIC's response, whatever it may be. Because there is no valid reason for Moving Defendants to keep Plaintiffs or the Court in the dark as to whether they intend to produce documents concerning all customers subject to the Court's Order, Plaintiffs respectfully ask the Court to order Moving Defendants to set forth their respective legal positions as to whether they intend to comply with the Court's Order by **March 31, 2027**.

3. Expanded Discovery Requested in Dkt. Nos. 462 and 462-1

As discussed during the November 10 hearing, the Court ordered the parties to meet and confer with the goal of providing the Court with meaningful proposals to address Plaintiffs' expanded discovery requests, filed with the Court on April 30, 2025, Dkt. Nos. 462, 462-1. 11/10/26 Hearing Tr. at 79:14-17, 79:25-80:2, 80:13-16. During the November 18, 2026, meet-and-confer, Moving Defendants represented that they were unprepared to discuss this topic. Plaintiffs raised this topic again in a follow-up November 22, 2026, email, asking Moving Defendants to agree to a deadline of December 31, 2026, for the parties to complete meet and confers on this issue and provide a status report on their agreed plan or competing proposals to the Court in their next status report. Moving Defendants again declined to address this issue and ignored Plaintiffs' request to meet and confer about it. Plaintiffs respectfully ask the Court to order Moving Defendants to meet and confer with Plaintiffs on this issue by **December 31, 2026**, and present their respective positions as part of their Status Report to the Court on **January 27, 2027**.

**B. Moving Defendants' Position**

***Proposed deadline.*** Moving Defendants propose that they complete their productions of records concerning (i) the customers listed in ECF No. 328 from whom Lebanese bank secrecy waivers have been obtained, as well as (ii) the personnel records responsive to Plaintiffs' Second Request for the Production of Documents, served in March 2026, subject to Moving Defendants' responses and objections thereto (together, the "Productions"), by August 24, 2027. Moving Defendants will continue to make rolling productions throughout that period, beginning with additional productions in December 2026.

***Basis for the proposed deadline.*** Following the conference, counsel for the Moving Defendants, in coordination with their bank clients in Lebanon, assessed that they would require approximately twelve months to complete the Productions at present staffing levels. Following substantial internal efforts to compress that timeline, Moving Defendants determined that they could, in good faith, seek to complete the Productions within a nine month period. For the reasons explained at

the November 10 conference and the November 18 meet-and-confer, nine months is the earliest time by which Moving Defendants can, in good faith, propose to complete the Productions.

Plaintiffs' proposed March 31, 2027 deadline is not achievable.[4] The records at issue are maintained in Lebanon and are not centrally located (electronically or otherwise), with hard copy documents often stored at branches or document storage locations throughout Lebanon. Some of those branches and storage locations have been destroyed due to the conflict, while others have been shuttered as part of the financial crisis in the area, resulting in the merging of bank files and the maintenance of documents in different locations. Those documents must be collected, reviewed in Arabic and French, and reviewed for responsiveness, for privilege, for personally identifiable information, and for compliance with bank secrecy obligations before production. Collection has required, among other things, converting records from legacy banking systems and engaging vendors capable of accessing older electronic materials. Collection has also been complicated by the security situation in Lebanon and the region; counsel for certain Moving Defendants have been able to travel to Lebanon to advance collection efforts only recently, in September 2026, notwithstanding travel advisories. Still other Moving Defendants have yet been able to travel to Lebanon.

The personnel records Plaintiffs seek in their Second Requests for Production raise distinct sensitivities. As Moving Defendants advised the Court, and have separately and repeatedly advised Plaintiffs, those records implicate sensitive personal information, and Moving Defendants are working with Lebanese counsel to determine what may permissibly be produced under local law. These productions also present language and file-format challenges.

Moving Defendants take their discovery obligations very seriously. Moving Defendants have produced and continue to produce records, have collected documents within each of the categories identified in ECF No. 328, and intend to produce substantial additional tranches by year end and on a rolling basis thereafter. Tr. at 71:22-72:3; 75:24-76:1; 76:11-16; 77:11-16. Moving Defendants also remain willing to provide periodic status updates to the Court and Plaintiffs on the progress of their productions. *Id.* at 62:16-18; 72:6-11. An August 24, 2027 deadline—with rolling productions and status updates throughout—provides the "meaningful endgame" the Court requested, *id.* at 81:15-17, while reflecting a realistic assessment of what can be accomplished under present conditions.

***Non-waiving customers.*** Plaintiffs have additionally proposed that Moving Defendants commit to producing records concerning all customers listed in ECF No. 328 by March 31, 2027, regardless of whether they obtain waivers from each customer. That request is premature. As Moving Defendants have explained, a subset of the alleged customers named in ECF No. 328 were never customers of the relevant bank during the relevant period, and no waiver can be sought from, nor records produced for, non-customers. Tr. at 63:19-64:3. Moving Defendants are continuing to

[4] Moving Defendants have actively pursued discovery since the Court's June 2023 Order (ECF No. 328). They first took part in the letters rogatory process, which drew a July 2024 response from the SIC indicating that it would reconsider its decision if given more specific allegations. ECF No. 421-1 at 6. Moving Defendants have also engaged in a time and resource intensive process to seek bank secrecy waivers, which has yielded waivers from roughly one-third to more than half of the relevant customers, depending on the bank. Moving Defendants have also made rolling productions to Plaintiffs, and have either produced, or collected for production, documents within every category identified in ECF No. 328, including SWIFT messages.

exhaust available regulatory avenues—including the supplemental SIC request described below—which may substantially expand the universe for whom records can be produced, and narrow to the smallest possible subset any remaining comity conflict. *Id.* at 64:4-24. Rushing to that final step before the intermediate steps are complete is not the appropriate course. *Id.* at 64:21-24. Moving Defendants have already expressed that they are willing to meet and confer with Plaintiffs on this subject at a later date, after the SIC has responded.

***Plaintiffs' Proposed Expanded Discovery Order.*** To the extent Plaintiffs' submission seeks a deadline for the parties to meet and confer regarding their proposed expanded discovery order (ECF Nos. 462, 462-1), the Moving Defendants already provided their position (ECF Nos. 463, 464), and that item is not among those the Court directed the parties to address in this report. In any event, the Court stated at the November 10 conference that it "disagree[d] with the Plaintiff's initial request" and, absent meaningful supplementation of the record by Plaintiffs, was not inclined to "blow the door wide open with regard to looking for discovery as to all potential persons at all potential banks," as doing so would not be proportional and would not "yield relevant evidence." Tr. at 79:4–80:4; *see also id.* at 59:23-61:8; 74:4–21. Plaintiffs' layered approach, which was mentioned at the status conference, does not resolve these issues. Plaintiffs cannot demand the production of documents for hundreds of additional alleged customers when they have done nothing to address the shortcomings identified by the Court.

***Reservation of Rights.*** Moving Defendants' proposed schedule is without prejudice to, and Moving Defendants expressly reserve, their responses and objections to Plaintiffs' document requests, their rights and obligations under Lebanese law (including bank secrecy and data protection law), and their positions regarding the scope of ECF No. 328 as applied to non-waiving customers and non-customers.

## 2. Plaintiffs' Roster and Productions from FSIA Proceedings

### A. Plaintiffs' Position

During their November 18, 2026, meet-and-confer, Plaintiffs proposed to send to Defendants categories of information they are prepared to include in the anticipated roster of Plaintiffs in this matter, as discussed during the November 10, 2026, Hearing. Plaintiffs circulated their proposed categories on November 23, 2026. Plaintiffs understand that Defendants require additional time to evaluate this information and remain available to meet and confer with Defendants at their convenience to discuss these categories and reach consensus on this issue. The parties agree to inform the Court on their negotiations and to submit a joint letter to the Court by December 7, 2026, either confirming the agreed categories and proposing a deadline for production of the roster or, absent agreement, setting forth the parties' respective positions.

During their November 18, 2026, meet-and-confer, Plaintiffs also indicated that they intend to produce all available Reports and Recommendations issued for Plaintiffs in their FSIA cases by the District Court for the District of Columbia. On November 24, 2026, Plaintiffs confirmed that they intend to produce to Defendants all available FSIA Reports and Recommendations and the supporting exhibits by December 31, 2026, and will let Defendants know if any issues arise that require additional time to complete this production.

### B. Moving Defendants' Position

***Status of Negotiations.*** At the Conference, the Court directed that, "at a minimum," Defendants receive "a top line roster of who is who and what their claims are," and that the parties meet and confer on its precise content so that the roster need not be reworked through later deficiency disputes. Tr. at 56:17-23; 85:5-10. The Court further confirmed, without objection, that the roster obligation runs to all Defendants. *Id.* at 87:9-18.

At the November 18, 2026 meet-and-confer, the parties briefly discussed the roster and Plaintiffs volunteered to circulate proposed categories. On the evening of November 23, 2026, Plaintiffs provided a list of twenty-two proposed categories. Moving Defendants appreciate Plaintiffs' proposal but require time to evaluate it, and accordingly propose that the parties follow up via joint letter by December 18, 2026 with regard to the roster's content and a production deadline.

Moving Defendants note that Plaintiffs' proposed categories were transmitted expressly "for purposes of the parties' discussion of a bellwether structure," "without waiver of any objection," "without prejudice to Plaintiffs' position that plaintiff-specific discovery from Plaintiffs not selected as bellwethers is unnecessary," and subject to Plaintiffs' reservation of a right to modify the categories. Moving Defendants do not accept those limitations, and reserve all rights, including with respect to plaintiff-specific discovery, including their pending interrogatories and Plaintiff Profile Form proposal (see ECF Nos. 525, 554).

***Proposed Deadline.*** Moving Defendants propose that the parties complete their meet and confer on the content and format of the Plaintiff Roster and submit a joint letter to the Court by December 7, 2026, either confirming the agreed categories and proposing a deadline for production of the roster or, absent agreement, setting forth the parties' respective positions.

## 3. Supplemental Letter to the Lebanese Special Investigation Commission (SIC)

### A. Plaintiffs' Position

Without waiving their broader objections to the utility of this approach, which Plaintiffs consider to be yet another attempt by Moving Defendants to delay their discovery obligations and flout the Court's Order overruling their Lebanese bank secrecy objections 3.5 years ago (Dkt. No. 320), Plaintiffs have no objection to the December 18, 2026, deadline proposed by Moving Defendants for the submission of their renewed letter to the SIC.

### B. Moving Defendants' Position

***Background.*** In response to the prior letters rogatory, the SIC declined to issue a blanket waiver of Lebanese bank secrecy, but indicated that, "[t]o the extent the 'Court' is able to provide the 'Commission' with additional details concerning money laundering or terrorism financing allegations that are specific to each alleged account, the 'Commission' would be willing to look into such allegations." ECF No. 421-1 at 6. Judge Amon's recent decision now provides exactly that specificity: a bank-by-bank schematic of the particular alleged customers and allegations that she found sufficient to survive Moving Defendants' motion for judgment on the pleadings. *See* ECF No. 545 at 15–18. Working with Lebanese counsel, Moving Defendants are preparing a

renewed request that will set out, bank by bank, the specific allegations identified at pages 15 through 18 of the decision and request that the SIC reconsider lifting bank secrecy as to confirmed customers. The request will not seek relief as to the broader group previously submitted to the SIC.

***Form of submission.*** Moving Defendants propose that the supplemental request be submitted directly by Moving Defendants, rather than as a supplemental Letter Rogatory issued by the Court. Moving Defendants and their Lebanese counsel believe a direct submission is appropriate and may be the most expeditious path. The letters rogatory process has already been initiated and has elicited a substantive response from the SIC inviting more specific allegations, so a further formal letter rogatory should not be necessary. Tr. at 78:4-11. A direct submission also avoids the time and burden associated with preparing, issuing, and transmitting a new letter rogatory through formal channels, and would permit the SIC to act promptly upon receipt. Moving Defendants do not, however, seek to "cut the Court out of the process." *Id.* at 78:15-17. Mindful of the Court's observation that it is uncertain whether a request from the banks or from the Court would be more persuasive in Lebanon, *id.* at 78:18-25, Moving Defendants are confirming with Lebanese counsel whether, as a matter of Lebanese law or comity, Court endorsement of the request (in a form distinct from a letter rogatory) would enhance its effectiveness. If so, Moving Defendants will submit the proposed request to the Court for its endorsement no later than December 11, 2026 deadline, prior to dispatching it to the SIC through expedited means.

Moving Defendants are hopeful that this narrowed request will carry weight with the SIC, given that a United States court has specifically identified these alleged customers as relevant to the claims in this case, and that a favorable response would expand the scope of Moving Defendants' productions and narrow any remaining comity conflict.

***Proposed deadline.*** Moving Defendants will submit a supplemental request to the SIC by December 18, 2026.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Gassan A. Baloul*
Gassan A. Baloul
Mitchell R. Berger
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
202-457-6155
Email: gassan.baloul@squirepb.com
Email: mitchell.berger@squirepb.com
*Attorneys for Defendants MEAB Bank s.a.l., Fenicia Bank S.A.L., and LGB Bank s.a.l.*

MAYER BROWN LLP

By: */s/ Mark G. Hanchet*
Mark G. Hanchet
Robert W. Hamburg
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
212-506-2500
Email: mhanchet@mayerbrown.com
Email: rhamburg@mayerbrown.com
*Attorneys for Defendant Banque Libano-Française SAL*

DLA PIPER LLP (US)

By: /s/ *Anthony P. Coles*
Anthony P. Coles
DLA Piper LLP (US)
1251 Avenue of The Americas
New York, NY 10020
212-335-4925
Email: anthony.coles@dlapiper.com

Samantha L. Chaifetz
500 8th Street, NW
Washington, DC 20004
202-799-4082
Email: samantha.chaifetz@dlapiper.com

*Attorneys for Defendants Byblos Bank SAL, Bank of Beirut and the Arab Countries SAL, and Bank of Beirut s.a.l.*

ASHCROFT LAW FIRM, LLC

By: /s/ *Michael J. Sullivan*
Michael J. Sullivan
Brian J. Leske
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400
Email: msullivan@ashcroftlawfirm.com
Email: bleske@ashcroftlawfirm.com

*Attorneys for Defendant Société Générale de Banque au Liban S.A.L.*

DECHERT LLP

By: /s/ *Michael H. McGinley*
Jonathan R. Streeter
Tamer Mallat
Dechert LLP
1095 Avenue of the Americas
Three Bryant Park
New York, NY 10036
212-698-3500
Email: jonathan.streeter@dechert.com
Email: tamer.mallat@dechert.com

Michael H. McGinley
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
215-994-4000
Email: michael.mcginley@dechert.com

*Attorneys for Defendants BLOM Bank SAL, Fransabank SAL, and Bank Audi SAL*

OSEN LLC

By: /s/ *Allison Khaskelis*

Gary Osen
Michael Radine
Dina Gielchinsky
Allison Khaskelis
Aaron Schlanger
Cindy Schlanger
Ari Ungar

Osen LLC
190 Moore Street, Suite 272
Hackensack, NJ 07601
201-265-6400
Facsimile 201.265.0303
Email: gosen@osenlaw.com
Email: mradine@osenlaw.com
Email: dgielchinsky@osenlaw.com
Email: akhaskelis@osenlaw.com
Email: aschlanger@osenlaw.com
Email: cschlanger@osenlaw.com
Email: aungar@osenlaw.com

*Attorneys for Plaintiffs*